# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| FUSION ELITE ALL STARS, SPIRIT FACTOR LLC d/b/a FUEL ATHLETICS, and STARS AND STRIPES GYMNASTICS ACADEMY INC. d/b/a STARS AND STRIPES KIDS ACTIVITY CENTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>VARSITY BRANDS, LLC; VARSITY SPIRIT, LLC; VARSITY SPIRIT FASHION & SUPPLIES, LLC; and U.S. ALL STAR FEDERATION, INC.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:20-cv-02600-SHL-cgc |
| KATHERINE ANNE RADEK, et al.,<br><br>Plaintiff,<br><br>v.<br><br>VARSITY BRANDS, LLC; VARSITY SPIRIT, LLC; VARSITY SPIRIT FASHION & SUPPLIES, LLC; and U.S. ALL STAR FEDERATION, INC.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:20-cv-02649-SHL-atc |

**ORDER GRANTING JOINT MOTION TO CONSOLIDATE UNDER FED. R. CIV. P. 42 AND JOINT MOTION FOR ENTRY OF CASE MANAGEMENT ORDER NO. 1**

On August 13, 2020, Plaintiffs Fusion Elite, Spirit Factor, and Stars and Stripes (collectively, "Fusion Elite") filed a single complaint ("Class Action Complaint"). (ECF No. 1.) The Parties in that action also submitted a Joint Motion for the Entry of Proposed Case Management Order No. 1 on August 19, 2020. (ECF No. 14.) On August 25, 2020, Katherine

Radek, et al., filed a Complaint against Defendants with substantially the same allegations. (2:20-cv-02649-SHL-atc, ECF No. 1.)

Now, the Plaintiffs in both cases submit a Joint Motion to Consolidate, (ECF No. 23), and, in the Fusion Elite matter, an Amended Joint Motion for Entry of Case Management Order No. 1, (ECF No. 25), asking the Court to: (1) consolidate the two matters and any subsequent direct purchaser actions against Defendants in the Western District of Tennessee, administratively closing the Radek case, (2) adopt their proposed case management order, and (3) appoint Berger Montague PC, Cuneo Gilbert & Laduca, LLP, and Labaton Sucharow as Interim Co-Lead Counsel and J. Gerard Stranch of Branstetter, Stranch & Jennings PLLC as Liaison Counsel for the proposed class, pursuant to Fed. R. Civ. P. 23(g). The Parties' joint motions are **GRANTED**.

**IT IS HEREBY ORDERED:**

1. This Order shall govern practice and procedure of the above-captioned cases and any related actions that subsequently come before this Court.

2. The above-captioned actions shall be consolidated for all purposes up to and through trial pursuant to Federal Rule of Civil Procedure 42(a). The Clerk's Office shall administratively close the Radek action and consolidate it onto this docket.

3. If any subsequent case filed exclusively on behalf of persons or entities paying one or more of the Varsity Defendants directly for attendance at All-Star competitions or for All-Star apparel against some or all of the Defendants is filed in, removed to, or transferred to the United States District Court for the Western District of Tennessee, and arises from the same facts and circumstances and makes substantially the same allegations as those asserted in this action, the Clerk of Court shall mail or send via

electronic mail a copy of this Order to the attorneys for the parties in that case. That action shall be deemed consolidated unless an objection is filed within 14 days of notice to counsel for plaintiffs in the newly filed or newly transferred action and the objection is sustained.

4. The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be part of this consolidated litigation.

5. Plaintiffs' filing of the Class Action Complaint shall not prejudice their ability amend as of right under Fed. R. Civ. P. 15(a)(1).

6. Plaintiffs shall file a Consolidated Class Action Complaint within 14 days of the filing of this Order.

7. Defendants shall respond to the Consolidated Class Action Complaint, including by filing any motion pursuant to Fed. R. Civ. P. 12(b), within 60 days of its filing.

8. Plaintiffs' opposition shall be filed within 45 days of any such motion.

9. Any reply by Defendants shall be filed within 30 days of Plaintiffs' opposition.

10. Berger Montague PC, Cuneo Gilbert & Laduca, LLP, and Labaton Sucharow, LLP shall serve as Interim Co-Lead Counsel, and J. Gerard Stranch of Branstetter, Stranch & Jennings PLLC shall serve as Liaison Counsel for the proposed class of Direct Purchaser Plaintiffs.

11. Interim Co-Lead Counsel and Liaison Counsel are hereby designated as the counsel for Direct Purchaser Plaintiffs upon whom all notices, orders, pleadings, motions, discovery, and memoranda relating to the above actions and any other consolidated actions shall be served, and Defendants shall serve papers on the Direct Purchaser Plaintiffs in the above

actions by serving each of the Interim Co-Lead Counsel and Liaison Counsel. An agreement reached between Defendant(s) and Interim Co-Lead Counsel or their designee(s) shall be binding on all the other plaintiffs' counsel in the Direct Purchaser Plaintiffs' actions. Only Interim Co-Lead Counsel and Liaison Counsel may file papers with the Court on behalf of the Direct Purchaser Plaintiffs.

12. **Duties of the Interim Co-Lead Counsel:** Interim Co-Lead Counsel shall be responsible for the overall conduct of the litigation on behalf of the proposed class. Interim Co-Lead Counsel shall be responsible for the following:

    a. Supervising all pretrial, trial and post-trial proceedings;

    b. Signing any pleadings, motions, briefs, discovery requests or objections, subpoenas or notices;

    c. Determining and presenting in motions, briefs, oral argument, or such other fashion as may be appropriate, the position of all of the Direct Purchaser Plaintiffs as to all matters arising during pretrial and trial proceedings;

    d. Conducting discovery on behalf of the Direct Purchaser Plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g);

    e. Designating attorneys to act as spokespersons at pretrial conferences;

    f. Negotiating and entering into stipulations and agreements with defense counsel with respect to all matters in this litigation, including discovery and settlement matters;

    g. Coordinating the activities of all Direct Purchaser Plaintiffs' counsel, and implementing procedures to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

h. Employing and consulting with experts;

i. Calling meetings of Direct Purchaser Plaintiffs' counsel when deemed appropriate;

j. Allocating any attorneys' fees or expenses that the Court may award in this matter amongst the various Direct Purchaser Plaintiffs' counsel participating in the case based on the reasonable judgment of Co-Lead Counsel as to the contributions of each respective firm to the success of the case;

k. On a monthly basis, collecting reports of contemporaneously prepared attorney and paralegal time and expense records from each plaintiff firm. Each Direct Purchaser Plaintiffs' firm that may seek a portion of any fee awarded by the Court shall serve on a monthly basis on Interim Co-Lead Counsel a report summarizing according to each separate activity the time and expense spent by its members, associates, or staff during the preceding month, the ordinary billing rates of such attorneys in effect during that time, and the accumulated total of the firm's time, hourly rates and expenses to date;

l. Delegating tasks to counsel for Direct Purchaser Plaintiffs and otherwise coordinating the work of all plaintiffs' counsel, and performing such other duties as the Interim Co-Lead Counsel deem necessary or as authorized by further order of the Court; and

m. Performing such other pretrial duties as may be incidental to the proper coordination of pretrial activities or authorized by further order of the Court.

13. **Duties of Interim Liaison Counsel:** Liaison Counsel shall have the administrative duty of receiving and sending pleadings and communications with the Court and with Defendants and disseminating the same among all class counsel.

14. Defendants' stipulation that Interim Co-Lead Counsel may be appointed shall not be construed as an agreement that this matter should proceed as a class action, and Defendants reserve all rights to oppose any motion for class certification that may be filed in this action.

**IT IS SO ORDERED**, this 18th day of September, 2020.

                                                s/ Sheryl H. Lipman
                                                SHERYL H. LIPMAN
                                                UNITED STATES DISTRICT JUDGE