# Exhibit 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Civil Minutes

Date:  January 14, 2015                                           Judge:  James Donato

FTR Time: 1:33-1:54 = 21 Minutes

Case No.      **C-14-3264 JD**
Case Name     **In Re Capacitors Antitrust Litigation**

Attorney(s) for Plaintiff(s):   Bruce Simon/Eric Cramer/Solomon Cera/Eric Fastiff/Steven Williams/Joseph Saveri
Attorney(s) for Defendant(s):   Joseph Bieal/Charles F. Rule/Jackilin Chou Lem/Andrew S. Azarmi/Gaspare J. Bono/Stephen Chippendale/Heather Tewksbury/Djordje Petkoski/Frank Griffin/Michael E. Martinez/Evan Nadel/Christina Brown/Roxane Polidora Jacob Sorensen/George Nicoud III/Molly Donovan/Ian Papendick/Eric Enson/Jeffrey Jaeckel/Darrell Prescott/ Bonnie Lau/Ethan Litwin/Morgan Feder/Scott Stempel

Deputy Clerk:  Lisa Clark

PROCEEDINGS

Status Conference - Held

RESULT OF HEARING

The Court discusses the case with the parties and directs as follows.

**I.      DISCOVERY**

      A.      Jurisdictional discovery

The Court authorizes the jurisdictional discovery requested by plaintiffs from defendants Nippon Chemi-Con ("NCC") and TDK-EPC Corporation ("TDK-EPC"), both of whom have filed Rule 12(b)(2) motions contesting the Court's personal jurisdiction over them.

The proposed discovery requests which plaintiffs represent they sent to NCC and TDK-EPC on January 2, 2014 (*see* Dkt. No. 500 at 7) are deemed served as of January 14, 2015.

1

The Court sets the following schedule for the jurisdictional discovery and resolution of NCC and TDK-EPC's 12(b)(2) motions:

- Discovery requests deemed served: 1/14/15
- Discovery to be completed: 3/17/15
- Plaintiffs' oppositions to defendants' 12(b)(2) motions: 4/16/15
- Defendants' replies: 5/1/15
- Hearing: 5/20/15 at 10:00 a.m.

Until their 12(b)(2) motions have been resolved, defendants NCC and TDK-EPC need only produce discovery relating to the 12(b)(2) jurisdictional issue; they are exempt from the other discovery set forth below.

      B.    <u>Limited discovery on 8 topics</u>

Based on the DOJ's representation that it has no objection, the Court lifts the discovery stay that is currently in place only to permit plaintiffs to propound discovery (requests for production and interrogatories) on defendants targeted at the eight topics as described at pages 9-10 of the parties' joint status conference statement. Those topics are: (i) organizational structure, (ii) identification of products, (iii) pricing, (iv) sales, (v) transactional data, (vi) FTAIA, (vii) personal jurisdiction, and (viii) non-party discovery.

      C.    <u>Rule 26 / ESI</u>

The parties are directed to meet and confer and make disclosures as required by Federal Rule of Civil Procedure 26(f) and 26(a)(1). The parties must also review, and meet and confer as suggested by, the Northern District of California's ESI Guidelines.

The parties should also meet and confer on the terms of a stipulated order regarding the discovery of electronically stored information. The Court expects that the parties will propose stipulated orders that will be identical for both the direct purchaser plaintiffs and the indirect purchaser plaintiffs.

**II.    FTAIA**

The Court will resolve issues relating to the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a ("FTAIA") separately from, and before, class certification.

The Court sets the following schedule:

- Last day to file summary judgment motions based on FTAIA arguments: 7/8/15
- Opposition briefs: 8/5/15

- Replies: 8/12/15
- Hearing: 8/26/15 at 10:00 a.m.

### III. OTHER ISSUES

The direct purchaser plaintiffs may file a brief of 50 pages or less in opposition to <u>all</u> motions to dismiss filed by defendants (whether on a collective or individual basis) to date.

While the Court authorizes plaintiffs to serve discovery requests as set forth above, responding defendants are of course free to raise objections as they believe are appropriate and necessary. In the event of any discovery disputes, the parties are directed to follow the discovery dispute letter procedure set forth in the Court's civil discovery standing order.

Plaintiffs and defendants may agree to any phasing of the discovery permitted above as they deem appropriate. The parties are advised, however, that the Court will not be extending case management dates on that basis.

The Court expects that the parties will work through any remaining service of process issues by January 22nd, 2015. Should plaintiffs need to complete service by alternate means, they should promptly make the necessary motions under Rule 4(f)(3) for the Court's approval.