# Exhibit 5

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| ADRIANA CASTRO, M.D., P.A., | : | |
| | : | |
| Plaintiff, | : | Civ. No. 11-7178 (JLL) |
| | : | |
| v. | : | |
| | : | |
| SANOFI PASTEUR INC., | : | ORDER |
| | : | |
| Defendant. | : | |
| | : | |

This matter having come before the Court on defendant Sanofi Pasteur Inc.'s ("Sanofi") motion for an order staying discovery (ECF No. 73);

and the Court having considered the submissions of the parties, including the opposition to the motion to stay discovery (ECF No. 79) filed by plaintiffs Adriana M. Castro, M.D., P.A. and Sugartown Pediatrics, LLC, and the arguments set forth therein[1];

---

[1] Plaintiffs' first consolidated amended complaint alleges that Sanofi's anticompetitive bundling practices violated Section 1 and 2 of the Sherman Act and that plaintiffs were injured when they paid artificially inflated prices for Sanofi's pediatric vaccines. (ECF No. 28.) On February 27, 2012, Sanofi filed a motion to dismiss plaintiffs' complaint, and also filed a counterclaim. (ECF Nos. 50 and 54.) On April 13, 2012, plaintiffs filed an opposition to Sanofi's motion to dismiss (ECF Nos. 75) and a motion to dismiss the counterclaim (ECF No. 74). Sanofi opposes plaintiffs' motion to dismiss the counterclaim. (ECF No. 93.)

On April 13, 2012, Sanofi filed the instant motion asking the Court to stay all discovery pending the Courts ruling on the parties' dispositive motions. (ECF No. 73.) Sanofi argues that a temporary stay of discovery, until the Court decides its Motion to Dismiss the First Amended Class Action Complaint (ECF No. 50), is warranted here. Sanofi argues mainly that (1) the costs of e-discovery in antitrust matters favors granting the stay, (2) the parties' cross-motions to dismiss will likely obviate the need for some or all discovery in this case, and (3) a stay of a few months will do no harm to plaintiffs. (Sanofi Br. at 3-9, ECF No. 73-1.)

Plaintiffs respond that (1) discovery stays are disfavored and Sanofi has failed to show good cause, (2) Sanofi's motion to dismiss is likely to be denied, (3) plaintiffs would be prejudiced by a stay and Sanofi fails to show that it would suffer an undue burden. (Pls.' Br. at

and the Court noting that Sanofi has the burden of showing "good cause" for a stay, *Coyle v. Hornell Brewing Co.*, No. 08-2797 (JBS/JS), 2009 WL 1652399, at *3 (D.N.J. June 9, 2009), and "it is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay," *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007);

and the Court further noting that "[m]otions to stay discovery are not favored" and that a stay will not be granted absent a showing of "good cause," because "when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems," *Coca-Cola Bottling Co. v. Grol*, No. 92-7061, 1993 WL 13139559, at *2 (E.D. Pa. Mar. 8, 1993);

and the Court also noting that a finding of "good cause" requires a balancing of the interests of the parties, the interest of the court, and the public interest in a just, speedy, and efficient adjudication of the claims, *see In re Plastics Additives Antitrust Litig.*, No. 03-2038, 2004 WL 2743591, at *5 (E.D. Pa. Nov. 29, 2004);

and the Court unable to find on the record before it that there is a "clear and unmistakable result" that the Court could reach on the cross-motions to dismiss, *see Gerald Chamales*, 247 F.R.D. at 454 (explaining that "[i]n the absence of a clear and unmistakable result, . . . issuance of a protective order should [not] depend upon [this Court's] prediction of how the District Judge will decide defendants' dispositive motion");

and the Court rejecting Sanofi's argument that "failure to grant a stay could impose

---

6-14, ECF No. 79.)

significant, needless, and asymmetric costs on Sanofi," (Sanofi Br. at 2, ECF No. 73-1)[2];

and the Court noting "[t]he public's interest in vigorously enforcing national antitrust laws through the expeditious resolution of a private antitrust action is particularly great," *Plastic Additives*, 2004 WL 2743591, at *8;

and the Court determining that it has a responsibility to "keep its docket moving to provide litigants with a timely and effective resolution of their claims," and granting a stay would hinder the Court's responsibility to control the disposition of the matter, *Plastic Additives*, 2004 WL 2743591, at *7;

and the Court finding that Sanofi has not satisfied its burden of showing that "good cause" exists to stay discovery;

IT IS THEREFORE ON THIS 9th day of July 2012,

ORDERED that the defendants' motion to stay discovery is denied; and it is further

---

[2] Sanofi argues that Castro has served broad discovery requests, including "incredibly expansive subpoenas on third parties . . . which seek virtually every document in their possession relating to pediatric vaccines." (Sanofi Br. at 2, ECF No. 73-1.) However, Sanofi has not satisfied the Court that a blanket stay in discovery is required here. Sanofi has failed to "make out a clear case of hardship or inequity in being required to go forward." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). Denying a stay of discovery does not prevent Sanofi from seeking protection from overbroad and unduly burdensome discovery requests under Fed. R. Civ. P. 26(b).

On the other hand, granting a stay until the motions to dismiss are decided may prejudice plaintiffs by forcing them to wait an indefinite period of time to pursue their claims. *See Worldcom Techs. v. Intelnet Int'l Inc.*, No. 00-2284, 2002 U.S. Dist. LEXIS 15892, at *19 (E.D. Pa. Aug. 22, 2002) ("Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.") (citation omitted).

ORDERED that the initial scheduling conference shall proceed as scheduled on **July 18, 2012, at 2:00 p.m.** The parties shall submit a joint discovery plan on or before **July 16, 2012.**

s/ Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**