# Exhibit 6

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

UNIVERSAL DELAWARE, INC., et al.,)
  on Behalf of Themselves and   )
  All Others Similarly Situated, ) Civil Action
                                 ) No. 07-CV-01078
                                 )
          Plaintiffs             )
                                 )
       vs.                       )
                                 )
COMDATA CORPORATION,             )
                                 )
          Defendant              )

                             *   *   *

MARCHBANKS TRUCK SERVICE, INC.,  )
  doing business as Bear         )
  Mountain Travel Stop, on       )
  behalf of themselves and all   )
  others similarly situated,     ) Civil Action
                                 ) No. 09-cv-2327
                                 )
          Plaintiffs             )
                                 )
       vs.                       )
                                 )
CERIDIAN CORPORATION, et al.,    )
                                 )
          Defendants             )

## O R D E R

NOW, this 10th day of November, 2009, upon consideration of the following motions and documents filed in Civil Action No. 07-cv-1078:

> (1) Plaintiffs' Motion for Class Certification filed July 17, 2009;
>
> (2) Stipulation and [Proposed] Order Amending Scheduling Order, which stipulation was presented October 7, 2009 by all parties;

     (3) Plaintiffs' Renewed Motion for a Status Conference filed October 19, 2009;

it appearing that the Rule 16 Status Conference Order of the undersigned dated December 18, 2009, as modified by the Orders of the undersigned dated January 14, 2009, May 20, 2009, and September 17, 2009, established numerous deadlines in the matter of Civil Action No. 07-cv-1078, including a hearing on class certification to begin January 6, 2010; it further appearing that discovery is not yet complete in Civil Action No. 07-cv-1078; it further appearing that the pleadings in the above-captioned cases are not yet closed; it further appearing that discovery has not yet begun in Civil Action No. 09-cv-2327; it further appearing that numerous motions pending before this court may affect class certification in Civil Action No. 07-cv-1078; it further appearing the parties seek to extend all non-class certification deadlines in Civil Action No. 07-cv-1078,[1]

---

[1]  The within stipulation indicates that discovery is not ongoing in Civil Action No. 09-cv-2327 ("the 2009 action"), in part because motions to dismiss are pending in that action and a motion to amend the pleadings is pending in Civil Action No. 07-cv-1078 ("the 2007 action"). Specifically, plaintiffs in the 2007 action have moved to amend their Complaint to add the defendants in the 2009 action to the 2007 action. I note that if plaintiffs' motion to amend their Complaint in the 2007 action is granted, such disposition will moot the 2009 action and any motions pending in the 2009 action.

  This court is unaware of any Federal Rule of Civil Procedure or case law precluding discovery in either case under such circumstances. Accordingly, the parties are directed to engage in discovery relevant to both cases pending disposition of such motions.

  Moreover, although the parties to the 2007 action seek only to change non-class-certification deadlines by their within stipulation, I note that ongoing discovery may be relevant to the issue of class certification.

               (Footnote 1 continued):

IT IS ORDERED that the attached Stipulation and [Proposed] Order Amending Scheduling Order is approved in part and denied in part.

IT IS FURTHER ORDERED that Plaintiffs' Renewed Motion for a Status Conference is granted.

IT IS FURTHER ORDERED that the case management deadlines established in the Rule 16 Status Conference Order of the undersigned dated December 18, 2009, as modified by the Orders of the undersigned dated January 14, 2009, May 20, 2009, and September 17, 2009 are suspended until further Order of the undersigned.

---

(Continuation of footnote 1):

Specifically, on a motion for class certification, this court must make specific factual findings supporting a determination that each requirement of Rule 23 of the Federal Rules of Civil Procedure is met; and the court must "resolve all factual or legal disputes relevant to class certification, even if they overlap with the merits - including disputes touching on elements of the cause of action." In re Hydrogen Peroxide, 552 F.3d 305, 307 (3d Cir. 2009). See also Beck v. Maximus, Inc., 457 F.3d 291, 298 (3d Cir. 2006), which notes that "class certification questions are sometimes 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action'" (internal citation omitted); and Wachtel v. Guardian Life Insurance Company of America, 453 F.3d 179 (3d Cir. 2006), which notes that the trial court must "include in class certification orders a clear and complete summary of those claims, issues or defenses subject to class treatment".

Based on the foregoing, I conclude that disposition of plaintiffs' motion for class certification in the 2007 case cannot move forward until the pleadings are closed and relevant discovery is complete. Therefore, by this Order I suspend the case management deadlines and dismiss the motion for class certification without prejudice for plaintiffs to refile it, if appropriate, after the close of pleadings. However, as noted above, I direct the parties in both cases to engage in ongoing discovery.

Moreover, although I strike the January 6, 2010 class certification hearing, I direct counsel for all parties in both of the above-captioned cases to appear for an in-person status conference pursuant to Rule 16 of the Federal Rules of Civil Procedure that day.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Class Certification is dismissed without prejudice for plaintiffs to re-file it, if appropriate, after the close of pleadings.

IT IS FURTHER ORDERED that the January 6, 2010 class certification hearing in Civil Action No. 07-cv-1078 is stricken.

IT IS FURTHER ORDERED that an in-person status conference in each of the above-captioned cases pursuant to Rule 16 of the Federal Rules of Civil Procedure is scheduled for Wednesday, January 6, 2010, at 10:00 o'clock a.m. with Judge James Knoll Gardner in Courtroom B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania.

IT IS FURTHER ORDERED that discovery shall be ongoing involving all parties in both of the above-captioned cases.

BY THE COURT:


　/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge