# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS, et al., | |
| Plaintiffs, | |
| v. | Case No. 2:20-cv-02600-SH-cgc |
| VARSITY BRANDS, LLC, et al., | **Jury Trial Demanded** |
| Defendants. | |

## DEFENDANTS' SUPPLEMENTAL ADR SUBMISSION

Although ordinarily Defendants would not respond to the Plaintiffs' ADR Submission, the misleading statements contained therein compel a response so that the record is clear.

On Friday, October 23, the very day the ESI Stipulation was due, Plaintiffs for the first time informed Defendants that "We think that holding a mediation in December, before Plaintiffs have had an opportunity to analyze Varsity's transactional sales data for purposes of refining a damages analysis, will not be particularly productive." The parties had previously discussed having an early mediation and Defendants had specifically told Plaintiffs that an early mediation, with a prominent and highly reputable mediator, would make sense so as to avoid discovery expenses, so long as both parties were prepared to resolve the case. Plaintiffs' heretofore apparent willingness to have such an early mediation was the reason that Defendants accepted Plaintiffs' proposal of Layn Phillips as a mediator. Put simply, Plaintiffs' statement that a mediation would not be productive came completely "out of left field."

Defendants informed Plaintiffs that their last-minute change of position was not acceptable. As a courtesy, they provided Plaintiffs with an early draft of their ADR submission explaining the parties' disagreement. After receiving it, Plaintiffs further cast doubt on their willingness to have

a good-faith mediation as the Order requires by responding, "No need for that. If you guys want to spend $40k to mediate in December, ok, fine. Can we change the version you sent yesterday to say that '…they will conduct an initial mediation session that will conclude on or before…' That's certainly consistent with the scheduling order and would allow us to potentially touch the base without racking up the total ADR day fee from Layn."

Defendants then told Plaintiffs that the ADR rules in this District require mediations to be completed by the date for completion of ADR set forth in the Court's Scheduling Order—here December 23, 2020—and that Defendants would not involve themselves in a "touch the base" exercise. Defendants further informed Plaintiffs that if they wanted an extension to the ADR deadline set by the Court, they should ask the Court, but that Defendants did not believe the parties could simply stipulate around the Court's order (even if Defendants were willing to). Defendants also pointed out that Plaintiffs had made it clear that a mediation in December would be an empty exercise. Plaintiffs responded with the half-hearted statement that "We will do our best, and in good faith, to mediate in December. If Defendants are agreeable to do that, we will do it in good faith. If you are serious, we will be serious."

As is evident from the above, Plaintiffs apparently recognized that what they had proposed at the last minute was not permitted under the Court's order and are trying to walk back their statement that a mediation in December would not be productive. This leaves Defendants in a dilemma because, of course, a mediation with only one willing participant is bound to be a waste of time and money.

Of course, had Plaintiffs not waited until literally the last day to raise their belief that a mediation in December would not be productive, the parties would have had the opportunity to discuss the issue and not burden the Court. Defendants therefore respectfully request that the Court

2

refrain from appointing a Mediator from the Court's Mediator Panel List pursuant to ADR Plan § 5.4(c)(2) for one week (*i.e.*, until October 30), to give the parties a chance to discuss the matter further in the hope of reaching agreement.

Respectfully submitted,

Dated: October 26, 2020

By: /s Matthew S. Mulqueen
George S. Cary*
Steven J. Kaiser*
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2112 Pennsylvania Ave., NW
Washington, DC 20037
Tel: (202) 974-1500
gcary@cgsh.com
skaiser@cgsh.com

* Admitted *pro hac vice*

Adam S. Baldridge (TN #23488)
Matthew S. Mulqueen (TN #28418)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
165 Madison Ave., Suite 2000
Memphis, TN 38103
Tel: (901) 577-8166
abaldridge@bakerdonelson.com
mmulqueen@bakerdonelson.com

*Attorneys for Defendants Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit Fashion & Supplies, LLC*

By: /s Nicole D. Berkowitz
Grady Garrison (TN #008097)
Nicole D. Berkowitz (TN #35046)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
165 Madison Ave., Suite 2000
Memphis, TN 38103
Tel: (901) 577-8166
ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com

*Attorneys for US. All Star Federation, Inc*