# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| FUSION ELITE ALL STARS, et al., )<br>　　Plaintiffs, )<br>v. )<br>VARSITY BRANDS, LLC, et al., )<br>　　Defendants. ) | No. 2:20-cv-02600-SHL-cgc |

## DISCOVERY ORDER

Before the Court is the Parties' Joint Stipulation Concerning Discovery Limitations, submitted to the Court's ECF email inbox. The Court construes this submission as a Joint Motion for a Discovery Order, and it **GRANTS** the Motion. It is **ORDERED** that the following stipulation governs discovery in this case:

Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro ("Plaintiffs") and Defendants Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Spirit Fashion & Supplies, LLC, and U.S. All Star Federation, Inc. ("Defendants") (collectively, "the Parties"), through their respective counsel of record, stipulate to the following regarding the scope of discovery in the above-captioned matter. Except as expressly provided herein, this Stipulation and Order does not set or alter the Parties' obligations under the Federal Rules of Civil Procedure.

　　A.　　Requests for Production of Documents

The Parties agree that each side shall be permitted to propound no more than two (2) sets of requests for production of documents on any Party absent agreement of the Parties or a showing of good cause why developments in discovery should permit additional requests.

B.Interrogatories

The Parties agree that no more than 30 different interrogatories may be propounded on any one corporate group. For these purposes, a corporate group shall include any Party under common ownership with any other Party, which, for the avoidance of doubt, means that Varsity Brands, LLC, Varsity Spirit LLC, and Varsity Spirit Fashion & Supplies, LLC shall be considered to be a corporate group. To the extent an interrogatory is propounded on all of the members of a corporate group or an identical interrogatory is propounded on more than one of the members of a corporate group, it will count as one interrogatory and be responded to jointly by the members of the corporate group on which it is propounded. Similarly, no more than 30 different interrogatories may be propounded on the members of any Plaintiff group. For these purposes, one Plaintiff group shall be comprised of all commercial plaintiffs that operate gyms and another Plaintiff group shall be comprised of individual plaintiffs. For the avoidance of doubt, Fusion Elite All Stars; Spirit Factor LLC d/b/a Fuel Athletics; and Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center are, together, one Plaintiff group, and Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro are, together, another Plaintiff group. Each Plaintiff shall separately respond to the interrogatories that are propounded on him, her, or it, to the extent the answers are different from those of the other Plaintiffs.

C.Requests for Admission

The Parties agree that each side may collectively be subject to no more than 100 requests for admission under Fed. R. Civ. P. 36.

D.     Depositions

The Parties agree that each side will be limited to a total of 55 non-expert depositions, inclusive of third-party depositions, in this Complex Track case. The Parties further agree that out of the total of 55 non-expert depositions, Plaintiffs will be limited to 25 depositions of Defendants, including Defendants' current employees or corporate representatives, and Defendants will be limited to 15 depositions of Plaintiffs, including Plaintiffs' current employees or corporate representatives. The Parties also agree that, out of the 55 total non-expert party depositions, the Varsity Defendants shall collectively be subject to no more than 15 hours of deposition testimony under Fed. R. Civ. P. 30(b)(6), which will count as one deposition against the deposition limits no matter how many witnesses the Varsity Defendants elect to produce. Defendant USASF and each corporate Plaintiff shall be subject to no more than 7 hours of deposition testimony under Fed. R. Civ. P. 30(b)(6), which will count as one deposition against the deposition limits no matter how many witnesses the Party elects to produce. These limits do not include depositions of expert witnesses disclosed under Fed. R. Civ. P. 26(a)(2). Except as otherwise provided herein, absent further agreement of the Parties and, for third-party witnesses, agreement of the witness, or leave of Court for good cause shown, no witness shall be deposed for more than one day of 7 hours, except that counsel for a party witness may continue questioning the witness on the same day after the noticing party's 7 hours are finished.

The Parties reserve the right to request additional depositions, which shall be allowed by agreement of the Parties or by Order of the Court on good cause shown.

All potential trial witnesses, other than those deposed in this action or who are discovery custodians, shall be specifically identified by name in initial disclosures (or supplements thereto,

served at least thirty days prior to the conclusion of fact discovery). No other persons shall testify at trial absent agreement of the Parties or by leave of Court for good cause shown.

Absent agreement of the Parties or leave of Court on good cause shown, regarding the time for questioning at depositions:

(a) for third-party witnesses, whose depositions are noticed by both sides, the time shall be split among each side evenly;

(b) for third-party witnesses who were previously employed by any Party and whose depositions are noticed by both sides, the side without the Party that previously employed the witness shall get up to 5 hours, and the opposing side shall have the remaining time;

(c) for party witnesses, the side that does not employ the witness shall get up to seven hours, and the side that employs the witness may, with notice to the other side, make its own witness available for up to 7 additional hours for questioning by the side that currently employs the witness;

(d) Cross-noticed depositions of witnesses in categories (b) and (c) above shall not count against the deposition limits set forth above for the cross-noticing side, but they will count against the deposition limits set forth above for the initially noticing side. Cross-noticed depositions of witnesses in category (a) shall count against the deposition limits set forth above for both sides; and

(e) To the extent either side chooses not to use its fully allotted time at a deposition, the remaining time will revert to the other side. Nothing in these deposition guidelines shall preclude a Party who did not notice or cross-notice a deposition from cross-examining a witness at deposition, however such cross examination must by a non-noticing party must remain within the scope of the direct examination.

Remote Depositions due to Covid-19: The Parties agree that solely due to the Covid-19 pandemic, absent agreement of the Parties or a further order of this Court on good cause shown, all depositions shall be held remotely.  Should any Party believe that developments warrant a change to this procedure, for example, improvements in public health, the Parties shall meet and confer, with each Party reserving its right to raise any disagreements with the Court.  The Parties will submit a remote deposition protocol to the Court by December 18, 2020, which will include any disagreements (which are not anticipated) for the Court's resolution.  Notwithstanding the foregoing, and should the Parties agree or the Court order that depositions may proceed in person, any Party (other than a witness) that wishes to attend a deposition remotely may do so, and the Parties will cooperate to facilitate the technological requirements of such remote attendance, including video and audio. Any incremental costs incurred by remote attendance will be split evenly among the Parties choosing to attend remotely.

**IT IS SO ORDERED,** this 11th day of December, 2020.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE