## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| FUSION ELITE ALL STARS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>    Defendants. | Case No. 2:20-cv-02600-SHL-cgc<br><br>**Jury Trial Demanded** |
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>    Defendants. | Case No. 2:20-cv-02782-SHL-atc<br><br>**Jury Trial Demanded** |
| JESSICA JONES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>    Defendants. | Case No. 2:20-cv-02782-SHL-atc<br><br>**Jury Trial Demanded** |

**ORDER ESTABLISHING PLAINTIFFS' DISCOVERY COORDINATION COMMITTEE**

Before the Court are a Status Report on Pending Motion to Appoint Interim Lead Counsel and on Coordination of Discovery, submitted to the Court via email but filed on the docket by the Court in American Spirit and Cheer Essentials, No. 20-2782, a Stipulation and [Proposed] Order Establishing a Plaintiffs' Discovery Coordination Committee, submitted to the

1

Court via email but filed on the docket by the Court in <u>Fusion Elite</u>, No. 20-2600, <u>American Spirit</u>, No. 20-2782, and <u>Jones</u>, No. 20-2892, and a Notice of Stipulation and [Proposed] Order Establishing a Plaintiffs Discovery Coordination Committee, filed in <u>Jones</u>, No. 20-2892.  All three documents were provided to Defendants, according to the certificates of service attached to each, and Defendants have not indicated any opposition to the relief sought.

In their Stipulation, Plaintiffs' counsel first outlined the status of the pending cases:

WHEREAS, *Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.* (the "*Fusion* Action")[1] was filed in this Court on August 13, 2020, and *Kathryn Anne Radek, et al. v. Varsity Brands, LLC, et al.* (the "*Radek* Action")[2] was filed in this Court on August 25, 2020, with both cases being proposed antitrust class actions brought under federal antitrust law on behalf of proposed classes of persons and entities, mainly parents and All Star Gyms, buying certain goods and services relating to All Star Cheer and All Star Apparel directly from Varsity;

WHEREAS, on September 18, 2020, the Court consolidated the *Fusion Elite* and *Radek* Actions, appointed Berger Montague PC, Cuneo Gilbert & LaDuca, LLP and Labaton Sucharow LLP as interim Co-Lead Class Counsel for a proposed class of all persons who directly paid Varsity or any Varsity subsidiary for registration, entrance, or other fees and expenses associated with participation by All Star Teams or Cheerleaders in one or more All Star Competitions and/or All Star Apparel ("Direct Purchaser Class"), and appointed J. Gerard Stranch of

---

[1] 2:20-cv-02600-SHL-cgc (W.D. Tenn.).

[2] 2:20-cv-02649-SHL-atc (W.D. Tenn.).

Branstetter, Stranch & Jennings PLLC as Liaison Counsel for the Direct Purchaser Class on that date;[3]

WHEREAS, on October 27, 2020, *American Spirit and Cheer Essentials, Inc., et al. v. Varsity Brands, LLC, et al.* (the "*American Spirit* Action") was transferred to this Court from the United States District Court for the Northern District of Georgia,[4] that case being a proposed class action under federal antitrust law and federal and state RICO laws on behalf of four proposed classes: (1) a proposed class of parents who bought certain goods and services[5] either directly or indirectly from Varsity; (2) a proposed class of Varsity's potential and actual competitors in the cheerleading event production market; (3) a proposed class of Varsity's potential and actual competitors in the cheerleading camp market; and (4) a proposed class of Varsity's potential and actual competitors in the apparel, athletic equipment, and cheer merchandise markets;

WHEREAS, on November 3, 2020, counsel in the *American Spirit* Action sought to be appointed Interim Co-Lead Class Counsel of the classes defined in that complaint, but not on behalf of direct purchasing All Star Gyms (which Gyms are Plaintiffs and part of the proposed classes in the *Fusion Elite* action);[6]

---

[3] 2:20-cv-02600-SHL-cgc (W.D. Tenn.), ECF No. 37.

[4] 2:20-cv-02782-SHL-atc (W.D. Tenn.), ECF No. 56.

[5] The goods and services listed in the class definition include "uniforms, competition fees, event admission fees, camp fees, insurance, travel and accommodation fees, school paraphernalia such as class rings, yearbooks, graduation caps and gowns or graduation announcements, or merchandise." *Id.* at ECF No. 1, ¶279(b).

[6] 2:20-cv-02782-SHL-atc (W.D. Tenn.), ECF No. 64.

WHEREAS, on December 10, 2020, *Jessica Jones, et al. v. Varsity Brands, LLC, et al.* (the "*Jones* Action") was filed in this Court, as a proposed antitrust class action under the laws of multiple states (for damages) and federal antitrust law (for injunctive relief), on behalf of a proposed class of those who paid Varsity indirectly for fees associated with Varsity Cheer competitions, Varsity camps, apparel, and other goods and services ("Indirect Purchaser Classes");[7]

WHEREAS, counsel in the *Jones* Action seek to be appointed interim Co-Lead Counsel for the Indirect Purchaser Classes;

WHEREAS, plaintiffs in all three cases have sued Varsity and USASF;

WHEREAS, plaintiffs in the *Jones* Action have additionally sued Jeff Webb, Charlesbank Capital Partners LLC and Bain Capital Private Equity, and plaintiffs in the *American Spirit* Action have, in addition to these parties, also sued BSN Sports, LLC; Stanbury, LLC; Herff Jones, LLC; and USA Federation for Sport Cheering, d/b/a USA Cheer (as well as additional Varsity entities unnamed in the other two cases);

WHEREAS, each of the three cases is brought on behalf of largely non-overlapping proposed classes of persons and entities whose interests may come into conflict, and who may need or desire to take different positions, and thus must not be consolidated, and should continue to have distinct sets of counsel;

WHEREAS, all three cases nonetheless assert certain common claims and allegations, and will involve some of the same discovery from some of the same defendants and third parties; and

---

[7] 2:20-cv-02892-SHL-cgc (W.D. Tenn.).

WHEREAS, it would serve the interests of justice and efficiency for all three cases to coordinate discovery as much as is reasonably feasible;

WHEREAS, having been shown this Stipulation and Proposed Order, Defendants' counsel have indicated their support for the relief requested below;

(ECF No. 44 at PageID 192, 2:20-cv-02892-SHL-cgc (W.D. Tenn.).)

Based on the agreed coordination among Plaintiffs and their counsel, with no opposition from Defendants, the following is hereby **ORDERED**:

1. The Court creates a Plaintiffs' Discovery Coordination Committee for the purpose of coordinating discovery across the three cases to the extent reasonably feasible.

2. Plaintiffs' Discovery Coordination Committee shall be composed of one counsel from each Plaintiff group (Fusion Elite, American Spirit, and Jessica Jones).

3. The Court hereby appoints Benjamin Gastel (Fusion Elite), Robert Falanga (American Spirit), and Van D. Turner (Jones) to the Plaintiffs' Discovery Coordination Committee.

4. The responsibilities of the Plaintiffs' Discovery Coordination Committee shall include, to the extent reasonably feasible: (a) coordinating across the three cases on the scheduling of depositions with Defendants and third parties to minimize duplication of deponents and questions at depositions; (b) coordinating across the three cases on written discovery to minimize duplication and redundancy; (c) coordinating across the three cases on any protocols or orders governing discovery in the three cases; and (d) providing a liaison for the Court and the Defendants to communicate with for scheduling and discovery issues that might concern all three cases.

**IT IS SO ORDERED**, this 26th day of January, 2021.

                                                s/ Sheryl H. Lipman
                                                SHERYL H. LIPMAN
                                                UNITED STATES DISTRICT JUDGE