IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

FUSION ELITE ALL STARS,
SPIRIT FACTOR LLC d/b/a FUEL ATHLETICS, and
STARS AND STRIPES GYMNASTICS ACADEMY INC.
d/b/a STARS AND STRIPES KIDS ACTIVITY CENTER,
on behalf of themselves and all others similarly situated,

     Plaintiffs,

v.              Case No. 2:20-cv-02600-SHL-cgc

VARSITY BRANDS, LLC,
VARSITY SPIRIT,LLC,
VARSITY SPIRIT FASHION & SUPPLIES, LLC,
and U.S. ALL STAR FEDERATION, INC.,

     Defendants.

_____

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO COMPEL (D.E. # 102)**

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
U.S. ALL STAR FEDERATION, INC.'S MOTION FOR PROTECTIVE ORDER (D.E. # 103)**

**ORDER FINDING AS MOOT PLAINTIFFS' MOTION TO COMPEL (D.E. # 105)**

_____

  Before the Court, by way of Order of Reference for determination (D.E. # 106), are the following motions:

- Plaintiffs' Motion to Compel Discovery Responses from Defendant U.S. All Star Federation, Inc. (D.E. # 102)

- Defendant U.S. All Star Federation, Inc.'s ("USASF") Motion for Protective Order (D.E. # 103)

- Plaintiffs' Motion to Compel Discovery Responses from Defendants Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Spirit Fashion & Supplies, LLC. (D.E. # 105)

Responses and replies to the respective motions were timely filed.  A hearing on the motions was scheduled for June 24, 2021 and the parties were directed to meet and confer prior to the hearing.  The conferences resulted in notice to the court that the motion at D.E. #105 had been resolved among the parties and was withdrawn.  Therefore, that motion is MOOT.  At the hearing, the parties announced that, with the exception of the issues discussed below, the motions at D.E. #102 and 103 had been resolved among the parties.  Regarding the remaining issues, the motions at D.E. #102 and 103 are GRANTED IN PART AND DENIED IN PART.

Federal Rule of Civil Procedure 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit."  A protective order may be sought to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense… ."  The Rules of Civil Procedure are to be "construed, administered and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding."  Fed.R.Civ.P 1.

Plaintiffs filed a proposed class action complaint against Defendants alleging, among other things, monopolistic practices by Defendants in the competition and apparel markets.  The remaining issues before the court are document request number 11, which "seeks documents related to USASF's Affiliate Membership, Corporate Sponsor, and Official Sponsor programs" and the temporal and topical scope of ESI.

Consistent with the court's statements on the record, USASF is ORDERED to respond to request number 11 with production subject to the provisions of the Protective Order (D.E. # 77).

As to the issues raised regarding the electronic searches of email archives and Google drives, Plaintiffs are ORDERED to:

- Identify the areas of inquiry

- For each area of inquiry, identify which custodian or custodians they believe have responsive documents

- Identify the specific search terms to run against the custodian's collection targeted to retrieve documents responsive to the applicable area or areas of inquiry and the relevant time period for the search

USASF is ORDERED to conduct the searches based on the revised parameters. If there remain any issues related to the scope or burden of the ESI production, the parties may – after consultation - raise this matter with the court for clarification or reconsideration.

**IT IS SO ORDERED**, this 28th day of June, 2021.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE