**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| FUSION ELITE ALL STARS, et al.,<br><br>Plaintiffs,<br>v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>Defendants. | Case No. 2:20-cv-02600-SHL-cgc |

**PLAINTIFFS' NOTICE OF FILING RESPONSE TO DEFENDANTS' NOTICE OF
SUPPLEMENTAL AUTHORITY**

Plaintiffs hereby provide the Court with a response to Defendants' Notice of Supplemental Authority (Dkt. 134), regarding the June 28, 2021 decision of the United States District Court for the District of Columbia in *New York v. Facebook, Inc.*, No. 20-cv03589 (D.D.C. June 28, 2021) ("*Facebook*").

In *Facebook*, the various state plaintiffs sought only injunctive relief, not damages. *Facebook*, Slip Op. at 1-3. Specifically, the states requested two forms of equitable relief: (1) divestiture of companies that Facebook had acquired almost a decade ago; and (2) termination of an allegedly anticompetitive policy that Facebook adopted more than five years before the filing of the complaint. In dismissing the action, the court emphasized that the states had not alleged Facebook had *implemented* its allegedly anticompetitive policy during the statute of limitations period, noting that had Facebook done so, its conduct *could* constitute an actionable antitrust violation. *Id*. at 2-3.

Defendants here assert that *Facebook* bars claims based on acquisitions made before the statutory period. Dkt. 134 at 1 (citing *Facebook*, Slip Op. at 43). Defendants are wrong. The opinion held only that such a delay bars equitable relief, particularly divestiture, given how difficult it is to unwind acquisitions years after they occur. *Facebook*, Slip Op. at 42-43. Plaintiffs here are not seeking to unwind any acquisitions. At best for Defendants, then, *Facebook* could provide persuasive—although not binding—authority on the injunctive relief this Court should issue.

Further, *Facebook* supports Plaintiffs' claims to the extent Defendants *implemented* all or part of their anticompetitive plan during the statutory period, including by charging

supracompetitive prices.[1] That is exactly what Plaintiffs allege here. *See, e.g.*, Consolidated Complaint ("CC") at ¶¶ 8, 10, 21, 29, 30, 33-34, 40, 57, 128, 144, 202, 228, 238, 244-45, 247, 251, 257, 259, and 261.

Defendants also contend that *Facebook* "held that conduct that is not anticompetitive as a matter of law cannot provide the basis for a claim under Section 2 when combined with. . . out-of-period acquisitions." Dkt. 134 at 1. In fact, the district court there acknowledged that separate lawful acts *might* combine in such a way as to violate the antitrust laws "because competition can die from a thousand small cuts just as easily as from one large blow." *Facebook*, Slip Op. at 63 (citation omitted).

[1] Overcharges imposed, and other anticompetitive conduct occurring, during the statutory period can give rise to timely antitrust claims, including based in part on acquisitions that took place before the statute of limitations period. *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 189 (1997); *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481, 499-500, 502 (1968); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263, 296 (2d Cir. 1979); *In re Skelaxin (Metaxalone) Antitrust Litig.*, 2013 WL 2181185, at *29 (E.D. Tenn. May 20, 2013); *In re Se. Milk Antitrust Litig.*, 555 F. Supp. 2d 934, 947 (E.D. Tenn. 2008); *see also Le v. Zuffa, LLC*, 216 F. Supp. 3d 1154, 1169 (D. Nev. 2016); *Meijer, Inc. v. 3M*, 2005 WL 1660188, at *3-4 (E.D. Pa. July 13, 2005).

Dated: July 1, 2021

*/s/ Benjamin A. Gastel*
J. Gerard Stranch, IV (TN BPR #23045)
Benjamin A. Gastel (TN BPR #28699)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

*Counsel for Plaintiffs and Liaison Counsel for the Proposed Direct Purchaser Class*

H. Laddie Montague, Jr.*
Eric L. Cramer*
Mark R. Suter*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000
hlmontague@bm.net
ecramer@bm.net
msuter@bm.net

Jonathan W. Cuneo*
Katherine Van Dyck*
Victoria Sims*
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
kvandyc@cuneolaw.com
vicky@cuneolaw.com

Gregory S. Asciolla*
Karin E. Garvey*
Veronica Bosco*
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
gasciolla@labaton.com
kgarvey@labaton.com
vbosco@labaton.com

*Counsel for Plaintiffs and Interim Co-Lead Counsel for the Proposed Direct Purchaser Class*

Benjamin D. Elga*
**JUSTICE CATALYST LAW, INC.**
81 Prospect Street
Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Craig L. Briskin*
**JUSTICE CATALYST LAW, INC.**
718 7th Street NW
Washington, DC 20001
Telephone: (518) 732-6703
brianshearer@justicecatalyst.org
cbriskin@justicecatalyst.org

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
**FINE KAPLAN AND BLACK, R.P.C.**
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Frank B. Thacher III (TN BPR #23925)
**BURCH, PORTER, & JOHNSON, PLLC**
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
**NEAL & HARWELL, PLC**
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
Telephone: (615) 244-1713

4

        aharwell@nealharwell.com
        cbarrett@nealharwell.com
        tharwell@nealharwell.com

\* Admitted *pro hac vice*
\*\* *Pro hac vice* application forthcoming

*Counsel for Plaintiffs and the Proposed Direct Purchaser Class*

# CERTIFICATE OF SERVICE

I, Benjamin A. Gastel, hereby certify that on the 1st day of July 2021, I served a copy of Plaintiffs' Response to Defendants' Notice of Supplemental Authority via the Court's CM/ECF Electronic Filing System upon the following Counsel:

Adam S. Baldridge
Matthew S. Mulqueen
**BAKER DONELSON BEARMANN CALDWELL & BERKOWITZ, P.C.**
165 Madison Ave
Ste 2000
Memphis, TN 38103
Tel: 901-526-2000
abaldridge@bakerdonelson.com
mmulqueen@bakerdonelson.com

George S. Cary
Mark W. Nelson
Alexis Collins
Steven J. Kaiser
**CLEARY GOTTILEB STEEN & HAMILTON LLP**
2112 Pennsylvania Avenue NW
Ste 1000
Washington, DC 20037
Tel: 202-974-1500
gcary@cgsh.com
mnelson@cgsh.com
alcollins@cgsh.com
skaiser@cgsh.com

*Attorneys for Defendants Varsity Brands, LLC, Varsity Spirit Fashions & Supplies, Inc., and Varsity Spirit, LLC*

Grady M. Garrison
Nicole D. Berkowitz
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.**
165 Madison Ave.
Ste. 2000
Memphis, TN 38103
Tel: 901-526-2000
ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com

*Attorneys for Defendant U.S. All Star Federation, Inc.*

*/s/ Benjamin A. Gastel*
Benjamin A. Gastel