**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION AT MEMPHIS**

| | |
|---|---|
| **FUSION ELITE ALL STARS, SPIRIT FACTOR LLC d/b/a FUEL ATHLETICS, and STARS AND STRIPES GYMNASTICS ACADEMY INC., d/b/a STARS AND STRIPES KID ACTIVITY CENTER, on behalf of themselves and all others similarly situated** ) ) ) ) ) ) ) | |
| **Plaintiffs,** ) | **Civ. Action No. 2:20-cv-02600-SHL-atc** |
| ) | **JURY TRIAL DEMANDED** |
| **v.** ) | |
| ) | |
| **VARSITY BRANDS, LLC, VARSITY SPIRIT, LLC, VARSITY SPIRIT FASHION & SUPPLIES, LLC, and U.S. ALL STAR FEDERATION, INC.,** ) ) ) ) ) | |
| **Defendants.** ) | |

**U.S. ALL STAR FEDERATION, INC.'S**
**ANSWER TO PLAINTIFFS' FIRST AMENDED/CONSOLIDATED COMPLAINT**

Defendant U.S. All Star Federation, Inc. ("USASF") submits the following Answer and

Affirmative Defenses to Plaintiffs' First Amended/Consolidated Complaint ("the Complaint"):

## I.     NATURE OF THE ACTION

1.     USASF lacks information and knowledge sufficient to form a belief about the truth

of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies the same.

2.     USASF admits that the company that is now known as Varsity Spirit was founded

by Jeff Webb in 1974, and otherwise denies the allegations in Paragraph 2.

1

3.      USASF denies that the USA Federation for Sport Cheering ("USA Cheer") serves as the national governing body for cheerleading because "national governing body" is a term of art applicable only to Olympic sports.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 3 of the Complaint and, therefore, denies the same.  In further response, USASF states that the webpage cited in footnote 2 to the Complaint does not currently contain the definition alleged in Paragraph 3 of the Complaint.

4.      USASF admits the allegations contained in Paragraph 4 of the Complaint.

5.      USASF denies the allegations contained in the first sentence of Paragraph 5 of the Complaint.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 5 of the Complaint and, therefore, denies the same.

6.      USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies the same.

7.      USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, denies the same.

8.      Paragraph 8 consists of characterizations of Plaintiffs' case, to which no response is required.  To the extent a response is required, USASF denies there is any basis for Plaintiffs' claims and therefore denies the allegations.

9.      Denied.

10.     Denied.

11.     Denied.

4848-0170-9819v8
2933399-000004 09/30/2021

12.     Denied.

13.     USASF denies any allegation in Paragraph 13 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 13 of the Complaint and, therefore, denies the same.

14.     USASF denies any allegation in Paragraph 14 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 14 of the Complaint and, therefore, denies the same.

15.     USASF denies any allegation in Paragraph 15 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 15 of the Complaint and, therefore, denies the same.

16.     Denied.

17.     The             websites             https://www.varsity.com/about/legends/, https://www.varsity.com/about/,            https://www.varsitybrands.com/spirit,            and https://chiefexecutive.net/varsity-brands-big-business-cheerleading/   speak   for   themselves. USASF lacks information and knowledge sufficient to form a belief about the truth of the content of the materials displayed at those websites, and therefore denies the same.  USASF denies any

3

allegation in Paragraph 17 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF denies any remaining allegations in this paragraph.

18.     Denied.

19.     The *Cheer* documentary speaks for itself.   USASF lacks information and knowledge sufficient to form a belief about the truth of the content of the materials contained in the *Cheer* documentary, and therefore denies the same.  USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations that Natalie Adams has knowledge of the industry and, therefore, denies the same.  USASF denies any allegation in Paragraph 19 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF denies any remaining allegations in this paragraph.

20.     The *Cheer* documentary speaks for itself.   USASF lacks information and knowledge sufficient to form a belief about the truth of the content of the materials contained in the *Cheer* documentary, and therefore denies the same.  USASF denies any allegation in Paragraph 20 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF denies any remaining allegations in this paragraph.

21.     Denied.

## II.     JURISDICTION AND VENUE

22.     Paragraph 22 states legal conclusions and characterizes Plaintiffs' purported legal position to which USASF need not respond.  To the extent any response to these allegations is

4

necessary, USASF denies them.  USASF notes in particular denial of the characterization that this case has been brought by "the Class" as no class has been certified.

23.     Paragraph 23 states legal conclusions to which no response is required.  To the extent any response to these allegations is necessary, USASF denies them.

24.     USASF admits that venue is proper in this District, that USASF is licensed to do business in Tennessee, that USASF does business in this District, that USASF has agents in this District, and that USASF's principal place of business is in this District.  USASF denies any remaining allegations in this paragraph.

25.     USASF admits that the Court has personal jurisdiction over USASF because it transacts business in this District and has its principal place of business in this District.  USASF denies any remaining allegations in this paragraph.

26.     Denied.

27.     USASF admits that it engages in interstate commerce.  USASF denies any remaining allegations in this paragraph.

28.     Denied.

## III.     PARTIES

29.     USASF denies any allegation contained in Paragraph 29 of the Complaint that states, suggests, or implies that Plaintiff Fusion paid unfairly high prices for goods and services from Varsity and/or that Plaintiff Fusion has suffered any economic harm or damages in this matter.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 29 of the Complaint and, therefore, denies the same.

4848-0170-9819v8
2933399-000004 09/30/2021

30.     USASF denies any allegation contained in Paragraph 30 of the Complaint that states, suggests, or implies that Plaintiff Spirit Factor paid unfairly high prices for goods and services from Varsity and/or that Plaintiff Spirit Factor has suffered any economic harm or damages in this matter.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 30 of the Complaint and, therefore, denies the same.

31.     USASF denies any allegation contained in Paragraph 31 of the Complaint that states, suggests, or implies that Plaintiff Stars & Stripes paid unfairly high prices for goods and services from Varsity and/or that Plaintiff Stars & Stripes has suffered any economic harm or damages in this matter.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 31 of the Complaint and, therefore, denies the same.

32.     USASF denies any allegation contained in Paragraph 32 of the Complaint that states, suggests, or implies that Plaintiff Radek paid unfairly high prices for goods and services from Varsity and/or that Plaintiff Radek has suffered any economic harm or damages in this matter. USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 32 of the Complaint and, therefore, denies the same.

33.     USASF denies any allegation contained in Paragraph 33 of the Complaint that states, suggests, or implies that Plaintiff Hayes paid unfairly high prices for goods and services from Varsity and/or that Plaintiff Hayes has suffered any economic harm or damages in this matter. USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 33 of the Complaint and, therefore, denies the same.

6

34.     USASF denies any allegation contained in Paragraph 34 of the Complaint that states, suggests, or implies that Plaintiff Cherasaro paid unfairly high prices for goods and services from Varsity and/or that Plaintiff Cherasaro has suffered any economic harm or damages in this matter.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 34 of the Complaint and, therefore, denies the same.

35.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 35 of the Complaint and, therefore, denies the same.

36.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 36 of the Complaint and, therefore, denies the same.

37.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 37 of the Complaint and, therefore, denies the same.

38.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 38 of the Complaint and, therefore, denies the same.

39.     USASF admits that it is a Tennessee non-profit corporation with its principal place of business in Memphis, Tennessee.  USASF admits that it has promulgated rules governing All Star Competitions involving USASF member event producers throughout the United States, including in this District, at all times relevant to this matter.  USASF admits that it has enforced rules governing the Cheerleading World Championships at all times relevant to this matter.  USASF admits that it organized, promoted, produced, and managed the Cheerleading World Championships at all times relevant to this matter.  USASF denies any remaining allegations in this paragraph.

## IV.     CLASS ALLEGATIONS

4848-0170-9819v8
2933399-000004 09/30/2021

40.     Paragraph 40 characterizes Plaintiffs' action and states legal conclusions to which no response is required.  To the extent any response to these allegations is necessary, USASF denies them.

41.     Paragraph 41 characterizes Plaintiffs' action and states legal conclusions to which no response is required.  To the extent a response is required, USASF denies them.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Paragraph 50 characterizes Plaintiffs' action and states legal conclusions to which no response is required.  To the extent a response is required, USASF denies them.

**V.     AGENTS & CO-CONSPIRATORS**

51.     Denied.

52.     Denied.

53.     Denied.

54.     Paragraph 54 of the Complaint purports to set out a definition and accordingly, no response is required.  To the extent a response is required, USASF denies that the definition set forth in Paragraph 54 is appropriate.

8

55.     Denied.

56.     Paragraph 56 of the Complaint purports to set out a definition and accordingly, no response is required.  To the extent a response is required, USASF denies that the definition set forth in Paragraph 56 is appropriate.

## VI.   INTERSTATE TRADE & COMMERCE

57.     USASF admits that the conduct alleged in the Complaint involved interstate commerce.  USASF denies any remaining allegations in this paragraph.

58.     USASF admits that the conduct alleged in the Complaint involved interstate commerce.  USASF denies any remaining allegations in this paragraph.

## VII.   FACTUAL ALLEGATIONS

### A.  History & Background

59.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 59 of the Complaint and, therefore, denies the same.

60.     The                               materials                              at https://files.varsity.com/uploads/pdfs/USACheer_STUNT_videolinkSM.pdf        speak        for themselves.  USASF lacks information and knowledge sufficient to form a belief about the truth of the content of the materials displayed at that website, and therefore denies the same.  USASF admits that during the relevant time period, USASF has had athlete membership in the range alleged in Paragraph 60 of the Complaint, but USASF lacks information and knowledge sufficient to form a belief about the truth of the allegation regarding the total number of athletes participating in All Star Cheer and, therefore, denies the same.  USASF denies that All Star Cheer requires a

4848-0170-9819v8
2933399-000004 09/30/2021

"significant amount" of strength, flexibility, endurance, effort, coordination, and cooperative teamwork as there are opportunities to participate in All Star Cheer at all skill levels.

61.     USASF denies that All Star Cheer routines all involve tumbling.  USASF denies that only athletes with the most difficult passes will tumble without a partner.  The remaining allegations contained in this paragraph are admitted.

62.     Admitted.

63.     Admitted.

64.     The materials at https://www.varsity.com/news/tumbling-passes-to-watch-from-the-summit/ speak for themselves.  USASF lacks information and knowledge sufficient to form a belief about the truth of the content of the materials displayed at that website, and therefore denies the same.  USASF does not take a position as to whether "[a]ll of these skills" set forth in Paragraphs 61-63 of the Complaint are "necessary to excel in All Star Competitions," and therefore cannot admit or deny the same.

65.     Admitted.

66.     USASF admits the allegations contained in the first sentence of Paragraph 66 of the Complaint.  USASF admits that Webb formed the Universal Cheerleaders Association ("UCA").  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 66 of the Complaint and, therefore, denies the same.

67.     Admitted.

68.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations regarding the number of participants and spectators at the NCA All Star

Nationals event and, therefore, denies the same.  The remaining allegations contained in this paragraph are admitted.

69.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 69 of the Complaint and, therefore, denies the same.

70.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 70 of the Complaint and, therefore, denies the same.

**B.  All Star Cheer's "Governing" Bodies**

71.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 71 of the Complaint and, therefore, denies the same.  The term "created" is vague and ambiguous and USASF denies the allegation that "Varsity—along with the NCA, CheerSport, and America's Best—created the USASF" on that basis.  The term "acquired" is vague and ambiguous, and USASF denies the allegation that USASF "acquired" NACCC on that basis.  USASF denies any remaining allegations contained in this paragraph.

72.     The materials at https://usasf.net/ speak for themselves.  USASF denies that it is "inextricably tied to and controlled by Varsity" and further denies that it is not transparent regarding the relationship between it and Varsity.  USASF denies any remaining allegations contained in this paragraph.

73.     The                              materials                       at https://usasfmain.s3.amazonaws.com/Organization/docs/annual/USASF_AnnualReport_2013.pdf speak for themselves.  USASF admits that its office and Varsity's headquarters are both located in Memphis, Tennessee and therefore are geographically proximate, but USASF denies any

4848-0170-9819v8
2933399-000004 09/30/2021

statement, suggestion, or implication that the geographic proximity of USASF and Varsity's offices is in any way improper. USASF denies that Varsity provided it with an "interest-free $1.8 million loan" at the inception of USASF in 2003, but admits that Varsity provided funding to USASF at its inception and for some years thereafter and further admits that any money Varsity provided to support USASF was repaid by 2013. USASF denies any remaining allegations contained in this paragraph.

74.    USASF admits that U.S. Trademark Application No. 78/323,016 was filed in 2003 before USASF's formation and were submitted by Varsity. USASF admits that, in the past, USASF employees were paid directly by Varsity, but that USASF reimbursed Varsity for these salaries. USASF admits that Varsity previously owned the website www.usasf.net. USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations that Varsity cashed checks issued to USASF and, therefore, denies the same. USASF denies any remaining allegations contained in this paragraph.

75.    USASF admits that its offices were previously located at the same address as Varsity's headquarters. USASF admits that its office and Varsity's headquarters are both located in Memphis, Tennessee and therefore are geographically proximate, but USASF denies any statement, suggestion, or implication that the geographic proximity of USASF and Varsity's offices is in any way improper. The term "office services" is undefined, and USASF is unable to discern what is meant by this term. USASF therefore denies the allegation that Varsity provided "office services" to USASF. USASF denies any remaining allegations contained in this paragraph.

76.    USASF denies that its finances were ever intermingled with Varsity's finances. USASF admits that, in the past, USASF employees were paid directly by Varsity, but that USASF

4848-0170-9819v8
2933399-000004 09/30/2021

reimbursed Varsity for these salaries.  USASF's bylaws speak for themselves and USASF denies any allegations contained in Paragraph 76 of the Complaint that is inconsistent with or contradicts those bylaws.  USASF admits that Varsity owns or is affiliated with the brands associated with the Universal Cheerleaders Association, the Universal Dance Association, the National Cheerleaders Association, the United Spirit Association, the American Cheerleaders Association, the Universal Dance Association, and JAMFest.  USASF denies any remaining allegations contained in this paragraph.

77.     USASF admits that it is a "delegate member" of USA Cheer.  USASF denies that the USA Federation for Sport Cheering ("USA Cheer") serves as the national governing body for cheerleading because "national governing body" is a term of art applicable only to Olympic sports. USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 77 of the Complaint and, therefore, denies the same.

78.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 78 of the Complaint and, therefore, denies the same.

79.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 79 of the Complaint and, therefore, denies the same.

80.     The materials at https://www.usacheer.org/allstar speak for themselves.  USASF denies any remaining allegations in this paragraph.

**C. All Star Competitions**

81.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 81 of the Complaint and, therefore, denies the same.

4848-0170-9819v8
2933399-000004 09/30/2021

82.     The materials at https://www.varsity.com/news/what-is-competitive-cheerleading/ speak for themselves and USASF denies any allegations contained in Paragraph 82 of the Complaint that is inconsistent with or contradicts the material displayed at that website.

83.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 83 of the Complaint and, therefore, denies the same.

84.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 84 of the Complaint and, therefore, denies the same.

85.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 85 of the Complaint and, therefore, denies the same.

86.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 86 of the Complaint and, therefore, denies the same.

87.     USASF admits that "bids" are awarded to teams that qualify to compete in the Cheerleading World Championships and that All Star Teams can earn bids by attending and succeeding at All Star Competitions that are qualified to offer bids.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 87 of the Complaint and, therefore, denies the same.

88.     USASF denies the allegations contained in the first sentence of Paragraph 88 as it pertains to the Cheerleading World Championships.  USASF admits that it provides All Star Competition producers with the rights to confer the Bids to the Cheerleading World Championship.  USASF denies the characterization as to how Fully Paid Bids, Partially Paid Bids, and At-Large Bids are awarded as it pertains to the Cheerleading World Championship.  The number of bids and the particular events at which they may be awarded is approved in advance by

4848-0170-9819v8
2933399-000004 09/30/2021

USASF.  USASF denies any remaining allegations contained in this paragraph as it pertains to the Cheerleading World Championship.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 88 of the Complaint and, therefore, denies the same.

### D.  All Star Championships

89.    Paragraph 89 of the Complaint appears to define the term "All Star Championships" as used in the Complaint and, therefore, no response is required.  To the extent a response is required, USASF admits that it has a financial interest in, promotes, operates, and manages Worlds. USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 89 of the Complaint and, therefore, denies the same.

### 1.  The Worlds

90.    USASF admits that it has a financial interest in, promotes, operates, and manages Worlds.  USASF admits that IASF has a financial interest in and promotes Worlds.  USASF denies that the IASF was a part of the USASF until 2016.  USASF admits that the IASF provides rules, credentialing, and opportunities in cheer and dance.  Any remaining allegations contained in this paragraph are denied.

91.    Admitted, except that Level 5 athletes are eligible to compete only in the international division.

92.    USASF denies that it is "under the control of Varsity" and further denies any statement, suggestion, or implication in Paragraph 92 of the Complaint that USASF conspired with Varsity to engage in any anticompetitive conduct.  The remaining allegations in Paragraph 92 of the Complaint are admitted, subject to USASF's responses to Paragraphs 87 and 88 of the Complaint.

4848-0170-9819v8
2933399-000004 09/30/2021

93.     The term "controls" in the context of the phrase "Varsity controls more than 80% of Worlds' Bids" is vague and ambiguous and USASF denies the allegation that "Varsity controls more than 80% of Worlds' Bids" on that basis.  USASF denies the remaining allegations contained in this paragraph.

94.     Denied.

### 2.  The Summit

95.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 95 of the Complaint and, therefore, denies the same.

96.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 96 of the Complaint and, therefore, denies the same.

97.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 97 of the Complaint and, therefore, denies the same.

98.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 98 of the Complaint and, therefore, denies the same.

### 3.  The U.S. Finals

99.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 99 of the Complaint and, therefore, denies the same.

100.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 100 of the Complaint and, therefore, denies the same.

101.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 101 of the Complaint and, therefore, denies the same.

### E.  All Star Apparel

16

102.    Paragraph 102 of the Complaint appears to define the term "All Star Apparel" as used in the Complaint and, therefore, no response is required.  To the extent a response is required, USASF denies that any specialized clothing, shoes, accessories, and equipment is required for All Star Competitions and during All Star Team practices and training.

103.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 103 of the Complaint and, therefore, denies the same.

104.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 104 of the Complaint and, therefore, denies the same.

105.    USASF admits that at the Cheerleading World Championships, athletes typically wear coordinating uniforms. USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 105 of the Complaint and, therefore, denies the same.

106.    USASF's Cheer Rules speak for themselves and USASF denies any allegations contained in Paragraph 106 of the Complaint that are inconsistent with or contradict USASF's Cheer Rules.  USASF denies the characterization that "USASF rules govern every detail of what All Star Cheerleaders may wear in a competition."  USASF denies any statement, suggestion, or implication that USASF's Cheer Rules limit athletes to clothing, shoes, accessories, or equipment from any particular brand.  USASF denies any statement, suggestion, or implication that limitations on revealing clothing, accessories that pose safety concerns, and unconventional makeup somehow favors Varsity or constitutes anticompetitive conduct.

4848-0170-9819v8
2933399-000004 09/30/2021

107.     USASF lacks information and knowledge sufficient to form a belief regarding the truth of the allegations pertaining to Varsity's entry into the All Star Apparel Market and, therefore, denies the same.  The remaining allegations contained in this paragraph are denied.

108.     The materials at https://slate.com/business/2016/02/rebel-wants-to-disrupt-the-suprisingly-entrenched-cheerleader-uniform-industry.html speak for themselves.  USASF lacks information and knowledge sufficient to form a belief about the truth of the content of the materials displayed at that website, and therefore denies the same.  USASF further denies that the materials at https://slate.com/business/2016/02/rebel-wants-to-disrupt-the-suprisingly-entrenched-cheerleader-uniform-industry.html -- which was published before the statutory limitations period – accurately reflects the state of the cheerleading uniform market today or at the time the article was written.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 108 of the Complaint and, therefore, denies the same.

109.     The materials at https://www.varsity.com/AllStar_AllStar-fashion/why-choose-varsity/ speak for themselves.  USASF lacks information and knowledge sufficient to form a belief about the truth of the content of the materials displayed at that website, and therefore denies the same.  USASF further denies any statement, suggestion, or implication that the statement referenced in Paragraph 109 of the Complaint evidence any anticompetitive conduct or monopolization on the part of Varsity and/or USASF.

110.     USASF denies any statement, suggestion, or implication that Varsity's conduct in deciding which apparel manufacturers can have "a booth or set up at Varsity competitions" evidence any anticompetitive conduct or monopolization on the part of Varsity and/or USASF.

USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 110 of the Complaint and, therefore, denies the same.

**F. Varsity's Alleged Monopoly Power in the Two Relevant Antitrust Markets**

**1. Alleged Monopoly Power in the All Star Competition Market (the Primary Market)**

**a. The Alleged Relevant All Star Competition Market**

111.    Paragraph 111 of the Complaint appears to define the term "All Star Competitions" as used in the Complaint and, therefore, no response is required.  To the extent a response is required,                     the                     materials                     at https://usasf.net.ismmedia.com/ISM2/ParentsActionCommittee/Cheer_Parents_101.pdf speak for themselves and USASF denies any allegations contained in Paragraph 111 of the Complaint that are inconsistent with or contradict the materials at this website.  USASF admits any remaining allegations contained in this paragraph.

112.    USASF denies that All Star Competitions are typically organized by All Star Gyms. USASF admits any remaining allegations contained in this paragraph.

113.    Paragraph 113 of the Complaint appears to define the term "Suppliers" as used in the Complaint and, therefore, no response is required.  To the extent a response is required, USASF admits that event producers are the persons who produce, operate, and manage All Star Competitions, as that term is used in the Complaint.  Upon information and belief, USASF admits that Varsity owns or is affiliated with numerous "brands" of All Star Competitions and that collectively, these "brands" produce approximately 500 events.  USASF admits that all event

4848-0170-9819v8
2933399-000004 09/30/2021

producers owned by or affiliated with Varsity are believed to be USASF members.  Any remaining allegations contained in this paragraph are denied.

114.    USASF admits that All Star Gyms pay registration fees to the applicable event producer to enter All Star Competitions, including bid-qualifying events for the Cheerleading World Championships, as those terms are used in the Complaint.  USASF denies any remaining allegations contained in this paragraph.

115.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations that "All Star Cheerleaders train vigorously for All Star Competitions" and, therefore, denies the same.  USASF denies any remaining allegations contained in this paragraph.

116.    USASF admits that it promulgates rules and regulations to be applied by USASF-member event producers.  USASF admits that it promulgates a grid which sets forth levels and divisions, based on athlete skill level.  USASF denies any remaining allegations contained in this paragraph.

117.    Denied.

118.    Denied.

119.    Denied.

120.    The                              materials                              at https://usagym.org/pages/home/publications/technique/2002/7/cheergymnastics.pdf   speak   for themselves.  USASF lacks information and knowledge sufficient to form a belief about the truth of the content of the materials displayed at that website, and therefore denies the same.   USASF denies any remaining allegations contained in this paragraph.

4848-0170-9819v8
2933399-000004 09/30/2021

121.    USASF denies that STUNT is essentially owned by Varsity.  USASF admits that STUNT is run by USA Cheer.  USASF denies that USA Cheer is a Varsity-controlled organization.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 121 of the Complaint and, therefore, denies the same.

> **b.      The Alleged Relevant Geographic Market**

122.    Denied.

123.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 123 of the Complaint and, therefore, denies the same.

124.    USASF admits that some international cheer competitions may be subject to different rules than U.S. competitions, but upon information and belief, the rules put out by the IASF are based on USASF's rules.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 124 of the Complaint and, therefore, denies the same.

125.    Denied.

> **c.      Varsity Has Alleged Monopoly Power as a Dominant Supplier in the All Star Competition Market.**

126.    Denied.

127.    Denied.

128.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 128 of the Complaint and, therefore, denies the same.

129.    USASF admits that Varsity operates the Summit and the U.S. Finals.   The remaining allegations contained in Paragraph 129 of the Complaint are denied.

4848-0170-9819v8
2933399-000004 09/30/2021

130.    USASF admits that Varsity has used the tag line "We are cheerleading."  USASF denies that the use of a marketing tag line "illustrates" any dominance by Varsity in the All Star Competition Market.  USASF denies any statement, suggestion, or implication in Paragraph 130 of the Complaint that there has been any anticompetitive conduct or monopolization on the part of Varsity and/or USASF.

> ### d.    Alleged Barriers to Entry

131.    Denied.

> ### i.    Alleged Natural Barriers to Entry

132.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 132 of the Complaint and, therefore, denies the same.

133.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 133 of the Complaint and, therefore, denies the same.

134.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 134 of the Complaint and, therefore, denies the same.

> ### ii.    Alleged Barriers Created by the Alleged Exclusionary Scheme

135.    USASF admits that it has copyright registrations in its rules, which are original works of authorship and subject to protection under the copyright laws of the United States. USASF admits that it does not permit persons who are not members of USASF to reproduce its copyrighted works, to prepare derivative works based upon the copyrighted works, to distribute copies of the copyrighted works, or to display its copyrighted works publicly, just like other organizations with copyrighted works.  The remaining allegations contained in Paragraph 135 are denied.

4848-0170-9819v8
2933399-000004 09/30/2021

136.    Denied.

137.    USASF admits that in order to compete in an event produced by a USASF-member event producer, the competitors must be members of USASF.  The remaining allegations contained in Paragraph 137 are denied.

138.    USASF admits that K&K Insurance Group designed a policy for cheer gyms that are members of USASF.  The terms of this insurance coverage, the pricing offered by K&K Insurance Group, and its availability to gyms who are not members of USASF are decisions made independently by K&K Insurance Group.  USASF therefore lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 138 of the Complaint and, therefore, denies the same.

139.    Denied.

**2.    Alleged Monopoly Power in the All Star Apparel Market (the Ancillary Market)**

**a.   The Alleged Relevant All Star Apparel Market**

140.    Denied.

141.    Denied.

142.    Denied.

**b.  The Alleged Relevant Geographic Market.**

143.    Denied.

**c.   Varsity Has Alleged Monopoly Power with Respect to Sales of All Star Apparel.**

144.    Denied.

23

145.     USASF lacks information and knowledge sufficient to form a belief about the truth of the number of copyrights possessed by Varsity on uniform design and, therefore, denies the same.  The remaining allegations contained in Paragraph 145 of the Complaint are denied.

146.     USASF therefore lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 146 of the Complaint and, therefore, denies the same.

147.     Denied.

### d.  Alleged Barriers to Entry

148.     Denied.

### i.      Alleged Natural Barriers to Entry

149.     USASF therefore lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 149 of the Complaint and, therefore, denies the same.

150.     USASF therefore lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 150 of the Complaint and, therefore, denies the same.

151.     Denied.

152.     USASF lacks information and knowledge sufficient to form a belief about the truth of the number of copyrights possessed by Varsity on uniform design and, therefore, denies the same.  USASF admits that, just like in any industry, one competitor must take care not to infringe the intellectual property of another.  The remaining allegations contained in Paragraph 152 of the Complaint are denied.

24

> **ii.     Alleged Barriers to Entry Imposed Through the Alleged Exclusionary Scheme**

153.   USASF therefore lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 153 of the Complaint and, therefore, denies the same.

154.   USASF admits that apparel for use at competitions produced by USASF event producer members must comply with the inseam and coverage requirements set forth by the applicable All Star Competition Rules.  The remaining allegations contained in Paragraph 154 of the Complaint are denied.

155.   Denied.

## G. Varsity's Alleged Monopoly Power in the Two Relevant Antitrust Markets

### 1. Acquisitions of Rivals

156.   The *Cheer* documentary speaks for itself.  USASF lacks information and knowledge sufficient to form a belief about the truth of the content of the materials contained in that documentary, and therefore denies the same.   USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations that Natalie Adams is an "insider" in the industry and, therefore, denies the same.  USASF denies any allegation in Paragraph 156 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market. USASF denies any remaining allegations in this paragraph.

157.   Denied.

4848-0170-9819v8
2933399-000004 09/30/2021

158.     The alleged letter of June 30, 2019 is not cited or attached to the Complaint and USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations regarding the contents of that letter and, therefore, denies the same.  USASF also denies that the perceptions of an alleged organization of independent gyms or coaches constitutes fact. USASF denies any remaining allegations in this paragraph.

**a.     Varsity Acquired The JAM Brands**

159.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 159 of the Complaint and, therefore, denies the same.

160.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 160 of the Complaint and, therefore, denies the same.

161.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 161 of the Complaint and, therefore, denies the same.

162.     USASF denies the characterization that Varsity "controlled" USASF's Board of Directors.  Dan Kessler, one of the original owners of JAM Brands, sat on USASF's Board since 2012 and continued to sit on the Board after Varsity's acquisition of JAM Brands.  USASF denies that Varsity used USASF to foreclose competitors from the Relevant Markets.  USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations that Varsity "control[led]" any other "major sanctioning bodies that regulate competitive All Star Cheerleader" and, therefore, denies the same.  Any remaining allegations contained in this paragraph are denied.

163.     The materials at https://slate.com/business/2016/02/rebel-wants-to-disrupt-the-suprisingly-entrenched-cheerleader-uniform-industry.html speak for themselves.  USASF further denies that the materials at https://slate.com/business/2016/02/rebel-wants-to-disrupt-the-

4848-0170-9819v8
2933399-000004 09/30/2021

suprisingly-entrenched-cheerleader-uniform-industry.html -- which was published before the statutory limitations period – accurately reflects the state of the cheerleading uniform market today or at the time the article was written.  USASF denies the remaining allegations contained in this paragraph.

<h3 style="text-align:center;">b.    Varsity Acquired Spirit Celebrations</h3>

164.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 164 of the Complaint and, therefore, denies the same.

165.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 165 of the Complaint and, therefore, denies the same.

<h3 style="text-align:center;">c.    Varsity Acquired Epic Brands</h3>

166.    USASF admits that Epic had the right to distribute 12 Bids to Worlds in the 2017-2018 season, based on the number of teams in attendance at its bid-awarding events the previous year.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 166 of the Complaint and, therefore, denies the same.

<h3 style="text-align:center;">d.    Varsity Allegedly Solidified Its Control</h3>

167.    USASF admits that, to the best of its knowledge, the event producers identified in Paragraph 167 of the Complaint were not affiliated with Varsity prior to 2015. USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 167 of the Complaint and, therefore, denies the same.

168.    The allegations in Paragraph 168 refer to "once-independent competitions" but the list is of entities.  USASF accordingly denies the allegations asserted in this paragraph.

169.    Denied.

27

2.      **Varsity Allegedly Leverages Its Monopoly Power to Impose Alleged Exclusionary Contracts and Anticompetitive Loyalty Programs on All Star Gyms.**

170.    Denied.

171.    Denied.

172.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 172 of the Complaint and, therefore, denies the same.

173.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 173 of the Complaint and, therefore, denies the same.

a.   **The Network Agreement Is an Alleged Exclusionary Contract**

174.    USASF denies any allegation in Paragraph 174 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 174 of the Complaint and, therefore, denies the same.

175.    USASF denies any allegation in Paragraph 175 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 175 of the Complaint and, therefore, denies the same.

176.    USASF denies any allegation in Paragraph 176 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF lacks information

4848-0170-9819v8
2933399-000004 09/30/2021

and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 176 of the Complaint and, therefore, denies the same.

177.    USASF denies any allegation in Paragraph 177 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 177 of the Complaint and, therefore, denies the same.

178.    Denied.

### b.  The Family Plan Is an Alleged Anticompetitive Loyalty Rebate Program

179.    USASF denies any allegation in Paragraph 179 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 179 of the Complaint and, therefore, denies the same.

180.    USASF denies any allegation in Paragraph 180 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 180 of the Complaint and, therefore, denies the same.

181.    USASF denies any allegation in Paragraph 181 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF lacks information

4848-0170-9819v8
2933399-000004 09/30/2021

and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 181 of the Complaint and, therefore, denies the same.

182.    USASF denies any allegation in Paragraph 182 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 182 of the Complaint and, therefore, denies the same.

183.    USASF denies any allegation in Paragraph 183 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 183 of the Complaint and, therefore, denies the same.

184.    USASF denies any allegation in Paragraph 184 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 184 of the Complaint and, therefore, denies the same.

185.    Denied.

   **3. Varsity Allegedly Leverages Its Monopoly Power in the All Star Competition Market to Control the All Star Apparel Market.**

186.    Denied.

4848-0170-9819v8
2933399-000004 09/30/2021

187.     USASF lacks information and knowledge sufficient to form a belief about the truth of the number of copyrights possessed by Varsity on uniform design and, therefore, denies the same.  USASF lacks information and knowledge sufficient to form a belief about the truth of the whether all Varsity uniform and apparel designs can be identified by a "V" logo on the bottom of every top or skirt and, therefore, denies the same.

188.     USASF denies any allegation in Paragraph 188 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 188 of the Complaint and, therefore, denies the same.

189.     USASF denies any allegation in Paragraph 189 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 189 of the Complaint and, therefore, denies the same.

190.     The materials at https://www.inc.com/magazine/201603/leigh-buchanan/rebel-athletic-custom-cheerleading-uniforms-startup.html speak for themselves.   USASF lacks information and knowledge sufficient to form a belief about the truth of the content of the materials displayed at that website, and therefore denies the same.    USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 190 of the Complaint and, therefore, denies the same.

4848-0170-9819v8
2933399-000004 09/30/2021

191.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 191 of the Complaint and, therefore, denies the same.

192.    USASF denies any allegation in Paragraph 192 of the Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the All Star Competition and/or All Star Apparel Market.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 192 of the Complaint and, therefore, denies the same.

193.    Denied.

194.    USASF denies any statement, suggestion, or implication that USASF's Cheer Rules reward competitors for wearing clothing, shoes, accessories, or equipment from any particular brand.  USASF denies any statement, suggestion, or implication that any judge at the Cheerleading World Championships is instructed to or does reward competitors for wearing clothing, shoes, accessories, or equipment from any particular brand.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 194 of the Complaint and, therefore, denies the same.

### 4.  Varsity's Alleged Use and Control of Governing Bodies

195.    USASF admits that it promulgates rules and regulations to be applied by USASF-member event producers.  USASF admits that it sanctions USASF-member event producers to produce All Star Competitions.  USASF admits that it credentials coaches, certifies safety officials, and maintains safety guidelines.   USASF denies any remaining allegations contained in this paragraph.

4848-0170-9819v8
2933399-000004 09/30/2021

196.    USASF admits that it operates, manages, and receives revenue from the Cheerleading World Championship.  USASF admits that when it first established Worlds, it leveraged Varsity's existing relationship with Disney and, accordingly, worked with Varsity to produce the event.  USASF admits that only USASF members are eligible for USASF's Cheerleading World Championship event.  USASF denies any remaining allegations contained in this paragraph.

### a. Varsity Allegedly Controls the USASF

197.    The term "founded" is vague and ambiguous and USASF denies the allegation that "Varsity founded the USASF in 2003" on that basis.  USASF admits that U.S. Trademark Application No. 78/323,016 was filed in 2003 before USASF's formation and were submitted by Varsity.  USASF denies any remaining allegations contained in this paragraph.

198.    USASF admits that its offices were previously located at the same address as Varsity's headquarters.  USASF admits that during that time, USASF's telephone number directed to Varsity's central telephone line, at which time callers for USASF were directed to USASF personnel.  USASF denies the remaining allegations contained in this paragraph.

199.    USASF denies that Varsity currently pays the salaries of any employees at USASF. USASF lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the remaining allegations in Paragraph 199 and, therefore, denies the same.

200.    USASF admits that it is a "delegate member" of USA Cheer.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 200 of the Complaint and, therefore, denies the same.

4848-0170-9819v8
2933399-000004 09/30/2021

201.    USASF's Bylaws speak for themselves and set forth the rights and obligations of USASF's Board of Directors and USASF denies any allegation contained in Paragraph 201 of the Complaint that is inconsistent with or contradicts the USASF Bylaws.  USASF denies that Varsity controls the USASF board of directors.

202.    USASF's Bylaws speak for themselves and set forth the rights and obligations of USASF's Board of Directors and USASF denies any allegation contained in Paragraph 202 of the Complaint that is inconsistent with or contradicts the USASF Bylaws.  USASF admits that the event producers identified in Paragraph 202 of the Complaint are owned by or affiliated with Varsity.

203.    USASF's Bylaws speak for themselves and set forth the rights and obligations of USASF's Board of Directors and USASF denies any allegation contained in Paragraph 203 of the Complaint that is inconsistent with or contradicts the USASF Bylaws.  USASF denies that Varsity has direct control over 75% of the USASF board seats.  The remaining allegations contained in this paragraph are denied.

204.    USASF denies that it has three Vice Presidents.   As to USASF's two Vice Presidents, USASF admits that prior to January 31, 2015, all employees of USASF (including its two Vice Presidents) were Varsity employees, although USASF proceeds were used to reimburse Varsity for those payroll expenses.  USASF denies that USASF's current Executive Director is a current of former Varsity employee.

205.    USASF admits that its website is located at www.usasf.net. USASF denies that its website is owned by Varsity.  USASF admits that, like many organizations, USASF has a domain

4848-0170-9819v8
2933399-000004 09/30/2021

privacy service in order to reduce spam and unwanted solicitations.  The remaining allegations contained in this paragraph are denied.

### b. Defendant USASF Allegedly Limits Which All Star Competition Producers Can Award Bids to All Star Championships

206.    Denied.

207.    USASF admits that it determines how bids are awarded to USASF's Cheerleading World Championships.  USASF admits that during the relevant time period it referred to its event producer members who can offer fully paid bids to Worlds (which is not properly defined in the Complaint) as "Tier 1" members.  The remaining allegations contained in this paragraph are denied.

208.    USASF admits that during the 2015-2016 season, Varsity owned or was affiliated with 21 of the 42 event producers authorized to offer bids to Worlds.    USASF denies the allegations contained in the second and third sentences of Paragraph 208 of the Complaint.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 208 of the Complaint and, therefore, denies the same.

209.    USASF admits that it determines how bids are awarded to USASF's Cheerleading World Championships.  The terms "controls" and "allocates" in the context of the phrase "Varsity controls and allocates well over 80% of all Worlds Bids" are vague and ambiguous and USASF denies the allegation that "Varsity controls and allocates well over 80% of all Worlds Bids" on that basis.  USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 209 of the Complaint as they relate to the Summit and the

U.S. Finals and, therefore, denies the same.  The remaining allegations contained in this paragraph are denied.

210.    Denied.

211.    USASF admits that USASF-member event producers are generally not permitted to hold an event which awards bids to USASF's Cheerleading World Championships within a 500-mile radius of a "Tier 1" event on the same weekend.  The remaining allegations contained in this paragraph are denied.

**c.   USASF and Varsity Allegedly Use and Create Rules to Foreclose Rivals**

212.    Denied.

213.    USASF lacks information and knowledge sufficient to verify whether the letter posted at https://spiritcompany.com/2011/10/usasfiasf-worlds-policy-update was a joint letter on behalf of USASF and IASF and, therefore, denies the same.  USASF admits that it owns federal registrations and/or has common law rights in the marks THE CHEERLEADING WORLDS (and Design), Worlds, and the Cheerleading World Championships and that it is USASF's position that the use of "World Championship" or "Worlds" in the name of another competitive cheerleading event would constitute trademark infringement.  The remaining allegations contained in this paragraph are denied.

**d.   Varsity Allegedly Leverages Its Control of Defendant USASF to Exert Control Over All Star Teams' Competition Schedules**

214.    USASF admits that all of the event producers owned by or affiliated with Varsity are USASF members.  USASF admits that to enter an event produced by a USASF member, All Star Gyms, All Star Cheerleaders, and All Star Team coaches must be USASF members, which

36

involves an annual membership fee paid to USASF.  USASF denies that Judges at events produced by USASF members are all certified by USASF.

215.    USASF's 2008 to 2017 Annual Reports speak for themselves and USASF denies any allegation contained in Paragraph 215 of the Complaint that is inconsistent with or contradicts these Annual Reports.  To the extent the allegations contained in Paragraph 215 of the Complaint are consistent with these Annual Reports, such allegations are admitted.

216.    Denied.

217.    USASF admits that it has copyright registrations in its rules, which are original works of authorship and subject to protection under the copyright laws of the United States. USASF admits that it does not permit persons who are not members of USASF to reproduce its copyrighted works, to prepare derivative works based upon the copyrighted works, to distribute copies of the copyrighted works, or to display its copyrighted works publicly, just like other organizations with copyrighted works.  The remaining allegations contained in Paragraph 217 of the Complaint are denied.

218.    Denied.

219.    USASF admits that its bids to USASF's Cheerleading World Championships are only awarded at events produced by USASF-member event producers.  USASF denies that there are not enough IEPs (as that term is defined in the Complaint) for an All Star Team to plan a full season around non-USASF events.  Upon information and belief, there are All Star Teams who attend only non-USASF events and/or attend only non-Varsity USASF events.  USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained

4848-0170-9819v8
2933399-000004 09/30/2021

in Paragraph 219 of the Complaint as they relate to the Summit and, therefore, denies the same. The remaining allegations contained in this paragraph are denied.

220.    USASF admits that it requires member All Star Gyms to have and report proof of liability insurance.  USASF denies the allegations contained in the second sentence of Paragraph 220 of the Complaint.  USASF admits that K&K Insurance Group designed a policy for cheer gyms that are members of USASF.  The terms of this insurance coverage, the pricing offered by K&K Insurance Group, and its availability to gyms who are not members of USASF are decisions made independently by K&K Insurance Group.  USASF therefore lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 220 of the Complaint and, therefore, denies the same.

221.    USASF admits that K&K Insurance Group designed a policy for cheer gyms that are members of USASF.  The terms of this insurance coverage, the pricing offered by K&K Insurance Group, and its availability to gyms who are not members of USASF are decisions made independently by K&K Insurance Group.  USASF therefore lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 221 of the Complaint and, therefore, denies the same.

222.    USASF admits that only All Star Gyms who are members of USASF are permitted to compete at events produced by an event producer member of USASF.  USASF admits that event producer members of USASF are not permitted to affiliate with, partner with, or own any other event producing company that is not a member of USASF.  USASF denies any allegation in Paragraph 222 of the Complaint that states, suggests, or implies that USASF has engaged in exclusionary conduct, that USASF's membership rules favor Varsity, or that USASF's

38

membership rules evidence a conspiracy to monopolize in the All Star Competition and/or All Star

Apparel Market.  The remaining allegations contained in this paragraph are denied.

**H.  The Alleged Exclusionary Scheme Allegedly Foreclosed Competition in the Primary and Ancillary Relevant Markets**

223.  Denied.

224.  Denied.

225.  Denied.

226.  Denied.

**I.  The Alleged Exclusionary Scheme Allegedly Caused Plaintiffs and Members of the Class to Suffer Antitrust Injury and Damages**

227.  Denied.

228.  Denied.

**J.  The Alleged Exclusionary Scheme Allegedly Caused Anticompetitive Effects in Both Relevant Markets with No Offsetting Procompetitive Efficiencies**

229.  Denied.

230.  Denied.

231.  Denied.

232.  Denied.

233.  Denied.

234.  USASF lacks knowledge or information sufficient to form a belief about the

allegation in the last sentence of Paragraph 234.  The remaining allegations contained in this

paragraph are denied.

235.  Denied.

4848-0170-9819v8
2933399-000004 09/30/2021

236.    Denied.

237.    Paragraph 237 is subject to a pending motion to strike and no response is required. To the extent a response is required, these allegations are denied.

238.    Paragraph 238 is subject to a pending motion to strike and no response is required. To the extent a response is required, the USA Today article references in Paragraph 238 of the Complaint speaks for itself.  USASF denies any statement, suggestion, or implication that USASF has any control over whether any person who has convicted of a sex crime against minor or whether any registered sex offender may continue to work in the All Star cheerleading industry, beyond whether that person is eligible for membership in USASF or whether that person is eligible from going backstage at an event produced by a USASF member event producer.  USASF further denies that the 140 people identified by the UA Today article have known connections to the All Star cheerleading industry.  The remaining allegations contained in this paragraph are denied.

239.    Paragraph 239 is subject to a pending motion to strike and no response is required. To the extent a response is required, USASF admits that it facilitates background checks for USASF program owners, coaches, personnel, and adult athletes and that this background check service is provided through the National Center for Safety Initiatives.  USASF denies any statement, suggestion, or implication that USASF has any control over whether any person who was flagged by a USASF background check may continue to work in the All Star cheerleading industry, beyond whether that person is eligible for membership in USASF or whether that person is eligible from going backstage at an event produced by a USASF member event producer. USASF denies that its system only "flagged" 21 people before the USA Today reporters began their investigation.  USASF admits that it had banned at least 21 people from membership in

40

USASF and from going backstage at an event produced by a USASF member event producer. USASF takes seriously concerns regarding athlete safety, continues to improve its processes for investigating and evolving reports to the organization concerning athlete safety, and denies any allegation which states, suggests, or implies the contrary.

240.    Paragraph 240 is subject to a pending motion to strike and no response is required. To the extent a response is required, USASF admits that it fields complaints regarding sex offenders within the cheerleading industry.  USASF takes seriously concerns regarding athlete safety, continues to improve its processes for investigating and evolving reports to the organization concerning athlete safety, and denies any allegation which states, suggests, or implies the contrary. USASF denies that it did not take action in response to complaints.

241.    Paragraph 241 is subject to a pending motion to strike and no response is required. To the extent a response is required, USASF denies any statement, suggestion, or implication that USASF has any control over whether any person who was flagged by a USASF background check may continue to work in the All Star cheerleading industry, beyond whether that person is eligible for membership in USASF or whether that person is eligible from going backstage at an event produced by a USASF member event producer.  The remaining allegations contained in this paragraph are denied.

**VIII.   CLAIMS FOR RELIEF**

**COUNT I**
**MONOPOLIZATION**
**15 U.S.C. § 2**
**(On Behalf of Plaintiffs and the Class and Against Varsity)**

4848-0170-9819v8
2933399-000004 09/30/2021

242.     This paragraph is not directed at USASF and, therefore, no response is required. To the extent a response is required, USASF incorporates by reference all of its answers to the preceding and ensuing paragraphs as if fully alleged herein.

243.     This paragraph is not directed at USASF and, therefore, no response is required. To the extent a response is required, the allegations contained in this paragraph are denied.

244.     This paragraph is not directed at USASF and, therefore, no response is required. To the extent a response is required, the allegations contained in this paragraph are denied.

245.     This paragraph is not directed at USASF and, therefore, no response is required. To the extent a response is required, the allegations contained in this paragraph are denied.

246.     This paragraph is not directed at USASF and, therefore, no response is required. To the extent a response is required, the allegations contained in this paragraph are denied and USASF denies that Plaintiffs or any proposed Class member is entitled to monetary or any other relief.

247.     This paragraph is not directed at USASF and, therefore, no response is required. To the extent a response is required, the allegations contained in this paragraph are denied and USASF denies that Plaintiffs or any proposed Class member is entitled to injunctive or any other relief.

**COUNT II**
**CONSPIRACY TO MONOPOLIZE**
**15 U.S.C. § 2**
**(On Behalf of Plaintiffs and the Class and Against Varsity and USASF)**

248.     USASF incorporates by reference all of its answers to the preceding and ensuing paragraphs as if fully alleged herein.

4848-0170-9819v8
2933399-000004 09/30/2021

249.    Denied.

250.    Denied.

251.    Denied.

252.    Denied.

253.    Admitted.

254.    USASF admits that it determines how bids are awarded to USASF's Cheerleading World Championships.  USASF admits that a majority of the competitions which are permitted to award bids to USASF's Cheerleading World Championships are owned by or affiliated with Varsity.  The remaining allegations contained in this paragraph are denied.

255.    USASF admits that it has copyright registrations in its rules, which are original works of authorship and subject to protection under the copyright laws of the United States. USASF admits that it does not permit persons who are not members of USASF to reproduce its copyrighted works, to prepare derivative works based upon the copyrighted works, to distribute copies of the copyrighted works, or to display its copyrighted works publicly, just like other organizations with copyrighted works.  The remaining allegations contained in Paragraph 255 of the Complaint are denied.

256.    Denied.

257.    Denied.

258.    Denied.

259.    Denied.

260.    The allegations contained in this paragraph are denied and USASF denies that Plaintiffs or any proposed Class member is entitled to monetary or any other relief.

43

261.    The allegations contained in this paragraph are denied and USASF denies that Plaintiffs or any proposed Class member is entitled to injunctive or any other relief.

## IX.    JURY TRIAL DEMANDED

262.    USASF does not oppose and joins in Plaintiffs' demand for a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

USASF denies that Plaintiffs are entitled to the relief sought in the Prayer for Relief or to any other relief.

USASF denies all allegations in the Complaint not specifically and expressly admitted in this answer.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.      The allegations in Plaintiffs' Class Action Complaint (the "Complaint") fail to state a claim upon which relief can be granted against USASF.  A plaintiff asserting a claim under § 2 of the Sherman Act for conspiracy to monopolize in the Sixth Circuit must prove: (1) two or more entities engaged in a conspiracy, combination, or contract, (2) to effect a restraint or combination prohibited *per se* in restraint of competition in the relevant market, (3) that was the proximate cause of the plaintiff's alleged antitrust injury.  *Expert Masonry, Inc. v. Boone Cnty.*, 440 F.3d 336, 342-43 (6th Cir. 2006).  The plaintiff must also establish that the defendant acted with a specific intent to monopolize. *Richter Concrete Corp. v. Hilltop Basic Res., Inc.*, 547 F.Supp 893, 915 (S.D. Ohio 1981) (citations omitted).

4848-0170-9819v8
2933399-000004 09/30/2021

2.      Even taking the allegations in the Plaintiffs' Complaint as true, Plaintiffs have failed to sufficiently allege that USASF engaged in a conspiracy, combination, or contract with one or more other entities, that USASF effected an unlawful restraint on competition in the alleged markets, that any allegedly anticompetitive conspiracy or other conduct by USASF proximately caused Plaintiffs' alleged injuries, or that USASF acted with a specific intent to monopolize.

3.      Therefore, this Court should dismiss Plaintiff's claim against USASF with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

4.      The Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the applicable statute of limitations.

5.      Claims under the Sherman Act are subject to a four-year statute of limitations.  15 U.S.C. §15b.

6.      Plaintiffs filed their Complaint on July 10, 2020, seeking to recover damages from USASF for its alleged conspiracy with Varsity in violation of § 2 of the Sherman Act.  [Dkt. 1.]

7.      Plaintiffs attempt to support their claim against USASF with allegations dating as far back as 2003, well beyond the 4-year statute of limitations period under § 2 of the Sherman Act.  (*See* Compl., ¶ 58-59, 70-71, 144-45, 148, 181-94.)

8.      By the Plaintiffs' own admission, information on which the Plaintiffs' claim is based was publicly available more than four years prior to the filing of their original Complaint. For example, Plaintiffs allege that "in 2012, All-Star Gyms called for 'a separation of [USASF] Board Members affiliated with Varsity Brands to allow for more representation among IEPs, large

and small Gym Owners, and other entities within the industry.' That separation has not occurred." (Compl., ¶ 148.) Thus, the Plaintiffs and/or putative class members who have allegedly suffered an antitrust injury had knowledge of sufficient facts and circumstances, or the means to acquire such knowledge through reasonable diligence, more than 4 years before the Complaint was filed.

9.      By providing this example, USASF does not waive its right to develop and rely upon additional evidence in support of this defense.

10.     While USASF does not concede that it participated in any conspiracy, Plaintiffs have made no allegation that USASF or Varsity fraudulently concealed their alleged activities. To the contrary, as shown above and throughout the Complaint, Plaintiffs admit that they were aware of the alleged activities well before July 10, 2016, and base their claim against USASF, in whole or in part, on allegations occurring before that date.

11.     Alternatively, while USASF does not concede that it participated in any conspiracy, any Plaintiffs and/or putative class members who were not aware of the alleged acts and/or omissions of USASF prior to July 10, 2016, failed to exercise reasonable diligence to discover their claims as they made no effort to investigate USASF's alleged affiliation with Varsity.

12.     Accordingly, Plaintiffs' claim against USASF is time-barred and should be dismissed with prejudice.

### THIRD DEFENSE

13.     Some or all of Plaintiffs' claims and the claims of any putative class members may be subject to arbitration.

14.     Some of USASF agreements with its members contain valid and enforceable arbitration provisions, which, if accepted by the member, require arbitration of all controversies or

46

claims by a member against USASF. The arbitration provision expressly applies to all controversies or claims, regardless of whether they arise before, during, or after termination of the said agreement.

15.    To the extent that any putative class members accepted the arbitration provision in their agreements with USASF, their claims are subject to arbitration and cannot be resolved as part of this lawsuit.

## FOURTH DEFENSE

14.    Plaintiffs and/or any putative class members cannot assert a claim against USASF for conspiracy to monopolize in violation of § 2 of the Sherman Act as a matter of law because, taking Plaintiffs' allegations as true (albeit not admitting them), Varsity controlled USASF at all times relevant to the Complaint and, therefore, USASF could not conspire with Varsity.

15.    The "key" for a plaintiff to establish a conspiracy claim under the Sherman Act in the Sixth Circuit "is whether the contract, combination, or conspiracy joins together independent centers of decisionmaking." *Medical Ctr. at Elizabeth Pl., LLC v. Atrium Health Sys.*, 817 F.3d 934, 939 (6th Cir. 2016) (quoting *American Needle, Inc. v. National Football League*, 560 U.S. 183, 201 (2010)) (internal quotation marks and ellipses omitted). *See also Richter Concrete Corp.*, 547 F.Supp. at 915 ("Section 2's prohibition against conspiracies is directed solely at concerted action among independent entities acting with the specific intent to monopolize.").

16.    Plaintiffs allege throughout their Complaint that Varsity controlled the relevant acts, omissions, and decisions of USASF at all times relevant to this lawsuit. (*See* Compl., ¶¶ 30, 46, 59-61, 64, 66, 69, 75, 86, 99, 144-63, 165, 181-94.)

4848-0170-9819v8
2933399-000004 09/30/2021

17.     Plaintiffs' claim against USASF for conspiracy to monopolize under § 2 of the Sherman Act, therefore, fails and is barred because, taking Plaintiffs' allegations as true, at no time relevant to this litigation did USASF commit any act or omission or make any decision in furtherance of the alleged conspiracy as a result of Varsity's alleged control over USASF.

**FIFTH DEFENSE**

18.     Plaintiffs and any putative class members failed to exercise reasonable care to mitigate, prevent, or avoid any damages they may have suffered.

19.     Plaintiffs allege that they have been negatively impacted by an alleged conspiracy to monopolize the relevant markets, resulting in alleged artificially inflated prices, based on allegations dating as far back as 2003.  (*See* Compl., ¶ 58-59, 70-71, 144-45, 148, 181-94.)  They also allege public knowledge of the facts giving rise to this claim at least as early as 2012.  (*See* Compl., ¶ 148.)

20.     If Plaintiffs and/or any putative class members believed that USASF and/or Varsity was acting unfairly and anticompetitively for at least eight years before they filed the Complaint, Plaintiffs had an obligation to take action to prevent, avoid, or lessen their damages by affirmative steps, including, without limitation, asserting their putative cause of action sooner.

21.     The failure of Plaintiffs and/or any putative class members to take reasonable action to mitigate their damages was the sole and/or partial cause of their damages, if any.

**SIXTH DEFENSE**

22.     Plaintiffs and/or any putative class members lack standing under the Sherman Act, 15 U.S.C. § 2, and/or Article III of the Constitution, to bring their antitrust claim against USASF.

4848-0170-9819v8
2933399-000004 09/30/2021

23.     To establish standing to bring an antitrust action, a plaintiff must show, among other requirements, that the plaintiff has suffered an "alleged injury . . . of the type for which the antitrust laws were intended to provide redress," *i.e.*, an antitrust injury. *Southaven Land Co. v. Malone & Hyde, Inc.*, 715 F.2d 1079, 1085 (6th Cir. 1983) (citing *Associated Gen. Contractors of Calif. v. Calif. State Council of Carpenters*, 459 U.S. 519, 537-45 (1983)). Such an injury is not established merely by alleging that it was caused by the alleged anticompetitive conduct; the plaintiff must show that the alleged injury is "attributable to an anticompetitive aspect of the practice under scrutiny." *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 451 (6th Cir. 2007). A plaintiff who fails to establish an antitrust injury lacks standing, and the antitrust claim fails as a matter of law. *Shain v. Advanced Techs. Grp., LLC*, No. 16-10367, 2017 WL 768929, at *5 (E.D. Mich. Feb. 28, 2017) (citing *Cargill, Inc. v. Monfort of Colo., Inc.*, 479 U.S. 484, 489 n.5 (1986)).

24.     A plaintiff may also lack standing to assert an antitrust claim based on the directness or indirectness of injury, and the related inquiry of whether the alleged damages are speculative. *See Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 976 (6th Cir. 2000).

25.     The injury allegedly suffered by Plaintiffs and/or any putative class members—the payment of artificially inflated prices—is speculative and based solely on Plaintiffs' assumption that the inflation of prices, if any, was due in whole or in part to the alleged conspiracy between USASF and Varsity. Further, the allegation that Plaintiffs have suffered injury in the form of a lower quality of cheerleading experience due to alleged sexual abuse in the All Star cheerleading industry is also speculative and based on an incorrect assumption that this was due in whole or in part to the alleged conspiracy between USASF and Varsity. These alleged injuries are not antitrust injuries that § 2 of the Sherman Act was intended to prevent.

4848-0170-9819v8
2933399-000004 09/30/2021

26.     Therefore, Plaintiffs and/or any putative class members lack standing under the Sherman Act, 15 U.S.C. § 2, and Article III of the Constitution.

### SEVENTH DEFENSE

27.     The damages allegedly suffered by Plaintiffs and/or any putative class members, if any, are not attributable to USASF's conduct.

28.     Plaintiffs allege throughout the Complaint that Varsity controlled USASF in all of its alleged acts, omissions, and/or decisions relevant to this litigation.  (*See* Compl., ¶ 58-59, 70-71, 144-45, 148, 181-94.)  Plaintiffs also allege that they paid "artificially inflated prices . . . to Varsity," not to USASF.  (Compl., ¶¶ 8, 166.)  Therefore, the alleged damages, if any, are not attributable to USASF.

29.     Rather, Plaintiffs' claims and/or the claims of any putative class members are barred because their alleged injuries and damages were not legally or proximately caused by any acts or omissions of USASF and/or were caused, if at all, solely and proximately by the conduct of Plaintiffs and/or putative class members themselves or third parties including, without limitation, the prior, intervening, or superseding conduct of such Plaintiffs, putative class members, or third parties.

### EIGHTH DEFENSE

30.     USASF's alleged conduct forming the basis of Plaintiffs' conspiracy to monopolize claim under the Sherman Act, 15 U.S.C. § 2, had procompetitive benefits, including, without limitation, the promotion of athlete safety and the uniformity of rules in sanctioned cheer competitions.

### NINTH DEFENSE

50

31.     USASF's alleged conduct forming the basis of Plaintiffs' conspiracy to monopolize claim under the Sherman Act, 15 U.S.C. § 2, promoted the public interest, including, without limitation, athlete safety through risk mitigation measures designed to, *e.g.*, minimize the risk of injury to athletes.

## TENTH DEFENSE

32.     The Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the doctrine of laches.

33.     The doctrine of laches "bars a party's dilatory claim," and stems from "the principle that equity aids the vigilant and not those who slumber on their rights." *Biodiversity Conservation Alliance v. Jiron*, 762 F.3d 1036, 1090-91 (10th Cir. 2014) (internal quotation marks omitted); *In re Native Energy Farms, LLC*, 745 F. App'x 272, 276 (9th Cir. 2018) (same); *Floyd v. Floyd*, No. 97-2686, 1999 WL 812315, at *4 (4th Cir. Oct. 12, 1999) (same).  Specifically, laches will bar a claim when two elements are present: (1) unreasonable delay in asserting one's rights; and (2) a resulting prejudice to the defending party.  *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1054 (6th Cir. 2015) (citation and internal quotation marks omitted).

34.     USASF incorporates Paragraphs 6-11, *supra*, in support of this defense.  Plaintiffs demonstrated an unreasonable lack of diligence in bringing their claims.  Additionally, Plaintiffs' unreasonable delay in bringing their claims has resulted in economic prejudice to USASF. Plaintiffs' delay caused USASF to continue to deal with Plaintiffs in the same manner, to its prejudice.

4848-0170-9819v8
2933399-000004 09/30/2021

35.     Accordingly, the equitable principles embodied by the doctrine of laches bars Plaintiffs and the putative class members from seeking relief at this delayed juncture.

## ELEVENTH DEFENSE

36.     The Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the doctrine of waiver as a result of Plaintiffs' own acts or omissions.

37.     USASF incorporates Paragraphs 6-11, *supra*, in support of this defense.  According to facts alleged in Plaintiffs' Complaint, allegations of concerted and anticompetitive action between USASF and Varsity have existed since, at the latest, 2012, and likely even earlier.

38.     Plaintiffs' and the putative class members' conduct in continuing their membership with USASF and participation in its events under their respective Member Agreements, despite the public allegations against USASF, is conduct amounting to their waiver of any right to bring this lawsuit.  Plaintifss' conduct and the conduct of the putative class members was, and continues to be, inconsistent with any intention other than to waive their right to bring suit.

39.     Plaintiffs and the putative class members, by their actions, accepted the benefits of an ongoing relationship with USASF and relinquished their right to bring suit.

## TWELFTH DEFENSE

40.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

41.     USASF incorporates Paragraphs 6-11, *supra*, in support of this defense.  According to facts alleged in Plaintiffs' Complaint, allegations of concerted and anticompetitive action between USASF and Varsity have existed since, at the latest, 2012, and likely even earlier.

42.     USASF relied in good faith, and to its detriment, on Plaintiffs' and the putative class members' actions in their membership with USASF and participation in its events under their

4848-0170-9819v8
2933399-000004 09/30/2021

respective Member Agreements, and their continued acceptance of the benefits of an ongoing relationship with USASF, without complaining about the alleged existence of an anticompetitive conspiracy to monopolize the relevant markets between USASF and Varsity.

43.     USASF had no knowledge of the alleged complaints of Plaintiffs and/or the putative class members, nor did it have the means to discover these complaints.

44.     Plaintiffs' claims and the claims of the putative class members are therefore estopped.

### THIRTEENTH DEFENSE

45.     To the extent any Plaintiff or putative class member executed an agreement with USASF or Varsity that provides a period of limitations or repose within which to bring claims, their claims are barred in whole or in part by that agreement.

46.     To the extent any agreements between Plaintiffs and/or putative class members and USASF or Varsity include valid and enforceable clauses waiving or agreeing not to pursue class actions or other claims or clauses requiring resolution of claims against USASF in another forum, claims are barred in whole or in part by that agreement.

### FOURTEENTH DEFENSE

47.     Any recovery by the Plaintiffs or putative class members must be reduced or offset by amounts the Plaintiffs or putative class members received or will receive, by way of settlement or otherwise, from others for the same injuries claimed in this lawsuit.

### FIFTEENTH DEFENSE

4848-0170-9819v8
2933399-000004 09/30/2021

48.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, due to the ratification of, consent, and acquiescence to USASF and Varsity's alleged conduct.

49.     USASF incorporates Paragraphs 6-11, *supra*, in support of this defense.  According to facts alleged in Plaintiffs' Complaint, allegations of concerted and anticompetitive action between USASF and Varsity have existed since, at the latest, 2012, and likely even earlier.

50.     Accordingly, because Plaintiffs have been aware for years of the same conduct they now challenge—much of which has provided Plaintiffs and putative class members direct benefits—Plaintiffs' claims and those of the putative class are barred by the doctrine of ratification.

### SIXTEENTH DEFENSE

51.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, to the extent Plaintiffs and any putative class members seek improper multiple damage awards or damages duplicative of those sought in other litigation in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the Unites States Constitution.

### SEVENTEENTH DEFENSE

52.     Plaintiffs' claims and the claims of putative class members are barred, in whole or in part, to the extent that Plaintiffs or members of the putative class have had substantially similar claims dismissed with prejudice in prior litigation and/or have settled such claims.

### EIGHTEENTH DEFENSE

53.     Plaintiffs' claims and/or the claims of any putative class members are barred because their alleged injuries and damages were not legally or proximately caused by any acts or omissions of USASF and/or were caused, if at all, solely and proximately by the conduct of

54

Plaintiffs and/or putative class members themselves or third parties including, without limitation, the prior, intervening, or superseding conduct of such Plaintiffs, putative class members, or third parties.

## NINETEENTH DEFENSE

54.     USASF adopts and incorporates by reference any and all other defense asserted by any other defendant to the extent that the defense would apply to USASF.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

USASF has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent as this matter proceeds.  USASF reserves the right to amend or seek to amend its answers and/or its affirmative defenses.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, USASF demands a trial by jury of all claims and defenses upon which it is entitled to a jury by trial by a court of competent jurisdiction.

## PRAYER FOR RELIEF

USASF requests that Plaintiffs' Class Action Complaint be dismissed with prejudice, that the Court find that neither Plaintiffs nor the purported class is entitled to any judgment or relief, that the Court enter judgment in favor of USASF, and that the Court award USASF its attorneys' fees, costs, and expenses, pre-judgment interest, and such further relief as the Court deems just and proper.

This, the 30th day of September, 2021.

55

Respectfully submitted,

*s/ Nicole D. Berkowitz*
Grady Garrison (TN #008097)
Nicole D. Berkowitz (TN #35046)
Andrew Roach (TN #37934)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com
aroach@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of September, 2021, the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system and/or via U.S. Mail, postage prepaid, to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.  Any sealed filings are being be served by email to all counsel of record.

*s/ Nicole D. Berkowitz*

4848-0170-9819v8
2933399-000004 09/30/2021