# EXHIBIT 2

1    [Counsel listed on signature page]

2

3

4

5

6

7

8

9                    **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11

12   IN RE HARD DRIVE SUSPENSION            Case No. 19-md-02918-MMC
     ASSEMBLIES ANTIRUST LITIGATION         Case No. 20-cv-01217-MMC
13
                                            MDL No. 2918
14

15   This Document Relates to:             **STIPULATION AND [PROPOSED]**
                                           **ORDER RE DEPOSITION PROTOCOL**
16   ALL ACTIONS

17                                          Hon. Maxine M. Chesney

18

19

20

21

22

23

24

25

26

27

28

WHEREAS, this litigation has been consolidated and transferred by the Judicial Panel on Multidistrict Litigation to the above-referenced Court for pretrial proceedings;

WHEREAS, it is in the interests of justice, and consistent with the Federal Rules of Civil Procedure, to adopt procedures to organize discovery and minimize burdens on the Parties in these consolidated cases, all actions treated as "Related Cases" pursuant to Civil L.R. 3-12 that have been or may be filed in this District, and any additional present and future actions transferred to this Court as "tag-along actions" by the MDL Panel pursuant to Rule 7.1 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation (collectively, the "HDD SA Cases"); and

WHEREAS, the Parties recognize that in light of the COVID-19 pandemic, the means, time, and location of a given deposition in the near term may need to be changed, and flexibility and further amendments to this protocol may be needed;

WHEREAS, this protocol reflects the Parties' agreement and Magistrate Judge Kandis A. Westmore's October 13, 2020 Order Regarding Discovery Letter (ECF No. 273);

IT IS HEREBY ORDERED:

## I. DEFINITIONS

For purposes of this order, capitalized terms shall be defined as follows:

A. "Class Plaintiffs" means End-User Plaintiffs and Reseller Plaintiffs in the MDL.

B. "Defendants" means NHK Spring Defendants, TDK Defendants, and HTI Defendant.

C. "Direct Action Plaintiffs" means Seagate Plaintiffs and any individual, corporation, or state government bringing a non-class action proceeding regarding an antitrust conspiracy in the Hard Disk Drive Suspension Assemblies industry, either (i) transferred to this MDL by the Judicial Panel for Multidistrict Litigation, or (ii) ordered related under Civil Local Rule 3-12.

D. "Direct Action Plaintiff Group" means Direct Action Plaintiffs who are part of the same corporate family.

E. "HTI Defendant" means Hutchinson Technology Inc.

STIPULATION AND [PROPOSED] ORDER RE DEPOSITION PROTOCOL

F. "NHK Spring Defendants" means NHK Spring Co., Ltd., NHK International Corporation, NHK Spring (Thailand) Co., Ltd., NAT Peripheral (Dong Guan) Co., Ltd., and NAT Peripheral (H.K.) Co., Ltd.

G. "Parties" means all Plaintiffs and Defendants.

H. "Plaintiffs" means Class Plaintiffs and Direct Action Plaintiffs.

I. "Seagate Plaintiffs" means Seagate Technology LLC, Seagate Technology (Thailand) Ltd., Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology International.

J. "TDK Defendants" means TDK Corporation, Magnecomp Precision Technology Public Co., Ltd., Magnecomp Corporation, SAE Magnetics (H.K.) Ltd., and Headway Technologies, Inc.

## II.  **DEPARTING WITNESSES**

A. Plaintiffs may immediately identify up to 14 individuals employed by each of the NHK Spring Defendant Family and the TDK Defendant Family, to be placed on a Departure Watch List. The parties may change up to 7 of the individuals on a Departure Watch List once every 120 days, with the final change occurring no later than 120 days before the end of the discovery period in the Action.

B. The Defendant for whom any individual on the Departure Watch List is employed shall timely inform all counsel in writing if it becomes aware that such person intends to leave, or does leave, his or her employment prior to the close of discovery in the Action. Upon request, the Defendant for whom the individual is employed shall make reasonable efforts to make the departing individual on the Departure Watch List available for deposition, provided that such deposition would not contravene the deposition limits set elsewhere in this Order, including prior to the individual's departure if reasonably necessary to secure his or her attendance at deposition.

C. Seagate Plaintiffs and Reseller Plaintiffs will inform Defendants if they become aware that any of their employees who were identified in their Initial Disclosures intend to or do leave their employment, prior to the close of discovery in this Action. To the extent further Seagate

Plaintiff and Reseller Plaintiff employees are added to Seagate Plaintiffs' and Reseller Plaintiffs' Initial Disclosures, they will be subject to the same provisions. Upon request, the Plaintiff for whom the individual is employed shall make reasonable efforts to make the departing individual available for deposition, provided that such deposition would not contravene the deposition limits set elsewhere in this Order, including prior to the individual's departure.

## III.    NUMBER OF DEPOSITIONS

A.    Plaintiffs collectively may depose up to 14 percipient witnesses from NHK Spring Defendants, 14 percipient witnesses from TDK Defendants, and 5 percipient witnesses from HTI Defendant. Defendants may collectively take 1 percipient witness deposition for each named End-User Plaintiff, and 1 percipient witness deposition from each named Reseller Plaintiff, and 8 percipient witness depositions from each Direct Action Plaintiff Group. These limits do not include Rule 30(b)(6) depositions of Defendants and Plaintiffs, and depositions of third parties (except those previously employed by a Party, if counsel for that Party represents such witnesses at their depositions and those witnesses are produced for the deposition by notice and without requiring Plaintiffs to serve a subpoena directly on the deponent), Fifth Amendment depositions described below, depositions of experts, or depositions of any Party's records custodians regarding authentication and/or business record status of documents. The parties will work in good faith to address authentication issues via stipulation rather than depositions.

B.    All Plaintiffs and all Defendants will coordinate their respective efforts to avoid serving duplicative and/or overly burdensome deposition notices.

C.    For purposes of this stipulation, percipient witnesses shall include a Party's current and former employees who are represented by counsel for that Party and are produced for the deposition by notice and without requiring Plaintiffs to serve a subpoena directly on the deponent. Depositions of any individuals who are not part of any Defendant Family or Plaintiff Group, and were never employed by any Defendant Family or Plaintiff Group, do not count toward the limit of percipient witness depositions. If any individuals have been employed by more than one Party, they may be deposed only once. In such a situation, the witness's deposition shall count against

STIPULATION AND [PROPOSED] ORDER RE DEPOSITION PROTOCOL

the Plaintiff Group or Defendant Family where the witness is currently employed or was last employed.

D. The Parties shall meet and confer about Rule 30(b)(6) topics and witnesses. Plaintiffs are entitled to 14 hours of Rule 30(b)(6) depositions of the TDK Defendants and 14 hours of Rule 30(b)(6) depositions for the NHK Spring Defendants. Defendants are collectively entitled to one 7-hour Rule 30(b)(6) deposition of each Reseller Plaintiff entity that is a corporate entity and 12 hours of each Direct Action Plaintiff Group. These Rule 30(b)(6) depositions shall not count towards the number of percipient witness depositions and are subject to the provision below expanding time in the case of translated depositions. These time limits will be extended for depositions in which interpreters are used, by the same ratio as for percipient witness depositions.

E. The Plaintiff Groups may jointly notice Rule 30(b)(6) depositions on up to 20 topics for each of the TDK Defendant Family and NHK Spring Defendant Family. The Defendant Families may jointly notice Rule 30(b)(6) depositions on up to 15 topics of each Direct Action Plaintiff Group. The Defendant Families may jointly notice Rule 30(b)(6) depositions on up to 12 topics of each corporate Reseller Plaintiff. For the avoidance of doubt, absent agreement, no party may substitute a new topic for one contained in a Rule 30(b)(6) deposition notice that the noticing party agrees not to pursue, and the Parties recognize that they may end up taking Rule 30(b)(6) deposition testimony on fewer topics than they are permitted to notice.

F. The limitations on the number, topics and hours of depositions may be modified upon stipulation, by agreement or for good cause upon motion to the Court.

## IV.  DEPOSITION PROCEDURES

A. Except for depositions of a corporate representative under Rule 30(b)(6), the Parties shall use reasonable efforts to avoid having more than one deposition taken on any calendar day.

B. Except as otherwise provided below, each deposition of a percipient or expert witness shall presumptively be limited to 7 hours on the record conducted either in a single day (for in-person depositions) or, upon the agreement of all the Parties and the deponent with respect to a particular deposition, multiple days (for depositions by videoconference where the witness

STIPULATION AND [PROPOSED] ORDER RE DEPOSITION PROTOCOL

and counsel are in different time zones), subject to the provision below expanding time in the case of translated depositions. If a Party contends that such time is insufficient to adequately complete a particular deposition, counsel for the Party and counsel for the witness shall, prior to any relief being sought from the Court, meet and confer to attempt to reach agreement on the length of the deposition. Depositions lasting longer than one day shall be scheduled and completed on consecutive calendar days absent consent of all the Parties and the deponent.

C. A percipient or expert witness may be deposed only once in these proceedings, unless the witness properly and timely revokes an earlier assertion of the Fifth Amendment during the discovery period, by agreement of the Parties, or by order of the Court based on a showing of good cause. This protocol does not prohibit a party from noticing and deposing as a fact witness an individual who previously has been deposed as a corporate representative of a party designated under Rule 30(b)(6). However, if it appears that the same individual will be deposed both as a fact witness and as a corporate representative under Rule 30(b)(6), the Parties agree to meet and confer to attempt to reach agreement about deposing the individual only once for both purposes.

D. If a witness is noticed for deposition by counsel for Class Plaintiffs and counsel for any Direct Action Plaintiff, the deposition will be limited to 9 hours of deposition, with the time to be allocated upon agreement between Class Plaintiffs and the Direct Action Plaintiff(s) noticing the deposition. No more than one lawyer from each of the End-Users, Resellers, and each Direct Action Plaintiff Group may question a deponent. Except for re-cross examination following questioning by counsel for Defendants, each lawyer shall complete their examination prior to passing the witness to another examining counsel and shall not ask further questions of the witness, absent good cause. No more than one lawyer from each Defendant Family may question a deponent. Except for re-cross examination following questioning by counsel for Plaintiffs, each lawyer shall complete their examination prior to passing the witness to another examining counsel and shall not ask further questions of the witness, absent good cause. The Parties shall meet and confer in good faith to discuss their anticipated examination time in advance of any scheduled

deposition, taking into account whether a witness is being noticed as a percipient witness only or as both a Rule 30(b)(6) witness and a percipient witness.

      E.    For depositions noticed by Plaintiffs and not cross noticed by Defendants, after each Plaintiff Group has examined the witness, Defendants shall be entitled to examine the witness for up to an additional 1.5 hours, with the time split between Defendants pursuant to agreement. This time shall not count against the hours of examination or be subject to the limitation of the deposition to 7 hours in one day if the deponent consents to continuing the deposition beyond 7 hours in one day. For depositions noticed by Defendants, and not cross-noticed by Plaintiffs, after each Defendant has examined the witness, Plaintiffs shall be entitled to examine the witness for up to an additional 1.5 hours, with the time split between Plaintiffs pursuant to agreement. This time shall not count against the hours of examination or be subject to the limitation of the deposition to 7 hours in one day if the deponent consents to continuing the deposition beyond 7 hours in one day. If any Defendant cross-notices a deposition of a Defendant witness noticed by Plaintiffs, Defendants collectively may depose the witness for an additional 3 hours with the time split between Defendants pursuant to agreement, and Plaintiffs may thereafter depose the witness for an additional 1.5 hours, with the scope of any such additional questioning limited to matters addressed in Defendants' questioning, without regard to the presumptive 7 hour time limit for deposition examinations pursuant to notice. For the avoidance of doubt, no deposition shall extend beyond 7 hours on the record in a single day absent the consent of the deponent. Defendants will not cross-notice depositions of Plaintiffs noticed by their co-Defendants. All of these time limits are subject to the provision below expanding time in the case of translated depositions. With respect to depositions of current and former employees of Defendants, these time limitations do not apply after a Defendant is no longer a party to any Complaints in this Action, either through dismissal or settlement, and after which the Defendant shall be considered a non-Party for the purposes of deposition time limits.

STIPULATION AND [PROPOSED] ORDER RE DEPOSITION PROTOCOL

F.     In the event a Party cross-notices a third party who is not associated with any of the Parties, the total time to conduct an examination shall be negotiated between the third party being deposed and the Parties who noticed and cross-noticed the deposition.

G.     If a witness is being examined about any document designated "Protected Material" pursuant to the Protective Order (Dkt. No. 136), any person to whom disclosure is not authorized shall be excluded while the examination occurs and shall not receive a copy of that portion of the transcript, absent agreement of the Parties or order of the Court.

H.     Parties shall have 30 calendar days from the receipt of the deposition transcript to designate any portion thereof as "Protected Material" pursuant to the Protective Order (Dkt. No. 136).

## V.     SCHEDULING, NOTICING AND LOCATION OF DEPOSITIONS

A.     The presumption is that depositions will take place at a location within 50 miles of the witness's home or place of employment.  The Parties shall meet and confer regarding the locations to attempt to resolve any issues without Court intervention.  Absent agreement of the Parties on an alternative location, depositions of foreign-based witnesses shall take place, at the witness's choosing, in either Taiwan, Hong Kong, or Thailand.  Depositions of any corporation (pursuant to Rule 30(b)(6)) will occur within 50 miles of the witness's place of employment.

B.     The Federal Rules of Civil Procedure, local rules of the presiding judge, and this Court's orders will apply to the conduct of any deposition.  To the extent that the laws of the foreign location prohibit the application of the Federal Rules of Civil Procedure and this Court's orders or substantially interfere with the ability to take a deposition in that location, the Parties shall meet and confer, and hold the deposition in an alternate location which allows for their application.

C.     Given the travel costs involved, the Parties shall be flexible about completing and continuing depositions in order to avoid repeat travel.  For depositions that occur outside the United States, the Parties shall make good faith efforts to "cluster" depositions in each foreign location.

STIPULATION AND [PROPOSED] ORDER RE DEPOSITION PROTOCOL

D.    All depositions shall be scheduled to be taken during the regular business hours in the time zone where the deponent is located, unless otherwise agreed or ordered.

E.    Defendants' current or former employees who are produced for a deposition by notice and who (a) are not protected from criminal prosecution by the terms of an agreement with the U.S. Department of Justice; (b) are outside the United States; (c) would be required to appear in the United States, at a U.S. embassy, U.S. consulate, or other /location under the control of the U.S. government for the deposition and (d) who intend to assert their rights under the Fifth Amendment shall not be required to travel to any location at which they may be placed in jeopardy of, or subject to, arrest.  Such locations include but are not limited to any location under control of the United States government or any location at which a witness could be subject to being detained or arrested by local authorities and/or extradited to the United States.  For those witnesses, the Parties and the witness shall agree on a mutually convenient country for the deposition, provided, however, that Defendants shall reimburse Plaintiffs' counsel for all reasonable travel and accommodations, and shall pay all costs associated with the court reporter and deposition location. The parties will work in good faith to minimize the travel and other costs associated with Fifth Amendment depositions by clustering them with other depositions.

F.    Depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and all notices shall be served on all Parties electronically.  Any subpoenas for deposition testimony shall be served on witnesses as required by law, but copies may be served electronically on all Parties.  Deposition notices shall have the legal effect of a deposition notice in all HDD SA Cases.

G.    Interim Co-Lead Counsel for the End-Users, Interim Co-Lead Counsel for the Resellers, and Counsel for the Direct Action Plaintiffs, will consult with one another to coordinate, to the extent practicable, all scheduling, noticing and taking of depositions.  Counsel for the Defendants will consult with one another to coordinate, to the extent practicable, all scheduling, noticing and taking of depositions.  In scheduling depositions, counsel are expected to cooperate with and be courteous to each other and the witness. Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule

depositions at mutually convenient times and places. Cross-notices should be served fifteen (15) days from the original notice, if feasible.

H. Witnesses subpoenaed to also produce documents should ordinarily be served at least 30 days before the scheduled deposition, and arrangements should be made to permit inspection of the documents before the deposition commences. Extra copies of documents used during the deposition should be provided to opposing counsel and the deponent. Deponents should be shown a document before being examined about it, except when counsel seek to impeach or test the deponent's recollection.

I. The noticing party will notify counsel of their intent to depose a proposed witness. Counsel for the witness will use reasonable efforts to respond within 12 calendar days to propose deposition dates falling within the next 40 days and will confer with the noticing party to identify acceptable dates for the deposition and confirm the location.

J. Once a deposition has been scheduled, it shall not be taken off calendar, postponed, or rescheduled, except by agreement of the counsel responsible for scheduling, or by other relief obtained from the Court for good cause shown.

K. The Parties shall each designate one or more person responsible to create and maintain a master deposition calendar to be updated regularly with any changes as a result of meet and confer efforts regarding scheduling depositions. The master deposition calendar shall set forth each deponent's name and affiliation, the location and anticipated length (number of hours and days) of the deposition, the identity of the noticing party, and whether an interpreter has been requested. Beginning when the first deposition is scheduled, the master deposition calendar will be distributed via email to all Parties on a weekly basis.

## VI. DEPOSITIONS BY VIDEOCONFERENCE TECHNOLOGY

A. Depositions may be conducted remotely using videoconference technology, if agreed by all Parties and when permissible under the law of the jurisdiction where the deponent resides. Depositions by videoconference may be video-recorded by the Deposition Service Provider. The Party taking the deposition may select its own Deposition Service Provider for court

STIPULATION AND [PROPOSED] ORDER RE DEPOSITION PROTOCOL

reporting, videoconference, and remote deposition services. The Parties agree that the Deposition Service Provider employee(s) may attend, from a separate remote location, each remote deposition to video record the deposition, troubleshoot any technological issues that may arise, and administer virtual breakout rooms. The Party noticing the deposition shall provide the Deposition Service Provider with a copy of this Order at least twenty-four hours in advance of the deposition.

B. The Parties agree that video-recorded remote depositions may be used in the same manner as in-person depositions, and the Parties agree not to object to the use of these video recordings on the basis that the depositions were taken remotely or outside the U.S. The Parties reserve all other objections to the use of any deposition testimony at trial or hearing.

C. In a deposition by videoconference, the deponent, court reporter, translator (if any), and counsel for the Parties will each participate remotely and separately. The deponent, court reporter, translator, counsel examining the deponent, and counsel representing the deponent shall be visible to all other participants and their statements shall be audible to all participants at all times while on the record, unless otherwise agreed. All other persons attending the deposition shall make their presence known to all other participants, but they shall keep their microphones on mute unless and until they wish to speak, and after having spoken, they shall go back on mute.

D. No counsel shall engage in a private communication, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while the deposition is on the record. In the event counsel intends to initiate a private communication with any deponent for the purpose of determining whether a privilege should be asserted, counsel shall state her intention on the record before initiating such communication. No participant other than the court reporter may record the deposition.

E. During breaks in the deposition, the Parties may use the breakout room feature provided by Deposition Service Provider, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. If these conversations are inadvertently recorded, they shall not be shared with any Parties that were not intended to be in the breakout room and shall be treated as Highly Confidential information and/or

STIPULATION AND [PROPOSED] ORDER RE DEPOSITION PROTOCOL

the inadvertent production of privileged or otherwise protected material under the Protective Order, and cannot be used as evidence or any other purpose in connection with a motion, at a hearing, at trial, or in any other fashion. The breakout rooms shall be established by the Deposition Service Provider prior to the deposition and controlled by the Deposition Service Provider. If, due to a technological error or any other reason, a participant has been placed in the breakout room of an opposing party or can hear a conversation from such breakout room, that participant shall immediately identify himself or herself and leave the breakout room.

F. Depositions by videoconference shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but given the COVID-19 pandemic, the court reporter will not be physically present with the deponent. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the jurisdiction where the deponent resides. The Parties agree that the court reporter is an "Officer" as defined by Rule 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference.

G. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. The Deposition Service Provider will simultaneously videotape the deposition and preserve the video recording. The court reporter may be given a copy of the video recording of the deposition and may review such video recording to improve the accuracy of any written transcript.

H. At the beginning of each deposition, consistent with Rule 30(b)(5)(A), the Deposition Service Provider employee responsible for video-recording the deposition shall begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; (v) the identity of all persons present; and (vi) the litigation caption and case number.

I. At the beginning of each segment of the deposition, consistent with Rule 30(b)(5)(B), the Deposition Service Provider employee responsible for video-recording the

STIPULATION AND [PROPOSED] ORDER RE DEPOSITION PROTOCOL

deposition shall begin that segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

J.      The Parties agree to work collaboratively and in good faith with the Deposition Service Provider to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition, if possible, so any adjustments can be made.  The Parties also agree to work collaboratively to address and troubleshoot technological (including audio or video or exhibit transmission or access) issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues.  This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent or have access to the exhibits.

K.      Every deponent shall have the technology required to appear for a videotaped deposition (e.g., a webcam, and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition.  Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology.  If not, counsel for the deponent shall supply it to the witness prior to the deposition.  Upon request, the Deposition Service Provider will provide real time software to counsel for the deponent. Any delay during a deposition by videoconference due to a disruption in technology shall not be counted against the time on the record to conduct the deposition.

L.      The Parties agree that any or a combination of the following methods for administering exhibits may be employed during a remote deposition:

1.      Counsel noticing the deposition may send one or more compressed .zip files of the documents that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, the other Parties' counsel, and the court reporter (and translator, if any).  The .zip files shall be delivered at least 24 hours before the deposition is scheduled to begin.  Counsel for the deponent, the other Parties' counsel, and the court reporter shall confirm receipt of the .zip files by electronic mail to counsel noticing the

deposition. Each .zip file may be password-protected, in which case counsel taking the deposition shall supply the passwords via electronic email prior to the commencement of the deposition. No recipient of .zip files shall view the contents of the .zip files until the deposition begins and when directed to do so by the counsel taking the deposition. Counsel noticing the deposition may also mail a package of hard-copy deposition exhibits to the deponent in advance of the deposition, in addition to the compressed .zip files, to facilitate the deposition. However, the deponent shall not open the hard-copy exhibits prior to the deposition.

2. Counsel may introduce exhibits electronically during the deposition by using the Deposition Service Provider document-sharing technology (such as the chat feature).

M. These same procedures shall apply to any documents any other counsel intends to use for examining the witness.

N. No deponent receiving documents before or during a deposition shall retain them in any manner following the conclusion of the deposition.

O. Counsel for the Parties may keep any document or exhibit used during the deposition, in accordance with the Stipulated Protective Order entered by the Court on January 30, 2020 (ECF No. 136) (and/or such subsequent operative Protective Order, if any), and shall return or destroy any other documents as required under the Protective Order within five business days following the completion of the deposition, and shall not retain them in any manner.

P. Any party objecting to the conduct of a deposition by videoconference will provide notice of such objection within fifteen (15) days of receiving the deposition notice.

## VII. INTERPRETERS, INTERPRETED TESTIMONY AND DOCUMENT TRANSLATIONS

A. Any Party or witness intending to use an interpreter shall give notice no later than 20 days before the noticed deposition date or upon receipt of the notice, if later. The noticing party will arrange an official interpreter to attend the deposition.

STIPULATION AND [PROPOSED] ORDER RE DEPOSITION PROTOCOL

B.     The Party requesting an interpreter shall bear the costs of providing the interpreter of record.  The cost of any check interpreter shall be borne by the Party providing that interpreter. The Parties shall meet and confer to create an agreed-upon list from which the Parties shall select interpreters of record.  The agreed-upon list should be expansive; in other words, the Court expects the Parties to conduct due diligence now to identify mutually agreeable interpreters beyond those with which they currently are familiar.  If a listed interpreter is not available, the parties shall meet and confer regarding the selection of an alternative.

C.     If any Party brings a check interpreter to a deposition, and that check interpreter disagrees with any portion of an interpretation, the check interpreter's requested correction shall be stated simply for the record.  The interpreter of record need not respond.  All questions, answers, and objections shall be interpreted for the witness as necessary; however, all counsel shall refrain from unnecessary colloquy and speaking objections, so as not to obstruct the depositions.

D.     The Parties shall use reasonable efforts at the deposition to resolve any objection to any interpretation or translation.

E.     To the extent an interpreter is used for all or nearly all of a percipient witness or Rule 30(b)(6) deposition, the deposition time limits shall be extended to a ratio of 14 hours for every 7 (or multiplied by 2).  In all other situations, the Parties will cooperate in good faith to extend the deposition time to account for the use of the interpreter, guided by the principle that deposition time during which an interpreter is used should be counted at 50% of the actual amounts against the above-set limits.

F.     In general, if a document in a language other than English is entered into the record, a complete translation must be provided of the entire document at the deposition and entered as an exhibit into the record.  However, complete translations are not required for:  (1) any document that contains both English and a foreign language or is lengthy or voluminous, so long as an English translation is provided of (a) all portions of the document that are planned to be the subject of examination at the deposition and (b) all additional material in the document examining counsel is aware of that provides context for the portions that are expected to be the subject of examination;

STIPULATION AND [PROPOSED] ORDER RE DEPOSITION PROTOCOL

(2) a document produced in the litigation as a partial English translation to the extent that only the portion translated in the produced document is used in examining the witness; and (3) transactional data.  To the extent a witness is questioned about any portion of a document that is not in English, a translation must be made available to opposing counsel, consistent with the foregoing.  Translations entered as an exhibit during the deposition shall be certified by a professional translator accredited or certified by, or holding a certificate in translation from a program approved by, the American Translator's Association or another member organization of the Federation Internationale de Traducteurs; and those approved and authorized to translate in California courts, including this District, by the Judicial Conferences of California.  By consent of the Parties, translators with comparable qualifications may be utilized in order to meet a high volume of requests.  Translators shall be required to agree to the Stipulated Protective Order if they review any documents subject to the Stipulated Protective Order.

G.      Document translations shall bear the same Confidential or Highly Confidential designation as the original.  All certified translations shall be presumed to be accurate.  Any Party may object to a translation which will be noted for the record.  Parties may also object generally to all translations used in the deposition at any time, so long as that objection is noted on the record.

H.      The Parties may agree on adjustments to this translation protocol to promote efficiency or fairness, and advise the Court accordingly.  Notwithstanding the provisions of this Order, the Court retains discretion to alter the treatment and admissibility of translated documents at trial if necessary and the Parties reserve all rights to object to translations prior to trial. To the extent a dispute arises during a deposition regarding the accuracy of a specific certified document translation, the proponent of the translation may thereafter request that the objecting Party meet and confer regarding the accuracy of the translation, the Parties shall make reasonable efforts to resolve the dispute, and either Party may raise the issue with Court if no resolution is reached.

VIII.   **DEPOSITION EXHIBITS**

A.      Each document marked for identification at a deposition shall be numbered with a new exhibit number unless it has been previously marked, in which case the examining attorney

---

15

STIPULATION AND [PROPOSED] ORDER RE DEPOSITION PROTOCOL

will use the previous exhibit number and refer to the document by that number. All exhibits shall be marked sequentially, or using another reasonable numbering system to be agreed upon between the parties; however, exhibits that are pre-marked for depositions conducted by video may not proceed in numerical order. In the case of multiple depositions occurring on or about the same date, counsel for the Parties shall meet and confer in advance of the depositions and attempt to allocate a range of sequential exhibit numbers to each deposition.

B.     For documents that have been translated, the translations should share the same Exhibit number as the underlying document and shall be followed with the letter "E" signifying it as a translated version of the document. Should a translated document entered into the record become altered at a later date as a result of the resolved objections to the translation, the updated version shall be labeled with the same numbered designation and followed with "EF" signifying a final translated version.

C.     The Parties will designate one or more persons responsible for maintaining a master exhibit list to facilitate sequential numbering of exhibits, and will reasonably share this list with any Party that requests it.

D.     A deponent's time spent reviewing a document tendered for the examination will count against the deposition time limits. However, a deponent may not use up time by insisting on reviewing the entirety of a lengthy document when only a small portion of it is subject to questioning. For example, if asked about one or two pages in a 50-page document, the deponent is free to review as much as he or she believes is necessary off the clock, but only review of the pages that are the subject of the deposing attorney's questions, and such other surrounding pages necessary to understand the portions of the document about which the deponent is asked, shall be counted towards time on the record. All deponents will act in good faith to review deposition exhibits without undue delay and minimize time reviewing documents and all questioning attorneys will act in good faith to allow witnesses reasonable time to review the relevant portions of exhibits.

STIPULATION AND [PROPOSED] ORDER RE DEPOSITION PROTOCOL

## IX. PARTICIPATION BY TELECONFERENCE

To minimize travel and related costs, counsel may participate in any deposition by telephone to the extent practicable. Counsel intending to do so must notify counsel for the Party that noticed the deposition and counsel for the witness at least 3 business days before the date of the deposition. Counsel noticing the deposition shall make arrangements so that a conference call line and a real-time video and text feed are available during the deposition, to the extent practicable. The Parties participating by telephone shall bear the costs of the conference call and/or live video and text feed, to the extent one is used, and bear the risk of any connection or technological difficulties. In the event that counsel participating by telephone experience connection or technological difficulties, the deposition will continue unless those present at the deposition agree to stop, and counsel participating by telephone will not object to or seek to exclude the use of the deposition as a result of the connection or technological difficulties. To the extent that it is not practicable to provide a conference call line and a real time video and text feed, counsel noticing the deposition must make reasonable efforts to notify counsel for all Parties, and counsel for the witness, that a conference call line and/or a real time video and text feed will not be provided at least 5 business days before the date of the deposition. Examining counsel and counsel intending to participate by telephone shall cooperate in good faith to facilitate such participation, including reasonable efforts to identify any exhibit used during the deposition by bates number.

## X. CONDUCT OF DEPOSITIONS

A. Counsel and Parties shall comply with Rule 30(c)(2). Deposition objections must be only as to privilege, form, to enforce a limitation ordered by the Court, or to present a motion, unless the examining attorney asks for an explanation. Speaking objections or those which the Court could interpret as coaching the deponent are prohibited. Attorneys shall not argue disputed objections or assertions of privilege on the record. Under no circumstances should any counsel interject, "if you know," "if you understand," or otherwise coach a deponent or comment on a question.

STIPULATION AND [PROPOSED] ORDER RE DEPOSITION PROTOCOL

B. All objections shall be stated concisely in a non-argumentative and non-suggestive manner. Any objection to the form of a question shall be deemed to have been made on behalf of all other Parties. The objection of one counsel to a question need not be repeated by another counsel to preserve that objection on behalf of such other counsel, and counsel shall avoid repeating objections already preserved.

C. Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court, and if the Court is not available, and to the extent the Parties are still unable to resolve the dispute, the deposition shall continue as to matters not in dispute with full reservation of rights for a ruling at the earliest possible time. If the nature of the dispute would not stop the deposition from going forward, the Parties may agree among themselves either to present the matter to the Court by telephone, or to present the dispute in writing. The deposition reporter shall make a transcript of the conference call proceedings, which shall be transcribed immediately and bound separately. In the event the Court is unavailable by telephone to resolve disputes arising during the course of the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute. Nothing in this Order shall deny counsel the right to (1) suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3); or (2) file an appropriate motion with the Court after the deposition, and appear personally before the Court.

D. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons, not covered by privilege, to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless doing so would reveal privileged information.

E. Breaks shall not be taken while a question is pending unless required to determine whether a privilege should be asserted.

F.    Deponents and their counsel must make a good faith effort to prepare for 30(b)(6) depositions.

G.    The court-reporter service shall maintain a total running time for actual depositions in order to measure compliance with the time limitation and the time allocation provisions above.

H.    The Parties taking the deposition shall coordinate in order to avoid duplicative questioning.

I.    Only one attorney may question a witness at a time.  No more than one attorney from each Plaintiff Group and one attorney from each Defendant Family may examine each Party witness at a deposition absent good cause shown.  The parties should make a good-faith effort to limit the number of questioners of any one deponent.

## XI.    STANDARD STIPULATION

The following stipulation shall apply to all depositions taken in these actions and shall be included in each transcript by the court reporter:

A.    Once a deposition transcript is sent to counsel for the witness by the court reporter, counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury.  Within 30 days of receiving the transcript from the court reporter, the witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.  The right to read and review is automatic and need not be stated on the record.  This right replaces Fed. R. Civ. P. 30(e).

B.    If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter.  After review, correction, and signature within 30 days from the date of receipt the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony made by the witness.

## XII.    FIFTH-AMENDMENT ASSERTIONS

A.    Counsel for the defendant by whom a noticed deposition is employed will attempt in good faith to notify plaintiffs 10 calendar days before the agreed-upon date of any deposition if

STIPULATION AND [PROPOSED] ORDER RE DEPOSITION PROTOCOL

the deponent plans to invoke his or her Fifth Amendment privilege against self-incrimination at the deposition. The Parties recognize, however, that circumstances affecting a deponent's decision whether to invoke the privilege may change at any time within the 10-day period. Should counsel for any party learn of such a reversal and having already notified, they will notify the noticing party within 24 hours of confirming this decision.

B. Upon receipt of notice that a witness intends to assert the Fifth Amendment, the examining attorneys may, but need not, submit a list of written questions to the witness to speed up the deposition, delivered no fewer than 5 calendar days before the scheduled deposition. At the deposition, the written questions and any associated documents may be introduced as an exhibit to the deposition, and the witness may be asked summarily whether the witness would assert the Fifth Amendment to each of the written questions if they were posed individually. If the answer to the summary question is "yes," the deposition shall last no more than one hour. To the extent that an answer to the summary question is "yes," use of the questions and answers at trial will not be precluded on the basis that the written questions were not asked and answered individually. All objections to written questions submitted to a deponent will be reserved, including but not limited to objections to form. Nothing in this paragraph requires the deposition of a witness who would assert the Fifth Amendment to be conducted by written questions.

C. Any person who at deposition asserts his or her right not to testify under the Fifth Amendment of the United States Constitution will be bound by that assertion of the privilege and shall not be permitted to revoke that assertion and testify otherwise at trial except as provided herein. Notice of intent to revoke the assertion of privilege shall be provided to all Parties in writing and the Parties will work in good-faith to make that witness available for deposition. If the notice of intent to revoke the assertion of the privilege postdates the close of fact discovery, the revoking person will not be permitted to testify at trial without deposition and leave of Court. The revoking person will not be permitted to testify at trial until a deposition has been taken. Such a deposition will take place at the revoking person's expense in the Northern District of California or another mutually agreed location.

STIPULATION AND [PROPOSED] ORDER RE DEPOSITION PROTOCOL

## XIII.   **BINDING ORDER**

This Deposition Protocol is binding on all Parties to MDL No. 2918 and all related actions, including all current or future Parties to this MDL.  This Deposition Protocol Order may be modified only by stipulation and order, or by order of the Magistrate or the Court for good cause shown.

1 **PURSUANT TO STIPULATION AND FOR GOOD CAUSE SHOWN, IT IS SO**
2 **ORDERED**

3 DATED: November 6, 2020

4 ![signature]

5 HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE
6

7 Dated: November 6, 2020                          Dated: November 6, 2020

8

9    */s/ Aaron M. Sheanin*                  */s/ Mark H. Hamer*
Aaron M. Sheanin                                 Mark H. Hamer
10 **ROBINS KAPLAN LLP**                          **BAKER MCKENZIE LLP**
2440 West El Camino Real, Suite 100              815 Connecticut Ave., NW
11 Mountain View, CA 94040                        Washington, DC 20006
Telephone:   (650) 784-4040                      Telephone: (202) 452-7077
12 Facsimile:   (650) 784-4041                    Facsimile: (202) 416-7177
asheanin@robinskaplan.com                        mark.hamer@bakermckenzie.com

13    */s/ Christopher T. Micheletti*        */s/ Craig Y. Lee*
Christopher T. Micheletti                        Craig Y. Lee
14 **ZELLE LLP**                                  **HUNTON ANDREWS KURTH LLP**
44 Montgomery St., Suite 3400                    2200 Pennsylvania Ave., NW
15 San Francisco, CA 94104                        Washington, DC 20005
Telephone:   (415) 693-0700                      Telephone: (202) 419-2114
16 Facsimile:   (415) 693-0770                    Facsimile: (202) 778-2201
cmicheletti@zelle.com                            craiglee@huntonak.com
17
*Interim Co-Lead Class Counsel for the End-*      *Counsel for Defendants NHK Spring Co.,*
18 *User Plaintiffs*                              *Ltd., NHK International Corporation,*
*NHK Spring (Thailand) Co., Ltd., NAT*
19                                                 *Peripheral (Dong Guan) Co., Ltd.,, NAT*
*Peripheral (H.K.) Co., Ltd. and NHK*
20                                                 *Spring Precision (Guangzhou) Co, Ltd.*

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER RE DEPOSITION PROTOCOL

1      */s/ Victoria Sims*                            */s/ J. Clayton Everett, Jr.*

Victoria Sims                                    J. Clayton Everett, Jr.

2   **CUNEO GILBERT & LADUCA, LLP**       **MORGAN, LEWIS & BOCKIUS LLP**

4725 Wisconsin Avenue, NW, Suite 200     1111 Pennsylvania Ave., NW

3   Washington, DC 20016                        Washington, DC 20004

Telephone:   (202) 789-3960             Telephone: (202) 739-5860

4   Facsimile:   (202) 789-1813              Facsimile:  (202) 739-3001

vicky@cuneolaw.com                    clay.everett@morganlewis.com

5

   */s/ Shawn M. Raiter*                   ***Counsel for Defendants TDK Corporation,***

6   Shawn M. Raiter                          ***Hutchinson Technology Inc., Magnecomp***

**LARSON • KING, LLP**                ***Precision Technology Public Co., Ltd., and***

7   30 East Seventh Street, Suite 2800       ***SAE Magnetics (H.K.) Ltd.***

Saint Paul, MN 55101

8   Telephone:   (651) 312-6518

Facsimile:   (651) 789-4818

9   sraiter@larsonking.com

10  ***Interim Co-Lead Class Counsel for the***

***Reseller Plaintiffs***

11

   */s/ Kenneth R. O'Rourke*

12  Kenneth R. O'Rourke

**WILSON SONSINI GOODRICH &**

13  **ROSATI**

One Market Plaza

14  Spear Tower, Suite 3300

San Francisco, CA 94105

15  Telephone:   (415) 947-2000

Facsimile:   (415) 947-2099

16  korourke@wsgr.com

17  ***Counsel for Plaintiffs Seagate Technology***

***LLC, Seagate Technology (Thailand) Ltd.,***

18  ***Seagate Singapore International Headquarters***

***Pte. Ltd., and Seagate Technology***

19  ***International***

20

21  

**ATTORNEY ATTESTATION**

22       I, Aaron M. Sheanin, hereby attest, pursuant to Civil Local Rule 5-1(i)(3) of the Northern

District of California, that the concurrence to the filing of this document has been obtained from

23  each signatory hereto.

24                          */s/ Aaron M. Sheanin*

25                          Aaron M. Sheanin

26                          ***Interim Co-Lead Class Counsel for the End-User***

***Plaintiffs***

27

28

23

STIPULATION AND [PROPOSED] ORDER RE DEPOSITION PROTOCOL