UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **FUSION ELITE ALL STARS**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC**, et al.,<br><br>Defendants. | Case No. 2:20-cv-02600-SHL-tmp<br><br>**JURY TRIAL DEMANDED** |
| **JONES**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**BAIN CAPITAL PRIVATE EQUITY,** et al.,<br><br>Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br>**JURY TRIAL DEMANDED** |
| **AMERICAN SPIRIT AND CHEER ESSENTIALS, INC.**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC**, et al,<br><br>Defendants. | Case No. 2:20-cv-2782-SHL-tmp<br><br>**JURY TRIAL DEMANDED** |

**REPLY IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO FACILITATE
COORDINATION OF DEPOSITIONS IN THE RELATED ACTIONS**

Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro (collectively, "*Fusion Elite* Plaintiffs"); Plaintiffs Jessica Jones, Michelle Velotta, and Christina Lorenzen (collectively, "*Jones* Plaintiffs"); and Plaintiffs American Spirit and Cheer Essentials, Inc., Rockstar Championships, LLC, Jeff & Craig Cheer, LLC, d/b/a Jeff and Craig Camps, and Ashley Haygood (collectively, *American Spirit* Plaintiffs") hereby respectfully submit this Reply in Support of their Joint Motion to Facilitate Coordination of Depositions in the above-captioned matters (collectively, the "Related Actions").

**ARGUMENT**

Defendants propose that, instead of determining before depositions commence how many hours of testimony will be permitted in depositions noticed in all three Related Actions, the parties should instead be required to negotiate, justify, and likely litigate, seriatim, every deposition where more than seven hours of testimony is required.[1] This is unworkable, unfair, and a total departure from the manner in which depositions in analogous complex related actions are typically handled by the courts, as demonstrated in the numerous orders attached to Plaintiffs' Motion. Indeed, such orders are ordinarily achieved by consent, without the need for motion practice. Yet Defendants' proposal would needlessly increase the costs of litigation to the parties and burden the Court with duplicative and unnecessary motions.

---

[1] The Discovery Order in *Fusion Elite* permits "55 non-expert depositions, inclusive of third-party depositions." (No. 20-cv-2600, Dkt. 89 at 3.) The *Jones* Plaintiffs are in the process of proposing a deposition protocol for depositions in their own action, which will account for additional depositions to cover the additional defendants named in that action.

Defendants do not disagree with the provisions of the Plaintiffs' Proposed Order allowing Plaintiffs to attend and ask questions at all depositions noticed in the Related Actions. (Proposed Order at ¶¶4-5.) What Defendants appear to disagree with are the measures required to implement that coordination—namely additional time for each group of Plaintiffs to ask their questions at coordinated depositions. (*Id.* at ¶¶6-7.) Defendants' proposal is based on a fundamental misapplication of the Federal Rules of Civil Procedure. It treats the Related Actions—on behalf of three different groups of litigants and involving different damage theories—as a single lawsuit, and it posits that three notices of deposition should be treated as one simply because Plaintiffs stipulated to the coordination of discovery in the Related Actions. (No. 20-cv-02600, Dkt. 92.) But Plaintiffs' proposal regarding deposition time does not seek to expand the time permitted for a single deposition of a single witness. Rather, it actually restricts the time that would normally be permitted when three separate depositions are noticed in three separate lawsuits. Absent coordination, Rule 30(d)(1) would permit *Fusion Elite* Plaintiffs seven hours of questioning at each of their depositions, *Jones* Plaintiffs seven hours of questioning at each of theirs, and *American Spirit* Plaintiffs seven hours of questioning at each of their depositions. The 11 hours proposed by Plaintiffs—collectively, for all three cases combined—cuts this time almost in half.

Defendants' claim that *Fusion Elite* Plaintiffs are trying to avoid the deposition limits they negotiated misstates the relief that Plaintiffs seek. *Fusion Elite* Plaintiffs are not requesting to ask questions for more than seven hours per deposition in the *Fusion Elite* action. Rather, the *Jones* Plaintiffs and *American Spirit* Plaintiffs are trying to avoid duplicating those seven hours, and they merely want assurances that they will be allotted up to two hours each when each notices the deposition of a witness also noticed by the *Fusion Elite* Plaintiffs. Defendants admit

2

that the *Fusion Elite* action, in which they agreed to seven hours of testimony for each 30(b)(1) witness and 15 hours of 30(b)(6) testimony for Varsity Defendants, is "*narrower*" than *American Spirit* and *Jones*. Thus, it would stand to reason that those actions need additional time.

In order to shorten the time for depositions, Defendants inaccurately characterize the claims in the Related Actions as "identical" because they are all related to "cheerleading." (No. 20-cv-2600, Dkt. 159 at 1.) As the Court explained in its discovery coordination order (when it specifically declined to consolidate the three actions), "each of the three cases is brought on behalf of largely non-overlapping proposed classes of persons and entities whose interests may come into conflict, and who may need or desire to take different position[s]." (No. 20-cv-02892, Dkt. 45 at 4.) While the *Jones* and *American Spirit* Plaintiffs also make allegations related to All Star Cheer competitions and apparel, their allegations are much broader. They additionally involve claims under state consumer protection and antitrust laws not at issue in *Fusion*, and federal and state RICO claims. *Jones* and *American Spirit* also involve a series of additional anticompetitive and illegal practices involving other economic activity, including claims related to school competitions, recreational cheerleading, school apparel, and cheer camps, and they involve different Defendants than in *Fusion*. (No. 20-cv-02892, Dkt. 1 ¶¶1-6, 20-22; No. 20-cv-2782, Dkt. 1 ¶¶1-2.) Finally, and importantly, *Jones* Plaintiffs are indirect purchasers and, must show different damages, including the pass on of illegal overcharges to athletes and their families in each alleged relevant market (competitions, camps, apparel). (*Id*. ¶¶1-6, 29-31, 231-256.) It then only makes sense to provide the *American Spirit* and *Jones* Plaintiffs with additional time to question witnesses about the additional issues raised in their cases. Of course, these time provisions would be the upper limits and would likely not be needed in each deposition given that Plaintiffs are coordinating their discovery as efficiently as possible.

The time Plaintiffs seek is on the low end for complex cases of this type. In *Intel Corp. Microprocessor,* the court upheld two to three days of depositions of defense witnesses, based on "eight years of particularized knowledge by the Dell Witnesses, including thousands of documents personally authored by each one." *In re Intel Corp. Microprocessor Antitrust Litig.*, No. CIV. A. 05-441-JJF, 2008 WL 5377979, at *2 (D. Del. Dec. 18, 2008). Here, every Varsity witness whose deposition has been noticed, was a custodian of over a thousand, often many thousands, of documents, and many worked for Varsity for more than 10 years.

Given the varied scope of the three distinct Related Actions, and the complexity of the allegations against Defendants, the relief Plaintiffs seek is merely a practical solution to provide an orderly efficient procedure for addressing timing issues in numerous upcoming depositions.[2] The alternative is an unnecessary multiplication of proceedings. Defendants' suggestion that it "should be taken up on a case-by-cases basis," on the other hand, would create significant inefficiencies, including repeatedly arguing the same issue, filing emergency motions with the Court, and wasting the Court's and the parties' resources in three already complex antitrust class actions.[3] As Plaintiffs have shown, they are already doing their best to coordinate across the three Related Actions, including choosing a lead questioner to cover overlapping topics at each deposition and also working together, for instance, on motions like this to afford the fair and efficient process of discovery. Moreover, the relief they seek here is commonplace in these types of cases. (No. 20-cv-2600, Dkt. 155-1 at 10; Dkt. 155-2, Dkts. 155-4 to 155-6.) The only real

---

[2] The parties are in the process of finding mutually agreeable dates for the depositions of nine current Varsity employees and three former Varsity employees that Plaintiffs have noticed.

[3] Because USASF's conduct relates primarily to the All Star Competition and Apparel markets, Plaintiffs are willing to limit USASF's employee and Rule 30(b)(6) depositions to nine hours each, to allow one additional hour for the *Jones* and *American Spirit* cases, to accommodate their differently-situated parties and different claims against USASF.

4

distinguishing factor Defendants have identified here is their refusal to stipulate to such a protocol. (Dkt. 159 at 4 n.2.)

Defendants also misstate the present proposal. It would not apply, as Defendant suggest, "regardless of the witness (party or third party) or the information the witness might have." (No. 20-cv-02600, Dkt. 159 at 1.) Plaintiffs' Proposed Order expressly limits its application to "deponents represented by counsel for Defendants . . . ." Third party depositions will be negotiated with those parties' counsel. Indeed, Plaintiffs have reached such an agreement with counsel for Brian Elza and Francis LeTard, two former Varsity employees set to be deposed later this month. Further, deposition time will not be expanded "regardless of . . . the information the witness might have." (*Id.*) If the witness has information relevant only to one case, his or her deposition will be noticed only in one case and will be, at most, seven hours long.

## CONCLUSION

Plaintiffs seek an ordered process that provides adequate time to address their non-overlapping claims and to seek testimony to support their own burdens of proof at trial. Their proposal to coordinate time across the three Related Actions mirrors how this issue has been handled in similar complex cases where multiple actions and parties are involved.  Defendants' alternative—piecemeal and hasty runs to this Court at the end of seven-hour days in depositions tightly scheduled around the Related Actions' discovery timetables—flies in the face of Rule 1's admonition that matters "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The upper limit of 11 hours that Plaintiffs suggest shows restraint in light of the 21 hours to which they would ordinarily be entitled. For all these reasons, Plaintiffs respectfully request that this Court grant their motion and enter the proposed order previously submitted therewith.

5

Dated: November 9, 2021

Respectfully submitted,

By: /s/ *Katherine Van Dyck*
Jonathan W. Cuneo*
Katherine Van Dyck*
Victoria Sims*
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
kvandyc@cuneolaw.com
vicky@cuneolaw.com

H. Laddie Montague, Jr.*
Eric L. Cramer*
Michael Kane*
Mark R. Suter*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000
hlmontague@bm.net
ecramer@bm.net
msuter@bm.net

Gregory S. Asciolla*
Karin E. Garvey*
Veronica Bosco*
**LABATON SUCHAROW LLP**
140 Broadway New York, NY 10005
Telephone: (212) 907-0700
gasciolla@labaton.com
kgarvey@labaton.com
vbosco@labaton.com

*Interim Co-Lead Counsel in the Fusion Elite Action for the Proposed Direct Purchaser Class*

J. Gerard Stranch, IV (TN BPR #23045)
Benjamin A. Gastel (TN BPR #28699)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com

6

beng@bsjfirm.com

*Liaison Counsel in the Fusion Elite Action for the Proposed Direct Purchaser Class*

Benjamin D. Elga*
**JUSTICE CATALYST LAW, INC.**
81 Prospect Street Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Craig L. Briskin*
**JUSTICE CATALYST LAW, INC.**
718 7th Street NW Washington, DC 20001
Telephone: (518) 732-6703
cbriskin@justicecatalyst.org

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
**FINE KAPLAN AND BLACK, R.P.C.**
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Frank B. Thacher III (TN BPR #23925)
**BURCH, PORTER, & JOHNSON, PLLC**
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
**NEAL & HARWELL, PLC**
1201 Demonbreun St., Suite 1000 Nashville, TN 37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com

7

*Counsel in the Fusion Elite Action for the Proposed Direct Purchaser Class*

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*
Kevin E. Rayhill*
Elissa A. Buchanan*
Anna-Patrice Harris*
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:  jsaveri@saverilawfirm.com
             swilliams@saverilawfirm.com
             rspeigel@saverilawfirm.com
             krayhill@saverilawfirm.com
             eabuchanan@saverilawfirm.com
             aharris@saverilawfirm.com

Van Turner (TN Bar No. 22603)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
Email: vturner@bruceturnerlaw.net

Richard M. Paul III*
Sean R. Cooper*
**PAUL LLP**
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Email: rick@paulllp.com
          sean@paulllp.com

Jason S. Hartley*
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
Email: hartley@hartleyllp.com

8

*Attorneys in the Jones Action for Individual and Representative Plaintiffs*

Robert A. Falanga*
Kobelah Svensen Bennah*
**LAW OFFICES**
**FALANGA & CHALKER**
11200 Atlantis Pl #C
Alpharetta, GA 30022
Phone: (770) 955-0006
Fax: (770) 955-2123

*Interim Lead Class Counsel in the American Spirit Action for the Proposed Independent Event Production Class, the Competitive Recreational, College, High School or Junior High School Student Parent Class, the Apparel, Athletic Equipment and Merchandise Class, and the Cheer Camp Market Class*

* Admitted pro hac vice