# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| FUSION ELITE ALL STARS, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) )  Case No. 2:20-cv-02600-SHL-tmp |
| VARSITY BRANDS, LLC, et al., | ) ) |
| Defendants. | ) ) ) |

## ORDER ESTABLISHING PROCEDURES FOR REMOTE DEPOSITIONS

Before the Court is the Parties' Stipulation and [Proposed] Order Regarding Remote Depositions, submitted to the Court via email on December 18, 2020, but not filed on the docket. Although no Motion accompanied this document, it was jointly submitted and signed by Counsel for Plaintiffs and Defendants. The Parties jointly propose a protocol for conducting depositions via remote means, in light of the COVID-19 pandemic. The Parties stipulate that:

WHEREAS, the COVID-19 pandemic has made conducting traditional in-person depositions difficult and inadvisable given health concerns and associated restrictions that have been put in place around the country;

WHEREAS, it is uncertain when these health concerns will subside and when these associated restrictions will be lifted;

WHEREAS, pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure, "[t]he parties may stipulate a deposition be taken by telephone or other remote means";

WHEREAS, pursuant to Rule 29(a) & (b) of the Federal Rules of Civil Procedure, the parties may stipulate that "a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified—in which event it may be used in the same way as any

other deposition; and [] other procedures governing or limiting discovery be modified";

WHEREAS, the Parties have agreed that it will be necessary to conduct certain depositions remotely (the "Remote Depositions"), have agreed upon the means by which they will conduct the Remote Depositions, and wish to memorialize their agreement.

Based on the agreed coordination between Plaintiffs and Defendants, it is hereby **ORDERED** that Remote Depositions shall proceed as followed:

### DEFINITIONS

1. "Court Reporter" shall mean the individual designated by the Court Reporting Agency to administer and record the Remote Deposition.

2. "Court Reporting Agency" shall mean any entity or entities a Party designates as a Court Reporter, Videographer, and Operator for each Remote Deposition noticed by that Party.

3. "Defending Attorney" shall mean any attorney representing the Witness at the Remote Deposition. If the Witness is a current or former employee of one of the Parties, any attorney appearing on behalf of that Party shall also be considered a Defending Attorney.

4. "Noticing Attorney" shall mean any attorney or of counsel listed below the signature block of the deposition notice corresponding to the Remote Deposition to which these rules and procedures apply, and/or any individual affiliated with that attorney's law firm and authorized by that law firm to communicate about matters relating to the Remote Deposition.

5. "Operator" shall mean the individual designated by the Court Reporting Agency or the Noticing Attorney to provide remote technological support to all Participants during the Remote Deposition.

6. "Participant" shall mean the Witness; any person providing in-room technical support to the Witness, the Questioning Attorney(s), the Defending Attorney, other attorneys or client

representatives appearing on behalf of one of the Parties; paralegals, staff or other individuals providing support to the attorneys or, if an expert, the Witness; the Court Reporter; the Videographer; and the Operator.

7.  "Party Attorney" shall mean any attorney other than the Defending Attorney or a Questioning Attorney who represents one of the Parties at a Remote Deposition.

8.  "Questioning Attorney" shall mean the attorney who questions the Witness on the record during the Remote Deposition for the purpose of eliciting sworn testimony. For avoidance of doubt, there may be more than one Questioning Attorney per Remote Deposition, although each Questioning Attorney must complete his/her examination before another Questioning Attorney may begin his/her examination.

9.  "Remote Deposition Video Platform" shall mean the videoconferencing service platform a Party designates for each Remote Deposition noticed by that Party to host the Remote Deposition.

10. "Remote Deposition Exhibit Platform" shall mean the software application a Party designates for each Remote Deposition noticed by that Party to display exhibits during the Remote Deposition.

11. "Videographer" shall mean the individual designated by the Court Reporting Agency or the Remote Deposition Video Platform to record the Remote Deposition by videographic means, including by recording the live stream of the Remote Deposition.

12. "Witness" shall mean the individual who gives sworn testimony on the record during the Remote Deposition, including any expert witness.

## COURT REPORTER, VIDEOGRAPHER, AND OPERATOR

13. Pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure, Remote

Depositions will be conducted before a Court Reporter who shall have all of the authority of an officer appointed or authorized under Rule 28 to take Depositions.

14. The Court Reporter may administer the oath or affirmation to the Witness through the Remote Deposition Video Platform from a different physical location than the Witness, and such oath or affirmation shall be deemed valid and effective pursuant to applicable law to the same extent as if the oath or affirmation had been delivered in the physical presence of the Witness.

15. The Videographer shall record the Remote Deposition at the direction of the Court Reporter and shall not record the Remote Deposition during times when the Court Reporter suspends it. Both the Court Reporter and Videographer shall agree when proceedings are on or off the record. Only video of the Witness shall be recorded, but audio of all Participants shall be recorded. Such recording shall be deemed a record of the Remote Deposition to the same extent as if the recording had been made in the physical presence of the Witness. For purposes of Rule 30(c), the Videographer shall be considered to be acting in the presence and under the direction of the Court Reporter, so long as the Videographer is able to hear and take direction from the Court Reporter, even though the Videographer may be in a different physical location than the Court Reporter.

16. Any Party may ask the Court Reporting Agency, the Remote Deposition Video Platform, or the Remote Deposition Exhibit Platform to designate an Operator to assist the Participants with any technical issues that may arise during the Remote Deposition.

## REMOTE DEPOSITION PLATFORMS

17. Remote Depositions shall be conducted using the Remote Deposition Video and Exhibit Platforms, and shall be accessed only through a secured connection to protect

confidential information.

18.  In order to facilitate reliable use of the Remote Deposition Video and Exhibit Platforms, each attorney shall be responsible for acquiring, maintaining, and utilizing computer, audio, and video equipment that meets the minimum requirements set forth in **Appendix A**.

19.  If the Witness has no Defending Attorney, a Noticing Attorney shall determine whether the Witness has access to such equipment, and, if not, to use reasonable efforts to ensure the Witness has such access.

20.  Participants will make reasonable efforts to access the Remote Deposition Video and Exhibit Platforms and ensure that it and all Participants' hardware, software, and internet connections are functioning properly, including that any required audio and video functionalities are functioning properly, at least fifteen minutes prior to the commencement of each Remote Deposition. The Remote Deposition shall not commence until all Participants complete this test and agree to proceed.

21.  All private chat features on the Remote Deposition Video and Exhibit Platforms shall be disabled.

## NOTICE

22.  The Parties stipulate that the language set forth below shall be included in oral deposition notices served pursuant to Rule 30(b)(1) & Rule 30(b)(6) and provides sufficient notice with respect to Remote Depositions:

> NOTICE IS FURTHER GIVEN that this deposition shall be conducted remotely pursuant to the Stipulation and [Proposed] Order Regarding Remote Depositions.

For deposition notices that have already been served, if any, the Parties agree that such notices are no longer operative and will be reissued according to this Stipulation.

23. For each Remote Deposition, the Defending Attorney shall make reasonable efforts to provide the Noticing Attorneys with the names and e-mail addresses of the Witness and of any other Participants associated with the Party or non-Party it represents at least five (5) business days prior to the Remote Deposition. Such notification is without prejudice to a later modification of the list of Participants if circumstances or availability so require. If the Witness has no Defending Attorney, a Noticing Attorney shall gather the Witness's name and e-mail address.

24. A Noticing Attorney shall provide, or cause the Remote Deposition Video and Exhibit Platform(s) to provide, to the Defending Attorney and/or Party Attorney all details necessary to gain access to each Remote Deposition, including but not limited to any web addresses, login credentials, and hardware and software requirements at least one (1) business day prior to the date and time at which the Remote Deposition is scheduled to commence.

25. Participants shall make reasonable efforts to access the Remote Deposition Video and Exhibit Platform(s) and ensure that it and all Participants' hardware, software, and internet connections are functioning properly, including that any required audio and video functionalities are functioning properly at least two (2) business days prior to the commencement of each Remote Deposition. The Remote Deposition shall not commence until the Questioning Attorney(s), Defending Attorney, and Witness confirm that they each have appropriate access to the Remote Deposition Video and Exhibit Platform(s).

26. Unless otherwise agreed to by the Parties, the Witness is permitted to have one Defending Attorney physically present, as well as technical assistance from a non-attorney who is physically present with him or her. If the Witness is an expert, the Witness is additionally permitted to have his or her staff physically present. The presence of any such person must

comply with any applicable local law and shall be stated on the record.

## CONDUCT OF THE REMOTE DEPOSITIONS

27. Except as otherwise provided herein, the Remote Depositions shall in all ways be governed by the rules regarding depositions by oral examination set forth in Rule 30 of the Federal Rules of Civil Procedure. The Remote Depositions shall satisfy the Parties' and each Witness's obligations to make the Witness available for deposition to the same extent as if the depositions had been conducted in person.

28. The Parties will use reasonable efforts to cause employee Witnesses, former employee Witnesses, and non-Party Witnesses to agree to the protocols set forth herein for Remote Depositions, however, insofar as any particular Witness cannot or will not agree, the Parties will discuss in good faith alternative protocols requested or required by such Witness.

29. The Witness and any Questioning Attorney conducting an examination shall keep their cameras turned on while the Remote Deposition is being conducted, and other Party Attorneys and the Defending Attorney may do so if they choose. All other Participants shall keep their cameras off at all times, except as otherwise directed by the Court Reporter, however if the Witness is physically appearing in the same room with a Defending Attorney, the Defending Attorney shall keep his or her camera on while the Remote Deposition is being conducted. The Court Reporter and Videographer may also appear on camera as appropriate to facilitate the Remote Deposition.

30. The Witness, the Questioning Attorney(s), and the Defending Attorney and/or the Party Attorney shall use the audio either through their respective computers or through a phone connection.

31. Participants shall take care to minimize background noise during the conduct of the

Remote Deposition that may interrupt the Remote Deposition. Participants other than the Witness, the Questioning Attorney conducting an examination, and the Defending Attorney shall place their microphones on mute except during times that they desire to speak on the record. Participants shall make best efforts to refrain from speaking at the same time as other Participants.

32. In order to minimize background noise, the Operator may, at his or her discretion, or at the direction of the Court Reporter, mute individual Participants' lines when those Participants are not speaking, except that in no event shall the Operator mute the Court Reporter's, Questioning Attorney's, Witness's, or Defending Attorney's and/or Party Attorney's line while the Remote Deposition is being conducted. Participants who have been muted shall retain the ability to unmute themselves.

33. Immediately upon the commencement of the Remote Deposition, all Participants shall announce their names and affiliations on the record. The time that it takes to enter those appearances, as well as the time that it takes to state any stipulations on the record prior to the commencement of the examination, shall not count against the amount of time allotted for the particular deposition. Rather the clock for the time allotted shall begin once the first (or only) Questioning Attorney begins his or her examination.

34. The Questioning Attorney(s) shall use the Remote Deposition Exhibit Platform to mark and publish all exhibits that are used during the Remote Deposition. This may be accomplished through the use of a technician provided by the vendor. Prior to the deposition, the Questioning Attorney(s) may convert intended exhibits to Portable Document Format ("PDF") in order to allow them to be stamped using the Remote Deposition Platform, provided that such conversion does not alter in any way the content of the exhibits. The Questioning Attorney(s)

shall confirm that the Witness and Defending Attorney can access each published exhibit prior to questioning the Witness about that exhibit. To this end, the witness will be provided the ability to download the exhibit through the Remote Deposition Exhibit Platform and will have the opportunity to review it on their own screen. However, if a hard copy of such exhibit has been provided to the Witness in advance of the Remote Deposition, the Witness shall review the hard copy of such exhibit instead of reviewing the exhibit through the Remote Deposition Platform. Exhibits marked and shown to the Witness using the Remote Deposition Exhibit Platform shall be attached to the deposition record to the same extent as if the exhibits were physically marked and shown to the Witness.

35. The Questioning Attorney(s) will endeavor to identify potential exhibits sufficiently in advance of the deposition and will make reasonable efforts to arrange hard copies of any potential deposition exhibits to be delivered to the Witness and to the Defending Attorney at least one calendar day before the deposition so long as the Defending Attorney and one counsel for each of the other Parties participating provides a mailing address by the deadline requested by the Questioning Attorney(s). The parties agree that the box(es) or envelope(s) containing the potential hard copy exhibits will remain sealed until the Questioning Attorney instructs the witness to open a box or envelope. The Defending Attorney will instruct the Witness in advance not to remove any potential exhibit from the package or otherwise view an exhibit in any way unless and until that potential exhibit is in fact introduced during the deposition.

36. The Witness, Defending Attorney, and any other Participant receiving hard copies of potential exhibits shall not look at any documents that were not used or introduced during the deposition. Furthermore, the Witness, Defending Attorney, and any other Participant will destroy any such unused documents immediately after the deposition is concluded.

37. Although the Questioning Attorney(s) will endeavor to deliver potential deposition exhibits prior to the deposition in hard copy form, the parties acknowledge that deposition preparation may not be completed until after hard copies may be mailed and that additional potential deposition exhibits may be identified at that time.  As a result, the Questioning Attorney(s) will not be precluded from electronically marking and introducing exhibit(s) during examination on the basis that the exhibit(s) were not provided in advance to the Witness or Defending Attorney in hard copy.

38. Except as otherwise provided in this Stipulated Order, no Participant shall permit anyone who is not a Participant to hear or view the Remote Deposition while it is being conducted.

39. If a technical issue prevents the Witness, Questioning Attorney(s), Defending Attorney and/or Party Attorney, Court Reporter or Videographer from hearing a Participant's question or statement in its entirety, that Participant, or the Court reporter, shall, upon request from any of the above Participants, repeat the entire question or statement once the technical issue is resolved.

40. If a technical issue prevents any Participant from being able to see or hear one or more of the other Participants clearly or to access published exhibits either electronically or in hard copy, the Court Reporter shall, at the request of the Participant encountering such technical issue, suspend the Remote Deposition until the technical issue is resolved. Any time spent addressing technical issues will count as "off the record" time and shall not count against any time limit. If a technical issue prevents the Questioning Attorney(s) or Defending Attorney from speaking to other Participants, the Remote Deposition shall be deemed "off the record" from that time.

41. No Participant shall communicate or attempt to communicate with the Witness while the Remote Deposition is on the record through any means other than the Remote Deposition Video and Exhibit Platforms, except that the Videographer or Operator may communicate with the Witness to resolve technical issues through means other than the Remote Deposition Video and Exhibit Platforms.

42. Witnesses will be instructed by counsel, before the Remote Deposition, that they may not use or consult any means of communications while on the record during the Remote Deposition (other than audio and video communications used to conduct the Remote Deposition itself), including without limitation electronic communications (email, text, social media) and other communications (phone).

43. The Witness, absent a special need, will not have access to or use of the Realtime feed from the Court Reporter at any time during the Remote Deposition. Notwithstanding the foregoing, the Questioning and Defending Attorney(s) may access or use Realtime during the Remote Deposition.

44. All Parties stipulate, and do not need to repeat the stipulation on the record, that an objection for one defendant shall be deemed an objection for all defendants, and an objection for one plaintiff shall be deemed an objection for all plaintiffs.

45. Subject to the availability of the Witness, Remote Depositions shall commence at 9:00 am of the time zone of the Witness absent an agreement for a different start time by all Participants.

46. This Stipulated Order also shall govern any Remote Depositions of non-Party witnesses.

47.  The Parties may modify these procedures as appropriate by mutual agreement and reserve their rights to seek reasonable modifications of these procedures as appropriate in individual instances.

**IT IS SO ORDERED,** this 12th day of November, 2021.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE
