**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **FUSION ELITE ALL STARS**, et al., <br><br>   Plaintiffs, <br><br> v. <br><br> **VARSITY BRANDS, LLC**, et al., <br><br>   Defendants. | No. 2:20-cv-02600-SHL-tmp <br><br> **JURY TRIAL DEMANDED** |
| **JONES**, et al., <br><br>   Plaintiffs, <br><br> v. <br><br> **BAIN CAPITAL PRIVATE EQUITY**, et al., <br><br>   Defendants. | No. 2:20-cv-02892-SHL-tmp <br><br> **JURY TRIAL DEMANDED** |
| **AMERICAN SPIRIT AND CHEER ESSENTIALS, INC.**, et al., <br><br>   Plaintiffs, <br><br> v. <br><br> **VARSITY BRANDS, LLC**, et al, <br><br>   Defendants. | No. 2:20-cv-2782-SHL-tmp <br><br> **JURY TRIAL DEMANDED** |

**ORDER GRANTING PLAINTIFFS' JOINT MOTION TO
<u>FACILITATE COORDINATION OF DEPOSITIONS IN THE RELATED ACTIONS</u>**

Before this Court is a motion jointly brought by Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics,

Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro (collectively, "Fusion Elite Plaintiffs"); Plaintiffs Jessica Jones, Michelle Velotta, and Christina Lorenzen (collectively, "Jones Plaintiffs"); and Plaintiffs American Spirit and Cheer Essentials, Inc., Rockstar Championships, LLC, Jeff & Craig Cheer, LLC, d/b/a Jeff and Craig Camps, and Ashley Haygood (collectively, American Spirit Plaintiffs") seeking certain provisions to enable them to conduct depositions noticed pursuant to Rule 30(b)(1) and Rule 30(b)(6) in the above-captioned matters (the "Related Actions"). Upon consideration of said motion, and the opposition thereto, said Motion is GRANTED. It is further ORDERED that:

    1.  Where the deposition of a single witness or a corporation is noticed in two or more of the above-captioned matters, additional time will be needed to fairly examine that deponent, given the scope of the Fusion Elite, Jones, and American Spirit matters.

    2.  At the same time, it is necessary to enable coordination in the taking and use of depositions in the Related Actions, to avoid duplication.

    3.  Plaintiffs in the Related Actions will coordinate their examinations of deponents represented by counsel for Defendants

("Defendants' Witnesses") whose depositions are sought in more than one of the Related Actions.

4. Testimony from depositions taken in any of the Related Actions may be used in any or all of the other Related Actions as if taken in that action, including at trial. Parties to the Related Actions can obtain copies of deposition transcripts and exhibits introduced at any deposition taken in any of the Related Actions, regardless of whether they noticed or participated in that deposition.

5. Plaintiffs in any one of the Related Actions may attend and question witnesses at depositions noticed in any of the other Related Actions.

6. Plaintiffs in any of the Related Actions may serve a notice of deposition with respect to any deposition noticed pursuant to Rule 30(b)(1) by Plaintiffs in one of the other Related Actions. For each additional notice that is served, Plaintiffs shall receive two additional hours to examine Defendants' Witnesses, other than Defendant U.S. All Star Federation, Inc.'s ("USASF's") witnesses, in addition to the time provided in the Discovery Order, (ECF No. 89), entered in <u>Fusion Elite</u> (which provides for 7 hours), for a total of 11 hours should Plaintiffs in all three Related Actions notice the deposition. For Defendant USASF's witnesses Plaintiffs shall receive one additional hour for each additional notice served, for a total of nine hours should

Plaintiffs in all three Related Actions notice the deposition. The additional time set forth herein will apply regardless of which Plaintiffs served the first notice.

    7.    Plaintiffs in any of the Related Actions may serve a 30(b)(6) notice of deposition with respect to a deposition noticed under Rule 30(b)(6) by Plaintiffs in any one of the other Related Actions. In such event, Plaintiffs shall receive an additional three hours for a Defendant's 30(b)(6) deposition, other than Defendant USASF's 30(b)(6) deposition, in addition to the time set forth in Discovery Order, Doc. No. 89 (which provides for 15 hours for 30(b)(6) depositions of Varsity[1] and seven hours for 30(b)(6) depositions of USASF) for a total of 21 hours for Varsity's 30(b)(6) deposition should Plaintiffs in all three Related Actions notice those depositions. Plaintiffs shall receive an additional hour for each additional notice of Defendant USASF's 30(b)(6) deposition, for a total of nine hours for USASF's 30(b)(6) deposition, should Plaintiffs in all three Related Actions notice that deposition. The additional time set forth herein will apply regardless of which Plaintiffs served the first notice.

    8.    Plaintiffs in the Related Actions may allocate the total deposition time amongst themselves as they choose.

---

[1] "Varsity" refers to Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit Fashion & Supplies, LLC

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 15, 2021
Date