**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **FUSION ELITE ALL STARS**, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC**, et al.,<br><br>     Defendants. | Case No. 2:20-cv-02600-SHL-tmp<br><br>**JURY TRIAL DEMANDED** |
| **AMERICAN SPIRIT AND CHEER ESSENTIALS, INC.**, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC**, et al,<br><br>     Defendants. | Case No. 2:20-cv-2782-SHL-tmp<br><br>**JURY TRIAL DEMANDED** |
| **JONES**, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>**BAIN CAPITAL PRIVATE EQUITY**, et al.,<br><br>     Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' JOINT**
**<u>MOTION TO MODIFY SCHEDULING ORDERS</u>**

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................................2

II.     LEGAL STANDARD.........................................................................................................4

III.    FACTUAL BACKGROUND ..............................................................................................5

    A.    *Fusion Elite* Discovery .........................................................................................5

    B.    *Jones* Discovery ..................................................................................................8

    C.    *American Spirit* Discovery.................................................................................10

    D.    Depositions .........................................................................................................11

IV.     ARGUMENT ....................................................................................................................13

    A.    Plaintiffs Have Acted Diligently and Seek Additional Time Before Deadlines Pass ...............................................................................................................................13

    B.    Plaintiffs Will Be Unduly Prejudiced Under the Current Schedule ....................16

V.      CONCLUSION..................................................................................................................18

i

Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro ("*Fusion Elite* Plaintiffs"); Plaintiffs Jessica Jones, Michelle Velotta, and Christina Lorenzen ( "*Jones* Plaintiffs"); and Plaintiffs American Spirit and Cheer Essentials, Inc., Rockstar Championships, LLC, Jeff & Craig Cheer, LLC, d/b/a Jeff and Craig Camps, and Ashley Haygood (collectively, *American Spirit* Plaintiffs") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through the undersigned counsel, respectfully submit this memorandum of law in support of their Joint Motion to Modify Scheduling Orders ("Motion"), filed herewith. Scheduling orders entered in the *Fusion Elite*, *Jones*, and *American Spirit* matters (the "Related Actions") place the Related Actions on the same track. (No. 20-cv-2600, Dkt. 61; No. 20-cv-2782, Dkt. 100; No.20-cv-02892, Dkt. 61.) Plaintiffs propose that those scheduling orders be modified as follows to allow for four additional months of discovery:[1]

| Deadline | Current Deadline | Proposed Extension of Deadline |
|---|---|---|
| Last Day for Motions to Join Parties; Deadline for Motions to Amend Pleadings | November 19, 2021 | March 18, 2022 |
| Deadline for Serving Interrogatories and Requests for Admission | January 14, 2022 | May 18, 2022 |
| Deadline for Completion of Depositions | February 18, 2022 | June 18, 2022 |
| Close of Fact Discovery | February 18, 2022 | June 18, 2022 |
| Deadline to Serve Expert Reports on All Issues for Which a Party Bears the Burden of Proof | March 18, 2022 | July 18, 2022 |
| Deadline to Serve Opposing Expert Reports | May 13, 2022 | September 13, 2022 |
| Deadline to Serve Expert Rebuttal Reports | July 11, 2022 | November 13, 2022 |

---

[1] A status conference to discuss and set the schedule for summary judgment briefing and trial in all Related Actions is currently set for November 18, 2022. Should this Court grant the instant motion, that status conference will need be reset for a date in 2023.

| Deadline | Current Deadline | Proposed Extension of Deadline |
|---|---|---|
| Deadline for Expert Witness Depositions | August 12, 2022 | December 12, 2022 |
| Motions for Class Certification and to Exclude Experts Under F.R.E. 702/Daubert Motions | September 16, 2022 | January 16, 2023 |
| Oppositions to Class Certification and to Exclude Experts Under F.R.E. 702/Daubert Motions | November 11, 2022 | March 11, 2023 |
| Replies in Support of Motions to Exclude Experts Under F.R.E. 702/Daubert Motions | December 9, 2022 | April 11, 2023 |

In support thereof, Plaintiffs state as follows.

## I.   INTRODUCTION

There is good cause to extend the deadlines in these coordinated actions where "[t]he deadlines for completing depositions and closing fact discovery are contingent on the Parties' substantially completing production of data and documents." (No. 20-cv-2600, Dkt. 61 at 3 n.2; No. 20-cv-2782, Dkt. 100 at 3 n.2; No.20-cv-02892, Dkt. 61 at 2 n.2). Plaintiffs have diligently pursued discovery in the Related Actions over many months. Nevertheless, as set forth below, a large amount of discovery from one or more defendants still remains in dispute and has not yet been produced, impairing Plaintiffs' ability both to (a) move forward with depositions with documents in hand, and (b) provide sufficient data and documents to their experts for their respective reports on class certification and merits issues. Despite the incomplete nature of document productions, the parties have nonetheless begun taking depositions, with one taken to date (of an ex-Varsity employee) and 20 total depositions scheduled and/or being scheduled over the next two and a half months.

Thus far, two motions to compel have been filed by *Fusion Elite* Plaintiffs against defendants Varsity and USASF; four motions to compel by *Jones* Plaintiffs against defendants Varsity, Jeff Webb, Bain, and Charlesbank; and one joint motion related to deposition protocols

filed by all Plaintiffs (the latter of which was resolved in Plaintiffs' favor). As this Court is aware, the Related Actions collectively involve claims alleging misconduct spanning many years, brought under federal and state antitrust (monopolization and conspiracy) and consumer protection statutes, and claims for injunctive relief. The lawsuits are not identical. They involve different groups of plaintiffs bringing different (albeit partially overlapping) claims, involving different markets, including All Star and school cheerleading competitions, All Star and school cheer apparel, camps, academic regalia, and band uniforms. The cases also involve different damage theories, *e.g.*, direct purchasers claim an illegal overcharge on direct payments to defendant Varsity, and indirect purchasers claim illegal overcharges in each of the markets alleged in that case to the athletes and their parents. Additionally, indirect purchasers, *Jones* Plaintiffs, must also support their claims that the illegal overcharges were passed on to athletes and their family in each market. Proving these logistically complex claims requires significant documents and data, much of which has not yet been produced.

That Plaintiffs have been forced to seek the intervention of this Court (and another court) to resolve eight discovery disputes—including with a non-party subpoena recipient— in six months' time speaks to the hurdles they have faced. Despite Plaintiffs' good faith and diligent efforts to pursue and obtain discovery from defendants and non-parties, documents and data productions are outstanding on all fronts. The party defendants are substantially in arrears with respect to their discovery obligations. Several defendants in *Jones* and *American Spirit* have not produced any documents or data at all. While Varsity has recently agreed to produce transactional data related to camps and schools in *Jones*, the data has not yet been produced, and the specific fields may need to be supplemented or addressed once the data is received. Follow up questions on the data are also expected, as is common in antitrust class actions, which could cause additional delay. Despite *Fusion Elite* Plaintiffs' and USASF's ongoing best efforts to re-

3

negotiate search terms in accordance with Magistrate Claxton's Order, (No. 20-cv-2600, Dkt. 133), many of USASF's documents have yet to be produced, and most of its custodians' productions are incomplete. Finally, despite the diligence of Plaintiffs' counsel, who have collectively served (or attempted to serve) over 60 non-party subpoenas, a significant amount of non-party discovery has yet to be completed, with substantial production not expected to be completed for several months, under the most optimistic estimate. Delay in document production has cascading effects, for example, delaying depositions until relevant documents have been produced and the parties have had a chance to review and analyze them. Plaintiffs in the Related Actions are now facing depositions without documents and data, and Plaintiffs' experts, in turn, will not have the benefit of sufficient data, documents, and testimony, nor ample time to analyze it and formulate their reports.

In sum, there is more than good cause to modify the Scheduling Order. Plaintiffs seek relief, ***now***, rather than at the eleventh hour, to avoid crisis and to have sufficient time to use and present their evidence and expert reports. If the schedule is not modified and Plaintiffs are required to proceed without discovery, their claims will be prejudiced and their right to redress abridged. Plaintiffs in the Related Actions ask this Court to make the identical adjustments in each action, so that all cases can be coordinated to follow the same schedule and so Plaintiffs may continue to coordinate on discovery, as they have been doing, consistent with this Court's Order Establishing Plaintiffs' Discovery Coordination Committee. (No. 20-cv-2600, Dkt. 93.) For the reasons set forth herein, the Court should grant Plaintiffs' Motion as proposed in detail in Section IV, *infra*.

## II.    LEGAL STANDARD

Rule 16(b)(4) of the Federal Rules of Civil Procedure governs modifications to scheduling orders. "Specifically, Rule 16(b)(4) permits district courts to amend or modify

deadlines in a pretrial scheduling provided the movant demonstrates 'good cause.'" *Smith v. T. Marzetti Company*, No. 18-cv-00089, 2019 WL 4044024, at *2 (W.D. Tenn. Aug. 27, 2019) (citing Fed. R. Civ. P. 16(b)(4)). When a deadline has not yet passed, Sixth Circuit courts apply the "good cause" standard. *See, e.g.*, *Papineau v. Brake Supply Co.*, No. 18-cv-00168, 2020 WL 9459289, at *1 (W.D. Ky. Feb. 20, 2020) (citations omitted) (extending, for good cause shown, a discovery deadline and expert report deadline by 120 days where there were "additional depositions to be taken and … coordinating the schedules of the attorneys and witnesses [was] problematic") (alterations in original). An extension is especially appropriate where Plaintiffs' experts will not have sufficient time to prepare their reports if an extension is not granted. *See, e.g.*, *Ruiz v. Bueno*, No. 12-cv-0809, 2014 WL 347041, at *3 (S.D. Ohio Jan. 30, 2014) (finding that plaintiffs would be prejudiced if an extension was not granted where experts would not have time to obtain necessary information needed to make expert disclosures); *Heisler v. Maxtor Corp.*, No. 06-cv-06634, 2011 WL 1496114, at *3 (N.D. Cal. Apr. 20, 2011) (granting extension of due date for expert report where expert report was highly relevant to plaintiffs' claims).

In the Related Actions, the scheduling orders also expressly provide that:

> [t]he deadlines for completing depositions and closing fact discovery *are contingent on the Parties' substantially completing production of data and documents* sufficiently in advance of the February 18, 2022 deadline for completing depositions and closing fact discovery so that the Parties have sufficient time to prepare for and utilize the documents at depositions.

(No. 20-cv-2600, Dkt. 61 at 3 n.2; No. 20-cv-2782, Dkt. 100 at 3 n.2; No. 20-cv-02892, Dkt. 61 at 2 n.2) (emphasis added). That condition precedent has not occurred.

### III.    FACTUAL BACKGROUND

#### A.    *Fusion Elite* Discovery

The first complaint in *Fusion Elite* was filed against Varsity and USASF, in the Western District of Tennessee, on August 13, 2020. (No. 20-cv-2600, Dkt. 1.) A second

followed on August 25, 2020 and was consolidated with *Fusion Elite* a few weeks later. (No. 20-cv-02649, Dkt. 1; No. 20-cv-2600, Dkts. 23, 37.) Following an initial scheduling conference, *Fusion Elite* Plaintiffs filed their Consolidated Class Action Complaint on October 2, 2020, (Dkt. 56), and the parties commenced discovery shortly thereafter, in accordance with this Court's Scheduling Order, (Dkt. 61).

     *Fusion Elite* Plaintiffs have undertaken significant discovery efforts over the last 13 months. They served requests for production on Varsity on October 16, 2020 and on USASF on October 19, 2020 and followed up with interrogatories on November 25, 2020. (Ex. 1, Van Dyck Decl. ¶2.)[2] At the time Plaintiffs served their requests for production, the scheduling order they had just negotiated called for production of responsive data 100 days later, on January 25, 2021, and document production 165 days later, on March 30, 2021. (No. 20-cv-2600, Dkt. 61 at 2.) However, the parties' discovery negotiations significantly shifted these dates. (Ex. 1, Van Dyck Decl. ¶3.) Beginning in December 2020, *Fusion Elite* Plaintiffs engaged in nearly weekly discovery conferences with Varsity and USASF regarding defendants' document and data productions. (*Id*. ¶4.) These conferences lasted until Plaintiffs moved to compel more complete responses from both on May 5, 2021. (*Id*.; Dkt. 104, 105.) Plaintiffs and Varsity were able to resolve the issues raised in *Fusion Elite* Plaintiffs' motion prior to a hearing before the magistrate, but these ongoing negotiations significantly shifted production deadlines, which *Fusion* Plaintiffs had counted on in negotiating the deadlines adopted by the Court in the *Fusion Elite* Scheduling Order—for amendment of pleadings, the close of fact discovery, expert reports and briefing. (Dkt. 132.) While it made several document productions in December 2020 and early 2021, Varsity began producing the bulk of its custodial documents on June 14, 2021 and

---

[2] *See* Declaration of Katherine Van Dyck in support of Plaintiffs' Joint Motion to Modify Scheduling Orders, attached as Exhibit 1 and cited herein as "Van Dyck Decl.".

has continued to produce documents on a rolling basis, making additional productions of documents and data in July, August, September, October, and November 2021. (Ex. 1, Van Dyck Decl. ¶5.) Varsity has, thus far, produced 96,783[3] documents. (*Id.*) Certain of Varsity's document and data productions have occurred up to nine months (for data) and seven months (for documents) later than what the parties had originally contemplated at the time the Court adopted the operative Scheduling Order, due, in part, to ongoing negotiations.

With respect to USASF, on June 28, 2021, this Court ordered Plaintiffs to refine their proposed search parameters, and USASF was ordered to "conduct searches based on the revised parameters." (Dkt. 133 at 3.) Plaintiffs and USASF continue to negotiate appropriate parameters for USASF's productions and have agreement on most search terms and many custodians. (Ex. 1, Van Dyck Decl. ¶6.) However, significant document productions are outstanding. (*Id.*)

Plaintiffs have also served 27 subpoenas duces tecum on non-parties between November 2, 2020 and the present. (*Id.* ¶¶8, 10.) These non-parties include former Varsity employees Tres LeTard, Brian Elza, and Marlene Cota; ostensible competitors Nfinity Athletic LLC, Rebel Athletic Inc., and GK Elite Sportswear Inc.; investors such as Charlesbank Capital Partners and Partners Group AG, which acquired Varsity in December 2014, Ares Capital Corp., Barclays PLC, and Crescent Capital Group, which each provided financing for the December 2015 acquisition, and Bain Capital LP, which acquired Varsity in June 2018; The Goldman Sachs Group, Jefferies LLC, and PricewaterhouseCoopers, which provided financial advice to Varsity through both acquisitions; Rubenstein Public Relations Inc., which has served as Varsity's public relations advisor; Quinnipiac College, which was involved in a prior lawsuit involving cheerleading; and 10 independent cheerleading event producers. (*Id.* ¶8) Plaintiffs have received

---

[3] This figure does not include documents Varsity produced the day this Motion was filed.

approximately 86,000 documents in response from 8 of the subpoenaed organizations, though only 19 documents from Bain, who is a defendant in the other two related cases. (*Id*. ¶¶8-9.) Despite numerous teleconferences, the remaining 16 subpoenas are outstanding, including those served on Varsity's ostensible competitors in the All Star Apparel market, one of which is the subject of a motion to compel filed in the Northern District of Texas on July 9, 2021, *Fusion Elite All Stars, et al. v. Rebel Athletic Inc.*, No. 3:21-mc-00151, and another, Nfinity, that may require a similar enforcement action in the Northern District of Georgia. (*Id*. ¶9.)

*Fusion Elite* Plaintiffs have produced documents and data to Defendants and have scheduled depositions of gym employees for December 7, 9, 21, and 23, 2021. (*Id*. ¶14.)

### B.   *Jones* Discovery

*Jones* Plaintiffs filed their Complaint on December 10, 2020. (No. 20-cv-2892, Dkt. 1.) On March 12, 2021, the *Jones* Defendants filed motions to dismiss the Complaint and a motion to strike class allegations. (No. 20-cv-02892, Dkts. 55 to 60.)  On April 15, 2021, Plaintiffs filed oppositions to Defendants' motions to dismiss. (No. 20-cv-02892, Dkts. 67 to 71.) On April 29, 2021, Defendants filed their replies. (No. 20-cv-02892, Dkts. 72 to 76.) A ruling on those motions is still pending. However, discovery has been ongoing, in accordance with the scheduling order entered by this Court on April 7, 2021. ((No. 20-cv-02892, Dkt. 61.)

In March 2021 and April 2021, *Jones* Plaintiffs served each Defendant in their case with a first set of requests for production of ("RFPs"), which focused on claims particular to *Jones* and supplementing what had been sought in *Fusion*. (Ex. 2, Spiegel Decl. ¶4.)[4] After many months of negotiations, correspondence, and good faith attempts to come to agreement, the production of responsive documents has been meager. *Id*. On September 18, 2021, *Jones*

---

[4] *See* Declaration of Ronnie S. Spiegel in support of Plaintiffs' Joint Motion to Modify Scheduling Orders, attached as Exhibit 2 and cited herein as "Spiegel Decl.".

Plaintiffs filed motions to compel against defendants Varsity, Charlesbank, Bain, and Jeff Webb. (No. 20-cv-02892, Dkts. 100 to 103.) The motions to compel against Charlesbank, Bain, and Webb are still pending, and the items that remain in dispute are scheduled for hearing by the Court on November 19, 2021. (No. 20-cv-02892, Dkt. 146.) It is also contemplated that *Jones* Plaintiffs will need to serve a second set of requests for production to address issues that may arise when Plaintiffs have an opportunity to review documents or as follow ups to depositions. (Ex. 2, Spiegel Decl. ¶8.) Documents related to school competitions, All Star and school camps, and school apparel, as well as other *Jones*-specific topics have not yet been searched or produced, and a number of key custodians, search terms, and the time period for production still remain in dispute. (*Id*. ¶5.) Defendant Jeff Webb has made a very limited production in *Jones* with the time period for production still in dispute, and production of text messages from Mr. Webb are still pending. (*Id*. ¶6.) Regarding Defendants Bain and Charlesbank, little to no substantive production has yet occurred in *Jones* on pending RFPs. (*Id*. ¶7.)

To date, *Jones* Plaintiffs have also served approximately 40 subpoenas on All Star gyms, specifically seeking data related to the pass on of the alleged illegal overcharges from gyms to athletes (and their parents) – Plaintiffs in *Jones*. (*Id*. ¶11.) A number of gyms have been hard to locate and a number of gyms who have received subpoenas have asked for extensions. (*Id*.) Plaintiffs expect to serve a total of 70 gyms and would hope to receive substantive productions from each. (*Id*.) *Jones* Plaintiffs also plan to serve subpoenas on schools seeking this downstream data but hope to first receive the structured data related to schools sought in *Jones*, that has not yet been produced to Plaintiffs by Varsity. (*Id*.)

Prior to October 25, 2021, *Jones* Plaintiffs completed their productions to Defendants for all three plaintiffs, and depositions are now scheduled or being scheduled. (*Id.* ¶12.)

C.     *American Spirit* Discovery

*American Spirit* Plaintiffs filed their complaint on July 24, 2020. (No. 20-cv-2782, Dkt. 1.) After some difficulty gaining compliance with Rule 26(f), they secured a 26(f) conference on November 23, 2020. (No. 20-cv-2782, Dkt. 97.) On December 1, 2020, the corporate defendants filed four motions to dismiss and a motion to strike. (No. 20-cv-2782, Dkts 91 to 95.) On December 16, 2020, the Court issued a consent scheduling order in *American Spirit* nearly identical to that in *Jones*. (No. 20-cv-2782, Dkt. 100.) Thereafter, the *American Spirit* defendants requested—and the Court partially granted—a motion to stay most, if not all, scholastic discovery in *American Spirit* until the Court denied in whole or in part the pending motions to dismiss. (No. 20-cv-2782, Dkt. 132.) Since then, *American Spirit* Plaintiffs have conducted discovery commensurate to that described in the previous paragraphs in the other two cases. Currently, *American Spirit* Plaintiffs are filing a motion to allow the filing of an amended complaint to add parties and to realign class representatives raised by the *American Spirit* defendants as deficiencies in their dismissal motions. On October 28, 2021, the Court denied the corporate defendants' motion to dismiss as to Varsity Brands Holding Co., Inc. (No. 20-cv-2782, Dkt. 141.) *American Spirit* Plaintiffs have been actively coordinating with the Plaintiffs' counsel in the other two cases and many of the consent motions and briefs filed in the other two cases are not reflecting the American Spirit involvement due to some administrative glitch.  Those pleadings are being filed but are not being reflected on the American Spirit docket.  For instance, when this pleading gets filed, more likely than not, it will not be filed on the docket in the *American Spirit* case.  We are currently trying to get that glitch straightened out.[5] Currently, however, three of the

---

[5] As of the filing of this Motion, *American Spirit* has been administratively related to *Fusion Elite*, so this issue should be resolved.

10

motions to dismiss and the motion to strike remain undecided in *American Spirit*. Evidently

for that reason, the corporate defendants have thus far still refused to provide documents

temporarily shielded by the aforementioned protective order. Consequently, to both allow

for post-denial-of-motion-to-dismiss discovery and to track the *Jones* and *Fusion Elite*

schedules as the Court previously advised, the *American Spirit* Plaintiffs approve and join

this motion for an amended schedule.

### D.    Depositions

Plaintiffs are also making best efforts to jointly schedule depositions, even with

significant outstanding document productions and ongoing discovery disputes. Plaintiffs noticed

the depositions of 12 current and former Varsity employees on October 18, 2021. (Ex. 1, Van

Dyck Decl. ¶¶10-11.) Plaintiffs took the deposition of one former Varsity employee on

November 16 and 17, 2021, and another is scheduled to take place on November 22, 2021. (*Id*.

¶10.) Four more are scheduled to take place over the course of the next several months, and

Plaintiffs are waiting for Defendants to confirm available dates for the remaining five. (*Id*. ¶¶11-

12.) Depositions of two plaintiffs and four plaintiffs' employees are also scheduled to take place

this year, while counsel for both parties are finding available dates for four more plaintiff

witnesses. (*Id*. ¶14.) Finally, on November 15, 2021, Plaintiffs served a notice of deposition

on Varsity, pursuant to Rule 30(b)(6), that will likely necessitate the depositions of multiple

corporate designees. (*Id*. ¶13.) Under this schedule, depositions are set to take place on

November 22, 2021; December 1, 4, 7, 9, 10, 21, and 23, 2021; January 11, 18 and 19, 2022; and

February 1 and 2, 2022. (*Id*. ¶¶11, 14.)

The Discovery Order in *Fusion Elite* allows for 55 depositions pursuant to Rule 30(b)(1).

*Jones* Plaintiffs have a proposed a deposition protocol to defendants in *Jones*, seeking to define

the total number of depositions and the protocol for depositions noticed in their own action.

Defendants have not yet responded. *Jones* Plaintiffs have proposed an additional 15 depositions (beyond the 55 allowed for in *Fusion Elite*) to cover the additional defendants in the *Jones* action (Defendants Jeff Webb, Charlesbank, and Bain). (Ex. 2, Spiegel Decl. ¶13.) Depositions of current and former employees of Defendants USASF, Bain, Charlesbank, BSN Sports, Stanbury, or Herff Jones have not been noticed or scheduled. Nor does the current schedule include Rule 30(b)(6) depositions of the various corporate defendants or depositions of the scores of non-parties that Plaintiffs have subpoenaed. None of those can be scheduled until these parties have completed their productions and documents have been reviewed. As a result of these scheduling issues, extended written discovery negotiations and disputes, and the effects that such extended negotiations have had on document and data productions, Plaintiffs still have dozens of depositions left to take, out of the 55 permitted in *Fusion Elite* and the 15 requested in *Jones*. These are depositions all Plaintiffs require to build their cases.

Even so, Plaintiffs are proceeding with depositions where documents for witnesses have not been produced and in areas where discovery has not begun, all in an effort to move the case forward. That said, *Jones* Plaintiffs have not received substantial discovery from defendants Varsity, Jeff Webb, Bain, or Charlesbank so as to be able to proceed. *Fusion Elite* Plaintiffs have not received any discovery related to the sexual misconduct allegations that are subject to Varsity and USASF's pending motion to strike. Nor have *American Spirit* Plaintiffs received any discovery related to academic regalia and band uniform markets that are the subject of a pending motion to dismiss. Thus, no depositions of those defendants and their employees have been scheduled, and no questioning related to those topics can occur. And under the current scheduling orders, witnesses' depositions may have to be held open to allow for questioning once Plaintiffs receive more complete documents and data.

# IV.    ARGUMENT

## A.    Plaintiffs Have Acted Diligently and Seek Additional Time Before Deadlines Pass

The factors this Court considers when considering amendments to scheduling orders favor the relief Plaintiffs seek. Plaintiffs come to this Court ahead of the deadline for depositions and fact discovery because it is apparent now—with discovery motions pending, significant document productions and depositions outstanding, and three months remaining—that additional time will be required.

The original period for completion of discovery, ranging from 16 months in *Fusion Elite* to just 10 months in *Jones*, is fairly compressed, particularly when compared to other antitrust cases or class actions involving similar complex disputes. In these cases, "broad discovery may be needed to uncover evidence of invidious design, pattern, or intent." *In re Urethane Antitrust Litig.*, 261 F.R.D. 570, 573 (D. Kan. 2009); *see also In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-5944, 2014 WL 5462496, at *8 (N.D. Cal. Oct. 23, 2014) (same).

The parties are doing their best to achieve a workable schedule, with individuals scheduled to be deposed on Saturdays and various other accommodations made. But even under the most cooperative scenario, where all witnesses are available and the parties smoothly schedule dates and coordinate on depositions, completing depositions by February 18, 2022 is not feasible. Many depositions require coordinating the schedules of three sets of Plaintiffs' counsel, three sets of defense counsel, the witness, and, often times, a separate lawyer for the witness. Then, when depositions are noticed in all three Related Actions, the parties must find two consecutive days to allow for the full 11 hours allotted by this Court and sufficient time for plaintiffs and defendants in each of the Related Actions to question the witnesses. (For example, within hours of the Court's granting Plaintiffs' motion regarding deposition time, counsel for Varsity notified counsel in *Fusion Elite* that at least one deposition set for the following week

would have to be rescheduled to allow for sufficient time for questioning the witness.[6] This logistical complexity on its own is good cause to extend the deadlines in light of the extensive discovery already conducted by the parties. *Papineau*, 2020 WL 9459289, at *2. The Related Actions' scheduling orders specifically provide for extensions where documents are not produced in time for the parties to prepare and use them at deposition. (No. 20-cv-2600, Dkt. 61 at 3 n.2; No. 20-cv-2782, Dkt. 100 at 3 n.2; No. 20-cv-02892, Dkt. 61 at 2 n.2.). It is now apparent that substantial documents and data will not be produced in time for Plaintiffs to have key documents in hand for depositions that began on November 16, 2021 and must take place (under the operative schedule) prior to February 18, 2022. Further, Plaintiffs will not have sufficient time to complete even a substantial fraction of their 55+ depositions before February 18, 2022, due to the deficiencies in the document and data productions and scheduling issues. In addition, Plaintiffs' experts will likely not have adequate time to process and analyze key data, documents, and testimony to provide their reports by the current March 18, 2022 deadline. The deadlines for motions to join new parties and to amend pleadings (currently both November 19, 2021) are also in peril as they are largely dependent on having sufficient discovery to uncover facts and make determinations on the liability of additional parties. Indeed, just this week, at the first deposition in these cases of Varsity's former General Manager, Vice President of Sales,

---

[6] Scheduling depositions will be further complicated because The Joseph Saveri Law Firm ("JSLF") is lead counsel in *In Re Capacitors Antitrust Litigation* in the Northern District of California ((No. 3:14-cv-03264-JD, Dkt. 2809), which is set to begin a multi-week trial on November 29, 2021. This impacts several key attorneys who will participate in depositions in this matter from JSLF, including the lead attorney in this case for *Jones*, Joseph Saveri, as well as two key attorneys for *Fusion Elite* Plaintiffs, Eric Cramer and Mark Suter, who are also participating in the *Capacitors* trial. (Ex. 1, Van Dyck Decl. ¶14.) The *Capacitors* trial originally began on March 4, 2020 but came to a sudden halt as a result of the pandemic. (Dkts. 2618, 2644-1.) The trial was eventually terminated, and the retrial was set on June 8, 2021, eight months after the scheduling order in *Fusion Elite* was entered and two months after the scheduling order in *Jones* was entered. (Dkts. 2673, 2809; Ex. 2, Spiegel Decl. at ¶14.)

Brian Elza, Plaintiffs heard testimony for the first time about Bain's involvement in the
management of Varsity.

Notably, the deadlines at issue have not yet passed. Depositions hinge, in significant part,
on the production of relevant documents. For defendants Jeff Webb, Charlesbank, and Bain,
many items subject to motions to compel are still pending, including disputes over custodians,
search terms, time periods, and other specific topics and types of documents to be produced.
While USASF has agreed to some production in *Jones* and *Fusion Elite*, it is still negotiating
custodians and search terms in *Fusion Elite*, which is causing a delay of that information in
*Jones* and *American Spirit* as well. Further, numerous depositions are outstanding and certain
depositions are being re-scheduled, per Varsity's request.

Finally, *Fusion Elite* and *Jones* Plaintiffs are still working to obtain responses to the
scores of subpoenas they served, in some cases a year ago. *Fusion Elite* Plaintiffs have received
responses to 8 of the 24 subpoenas they served on businesses, and they await a ruling in the
Northern District of Texas on their motion to compel responses from All Star Apparel
manufacturer Rebel Athletic Inc. (where briefing was completed in August). (Ex. 1, Van Dyck
Decl. ¶¶8-9.) *Jones* Plaintiffs have served approximately 40 subpoenas. (Ex. 2, Spiegel Decl.
¶11.) Most of these organizations are unfamiliar with the subpoena process, and some do not
have counsel and do not keep their data in an easily accessible format. As a result, these non-
parties need time and outreach to comply with a subpoena. Each organization may keep data in a
different format or structure. (*Id.*) This too needs to be addressed and takes time. (*Id.*) It can
involve initial sampling and then follow up meet and confers on the structure and fields of how
the data will be produced. (*Id.*) Of the subpoenas served so far, none have yet returned any data,
and several have already sought extensions of time. (*Id.*)

Depositions are now beginning, even though sufficient documents will not be in hand, in at least two of the Related Actions. For Bain and Charlesbank, where essentially no custodial or substantive documents have yet been produced and where those defendants are taking the position that they will not even engage in discussion prior to rulings on those motions to compel, depositions cannot even be noticed. (*Id.* ¶14.) While agreed, Varsity's production of data related to camps and schools has not yet occurred in *Jones*. Similarly, the expected time for serving, negotiating, and receiving productions from subpoenaed gyms and schools may be lengthy.

### B.     Plaintiffs Will Be Unduly Prejudiced Under the Current Schedule

As indirect purchasers, *Jones* Plaintiffs must show not only the initial level of alleged illegal overcharge in each of the Relevant Markets alleged (*i.e.*, the overcharge from Varsity to All Star gyms and schools re competitions, camps, and apparel) but also the "pass on" of those overcharges to class members in each Relevant Market (*i.e.*, the illegal overcharges passed on from All Star gyms and schools to athletes and their families). *See*, *e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 601 (N.D. Cal.  Mar. 28, 2010) (order certifying indirect purchaser class and explaining standard for showing antitrust impact and the steps taken by indirect expert to show pass through); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 264 F.R.D. 603, 605-606 (N.D. Cal. Nov. 29, 2009) (order granting plaintiffs' motion for class certification and explaining standards for showing pass through). As in most antitrust cases where monopoly or conspiracy is alleged, overcharges and pass on are usually evaluated by the plaintiffs' experts, using transactional data received from parties and non-parties. Here, Varsity has not yet produced data for the initial level of overcharge related to schools and camps. And while service of subpoenas has been completed or attempted on approximately 40 gyms in *Jones* seeking data related to the pass on, no data has been received, and a number of gyms have indicated that they will need an extension. (Ex. 2, Spiegel Decl. ¶11.)

As described more fully in the Spiegel Declaration, analysis of data involves transactional data from Varsity as well as gyms and schools. (*Id.* ¶10.) Even where defendants do agree to work cooperatively with Plaintiffs on production of data, there is often a back-and-forth between the parties to work out issues such as missing fields, requests for data dictionaries, or to clarify terms or the structure of the data. (*Id.*) This process has taken several months in *Fusion Elite* and remains ongoing.

Once data is received from Varsity, gyms, and schools, it will still need to be normalized, synthesized, and analyzed. (*Id.*) This generally requires some consolidation of data by experts into a workable dataset and reviewing variables, assessing what may be missing, and "cleaning" data so that it is in a usable format for analysis. (*Id.*) Finally, there is analysis of the data by Plaintiffs' experts once the dataset is built. This analysis often yields additional questions about the data, which necessitates additional meet and confers or clarification. (*Id.*) Plaintiffs' experts will also consider documents, testimony, and data from defendants and third parties to assess each market, its scope, and likely comparison markets or "benchmarks," which may also come from additional discovery requests or third parties. (*Id.* ¶9.)

*Fusion Elite* Plaintiffs similarly require third-party transactional data to compare Varsity's costs and prices to those of its alleged competitors. Such data "is the lifeblood of economic analyses presented in all or almost all antitrust cases." (Ex. 3, Singer Decl. ¶14.)[7] It "allow[s] an economist to test for the potential presence of anticompetitive effects in a market" and "is critical for antitrust analysis, such as evaluating the impact of Defendants' conduct on prices over time and to quantify the aggregate damages to the proposed [c]lass[es]." (*Id.* ¶¶2, 14.)

---

[7] *See* Declaration of Hal J. Singer, Ph.D, attached as Exhibit 3.

Thus, Plaintiffs' expert reports require sufficient documents, data, and testimony to analyze and prepare their reports for class certification, summary judgment, and trial.

In addition, discovery has not even begun on a number of issues raised in Plaintiffs' complaints. As noted in a previous filing with this Court, *Fusion Elite* Plaintiffs' allegations regarding the Varsity and USASF Defendants' conduct concerning sexual misconduct and background checks are subject to a pending Motion to Strike, and discovery concerning those allegations is currently stayed. (No. 20-cv-2600, Dkt. 155-1 at 5-6 n.4.) And the *American Spirit* Plaintiffs may not obtain discovery regarding several Defendants and topics until the Court denies defendants' motions to dismiss the *American Spirit* complaint. (*Id.*; No. 20-cv-02782, Dkt. 132 at 4.) Those topics are particularly wide-ranging. Requiring the *Fusion Elite* and *American Spirit* Plaintiffs to complete that discovery within the next three months would create significant prejudice.

Under the current Scheduling Order, without the essential data and documents that only defendants and non-parties can provide, and enough time in hand to confirm and make sense of such discovery and explore it in depositions, Plaintiffs' experts will not have sufficient time to prepare their reports, Plaintiffs will not have sufficient time to conduct discovery on key aspects of their claims, and Plaintiffs will suffer irreparable prejudice. Accordingly, Plaintiffs propose extending the current deadlines by four months.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs request that the Scheduling Orders be modified to extend the deadlines as set forth in their Motion and the proposed order submitted herewith.

Dated: November 18, 2021                    Respectfully submitted,


By: /s/ Katherine Van Dyck
Jonathan W. Cuneo*
Katherine Van Dyck*
Victoria Sims*
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
kvandyc@cuneolaw.com
vicky@cuneolaw.com

H. Laddie Montague, Jr.*
Eric L. Cramer*
Michael Kane*
Mark R. Suter*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000
hlmontague@bm.net
ecramer@bm.net
mkane@bm.net
msuter@bm.net

Gregory S. Asciolla*
Karin E. Garvey*
Veronica Bosco*
LABATON SUCHAROW LLP
140 Broadway New York, NY 10005
Telephone: (212) 907-0700
gasciolla@labaton.com
kgarvey@labaton.com
vbosco@labaton.com

*Interim Co-Lead Counsel in the Fusion Elite Action
for the Proposed Direct Purchaser Class*

J. Gerard Stranch, IV (TN BPR #23045)
Benjamin A. Gastel (TN BPR #28699)
BRANSTETTER, STRANCH & JENNINGS,
PLLC
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801

19

gerards@bsjfirm.com
beng@bsjfirm.com

*Liaison Counsel in the Fusion Elite Action for the
Proposed Direct Purchaser Class*

Benjamin D. Elga*
JUSTICE CATALYST LAW, INC.
81 Prospect Street Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Craig L. Briskin*
JUSTICE CATALYST LAW, INC.
718 7th Street NW Washington, DC 20001
Telephone: (518) 732-6703
cbriskin@justicecatalyst.org

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
FINE KAPLAN AND BLACK, R.P.C.
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Frank B. Thacher III (TN BPR #23925)
BURCH, PORTER, & JOHNSON, PLLC
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
NEAL & HARWELL, PLC
1201 Demonbreun St., Suite 1000 Nashville, TN
37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com

20

*Counsel in the Fusion Elite Action for the Proposed Direct Purchaser Class*

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Katharine A. Malone*
Anna-Patrice Harris*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:   (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
kmalone@saverilawfirm.com
aharris@saverilawfirm.com

Van Turner (TN Bar No. 22603)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
Email: vturner@bruceturnerlaw.net

Richard M. Paul III*
Sean R. Cooper*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Email: rick@paulllp.com
sean@paulllp.com

Jason S. Hartley*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
Email: hartley@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
GUSTAFSON GLUEK PLLC

21

Canadian Pacific Plaza 120 South Sixth Street,
Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

*Attorneys in the Jones Action for Individual and
Representative Plaintiffs*

Robert A. Falanga*
Kobelah Svensen Bennah*
LAW OFFICES
FALANGA & CHALKER
11200 Atlantis Pl #C
Alpharetta, GA 30022
Phone: (770) 955-0006
Fax: (770) 955-2123

*Interim Lead Class Counsel in the American Spirit
Action for the Proposed Independent Event
Production Class, the Competitive Recreational,
College, High School or Junior High School
Student Parent Class, the Apparel, Athletic
Equipment and Merchandise Class, and the Cheer
Camp Market Class*

* Admitted pro hac vice

+Located in Washington State