# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| FUSION ELITE ALL STARS, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-2600-SHL-tmp |
| | ) | |
| VARSITY BRANDS, LLC, et al., | ) | |
| Defendants. | ) | |
| | | |
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 2:20-cv-2782-SHL-tmp |
| | ) | |
| VARSITY BRANDS, LLC, et al., | ) | |
| Defendants. | ) | |
| | | |
| JESSICA JONES, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 2:20-cv-02892-SHL-tmp |
| | ) | |
| BAIN CAPITAL PRIVATE EQUITY, et al., | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' JOINT MOTION TO MODIFY SCHEDULING ORDERS**

Before the Court is Plaintiffs' Joint Motion to Modify Scheduling Orders, filed November 18, 2021, (ECF No. 154), and Defendants' Response in opposition, (ECF No. 156), filed December 2, 2021.[1]  Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel

---

[1] The Court will reference the ECF numbers for docket entries from <u>American Spirit and Cheer Essentials, Inc., et al., v. Varsity Brands, LLC, et al.</u>, No. 2:20-cv-2782-SHL-tmp, throughout this Order.  The Plaintiffs' Joint Motion and Defendants' Response are also located on the respective dockets of the <u>Jessica Jones v. Bain Capital Private Equity, et al.</u>, and <u>Fusion Elite All Stars, et al., v. Varsity Brands, LLC, et al</u>. matters.

Athletics, Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro (collectively, "Fusion Elite Plaintiffs"); Plaintiffs Jessica Jones, Michelle Velotta, and Christina Lorenzen (collectively, "Jones Plaintiffs"); and Plaintiffs American Spirit and Cheer Essentials, Inc., Rockstar Championships, LLC, Jeff & Craig Cheer, LLC, d/b/a Jeff and Craig Camps, and Ashley Haygood (collectively, "American Spirit Plaintiffs") seek a four-month extension of all remaining discovery deadlines in the current Scheduling Order.  For the reasons stated below, the Court **DENIES** the request to extend discovery deadlines by four months, and instead **GRANTS** a two-month extension of all remaining discovery deadlines in the current Scheduling Order as of December 7, 2021.[2]

    Plaintiffs first note that the previous Scheduling Orders in these cases "allowed for a discovery period ranging from 16 months in Fusion Elite to 10 months in Jones."  (ECF No. 154 at PageID 1093.)  They assert that they have been diligent in pursuing discovery in the related actions, but, due to a disputed amount of discovery from Defendants resulting in a delay of document production, the significant data and documents required to prove these complex claims, and the challenge of jointly coordinating depositions, they need more time to complete depositions.  The current deadline is February 18, 2022.  Moreover, they claim to be acting "ahead of the deadline" by submitting this Motion in advance of all later discovery deadlines.

    In opposition, Defendants contend that Plaintiffs improperly seek to "use issues created by its own dilatory conduct to justify a scheduling extension."  (ECF No. 156 at PageID 1177.)  Defendants argue that no extensions to discovery deadlines are needed because Plaintiffs' own

---

[2] This Order does not affect the already-expired deadline for joining parties or amending pleadings, which was November 19, 2021.

inaction, including their issuance of vague and overbroad document requests and multiple month-long delays before requesting deposition dates or refining search parameters, created these challenges to complete discovery. According to Defendants, such "tactics" do not provide good cause to extend the discovery deadlines.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). While both Plaintiffs and Defendants seem to be responsible for delays in this matter, the Court still finds good cause to extend the discovery deadlines within the Scheduling Order. That said, the Court will not grant the full four-month extension request, given Plaintiffs' contribution to the need for more time. Instead, the Court **GRANTS** a two-month extension of all remaining discovery deadlines in the current Scheduling Order as of this date, December 7, 2021. Plaintiffs' Motion is **GRANTED IN PART AND DENIED IN PART**.

The Scheduling Order for this case is modified as follows:

Deadline for Serving Interrogatories and Requests for Admission: **MARCH 14, 2022**

Deadline for Completion of Depositions: **APRIL 18, 2022**

Close of Fact Discovery: **APRIL 18, 2022**

Deadline to Serve Expert Reports on All Issues for Which a Party Bears the Burden of Proof: **MAY 18, 2022**

Deadline to Serve Opposing Expert Reports: **JULY 13, 2022**

Deadline to Serve Expert Rebuttal Reports: **SEPTEMBER 12, 2022**

Deadline for Expert Witness Depositions: **OCTOBER 12, 2022**

Deadline for Motions for Class Certification and to Exclude Experts under F.R.E. 702/ Daubert Motions: **NOVEMBER 16, 2022**

Deadline for Oppositions to Class Certification and to Exclude Experts Under F.R.E. 702/ Daubert Motions: **JANUARY 11, 2023**

Replies in Support of Motions to Exclude Experts under F.R.E. 702/ Daubert Motions: **FEBRUARY 9, 2023**

Additionally, the Status Conference to set the schedule for summary judgment motions, trial and address other pending issues is now moved from November 18, 2022 at 9:30 a.m. to **January 18, 2023 at 9:30 AM**.  No other requests for extensions of these deadlines will be granted absent extraordinary circumstances.

  **IT IS SO ORDERED,** this 7th day of December, 2021.

            s/ Sheryl H. Lipman
            SHERYL H. LIPMAN
            UNITED STATES DISTRICT JUDGE