# **EXHIBIT A**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>　　　　Defendants. | Civ. Action No. 2:20-cv-02600 |
| JESSICA JONES, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br><br>BAIN CAPITAL PRIVATE EQUITY, et al.<br><br>　　　　Defendants. | Civ. Action No. 2:20-cv-02892 |

## DECLARATION OF MATTHEW S. MULQUEEN IN SUPPORT OF MOTION TO QUASH OR MODIFY SUBPOENA DIRECTED TO MARLENE COTA AND FOR PROTECTIVE ORDER

I, Matthew S. Mulqueen, declare as follows:

1. I am counsel to Varsity Spirit, LLC ("Varsity"), Varsity Brands, LLC, Varsity Brands Holding Co., Inc., Varsity Spirit Fashions & Supplies, LLC, Bain Capital, LP, and Charlesbank Capital Partners, LLC in the above-captioned actions and have been personally involved in the matters described below.

2. On December 16, 2021, I received a letter from Bryan Meredith of the Meredith Law Firm, stating that he represented Marlene Cota in connection with the subpoenas that Plaintiffs issued to Ms. Cota. A true and correct copy of that letter is attached as **Exhibit 1**. Mr.

1

Meredith disclosed that Ms. Cota had in her possession several categories of documents from the time of her employment with Varsity, including (1) agreements and other documents describing or referencing Ms. Cota's employment compensation, and/or the terms and conditions of her employment with Varsity; (2) correspondence between Ms. Cota and Varsity employees and/or sponsors or other third parties pertaining to sponsorships, competitions, competitors, and other business dealings; (3) business development documents disseminated by Varsity to its employees and/or third parties including documents related to acquiring sponsorships and commissions for the acquisition of new sponsorships; and (4) Ms. Cota's personal notes made during her employment with Varsity, some of which are loose leaf and many of which are contained in volumes of notebooks.  *See id.*

3.  Mr. Meredith's letter acknowledged that the above categories included documents that were subject to Ms. Cota's contractual confidentiality obligations to Varsity.  *See id.*

4.  Mr. Meredith offered Defendants' counsel the opportunity to inspect the documents or to seek a protective order before document production.  Varsity accepted the offer to inspect the documents and arranged to meet Mr. Meredith on December 20, 2021.

5.  After Plaintiffs' counsel learned of the planned meeting with Mr. Meredith, counsel objected and demanded to participate in the document inspection.  Following Plaintiffs' objection, Mr. Meredith stated that he would postpone the inspection until a later date.

6.  On December 21, 2021, Defendants sent a letter to Ms. Cota summarizing her contractual obligations to maintain confidentiality, her acknowledgements that the materials she possesses are Varsity's exclusive property, and her promises to return to Varsity all material relating to Varsity upon her termination.  The letter demanded a return of Varsity's property to Varsity.  A true and correct copy of this letter is attached as **Exhibit 2**.

7. On December 23, 2021, I spoke to Mr. Meredith via telephone and informed him that Defendants would be filing a motion to quash and for protective order. Mr. Meredith stated that Ms. Cota had agreed to return the business material in her possession to Varsity after the court resolved Defendants' motion.

8. As counsel for Varsity, I participated in lengthy negotiations over the proper scope of discovery in both the *Fusion Elite* and *Jones* cases. Combined, Plaintiffs' counsel proposed over 50 document custodians for Varsity to search, including several former employees. Ms. Cota has never been a proposed, discussed, agreed, or ordered custodian in either case.

9. The parties in *Fusion Elite* had a dispute over Plaintiffs' Requests for Production Nos. 92-103, which sought production of Varsity documents relating to sexual abuse and harassment concerning All Star cheerleaders. Varsity objected to those requests and refused to respond in light of, *inter alia*, Defendants' motion to strike class allegations and allegations relating to sexual abuse from Plaintiffs' complaint. As part of the parties' agreed resolution of their discovery dispute on this issue, Plaintiffs agreed, on June 22, 2021, to withdraw their requests for production to Varsity on this topic pending the Court's decision on the motion to strike. The parties further agreed that if the Court denied the motion to strike, the parties would meet and confer regarding the scope of these requests.

10. On February 9, 2021, Varsity produced an organizational chart with bates number VAR00009411. The organizational chart was dated January 1, 2017 and listed Marlene Cota as "VP Corporate Alliances."

11. I declare under penalty of perjury that the foregoing is true and correct. Executed on December 27, 2021.

DocuSigned by:
*Matthew S. Mulqueen*
85DAF0B684C3418...
Matthew S. Mulqueen