# **EXHIBIT 1**



Bryan M. Meredith
Attorney at Law

1715 Aaron Brenner Drive
Suite 450
Memphis, Tennessee 38120
901-315-0232, fax 901-410-3116
bryan@meredithlegal.com

December 16, 2021

VIA ELECTRONIC MAIL
Adam S. Baldridge
Matthew S. Mulqueen
BAKER DONELSON
BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave
Ste 2000
Memphis, TN 38103
Emails:
abaldridge@bakerdonelson.com
mmulqueen@bakerdonelson.com

VIA ELECTRONIC MAIL
George Cary
Jennifer Kennedy Park
Steven Kaiser
CLEARY GOTTILEB STEEN &
HAMILTON LLP
2112 Pennsylvania Avenue NW
Ste 1000
Washington, DC 20037
Emails:
gcary@cgsh.com
jkpark@cgsh.com
skaiser@cgsh.com

Re:   *Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.*, No. 2:20-cv-02600
      *Jones et al. v. Varsity Brands LLC et al.*, No. 2:20-cv-02892

Counselors:

Please be advised that I represent Marlene Cota in regard to the subpoena *duces tecum* requiring her to testify and produce documents in the referenced matters pending in the U.S. District Court for the Western District of Tennessee. It is my understanding that you represent Varsity Spirit, LLC in these cases; if this is incorrect, please let me know soon.

In the subpoena *duces tecum*, the Plaintiffs seek the production of numerous categories of documents germane to Ms. Cota's employment with Varsity Spirit, LLC ("Varsity"). As you may know, on or about January 30, 2018, Ms. Cota and Burton Brillhart of Varsity executed an Agreement, General Release, and Confidentiality Statement (the "Agreement"). The categories of documents sought by Plaintiffs include documents containing information which relates to and references Varsity and which, pursuant to the Agreement, Ms. Cota agreed to keep confidential.

When Ms. Cota's employment was terminated on January 9, 2018, she was not allowed to access her work-space at Varsity. However, Ms. Cota was instructed to return the following day to receive her personal things. On January 10th, Ms. Cota returned to Varsity and Robert Tisdale and Ron Shaw, both Varsity employees, placed boxes of Ms. Cota's personal items into her vehicle. Ms. Cota did not know specifically what the boxes provided by Varsity contained, and she did not examine their contents.

*December 16, 2021*
*Page 2*

However, after Ms. Cota received the subpoena *duces tecum* issued by Plaintiffs' counsel, she went through the contents of the boxes and observed that numerous documents therein are responsive to the subpoena and contain confidential information subject to the Agreement.

The documents that Ms. Cota discovered in the boxes placed in her vehicle by Varsity include, but are not limited to, physical copies of (1) agreements and other documents describing or referencing Ms. Cota's employment compensation, and/or the terms and conditions of her employment with Varsity; (2) correspondence between Ms. Cota and Varsity employees and/or sponsors or other third parties pertaining to sponsorships, competitions, competitors, and other business dealings; (3) business development documents disseminated by Varsity to its employees and/or third parties including documents related to acquiring sponsorships and commissions for the acquisition of new sponsorships; and (4) Ms. Cota's personal notes made during her employment with Varsity, some of which are loose leaf and many of which are contained in volumes of notebooks. These personal notes include details of Ms. Cota's daily experiences as a Varsity employee, such as events and occurrences she experienced, conversations she had with other employees, and her perceptions of other employees.  All of the foregoing documents are responsive to the subpoena.

Also, the documents responsive to the subpoena include the Agreement, the Release of Claims that Ms. Cota executed on or about January 30, 2018, and the Employee Confidentiality, Non-Solicitation, Non-Competition and Invention Assignment Agreement executed by Ms. Cota on or about January 4, 2016.

I am not aware of any legal basis for Ms. Cota to refuse to produce the documents she has in her possession that are responsive to the subpoena *duces tecum*.  Therefore, it is my intent to designate them "Highly Confidential" and for Ms. Cota to produce them to Plaintiffs' counsel prior to her deposition.  However, prior to the production of these documents, I wanted to give you an opportunity to inspect them, and to seek a protective order or other relief from the Court if you oppose their production to Plaintiffs' counsel.

At this time, the deadline for Ms. Cota's production of documents responsive to the subpoena is January 3, 2022.  Therefore, if you wish to arrange for an inspection of the responsive documents at my office or seek a protective order or other judicial relief, please do so as soon as possible and no later than December 29, 2021.

I look forward to hearing from you.

Very truly yours,

MEREDITH LAW FIRM

*/s/ Bryan M. Meredith*

Bryan M. Meredith

cc:   Katie Van Dyck (via electronic mail)