# **<u>EXHIBIT 2</u>**



2000 FIRST HORIZON BUILDING
165 MADISON AVENUE
MEMPHIS, TENNESSEE 38103

PHONE:   901.526.2000
FAX:        901.577.2303

www.bakerdonelson.com

MATTHEW S. MULQUEEN
**Direct Dial**: 901.577.8234
**Direct Fax**: 901.577.0843
**E-Mail Address**: mmulqueen@bakerdonelson.com

December 21, 2021

**VIA ELECTRONIC MAIL**

Bryan M. Meredith
Meredith Law Firm
1715 Aaron Brenner Drive
Suite 450
Memphis, Tennessee 38120
phone 901-315-0232
fax 901-410-3116
bryan@meredithlegal.com

Re:   *Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.*, No. 2:20-cv-02600
      *Jones et al. v. Varsity Brands LLC et al.*, No. 2:20-cv-02892
      *American Spirit and Cheer Essentials, Inc. et al. v. Varsity Brands, LLC et al.*,
      No. 2:20-cv-02782-SHL-tmp

Dear Mr. Meredith:

We are in receipt of your December 16, 2021 letter, which notes that Marlene Cota possesses the following categories of documents that you believe are responsive to the subpoena *duces tecum* issued by the Plaintiffs in the above-referenced *Fusion Elite* and *Jones* cases:

(1) agreements and other documents describing or referencing Ms. Cota's employment compensation, and/or the terms and conditions of her employment with Varsity; (2) correspondence between Ms. Cota and Varsity employees and/or sponsors or other third parties pertaining to sponsorships, competitions, competitors, and other business dealings; (3) business development documents disseminated by Varsity to its employees and/or third parties including documents related to acquiring sponsorships and commissions for the acquisition of new sponsorships; and (4) Ms. Cota's personal notes made during her employment with Varsity, some of which are loose leaf and many of which are contained in volumes of notebooks.

Bryan M. Meredith
December 21, 2021
Page 2

You also state that Ms. Cota possesses copies of an Agreement, General Release, and Confidentiality Statement executed by Ms. Cota and Burton Brillhart on behalf of Varsity on or about January 30, 2018 ("Severance Agreement"), the Release of Claims that Ms. Cota executed on or about January 30, 2018 ("Release"), and the Employee Confidentiality, Non-Solicitation, Non-Competition and Invention Assignment Agreement executed by Ms. Cota on or about January 4, 2016 ("Employee Confidentiality Agreement"). Although not expressly mentioned in your letter, Ms. Cota is also a party to an Employment Agreement with Varsity dated June 10, 2005 and an Addendum to that agreement dated December 22, 2008 (together, "Employment Agreement").

Varsity disputes that any of its employees provided Ms. Cota with Varsity's property—including the material outlined in your letter—in connection with her termination. The items that Varsity packed up in boxes for Ms. Cota included only personal items. Regardless of how Ms. Cota ended up with Varsity's proprietary business material in her possession, however, it is clear that Ms. Cota is under an obligation to return it to Varsity.

Pursuant to the Employment Agreement, Ms. Cota agreed to keep confidential and to not disclose "Confidential Information." Employment Agreement ¶ 6. She further agreed to "promptly, following a request therefore from Company, return to Company, without retaining copies, all items which are or which contain Confidential Information." *Id.* ¶ 6(c). "Confidential Information" for these purposes includes "all information, and all data, knowledge, documents and other tangible items, relating to the Company's business, which is protectable as a trade secret under applicable law or is subject to the reasonable efforts of Company to maintain its secrecy and from which secrecy Company derives economic value," *id.* ¶ 6(a), as well as "information, knowledge or data of any third party doing business with Company that such third party identifies as being confidential," *id.* ¶ 6(b).

The Employee Confidentiality Agreement contains similar provisions. Ms. Cota agreed that "all information, whether or not in writing, concerning the Company Entities' business, technology, business relationships or financial affairs that the Company Entities have not released generally within the industry or industries in which they operate (collectively, "Proprietary Information") is and will be the exclusive property of the Company Entities." Employee Confidentiality Agreement ¶ 1 (emphasis added); *see also id.* ¶ 6 (noting that all material containing Proprietary Material that came into Ms. Cota's possession was "the exclusive property of the Company"). Ms. Cota promised that she would "not, at any time, without the Company's prior written permission, either during or after [her] employment, disclose any Proprietary Information to anyone outside of the Company Entities, or use or permit to be used any Proprietary Information for any purpose other than the performance of [her] duties as an employee of the Company Entity." *Id.* ¶ 2. She also agreed to "deliver to the Company all copies of Proprietary Information in [her] possession or control upon the earlier of a request by the Company or termination of [her] employment." *Id.* In the specific event of her termination, Ms. Cota agreed that she would "deliver to the Company all files, letters, notes, memoranda, reports, records, data, sketches, drawings, notebooks, layouts, charts, quotations and proposals, specification sheets, program listings, blueprints, models, prototypes, or other written, photographic or other tangible material containing Proprietary Information, and other materials of any nature pertaining to the Company or any Company Entity or to my work, and w[ould] not take or keep in [her] possession

Bryan M. Meredith
December 21, 2021
Page 3

any of the foregoing or any copies." *Id.* ¶ 6. The restrictions and obligations set out in the Employee Confidentiality Agreement are in addition to and supplementary of the other obligations found in other agreements between the parties. *Id.* ¶ 18.

In the Severance Agreement, Ms. Cota "certifie[d] and declare[d] that she ha[d] returned to the custody of the Company all Company property and documents, as well as any copies of Company property and documents, in her possession." Severance Agreement ¶ 6. The agreement defines "Company documents" as "any writings, contracts, records, files, tape recordings, correspondence, photographs, communications, summaries, data, notes, memoranda, diskettes, or any other source containing information which relates to or references the Company and which was provided by the Company or obtained as a result of Employee's relationship/employment with the Company." *Id.* (emphasis added). Ms. Cota also promised that she would not disclose any "information she obtained as a result of her position with the Company" without obtaining prior express consent from Varsity. *Id.* ¶ 7. These obligations and restrictions are to be read in tandem with, and not limited by, similar obligations set out in the Employee Confidentiality Agreement and Employment Agreement. *Id.* ¶ 11.

The Employment Agreement, Employee Confidentiality Agreement, and Severance Agreement each contain provisions allowing Varsity to seek injunctive relief, damages (including, under the Severance Agreement, a return of severance pay), and attorneys' fees and costs as a result of a breach of any provision in those agreements. *See, e.g.*, Employment Agreement ¶ 8(a); Employee Confidentiality Agreement ¶ 11; Severance Agreement ¶ 15.

As the foregoing provisions make clear, the material that you describe in your letter (with the exception of copies of agreements to which Ms. Cota is a party) constitute Varsity's exclusive property. Ms. Cota was obligated to return the material to Varsity upon her termination and has no right to possess or use the material for any purpose. Varsity hereby demands that Ms. Cota comply with the obligations in the agreements set out above by returning to Varsity all "Confidential Information" within the meaning of the Employment Agreement, all "Proprietary Information" and "other materials of any nature pertaining to the Company or any Company Entity or to [her] work" within the meaning of the Employee Confidentiality Agreement, and all "Company property and documents" within the meaning of the Severance Agreement.

Pending Ms. Cota's return of this material to Varsity, please note that Varsity objects to Ms. Cota's use of the material for any purpose, including production of the material to Plaintiffs in response to the subpoena *duces tecum*. Varsity also objects to any inspection of Varsity's property by Plaintiffs, whether formal or informal. If Ms. Cota still intends to produce or otherwise make available Varsity's property to Plaintiffs following receipt of this letter, please advise us immediately so we may seek appropriate relief in court.

Sincerely,

s/ Matthew S. Mulqueen
Matthew S. Mulqueen

Bryan M. Meredith
December 21, 2021
Page 4


cc:   Adam S. Baldridge (via electronic mail)
      George Cary (via electronic mail)
      Jennifer Kennedy Park (via electronic mail)
      Steven Kaiser (via electronic mail)
      Katie Van Dyck (via electronic mail)

MSM01:msm01