# **EXHIBIT 3(b)**

## RELEASE OF CLAIMS

This Release of Claims (this "Release") is entered into by and among Marlene Cota (the "Executive"), Varsity Spirit, LLC (the "Company") and Varsity Brands Holding Co., Inc. ("VBHC") in connection with that certain Time Vesting Award Agreement under the VBHC Phantom Unit Plan, dated as of December 15, 2014, by and between the Executive and VBHC (the "Time Vesting Award Agreement") and that certain Performance Vesting Award Agreement under the VBHC Phantom Unit Plan, dated as of December 15, 2014, by and between the Executive and VBHC (the "Performance Vesting Award Agreement," and collectively with the Time Vesting Award Agreement, the "Award Agreements"). This is the Release referenced in the Award Agreements. The consideration for the Executive's agreement to this Release consists of, to the extent payable, the post-termination compensation under the Award Agreements.

1. **Tender of Release.** This Release is automatically tendered to the Executive upon the date of the Executive's termination by the Company without Cause or by the Executive for Good Reason (each as defined in the Award Agreements).

2. **Release of Claims.** The Executive voluntarily releases and forever discharges the Company, VBHC, each of their respective affiliated and related entities, their respective predecessors, successors and assigns, their respective employee benefit plans and fiduciaries of such plans, and the current and former members, partners, directors, managers, officers, shareholders, other equityholders, employees, attorneys, accountants and agents of each of the foregoing in their official and personal capacities (collectively referred to as the "Releasees") generally from all claims, demands, debts, damages and liabilities of every name and nature, known or unknown (collectively, "Claims") that, as of the date when the Executive signs this Release, she has, ever had, now claims to have or ever claimed to have had against any or all of the Releasees This general release of Claims includes, without implication of limitation, the release of all Claims:

- relating to the Executive's employment by (or, as applicable service relationship) with and termination from employment (or, as applicable service relationship) with the Company, VBHC and/or any of their affiliates;
- of wrongful discharge or violation of public policy;
- of breach of contract;
- of discrimination or retaliation under federal, state or local law (including, without limitation, Claims of age discrimination or retaliation under the Age Discrimination in Employment Act, Claims of disability discrimination or retaliation under the Americans with Disabilities Act, and Claims of discrimination or retaliation under Title VII of the Civil Rights Act of 1964;
- under any other federal or state statute or constitution or local ordinance;
- of defamation or other torts;
- for wages, bonuses, incentive compensation, stock, stock options, vacation pay or any other compensation or benefits, whether under Texas law or otherwise; and
- for damages or other remedies of any sort, including, without limitation, compensatory damages, punitive damages, injunctive relief and attorney's fees.

*provided* that, in no event shall the foregoing be deemed to waive or release the Executive's rights under this Release.

3. Ongoing Obligations of the Executive. The Executive hereby reaffirms the Executive's ongoing obligations to the Company, VBHC and each of their respective affiliates, which obligations are incorporated herein by reference, including, without limitation any restrictive covenant agreement or obligation between the Executive and the Company, VBHC and/or any of their affiliates (collectively, the "Ongoing Obligations").

4. Nondisparagement. The Executive agrees not to make any disparaging, critical or otherwise detrimental statements to any person or entity concerning any Releasee or the products or services of any Releasee. This nondisparagement obligation shall not in any way affect the Executive's obligation to testify truthfully in any legal proceeding.

5. No Assignment. The Executive represents that the Executive has not assigned to any other person or entity any Claims against any Releasee.

6. Right to Consider and Revoke Release. The Executive acknowledges that she has been given the opportunity to consider this Release for a period of 21 days (the "Consideration Period"). In the event the Executive executed this Release before the end of the Consideration Period, she acknowledges that such decision was entirely voluntary and that she had the opportunity to consider this Release until the end of the Consideration Period. To accept this Release, the Executive shall deliver a signed Release to the Company's then most senior Human Resources professional ("HR") before the end of the Consideration Period. For a period of seven (7) days from the date when the Executive executes this Release (the "Revocation Period"), she shall retain the right to revoke this Release by written notice that is received by HR on or before the last day of the Revocation Period. This Release shall take effect only if it is executed within the Consideration Period as set forth above and if it is not revoked pursuant to the preceding sentence. If the conditions set forth in this Section are satisfied, this Release shall become effective and enforceable on the date immediately following the last day of the Revocation Period (the "Effective Date").

7. Other Terms.

   a. Legal Representation; Review of Release. The Executive acknowledges that she has been advised by the Company to discuss all aspects of this Release with her attorney, that she has carefully read and fully understands all of the provisions of this Release and that she is voluntarily entering into this Release.

   b. Binding Nature of Release. This Release shall be binding upon the Executive and upon her heirs, administrators, representatives and executors.

   c. Modification of Release; Waiver. This Release may be amended only upon a written agreement executed by the Executive and an authorized representative of the Company.

   d. Severability. If any portion or provision of this Release (including, without limitation, any portion or provision of any section of this Release) shall to any extent be declared illegal or unenforceable by a court of competent jurisdiction, then the remainder of this Release,

or the application of such portion or provision in circumstances other than those as to which it is so declared illegal or unenforceable, shall not be affected thereby, and each portion and provision of this Release shall be valid and enforceable to the fullest extent permitted by law.

      e.      Governing Law and Interpretation. This Release shall be deemed to be made and entered into in the State of Tennessee, and shall in all respects be interpreted, enforced and governed under the laws of the State of Tennessee, without giving effect to its conflict of laws provisions. The language of all parts of this Release shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the parties.

      f.      Entire Agreement; Absence of Reliance. This Release constitutes the entire agreement between the Executive, the Company VBHC and/or any of their affiliates and supersedes any previous agreements or understandings between the Executive, the Company, VBHC and/or any of their affiliates, except the Ongoing Obligations, the Award Agreements, the VBHC Phantom Unit Plan, and any other obligations specifically preserved in this Agreement. The Executive acknowledges that the Executive is not relying on any promises or representations by the Company, VBHC, or any other Releasee with respect to any subject matter addressed in this Release.

IN WITNESS WHEREOF, the parties have executed this Release:

VARSITY SPIRIT, LLC

By: *[signature]*

Its:    Secretary

January 30, 2018
Date

VARSITY BRANDS HOLDING CO., INC.

By: *[signature]*

Its:    Secretary

January 30, 2018
Date

3

THE EXECUTIVE

_____
Marlene Cota

__1 – 30 - 2018_____
Date

4