UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS, et al.,<br><br>  Plaintiffs,<br> v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>  Defendants. | Civ. Action No. 2:20-cv-02600 |
| JESSICA JONES, et al.,<br><br>  Plaintiffs,<br> v.<br><br>BAIN CAPITAL PRIVATE EQUITY, et al.,<br><br>  Defendants. | Civ. Action No. 2:20-cv-02892 |

**APPEAL OF ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH OR MODIFY SUBPOENA DIRECTED TO MARLENE COTA AND FOR PROTECTIVE ORDER**

Come now Defendants Varsity Brands, LLC, Varsity Spirit, LLC ("Varsity"), Varsity Spirit Fashions & Supplies, LLC, Charlesbank Capital Partners, and Bain Capital Private Equity (collectively, "Defendants"), by and through counsel, pursuant to Federal Rules of Civil Procedure 72, 45, and 26 and Local Rule 72.1(g), and hereby respectfully appeal the Chief Magistrate Judge's Order Granting in Part and Denying in Part Motion to Quash or Modify Subpoena Directed to

1

Marlene Cota and for Protective Order. *See* Order, *Elite Fusion*, 2:20-cv-02600-SHL-tmp, ECF No. 193; Order, *Jones*, 20-cv-02892-SHL-tmp, ECF No. 195.[1]

"Rule 45 may not be used to circumvent discovery that could have been properly sought under Rule 34." *Elvis Presley Enterprises, Inc. v. City of Memphis, Tennessee*, No. 2:18-CV-02718, 2020 WL 4015476, at *12 (W.D. Tenn. July 16, 2020); *accord The Sedona Conference Commentary on Rule 45 Subpoenas to Non-Parties, Second Edition*, 22 SEDONA CONF. J. 1, 20 (2021). In fact, "before any requests for documents or ESI from a custodial non-party are issued or enforced, the threshold analysis should be whether a party to the litigation has possession, custody, or control of the documents or ESI." 22 SEDONA CONF. J. 1, at 17. "[W]here a party to the litigation has control over the requested documents and ESI that are in the possession or custody of a non-party, document requests to a party, rather than subpoenas to a custodial non-party, are the appropriate method to obtain discovery of those documents and ESI." *Id.*

There is no dispute here that Plaintiffs seek—through a Rule 45 subpoena to former Varsity employee Marlene Cota—documents that are within Varsity's possession, custody, and control. The proper method of seeking such documents is through Rule 34, which would allow Varsity to fully protect its "interests in as well as rights and obligations regarding the requested documents" as contemplated by the Federal Rules. 22 SEDONA CONF. J. 1, at 18. Instead, clearly erroneously and contrary to law, the Magistrate Judge ordered Ms. Cota to produce Varsity's documents in response to the Rule 45 subpoena, with only a limited opportunity for Varsity to review the production for attorney-client privileged material. The Magistrate Judge's order mistakenly relied on inapplicable cases from other districts addressing confidentiality provisions—not the issue

---

[1] Citations to case filings in the remainder of this appeal will be to the *Fusion Elite* docket, unless specified otherwise.

here—while failing to address case law from this district directly on point. The Court should remedy this clear error and quash or modify the subpoena, and issue a protective order, prohibiting Ms. Cota's production of Varsity's documents through Plaintiffs' Rule 45 subpoena.

## BACKGROUND[2]

Marlene Cota is a former Varsity employee who was terminated in early 2018, over two years before Plaintiffs filed their complaints in these cases. *See* ECF No. 178 at PageID 2724. Ms. Cota served as VP of Corporate Alliances before her termination, and in that position was responsible for securing corporate sponsorships for Varsity. *Id.* Corporate sponsorships are not a part of Plaintiffs' antitrust allegations in these cases. Perhaps not surprisingly, given the disconnect between her job responsibilities and the relevant claims and defenses in these cases, Plaintiffs never requested that Varsity search Ms. Cota's custodial files (they requested over 50 other custodians) as part of the parties' extensive meet and confer conferences over Plaintiffs' Rule 34 requests. *See id.* at PageID 2734. Plaintiffs failed to mention Ms. Cota during negotiations despite the fact that Varsity had produced an organizational chart disclosing Ms. Cota's job title and position. *See id.*

Plaintiffs apparently became interested in Ms. Cota, however, after she appeared on an August 2021 episode of HBO's *Real Sports with Bryant Gumble*. *See* ECF No. 180 at PageID 2805. That episode featured a so-called "exposé" on "allegations of sexual abuse within the glitzy world of competitive cheerleading." *Id.* at PageID 2805-06. Three months later, Plaintiffs issued

---

[2] For further background on the arguments underlying this Appeal, *see* Defendants' Motion to Quash or Modify Subpoena Directed to Marlene Cota and for Protective Order at ECF No. 178; Plaintiffs' Response at ECF No. 180; and Defendants' Reply at ECF No. 189. Defendants incorporate by reference all arguments and facts set out in its prior submissions in support of the Motion.

a deposition subpoena (not at issue here) and an extremely broad subpoena *duces tecum* to Ms. Cota demanding production of "[a]ll Documents or Communications reflecting, relating to, or concerning Varsity," regardless of the relevance of such documents to the claims and issues in these cases. ECF No. 178.[3] Plaintiffs also demanded production of "[a]ll Documents or Communications reflecting, relating to, or concerning sexual abuse, predation, harassment, misconduct or any other sex crimes against or related to All Star cheerleaders, whether occurring at All Star Competitions or elsewhere, as discussed at Paragraphs 237 to 241 of the *Fusion* Complaint." *Id.* Plaintiffs demanded those abuse-related documents despite the fact that the *Fusion Elite* Plaintiffs had agreed to withdraw requests for production to Varsity on that same topic pending resolution of Defendants' motion to strike those allegations from the complaint. *See* ECF No. 178 at PageID 2735. That motion (ECF No. 82) remains pending.[4]

Prior to and as part of her separation from Varsity, Ms. Cota entered into several binding agreements with the company promising that any work-related material she generated or received while employed was Varsity's exclusive property.[5] Ms. Cota further agreed that when her employment was terminated—which it was on January 9, 2018—she would "deliver to the Company all files, letters, notes, memoranda, reports, records, data, sketches, drawings, notebooks,

---

[3] A full copy of Plaintiffs' subpoena package to Marlene Cota is attached as **Exhibit A**. The subpoena package was referenced as Exhibit C to Defendants' Motion (ECF No. 178), and quoted in that same document, but mistakenly omitted as an actual exhibit.

[4] In *Jones*, Defendants also have a pending motion to strike (ECF No. 55) and motion to dismiss for failure to state a claim as a matter of law (ECF No. 59). Bain and Charlesbank separately have a pending motion to dismiss in *Jones* (ECF No. 60) based on the insufficiency of Plaintiffs' allegations regarding their ownership of Varsity. The Court granted an almost identical motion brought by Bain and Charlesbank in the *American Spirit* case on October 28, 2021. *See* No. 2:20-cv-02782-SHL-tmp, ECF No. 141.

[5] The agreements and their relevant provisions are set out fully in, and attached to, Varsity's Motion. See ECF No. 178 at PageID 2724 to 2727.

4

layouts, charts, quotations and proposals, specification sheets, program listings, blueprints, models, prototypes, or other written, photographic or other tangible material containing Proprietary Information, and <u>other materials of any nature pertaining to the Company or any Company Entity or to [her] work, and w[ould] not take or keep in [her] possession any of the foregoing or any copies</u>." ECF No. 178 at PageID 2732 (emphasis added).[6]

Following Ms. Cota's receipt of Plaintiffs' subpoenas, her attorney notified Varsity—for the very first time—that she had in her possession several categories of documents that should have been returned to Varsity upon her termination. *See* ECF No. 178-2. Ms. Cota claimed that these documents were in boxes that Varsity had used to pack up her personal belongings following her termination, and included the following:

> (1) agreements and other documents describing or referencing Ms. Cota's employment compensation, and/or the terms and conditions of her employment with Varsity; (2) correspondence between Ms. Cota and Varsity employees and/or sponsors or other third parties pertaining to sponsorships, competitions, competitors, and other business dealings; (3) business development documents disseminated by Varsity to its employees and/or third parties including documents related to acquiring sponsorships and commissions for the acquisition of new sponsorships; and (4) Ms. Cota's personal notes made during her employment with Varsity, some of which are loose leaf and many of which are contained in volumes of notebooks.

*Id.* Even though she had just recently appeared on a nationally-televised HBO program regarding her employment—and later acknowledged that the boxes contained family photos and other personal items one would normally unpack upon receipt[7]—she initially claimed to have never looked inside the boxes until after she received Plaintiffs' subpoena. *Id.* at PageID 2744.

---

[6] She also certified, several weeks after her termination, that she had in fact done so. *See* ECF No. 178-8 at PageID 2790.

[7] *See* ECF No. 190-1 at PageID 2893-94.

Ms. Cota's attorney offered for Varsity to inspect the documents prior to production, but Plaintiffs objected to the proposed inspection and demanded that they be allowed to participate. *Id.* So, on December 27, 2021, Varsity moved to quash or modify the subpoena and for entry of a protective order ("Motion"). ECF No. 178. The basis for the Motion was that the documents were not legally in Ms. Cota's possession and were in fact Varsity's exclusive property. The proper method for requesting documents was therefore Rule 34. In fact, under very similar circumstances, a magistrate judge and district judge in this district had granted a protective order and quashed a subpoena as an impermissible end-run around Rule 34. *See Elvis Presley Enters., Inc. v. City of Memphis, Tennessee*, No. 218CV02718SHMDKV, 2020 WL 4283279, at *3 (W.D. Tenn. Apr. 6, 2020), *aff'd*, No. 2:18-CV-02718, 2020 WL 4015476 (W.D. Tenn. July 16, 2020).

This Court referred the motion to Chief Magistrate Judge Tu M. Pham. ECF No. 179. In addition to receiving briefs on the Motion, Magistrate Judge Pham invited the parties to submit affidavits regarding how the documents came into Ms. Cota's possession. Varsity submitted a sworn declaration from Robert Tisdale, the Varsity human resources professional who packed the boxes, stating unequivocally that he did not include in those boxes any of the Varsity material that Ms. Cota claimed to possess. ECF No. 186-2 at PageID 2862. That testimony was corroborated by contemporaneous notes he made on the same day he packed the boxes stating that he "separated personal items from Varsity Items" and loaded only the "personal boxes" in Ms. Cota's car. *Id.* at PageID 2865–66.[8]

---

[8] Plaintiffs submitted an affidavit from Ms. Cota sticking to her story that the documents were in the boxes she received the day after her termination. ECF No. 190. (In contrast to the initial letter from her attorney, her affidavit did not include any sworn testimony regarding when she first realized she was in actual possession of work material that should have been returned.) In any event, how the documents ended up in Ms. Cota's possession does not change the fact that the documents are Varsity's exclusive property and that Varsity has the legal right to obtain the material on demand—the position Varsity has taken with Ms. Cota since learning of the existence

On January 28, 2022, Magistrate Judge Pham entered an order ("Order") on the Motion granting it in part and denying it in part. ECF No. 193. The Magistrate Judge acknowledged that Varsity "has a property interest in the subpoenaed materials based on the various agreements between Cota and Varsity regarding materials produced and received during her employment." Order at PageID 2911. But the court then went on to hold that the existence of "a confidentiality agreement" was insufficient grounds for concluding that the material was "protected matter" under Rule 45—an argument that Varsity had not made in its Motion. *See id.* at PageID 2913-14. The court failed to address, either under Rule 45 or Rule 26, Varsity's central argument that Plaintiffs' attempt to subpoena the material was an impermissible end-run around Rule 34. Varsity now files this appeal from the Order in light of that clear error and misapplication of law.

## STANDARD OF REVIEW

A district court applies a "clearly erroneous or contrary to law" standard of review for nondispositive preliminary matters. 28 U.S.C. § 636(b)(1)(A). The court sustains objections to a magistrate judge's order on a nondispositive matter if it finds "any portion of the magistrate judge's order . . . to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

A magistrate judge's factual findings are clearly erroneous when, on review of the entire record, "although there is evidence to support [the findings], the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Elvis Presley Enterprises, Inc. v. City of Memphis, Tennessee*, No. 2:18-CV-02718, 2020 WL 4015476, at *4 (W.D. Tenn. July 16, 2020) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "When

---

of the documents. *See* ECF No. 178-3. Notably, Ms. Cota entered into her severance agreement—in which she certified she had returned all of Varsity's property to the company—several weeks *after* she (allegedly mistakenly) took Varsity's documents home with her. *See* ECF No. 178-8 at PageID 2790-91.

examining legal conclusions under the 'contrary to law' standard, the Court may overturn 'any conclusions of law which contradict or ignore applicable [binding] precepts of law, as found in the Constitution, statutes, or case precedent,'" as well as where the magistrate judge's order is unsupported by legal authority. *Id.* (quoting *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002)); *see also* 32 Am. Jur. 2d Fed. Cts. § 140 (2018) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.").

**ARGUMENT**

The Chief Magistrate Judge clearly erred by misapprehending the basis for the relief sought in the Motion and relying on inapposite cases addressing attempts to use confidentiality provisions to prevent the disclosure of information. *See* ECF No. 193 at PageID 2913-14 (citing *In re Mitchell*, No. 18-40736-JMM, 2019 WL 1054715, at *3 (Bankr. D. Idaho Mar. 5, 2019), *Gard v. Grand River Rubber & Plastics Co.*, No. 1:20cv125, 2021 WL 75655, at *8 (N.D. Ohio Jan. 8, 2021), and *Kelly v. Romines*, No. MC 11-0047 JB, 2021 WL 681806, at *6 (D.N.M. Feb. 27, 2012)). Varsity did not seek in its Motion to prevent Ms. Cota from disclosing information pursuant to her confidentiality agreements with the company.[9] Varsity sought an order quashing the subpoena *duces tecum* because the documents are within Varsity's possession, custody, and control and should have been requested via Rule 34. "Rule 45 may not be used to circumvent discovery that could have been properly sought under Rule 34." *Elvis Presley Enterprises, Inc. v. City of Memphis, Tennessee*, No. 2:18-CV-02718, 2020 WL 4015476, at *12 (W.D. Tenn. July 16, 2020).

---

[9] Varsity did not move to quash Plaintiffs' deposition subpoena to Ms. Cota. There is a Protective Order in place to govern Ms. Cota's testimony regarding any confidential information subject to her various agreements.

A closer examination of the out-of-district cases cited in the Order reveal that they do not apply to the instant case and were relied on in error. None of those cases involved *any* argument by *any* party that a subpoena recipient had documents that were legally in the possession, custody, and control of a party. Nor did they address the rule that discovery under Rule 45 is inappropriate when a party could have requested documents under Rule 34. The cases are simply inapplicable.

*In re Mitchell* addressed a debtor's attempt to block a third-party hospital from producing his medical records on privacy grounds. *See* 2019 WL 1054715, at *3. The bankruptcy court concluded that the debtor had no standing to object to the subpoena under Rule 45. (Here, by contrast, the Magistrate Judge concluded that Varsity *did* have standing due to its property interest in the documents.) In dicta, the court concluded that even if the debtor had standing, health care records were not the type of "other protected" matter set out in 45(d)(3)(A)(iii) because, among other reasons, the debtor had put his medical condition at issue in the litigation. *See id.* at *3.

*Gard* was an age and disability discrimination suit arising from the defendant's termination of the plaintiff's employment. 2021 WL 75655, at *8. A coworker initially provided the plaintiff with a helpful affidavit, but then stopped cooperating after entering into a severance agreement with the defendant (executed during the course of the litigation) that included a provision stating that the coworker would refrain from voluntarily assisting the plaintiff in his lawsuit. *See id.* at *3-4. The employer sought a protective order preventing the coworker's deposition entirely, citing the severance agreement's non-cooperation provision. *See id.* at *5. Unsurprisingly, the court rejected that argument and concluded that a party "should not be able to buy the silence of witnesses with a settlement agreement when the facts of one controversy are relevant to another." *Id.* at *7 (citation omitted).

In *Kelly*, the plaintiff served a subpoena on an individual who had an enforceable separation agreement with a company owned by the defendant. 2012 WL 681806. The individual asked the defendant and his company to waive any claims or obligations under the confidentiality provisions of the separation agreement arising from her compliance with the subpoena, but the defendant did not respond to that request. *See id.* at *2. So, the individual sought a protective order from the court allowing her to disclose confidential information in compliance with the subpoena. *Id.* The court ordered the third party to comply with the subpoena—as she has requested, and unopposed by the defendant—with any confidential information subject to an existing stipulated protective order. *See id.* at *6.

Varsity is not seeking to block the production of medical records on privacy grounds as in *Mitchell*, "buy [Ms. Cota's] silence" as in *Gard*, or halt a deposition until the court confirms that a protective order will govern confidential testimony as in *Kelly*. The confidentiality provisions in Ms. Cota's various agreements (all of which were executed well before these lawsuits were ever filed) are not at issue. The issue here is the application of Rule 34 based on Varsity's possession, custody, and control of the documents sought in the subpoena. The three cases cited in the Order plainly do not address the relief Varsity sought in the Motion and it was contrary to law for the Magistrate Judge to rely on those holdings as support for the Order. *See Elvis Presley Enterprises*, 2020 WL 4015476, at *4 (observing that the "critical inquiry" under the contrary to law standard is "whether there is legal authority that supports the magistrate's conclusion") (citation omitted).

While relying on these three inapplicable cases from other districts, the Magistrate Judge failed to apply persuasive authority from *this* district *directly* on point. In *Elvis Presley Enterprises*, the plaintiff issued a subpoena to a Memphis City Councilman Kemp Conrad and his employer, Commercial Advisors, seeking communications between Mr. Conrad and various City

10

employees. The parties in the case had previously negotiated particular custodians and search terms that the City would use in responding to the plaintiff's Rule 34 document requests. *See* No. 2:18-cv-02718-SHM-dkv, 2020 WL 4283279, at *2. "Despite being a city councilman and chair of the City Council during the relevant time period," the plaintiff failed to include Conrad "as a City representative, custodian, sender, or recipient." *Id.* Moreover, the plaintiff served its Rule 45 subpoena on Conrad after the court's deadline for discovery between the parties had passed. *See id.* at *2-3.

Former Chief Magistrate Judge Vescovo and District Judge Mays each agreed with the City that it was improper for the plaintiff to seek those documents from Mr. Conrad under Rule 45 because the documents were legally within the possession, custody, and control of the City. *See id.* at *4. The documents were only in Mr. Conrad's possession because of the fact that he was a representative of the City and had used his Commercial Advisors email address to conduct City business. *See id.* The plaintiff "could have discovered the information by including Conrad as a City representative, custodian, sender, or recipient when it negotiated the Electronic Search Protocol Agreement. To allow [the plaintiff] to use Rule 45 to circumvent the requirements of a court-mandated discovery deadline would clearly be contrary to the traditional interpretation of the Federal Rules of Civil Procedure, which dictates that the rules must be construed in a manner that is internally consistent." *Id.* at *5 (citation and quotation marks omitted).

Magistrate Judge Vescovo granted the City's motion to quash the subpoena under Rule 45 and issued a protective order for good cause under Rule 26(c) prohibiting discovery of the documents. *See id.* Judge Mays affirmed that decision, reiterating that the "Rules anticipate that production of documents and things from parties will be accomplished through Rule 34." 2020

11

WL 4015476, at *12 (W.D. Tenn. July 16, 2020). "Rule 45 may not be used to circumvent discovery that could have been properly sought under Rule 34." *Id.* at *14 (citation omitted).[10]

The circumstances of Plaintiffs' subpoena to Ms. Cota are nearly identical to those in *Elvis Presley*. The parties in this case engaged in extensive negotiations over proper custodians for Varsity's productions in response to Plaintiffs' Rule 34 requests. *See* ECF No. 178-1. Plaintiffs did not once propose Ms. Cota as a custodian, despite Varsity's production of an organizational chart disclosing her job title and placement in the corporate structure. *See id.* There is no dispute that the documents sought by Plaintiffs belong to Varsity and, under binding Sixth Circuit precedent, are therefore within Varsity's possession, custody, and control.[11] "Rule 45 may not be used to circumvent discovery that"—like Varsity's documents in Ms. Cota's possession—"could have been properly sought under Rule 34." *Elvis Presley Enters.*, 2020 WL 4015476, at *14.

As things currently stand, the Magistrate Judge's Order would require Varsity to produce all of the documents in Ms. Cota's possession—save for any attorney-client privileged material—without *any* opportunity for Varsity to lodge objections based on relevance, proportionality, embarrassment, harassment, and other grounds for protection afforded by Rules 34 and 26. That

---

[10] The rule set out in *Elvis Presley* is widely recognized as the correct one. "The Rule 45 subpoena process is not intended to circumvent the requirements and protections of Rule 34." *The Sedona Conference Commentary on Rule 45 Subpoenas to Non-Parties, Second Edition*, 22 SEDONA CONF. J. 1, 20 (2021); *see also PCA-Corr., LLC v. Akron Healthcare LLC*, No. 1:20-CV-428, 2021 WL 2043118, at *3 (S.D. Ohio May 21, 2021) (granting motion to quash in part and explaining that certain subpoena requests were an improper attempt to circumvent document production as outlined in Fed. R. Civ. P. 34); *Madej v. Yale Univ.*, No. 3:20-CV-133 (JCH), 2020 WL 6270273, at *2 (D. Conn. Oct. 26, 2020) (granting motion to quash and finding that the plaintiff's subpoena directed to one of the defendant's employees was an improper workaround for requests that should have been sent directly to the defendant).

[11] The Sixth Circuit applies the legal right standard to determine possession, custody, and control. *See In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (holding that a party has possession, custody, or control when the party has the legal right to obtain the documents upon demand).

matters because Plaintiffs' subpoena to Ms. Cota is extraordinarily broad. Plaintiffs demanded that Ms. Cota produce, among other things, *all* documents "reflecting, relating to, or concerning Varsity"; *all* documents related to Ms. Cota's "employment by Varsity Defendants, and [her] termination, separation, or severance"; *all* documents "reflecting, relating to, or concerning current or former Varsity employees"; and *all* documents "reflecting, relating to, or concerning School Cheer, School Cheer Competitions, or School Cheer Apparel," regardless of the relevance of any such document to the claims and defenses in this case. *See* ECF No. 178. On top of that, Plaintiffs demand that Ms. Cota produce any scandalous and impertinent documents in her possession "reflecting, relating to, or concerning sexual abuse, predation, harassment, misconduct or any other sex crimes against or related to All Star cheerleaders, whether occurring at All Star Competitions or elsewhere." *Id.*

Varsity has a right to object to the production of any and all irrelevant, disproportional, embarrassing, and scandalous material in Ms. Cota's improper possession responsive to these broad requests. The Magistrate Judge's Order, as it currently stands, would severely prejudice Defendants by allowing Plaintiffs unfettered access to such material in contravention of the Federal Rules of Civil Procedure. The Court should sustain this appeal to correct an Order that is clearly erroneous and contrary to law.

## CONCLUSION

For all the reasons set out in this appeal, Defendants respectfully request that the Court overrule the Magistrate Judge's Order, quash or modify the subpoena *duces tecum*, and issue a protective order prohibiting discovery through Rule 45 of documents that are within Varsity's possession, custody, and control and subject to discovery only through Rule 34.

Dated: February 11, 2022 　　　　Respectfully submitted,

s/ Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Spirit Fashions & Supplies, LLC, Charlesbank Capital Partners, and Bain Capital Private Equity*