**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

**FUSION ELITE ALL STARS**, et al.,

    Plaintiffs,

v.

**VARSITY BRANDS, LLC**, et al.,

    Defendants.

Case No. 2:20-cv-02600-SHL-tmp

**JURY TRIAL DEMANDED**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS**
**VARSITY BRANDS, LLC, VARSITY SPIRIT, LLC, VARSITY SPIRIT**
**FASHION & SUPPLIES, LLC AND U.S. ALL STAR FEDERATION, INC.**

## TABLE OF CONTENTS

I.     INTRODUCTION ....................................................................................................1

II.    LEGAL STANDARD............................................................................................3

III.   DOCUMENTS AND INFORMATION REQUESTED...........................................3

IV.   ARGUMENT .........................................................................................................6

    A.    The Discovery Is Relevant............................................................................6

    B.    The Discovery Is Proportional .......................................................................7

V.    CONCLUSION......................................................................................................9

APPENDIX................................................................................................................... 13

    Varsity's Responses to Plaintiffs' First Requests for Production of Documents ............ 13

    USASF's Responses to Plaintiffs' First Requests for Production of Documents............ 14

    Varsity's Response to Plaintiffs' Interrogatory No. 15 .................................................... 17

    USASF's Response to Interrogatory No. 10.................................................................... 18

    Proposed Search Terms.................................................................................................. 18

Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro (collectively, "Plaintiffs"), individually on behalf of themselves and on behalf of all others similarly situated, hereby file this Memorandum of Law in Support of Motion to Compel Discovery seeking an order compelling Defendants Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit Fashion & Supplies, LLC (collectively, "Varsity") and Defendant U.S. All Star Federation, Inc. ("USASF") (collectively, "Defendants") to produce certain documents and electronically-stored information ("ESI") responsive to Plaintiffs' First Requests for Production of Documents ("RFPs"), properly served pursuant to Federal Rule of Civil Procedure 34 and readily available to them, and to respond to interrogatories properly served pursuant to Federal Rule of Civil Procedure 33.

## I.    INTRODUCTION

Plaintiffs allege in their Consolidated Complaint that the exclusionary scheme orchestrated by Varsity and USASF has allowed Defendants "to resist the demand to prevent sexual abuse in the industry, thereby providing a lower quality cheerleading experience to gym owners, parents, and children." (Dkt. 56 ¶237.) Instances of sex abuse in the world of All Star Cheer, and a lack of oversight and enforcement by Defendants, have been well covered recently by USA Today, HBO's Real Sports docuseries, and Netflix's Cheer docuseries. (Exs. 1, 2); *Cheer*, Season 2, Ep. 5 (Netflix 2022). As Plaintiffs alleged in their Consolidated Complaint, Defendants have "refused to take action" to prevent the abuse because Varsity's "market share and lack of effective competition allowed it to resist calls for a more rigid, restrictive, and expensive background check system. Participants in the cheerleading industry [are] powerless to demand reform without a realistic threat to take their business elsewhere." (Dkt. 56 ¶241.) Put

simply, Varsity's monopoly position has caused quality to suffer. Tragically, those who are suffering are the young athletes.

Consistent with these allegations, Plaintiffs served a number of document requests and interrogatories on Defendants relating to sexual misconduct in the cheerleading industry and Defendants' reporting and background check policies. (Van Dyck Decl. ¶¶2-3, 7-8.) Defendants have refused to provide any documents, negotiate search terms, or identify custodians in response, pointing to the pending motion to strike sex abuse allegations and the additional cost that would result. (*Id*. ¶¶6, 11.) USASF states that it "rejects . . . the entire premise of discovery as to this subject matter." (Ex. 3 at 1.) Varsity calls the discovery "manifest[ly] irrelevant" and "is not inclined to revisit this issue." (Ex. 4 at 3.) Plaintiffs initially moved this Court to compel such productions from both Defendants in May 2021, (Dkts. 102, 105), but later agreed to temporarily withdraw those portions of their motions, and the corresponding documents requests, without prejudice. (Van Dyck Decl. ¶¶4, 9.) Plaintiffs were willing to give the Defendants an opportunity to prevail on their Motion to Strike, but Plaintiffs reserved their rights to seek the discovery if the Court did not rule in Defendants' favor. (*Id.*)

The Court has not granted Defendants' Motion to Strike. It also denied Defendants' motions to dismiss in full. (Dkt. 141.) The deadline for completing discovery is approaching. The Court has ruled that, "absent extraordinary circumstances," fact discovery will close on April 18, 2022. (Dkt. 175 at 3, 4.) Plaintiffs have therefore reinstated these discovery requests and ask this Court to compel Defendants' responses to Plaintiffs' requests for production and interrogatories, consistent with the proposal set forth below.

## II.    LEGAL STANDARD

"The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite

broad." *Goree v. United Parcel Serv., Inc.* ("*Goree II*"), No. 14-cv-2505, 2015 WL 11120571, at

*5 (W.D. Tenn. Sept. 29, 2015).

> Parties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely benefit.
> Information within this scope of discovery need not be admissible in evidence to
> be discoverable.

Fed. R. Civ. P. 26(b)(1). This includes "evidence having any tendency to make the existence of

any fact that is of consequence to the determination of the action more probable or less probable

than it would be without the evidence." *Goree II*, 2015 WL 11120571, at *5 (citation omitted).

"[T]he party resisting discovery . . . bears the burden to show that the discovery sought is

disproportionate." *Brown v. Tax Ease Lien Servicing, LLC*, No. 15-cv-208, 2016 WL 10788070,

at *8 (W.D. Ky. Oct. 11, 2016). "Merely because production of otherwise relevant information

or documents may perhaps be burdensome in the view of the responding party does not make the

requested discovery automatically disproportionate for the purposes of Rule 26(b)(1)." *Id*. at *9.

## III.    DOCUMENTS AND INFORMATION REQUESTED

As stated above, Plaintiffs' allegations of sex abuse in the cheerleading industry relate

directly to an essential issue for Plaintiffs' § 2 claims—whether Varsity's conduct had

anticompetitive effects. A decrease in quality is one such anticompetitive effect. *See Nilavar v.*

*Mercy Health Sys. W. Ohio,* 142 F. Supp. 2d 859, 874 (S.D. Ohio 2000) (allegations of "higher

prices, lower quality services, and less choice for consumers … constitute the kind of injuries

that the antitrust laws were enacted to prevent"); Dkt. ¶¶237-241. Defendants refuse to produce

any documents or respond to interrogatories on this topic, pointing to their pending motion to strike allegations related to sexual abuse in All Star Cheer, filed on December 1, 2020. (Dkt. 82.) Their objections are contrary to this Court's ruling that discovery will not be stayed pending such motions.[1] As noted above, though, Plaintiffs agreed to temporarily set aside their requests on this topic in the interest of compromise and not further stall negotiations over the other discovery matters that were still then in dispute. Given the current status of the litigation and impending close of discovery, though, Defendants' documents and information responsive to the relevant ROGs and RFPs should be produced immediately.

In the interest of expediency, Plaintiffs have identified the following categories of documents that they expect to be located in central files, that they seek for a time period of 2015 to the present, and that would respond to the document requests set forth below:

- Documents reflecting Varsity and USASF policies regarding reporting of sexual misconduct, (Varsity RFP No. 94; USASF RFP No. 100);

- Any lists or databases Varsity or USASF maintains of employees, contractors, gym owners, coaches, choreographers, or judges convicted of sex crimes (Varsity RFP No. 97; USASF RFP No. 103, 107);

- Documents reflecting Varsity and USASF's background check process (Varsity RFP No. 98; USASF RFP No. 104);

- Written complaints regarding sex offenders submitted to Defendants, including any lists or databases Defendants maintain of those complaints (Varsity RFP No. 100; USASF RFP No. 108); and

---

[1] Dkt. ¶55 at 21:15-22:3 ("I am not inclined to stay anything pending a motion to dismiss. It's not the way I view my role as a judge in pushing cases and moving people toward resolution. I hate doing it . . . . But otherwise I'm just not inclined to do it. I don't think it's appropriate. I think giving—setting aside time where the Court is dealing with the motion to dismiss just frankly I think takes the lawyers off the hook. And I'm not inclined to do that. Particularly in this case where you're talking about a motion that's not even going to be ripe for me to deal with until mid February. So I'm not going to do that.").

4

- Written responses by Defendants to complaints regarding sex offenders, including any lists or databases Defendants maintain of those responses (Varsity RFP No. 101; USASF RFP No. 109).

- Effect(s) of being flagged in a background check for sexual misconduct (Varsity RFP No. 99; USASF RFP No. 105); and

- Action(s) taken by Defendants in response to complaints of sexual abuse (Varsity RFP No. 101; USASF RFP No. 109).

Additionally, Plaintiffs propose eight search terms, also set forth in the appendix below, that would be applied to the custodial email accounts of USASF's custodians, and to the files and email accounts of Varsity's custodians, to avoid unnecessary duplication and to locate communications and other documents related to the categories identified above and responsive to Varsity RFP Nos. 96, 99, 101 and 102 and USASF RFP Nos. 102, 105, 109 and 110, as well as any other requests for which responsive documents do not reside in known, central locations.

Finally, Plaintiffs seek Defendants' responses to Varsity ROG No. 15 and USASF ROG No. 10, which are identical and read as follows:

> Identify all allegations of sexual misconduct—including for each incident, the date, nature of the allegations, location, and individuals involved—reported to Varsity during the Relevant Time Period, whether by an Athlete, Employee, Gym, or other Person or entity and describe Varsity's response to those allegations, including but not limited to any reports made to law enforcement, USA Cheer, or USASF.

The above requests, search terms, and interrogatories are narrowly tailored to the allegations found at Paragraphs 237 to 241 of Plaintiffs' Consolidated Complaint.

Plaintiffs have, based on the limited information that is available, identified the following custodians for USASF: Amy Clark, Karen Wilson, Arika Gates, and Ginger Wilzcack. Plaintiffs understand that USASF has already gathered the relevant custodial files for Ms. Clark and Ms. Wilson. Plaintiffs have also sought to identify relevant custodians for Varsity by asking Varsity to identify the employees who had primary responsibility for (1) responding to and investigating

complaints related to sex abuse; (2) overseeing and acting on background checks of adults

permitted to be in common areas with minors at All Star events, and (3) interfacing with USASF

on these issues. Plaintiffs ask this Court to compel Defendants to immediately produce the

requested documents and identify the appropriate custodial files for Plaintiffs' proposed search

terms.

## IV.   ARGUMENT

### A.   The Discovery Is Relevant

Plaintiffs' allegations that Defendants failed to properly police sexual abuse and

predation in the All Star Cheer industry relate directly to an issue central to their § 2 monopoly

claims—whether Defendants' scheme had anticompetitive effects in the All Star Competition

Market. *See Dodge Data & Analytics LLC v. iSqFt, Inc.*, 183 F. Supp. 3d 855, 863-64 (S.D. Ohio

2016). Anticompetitive effects can establish monopoly power and can support finding an antitrust

violation. *Id.* at 864; *Papa John's*, No. 18-cv-00825, 2019 WL 5386484, at *9 (W.D. Ky. 2019)

(citing *FTC v. Ind. Fed'n of Dentists*, 476 U.S. 447, 460 (1986)). Reduced quality of a product or

services is one such effect. *Dodge Data*, 183 F. Supp. 3d 855, 864 (S.D. Ohio 2016); *Papa

John's*, 2019 WL 5386484, at *9 (citing *FTC v. Ind. Fed'n of Dentists*, 476 U.S. 447, 460

(1986)).[2] Indeed, Defendants' failure to adopt stricter standards to protect the young athletes

that participate in their sport is a particularly egregious example of the consequences that

arise from a dominant market position and amplify the need for relief here. The documents,

---

[2] *See also Nilavar v. Mercy Health Sys. W. Ohio*, 142 F. Supp. 2d 859, 874 (S.D. Ohio 2000)
("lower quality services, and less choice for consumers[,] … constitute the kind of injuries that
the antitrust laws were enacted to prevent"); *Ross v. Bank of Am., N.A.*, 524 F.3d 217, 223-24 (2d
Cir. 2008) (allegations of reduced choice and diminished quality sufficiently alleged Article III
injury*); accord Nat'l Soc. of Prof'l Eng'rs v. United States*, 435 U.S. 679, 695 (1978) ("all
elements of a bargain—quality, service, safety, and durability—and not just the immediate cost,
are favorably affected by the free opportunity to select among alternative offers").

search terms, and custodians Plaintiffs propose above are directly relevant to those allegations and the anticompetitive effects Plaintiffs are required to present to the Court.

Defendants have resisted this discovery for over a year, resting on the alleged merits of a motion to strike that was filed on December 1, 2020. (Dkt. 82.) But they have not prevailed on that motion, and their motion to dismiss the Consolidated Complaint failed in its entirety. (Dkt. 141.) Plaintiffs' allegations that anticompetitive effects include a serial failure by Defendants to police and prevent sexual predation and abuse in their industry remain alive, and they are entitled to discovery on those issues. The information they seek is relevant, and Defendants should be compelled to provide it.

## B.    The Discovery Is Proportional

This Court has identified six factors relevant to Rule 26's proportionality standard:

> (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit."

*Johnson v. CoreCivic, Inc.*, No. 18-cv-1051, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). These factors weigh heavily in favor of the discovery Plaintiffs seek.

Varsity, with the help of USASF, monopolized multiple markets within a multi-million-dollar industry affecting thousands of gym owners, parents, children, and other small business owners in the industry. Along the way, Varsity and USASF abdicated their responsibility to protect the children who love their sport. Public reports indicate that USASF, whose Board of Directors is controlled by Varsity (Dkt. 56 ¶¶201-203), "received hundreds of complaints against people accused of misconduct" but failed to investigate them, allowing "nearly 180 people who faced charges relating to sexual misconduct of minors" to remain active in All Star Cheer. (Ex. 1 at 2, 3.) The importance of these issues "weigh[s] in favor of more expansive discovery." *Id*. The

hundreds of millions of dollars at stake and Varsity's significant resources versus those of small business owners and consumers likewise weigh in Plaintiffs' favor. *Id.*

When considering proportionality, courts also "look for 'information asymmetry'—a circumstance in which one party has very little discoverable information while the other party has vast amounts of discoverable information." *Oxbow Carbon & Mins. LLC v. Union Pac. R.R. Co.*, 322 F.R.D. 1, 8 (D.D.C. 2017). The information Plaintiffs seek is not public, with the exception of a few brave survivors who have spoken out. Defendants are the only ones with access to it, and this motion to compel is the only way for Plaintiffs to obtain it. *Oxbow*, 322 F.R.D. at 8. Any burden Defendants might claim is minimal by comparison. USASF has already collected the ESI for five of the seven custodians Plaintiffs propose, and Plaintiffs are requesting only eight search terms. Those terms are targeted and should not, when run on Defendants' ESI, return a large number of non-responsive documents.

Defendants' opposition to this discovery seems to focus on the fifth factor, "the importance of the discovery in resolving the issues." *Johnson*, 2019 WL 5089086, at *2. As Plaintiffs point out in Section III.A *supra*, Defendants' failure to protect their athletes is an anticompetitive effect that goes to the heart of Plaintiffs' monopoly claim. This diminished quality is something that courts have long recognized as evidence of monopoly power, and given the particularly harmful results here, the importance of the discovery is clear.

Counsel for USASF argues that the cost of reviewing documents would be higher because they involve a sensitive subject and will return a large number of documents that are privileged and/or require redaction. This litigation involves a multi-billion-dollar business, hundreds of millions of dollars in commerce between Varsity and members of the class, and damages incurred by small businesses and parents since at least 2016. The costs identified by

USASF, an accused co-conspirator, are but a small fraction of that and are "not so unreasonably high as to warrant rejecting [Plaintiffs'] request out of hand." *Oxbow*, 322 F.R.D. at 9. In fact, parties in litigation across the country involving similar stakes have expended significantly larger sums on discovery.[3] USASF's burden argument also ignores other more effective methods of streamlining its expenses. "Courts recognize that scanning of vast amounts of ESI utilizing key words to identify privileged information can significantly reduce the costs of a privilege review." *John B. v. Goetz*, 879 F. Supp. 2d 787, 883 (M.D. Tenn. 2010). This can include key word searches for the names of counsel and the words "privileged" and "confidential." *Id*. Thus, USASF's claim of burden is exaggerated, and its claim of undue burden should fail.[4]

## V.    CONCLUSION

This is the fifth time that Plaintiffs have been forced to seek the Court's intervention to obtain proper and reasonable discovery from Defendants.[5] Fact discovery closes in less

---

[3] *See*, *e.g.*, *Goetz*, 879 F. Supp. 2d at 882 (rejecting burden argument where defendant claimed expense of $10 million in 2010 to run a 50-word search for 50 custodians); *Oxbow*, 322 F.R.D. at 9 ($142,000 cost of was not unreasonably high); *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 321 (S.D.N.Y. 2003) ("in a [2003] case potentially worth millions of dollars, the [$100,000] cost of responding may not be unduly burdensome"); *Xpedior Creditor Tr. v. Credit Suisse First Bos. (USA), Inc.*, 309 F. Supp. 2d 459, 466 (S.D.N.Y. 2003) ($400,000 cost was not unduly burdensome in 2003).

[4] The review that USASF proposes also ignores both the clawback provision in the Protective Order entered by this Court, (Dkt. 77 at 17-20), and that Rule 26 "expressly contemplate[s] a clawback protection for ESI discovery to address post-production privilege issues and to avoid any finding of waiver by the producing party in any other litigation." *Goetz*, 879 F. Supp. 2d at 891; Fed. R. Civ. P. 26(b)(5)(B).

[5] Past motions to compel by Plaintiffs include motions to compel document productions from both Defendants, (Dkts. 102, 105), and the motion to facilitate coordination of depositions in all of the Related Actions, (Dkt. 155). Plaintiffs agreed to withdraw their motion to compel against Varsity after it agreed to a more reasonable document production, (Dkt. 132); Plaintiffs' motion to compel against USASF was granted in part, (Dkt. 133); and Plaintiffs' motion to facilitate coordination of depositions was granted, (Dkt. 172). Varsity also attempted to prevent discovery from a non-party through a motion to quash a subpoena served Plaintiffs on a former Varsity

than three months, and the issues raised in this motion are serious and impactful. Defendants are attempting to run out the clock rather than provide reasonable discovery. Plaintiffs respectfully request that this Court grant their motion and compel Defendants to produce the documents identified in Section III, identify appropriate custodians, implement the search terms set forth below, and produce responsive documents within 21 days of the Court's ruling on this Motion.

Dated: February 15, 2022                    Respectfully submitted,

                                            By: */s/ Katherine Van Dyck*
                                            Jonathan W. Cuneo*
                                            Katherine Van Dyck*
                                            Victoria Sims*
                                            **CUNEO GILBERT & LADUCA, LLP**
                                            4725 Wisconsin Avenue NW, Suite 200
                                            Washington, DC 20016
                                            Telephone: (202) 789-3960
                                            jonc@cuneolaw.com
                                            kvandyc@cuneolaw.com
                                            vicky@cuneolaw.com

                                            H. Laddie Montague, Jr.*
                                            Eric L. Cramer*
                                            Mark R. Suter*
                                            **BERGER MONTAGUE PC**
                                            1818 Market Street, Suite 3600
                                            Philadelphia, PA 19106
                                            Telephone: (215) 875-3000
                                            hlmontague@bm.net
                                            ecramer@bm.net
                                            msuter@bm.net

                                            Gregory S. Asciolla*
                                            Karin E. Garvey*
                                            Veronica Bosco*
                                            **LABATON SUCHAROW LLP**

---

employee, which was substantially denied. (Dkts. 178, 193) It continues to abuse the discovery process with frivolous appeal of that decision. (Dkt. 198.)

140 Broadway New York, NY 10005
Telephone: (212) 907-0700
gasciolla@labaton.com
kgarvey@labaton.com
vbosco@labaton.comInterim

*Co-Lead Counsel for the Proposed Direct Purchaser Class*

J. Gerard Stranch, IV (TN BPR #23045)
Benjamin A. Gastel (TN BPR #28699)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

*Liaison Counsel for the Proposed Direct Purchaser Class*

Benjamin D. Elga*
**JUSTICE CATALYST LAW, INC.**
81 Prospect Street Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Craig L. Briskin*
**JUSTICE CATALYST LAW, INC.**
718 7th Street NW Washington, DC 20001
Telephone: (518) 732-6703
cbriskin@justicecatalyst.org

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
**FINE KAPLAN AND BLACK, R.P.C.**
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Frank B. Thacher III (TN BPR #23925)

**BURCH, PORTER, & JOHNSON, PLLC**
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
**NEAL & HARWELL, PLC**
1201 Demonbreun St., Suite 1000 Nashville, TN 37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com

*Admitted pro hac vice

*Counsel for the Proposed Direct Purchaser Class*

## APPENDIX

### *Varsity's Responses to Plaintiffs' First Requests for Production of Documents*

**REQUEST NO. 94:** Documents sufficient to show Your policies regarding reporting of sexual misconduct.

> **RESPONSE:** Varsity objects to Request No. 94 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. In light of those objections, Varsity will not produce documents in response to this request.

**REQUEST NO. 96:** All communications between Varsity and USASF concerning the reporting of sexual misconduct, as well as all documents reflecting Your desire or efforts to thwart, limit or suppress such reporting.

> **RESPONSE:** Varsity objects to Request No. 96 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. In light of those objections, Varsity will not produce documents in response to this request.

**REQUEST NO. 97:** Documents sufficient to identify any of Your workers, employees, or contractors, or Gym owners, coaches, choreographers, or judges associated with any of Your Events, that have been convicted of sex crimes against minors, including those whom are registered as sex offenders.

> **RESPONSE:** Varsity objects to Request No. 97 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. Varsity further objects that the request is not a proper document request, but is an interrogatory and its promulgation seeks to circumvent the negotiated limits on interrogatories. In light of those objections, Varsity will not produce documents in response to this request.

**REQUEST NO. 98:** Documents sufficient to show the background check process for coaches and Gym owners before being permitted to participate in or attend Events, including how many times coaches and Gym owners were flagged for sexual misconduct.

> **RESPONSE:** Varsity objects to Request No. 98 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. Varsity further objects that the request is not a proper document request, but is an interrogatory and its promulgation seeks to circumvent the negotiated limits on interrogatories. In light of those objections, Varsity will not produce documents in response to this request.

**REQUEST NO. 99:** Documents sufficient to show the effect of a person being flagged during any background check process, including whether flagged persons were still permitted to work in the All Star or cheerleading industry.

**RESPONSE:** Varsity objects to Request No. 99 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. Varsity further objects that the request is not a proper document request, but is an interrogatory and its promulgation seeks to circumvent the negotiated limits on interrogatories. In light of those objections, Varsity will not produce documents in response to this request.

**REQUEST NO. 100:** Documents sufficient to identify all complaints You received from Your customers, Teams, Athletes, or Gyms regarding sex offenders within the All Star or cheerleading industry, including the names and roles of any persons identified in the complaints and the allegations against them.

**RESPONSE:** Varsity objects to Request No. 100 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. Varsity further objects that the request is not a proper document request, but is an interrogatory and its promulgation seeks to circumvent the negotiated limits on interrogatories. In light of those objections, Varsity will not produce documents in response to this request.

**REQUEST NO. 101:** Documents sufficient to show any action taken by You in response to the complaints identified in Request No. 100.

**RESPONSE:** Varsity objects to Request No. 101 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. Varsity further objects that the request is not a proper document request, but is an interrogatory and its promulgation seeks to circumvent the negotiated limits on interrogatories. In light of those objections, Varsity will not produce documents in response to this request.

**REQUEST NO. 102:** All communications between Varsity and USASF concerning the complaints identified in Request No. 100 and concerning any identified or suspected sex offenders within the All Star or cheerleading industry.

**RESPONSE:** Varsity objects to Request No. 102 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. In light of those objections, Varsity will not produce documents in response to this request.

### *USASF's Responses to Plaintiffs' First Requests for Production of Documents*

**REQUEST NO. 100:** Documents sufficient to show Your policies regarding reporting of sexual misconduct and any other physical or mental abuse of minors, including hazing, bullying, and emotional abuse by You, Your members, or others in the All Star Cheer industry, including Documents reflecting or relating to Your SafeSport Code, SafeSport policies, SafeSport training, Your Professional Responsibility Code & Proactive Minor Abuse Prevention Policies, and the Athletes 1st initiative.

**RESPONSE**: USASF objects to this Request as not properly limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to USASF's policies regarding reporting of sexual misconduct and other physical or mental abuse have nothing to do with the subject matter of this lawsuit. Subject to and without waiving the foregoing objections, USASF will produce copies of its SafeSport Code and Professional Responsibility Code.

**REQUEST NO. 102:** All Communications between Varsity and USASF concerning the reporting of sexual misconduct, as well as all Documents reflecting Your desire or efforts to thwart, limit or suppress such reporting.

**RESPONSE**: As to the first portion of this Request, USASF objects to this Request as it is not properly limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to alleged sexual misconduct have nothing to do with the subject matter of this lawsuit. USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements. As to the second portion of this Request, subject to and without waiving the foregoing objections, USASF is not aware of any documents "reflecting [its] desire or efforts to thwart, limit or suppress such reporting" that would be responsive to this Request.

**REQUEST NO. 103:** Documents sufficient to identify any of Your Staff, workers, Employees, directors, vendors, contractors, or Gym owners, coaches, choreographers, or judges associated with any of Your Events, that have been convicted of sex crimes against minors, including those whom are registered as sex offenders.

**RESPONSE**: USASF objects to this Request as it is not properly limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to alleged sexual misconduct have nothing to do with the subject matter of this lawsuit. USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

**REQUEST NO. 104:** Documents sufficient to show the background check process, including primary and secondary screenings, for anyone age 18 years or older who accompanies a Team into a warm-up or backstage area at all Events, including Gym owners, coaches, volunteers and non-coaching Staff members associated with a program, and adult Athletes who are 19 years or older, before being employed or permitted to participate in or attend Events.

> **RESPONSE**: USASF objects to this Request as it is not limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to USASF's background check process have nothing to do with the subject matter of this lawsuit.

**REQUEST NO. 105:** Documents sufficient to show the effect of a person being flagged during any background check or screening process, including whether flagged persons were still permitted to work in the All Star or cheerleading industry including at All Star Events.

> **RESPONSE**: USASF objects to this Request as it is not limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to the effect of a person being flagged any background check or screening process have nothing to do with the subject matter of this lawsuit.

**REQUEST NO. 107:** Documents sufficient to identify all suspended members and members ineligible for USASF membership.

> **RESPONSE**: USASF objects to this Request as it is not properly limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to individuals who have been suspended from USASF membership or are ineligible for USASF membership have no relevance to this lawsuit. USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

**REQUEST NO. 108:** Documents sufficient to identify all complaints You received from Your members or customers regarding sex offenders within the All Star or cheerleading industry, including the names and roles of any persons identified in the complaints and the allegations against them.

**RESPONSE**: USASF objects to this Request as it is not properly limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to alleged complaints regarding sex offenders within the All Star or cheerleading industry have nothing to do with the subject matter of this lawsuit. USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

**REQUEST NO. 109:** Documents sufficient to show any action taken by You in response to the complaints identified in Request No. 108.

**RESPONSE**: USASF objects to this Request as it is not properly limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to alleged complaints regarding sex offenders within the All Star or cheerleading industry have nothing to do with the subject matter of this lawsuit. USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

**REQUEST NO. 110:** All Communications between Varsity and USASF concerning the complaints identified in Request No. 108 and concerning any identified or suspected sex offenders within the All Star or cheerleading industry.

**RESPONSE**: USASF objects to this Request as it is not properly limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to alleged complaints regarding sex offenders within the All Star or cheerleading industry have nothing to do with the subject matter of this lawsuit. USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

***Varsity's Response to Plaintiffs' Interrogatory No. 15***

**INTERROGATORY NO. 15:** Identify all allegations of sexual misconduct—including for each incident, the date, nature of the allegations, location, and individuals involved—reported to Varsity during the Relevant Time Period, whether by an Athlete, Employee, Gym, or other Person or entity and describe Varsity's response to those allegations, including but not limited to any reports made to law enforcement, USA Cheer, or USASF.

**OBJECTIONS AND RESPONSE:** Varsity objects to Interrogatory No. 15 as seeking irrelevant information, as overly broad, unduly burdensome, and disproportional to the needs of the case. Varsity further notes that the subject matter of this interrogatory is subject to a current motion to strike and that Plaintiffs have flatly refused to provide any discovery on this topic, labelling it "irrelevant."

In light of these objections, Varsity will not provide a further response to this interrogatory.

### *USASF's Response to Interrogatory No. 10*

**INTERROGATORY NO. 10**: Identify all allegations of sexual misconduct—including the date, location, and individuals involved—reported to USASF during the Relevant Time Period, whether by an Athlete, Employee, Gym, or other Person or entity and describe USASF's response to those allegations, including but not limited to any reports made to law enforcement, USA Cheer, or Varsity.

**RESPONSE**: USASF objects to this Interrogatory as it contains at least two discrete subparts and therefore is two discrete interrogatories, first seeking the identity of all allegations of sexual misconduct and second seeking information regarding USASF's response to those allegations. The latter interrogatory is in excess of the 30-interrogatory limit previously agreed to by the parties, as memorialized in the Joint Rule 26(f) Report filed by the parties, and USASF has no obligation to answer more than 30 interrogatories in this matter. Pursuant to USASF's objections to Interrogatory Nos. 1-3 and 5, USASF construes this as Interrogatory Nos. 30 and 31. USASF objects to this Interrogatory as not properly limited in time. USASF further objects to this Interrogatory as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Information relating to allegations of sexual misconduct have nothing to do with the subject matter of this lawsuit. USASF further objects to this Request as the information sought is protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

### *Proposed Search Terms*

Plaintiffs propose to use the following terms to locate USASF custodians' emails and Varsity custodians' files and emails that are responsive to Varsity Request Nos. 96, 99, and 101-102 and USASF Request Nos. 102, 105, 109 and 110, and any of Plaintiffs' other requests, to which responsive documents are not located in known central files:

- molest*

- convict* /3 (sex* OR child* OR minor*)

- arrest* w/3 (sex* OR child* OR minor*)

- solicit* w/2 minor*

- child w/2 porn*

- background w/10 ("red light*" OR "red flag*" OR fail*)

- sex* w/10 (minor* OR harass* OR misconduct OR abuse OR molest* OR report*
  OR crim* OR criminal OR offender* OR background OR uniform* OR exploit* OR
  "red light*")

- arrest* w/3 (sex* OR child* OR minor*)