UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

FUSION ELITE ALL STARS et al.,

Plaintiffs,

v.

VARSITY BRANDS, LLC et al.,

Defendants.

Civ. Action No. 2:20-cv-2600-tmp

**DECLARATION OF STEVEN J. KAISER IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND REQUEST FOR FEES AND COSTS**

I, Steven J. Kaiser, declare as follows:

1.    I am counsel in this matter to Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit Fashions & Supplies, LLC (collectively, "Varsity"), and I have been personally involved in the matters described below.

2.    The Plaintiffs in *American Spirit and Cheer Essentials, Inc. v. Varsity Brands, LLC*, No. 1:20-cv-02782 (W.D. Tenn. 2020) and *Jones v. Varsity Brands, LLC*, No. 2:20-cv-02892 (W.D. Tenn. 2020) have not sought discovery related to sexual abuse.

3.    Plaintiffs did not raise issues with Varsity's response to Interrogatory 15 until February 8, 2022.

4.    Varsity has produced more than 125,000 documents, consisting of more than 600,000 pages, as well as hundreds of thousands of data records in this case.

5.    The expense of assembling, reviewing, processing and producing documents in this case is approaching $10 million, and it is estimated the incremental discovery sought will impose

substantial additional expenses, largely to assemble and review irrelevant and non-responsive documents turned up by Plaintiffs' searches.

6.   Plaintiffs have repeatedly sought to disavow discovery agreements related to data by demanding additional data productions, only to abandon their position.

7.   Attached as Exhibit A is a true and correct copy of e-mails between myself and Vicky Sims, counsel for Plaintiffs, dated June 22, 2021.

8.   Attached as Exhibit B is a true and correct copy of Plaintiffs' Responses and Objections to Defendants' First Set of Requests for Production, dated November 16, 2020.

9.   I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 1, 2022.

Steven J. Kaiser

# EXHIBIT A

| From: | Vicky Sims |
|---|---|
| To: | Kaiser, Steven J. |
| Cc: | Eric L. Cramer; Karen Garvey; Katie Van Dyck; Mark R. Suter |
| Subject: | RE: Discovery Disputes Raised in Plaintiffs" Motion to Compel against Varsity Defendants |
| Date: | Tuesday, June 22, 2021 7:47:10 PM |

Steve,

Plaintiffs are in agreement.

We will draft a letter to the Court, to advise it that there is no need for a hearing on the Varsity Motion to Compel.

**From:** Kaiser, Steven J. <skaiser@cgsh.com>
**Sent:** Tuesday, June 22, 2021 5:06 PM
**To:** Vicky Sims <Vicky@cuneolaw.com>
**Cc:** Eric L. Cramer <ecramer@bm.net>; Karen Garvey <KGarvey@labaton.com>; Katie Van Dyck <kvandyck@cuneolaw.com>; Mark R. Suter <msuter@bm.net>
**Subject:** RE: Discovery Disputes Raised in Plaintiffs' Motion to Compel against Varsity Defendants

Varsity agrees, with the clarifications noted below in blue.  I'm glad we could pull this across the finish line.

⸺

**Steven J. Kaiser**
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com | clearygottlieb.com

**From:** Vicky Sims <Vicky@cuneolaw.com>
**Sent:** Tuesday, June 22, 2021 3:30 PM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>
**Cc:** Eric L. Cramer <ecramer@bm.net>; Karen Garvey <KGarvey@labaton.com>; Katie Van Dyck <kvandyck@cuneolaw.com>; Mark R. Suter <msuter@bm.net>
**Subject:** Discovery Disputes Raised in Plaintiffs' Motion to Compel against Varsity Defendants

Steve,

Thank you for the call today. We write to memorialize Varsity's offer on the issues subject to Plaintiffs' Motion to Compel and hopefully resolve the outstanding issues. Please let us know if we have correctly set forth Varsity's offer. If Varsity agrees to the below, Plaintiffs will agree to withdraw their Motion to Compel. Assuming we are in agreement, please let us know Varsity's proposal as to how to advise the Court of our agreement.

1) Data (the below is agreed, subject to the general caveat that it may be that other issues come up along the way in terms of what is available back in time, etc., although we are not aware of any at the moment):

- Varsity will produce apparel and competition sales data, from AS400 and Salesforce, including at the team (for competitions) and item levels (for apparel)

    o This data will be produced back to 2011, save for team-level data, which will be produced as far back as it goes—approx. 2013.

- Varsity will produce rebate data as far back as it goes: 2012
- Varsity will produce apparel cost reports back to 2011
- Varsity will produce general ledger data back to 2013

    o This will include data on spectator ticket sales back to 2013

- Varsity will produce the above data for Worlds, to the extent it exists.
- The produced data will be subject to the temporal limitations above, and the limitations existing in the already-produced 2015-2020 transactional data, except to the extent set forth above.
- Varsity will make best efforts to respond to the data questions set forth in Plaintiffs' April 23, 2021 email.

2. Request No. 20: Varsity will produce monthly profit-and-loss statements, cash flow statements, and balance sheets. Varsity will also produce profit-and-loss statements from JAMFest/Live and the Spirit Celebration Grand Championship.

3. Request No. 56: Plaintiffs will withdraw their Motion to Compel production relating to this Request.

4. Request No. 62: Varsity will produce the names of vendors who sold tickets to Varsity All-Star Competitions, including but not limited to Eventbrite and Ticketroar. This list will include all venues that sold such tickets.

5. Requests Nos. 77, 78: Varsity will produce documents reflecting the total portion of USASF's deficit to Varsity that USASF purportedly paid back.

6. Request No. 82: Varsity will produce: 1) the salaries Varsity paid to Jim Chadwick and Steve Peterson each year back to 2015; 2) the salaries Varsity paid to all other USASF employees back to 2015. Plaintiffs ask Varsity to provide the names of the other employees, along with each employee's salary. (Agree, understanding this will also resolve the like requests to USASF so as to avoid the situation where Plaintiffs seek to obtain the same information from Varsity indirectly via discovery of USASF.)

7. 92-103: Plaintiffs will withdraw these Requests, without prejudice, pending a decision on the Motion to Strike. If Defendants' motion to strike is denied, these Requests will automatically

be deemed reinstated, and Plaintiffs and Varsity will promptly meet and confer regarding the scope of the Requests and Defendant's related requests to Plaintiffs.

8. Custodians: Plaintiffs will withdraw their Motion to Compel relating to identifying Jim Hill and Jamie Parrish as custodians.

9. Both sides would be permitted, upon a showing of good cause, to obtain additional/further discovery in response to each side's First Set of Requests for Production.  Neither side has any plans to file further motions to compel production in response to their First Set of Requests for Production at this time.

Victoria Sims, Esquire
Cuneo Gilbert & LaDuca
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Phone: (202) 789-3960
Direct: (202) 449-3958
Fax: (202) 789-1813

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at: https://www.clearygottlieb.com/footer/privacy-statement

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF
## TENNESSEE

|  |  |
|---|---|
| FUSION ELITE ALL STARS, et al., | |
| Plaintiffs, | **Civ. Action No. 2:20-cv-02600-SHL-cgc** |
| v. | |
| VARSITY BRANDS, LLC, et al., | **Jury Trial Demanded** |
| Defendants. | |

**PLAINTIFFS FUSION ELITE ALL STARS, STARS AND STRIPES GYMNASTICS ACADEMY, INC. D/B/A STARS AND STRIPES KIDS ACTIVITY CENTER, AND SPIRIT FACTOR LLC D/B/A FUEL ATHLETICS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

## <u>PRELIMINARY STATEMENT</u>

Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, and Stars and Stripes Gymnastics Academy, Inc., d/b/a Stars and Stripes Kids Activity Center ("Plaintiffs") hereby provide these Responses and Objections to Defendants' First Set of Requests for Production to Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, and Stars and Stripes Gymnastics Academy, Inc., d/b/a Stars and Stripes Kids Activity Center. All responses contained herein are based only upon such information and documents presently available and specifically known to Plaintiffs. Further independent discovery, independent investigation, legal research and analysis may supply additional facts and/or add meaning to the known facts. The objections set forth below are given without prejudice to Plaintiffs' right at trial to produce evidence of any subsequently discovered fact or facts that may later develop.

## GENERAL OBJECTIONS

Plaintiffs object generally to the Requests on the following grounds, each of which is incorporated by reference in the responses to the individual Responses and Objections below and no response to any request is a waiver of any of the General Objections. All responses set forth herein are subject to and without waiver of any of these General Objections:

1.  Discovery has recently begun and efforts to discover the extent of Defendants' anticompetitive conduct are ongoing. The following responses are therefore based upon information known at this time and are provided without prejudice to Plaintiffs' right to supplement these responses prior to trial or to produce evidence based on subsequently discovered information. Likewise, Plaintiffs' responses are based upon, and therefore limited by, Plaintiffs' present knowledge and recollection, and consequently, Plaintiffs reserve the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

2.  Plaintiffs generally object to the Requests, to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any request or to impose any obligations on Plaintiffs' responses in excess of or in conflict with those required by the Federal Rules of Civil Procedure. Plaintiffs will respond to these Requests in accordance with their understanding of the obligations imposed by the Federal Rules of Civil Procedure and the Local Rules.

3.  Plaintiffs object to the Requests, to the extent the information sought is protected by the attorney-client privilege, the attorney work product doctrine, or is otherwise privileged and/or immune from discovery. This objection includes, but

2

is not limited to, information that Defendants seek regarding communications between Plaintiffs and Plaintiffs' attorneys made during or in anticipation of litigation, and core and/or opinion work product of Plaintiffs' counsel, contrary to Fed. R. Civ. P. 26(b)(3).

4.      Plaintiffs object to the Requests, to the extent they request Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

5.      Plaintiffs object to the Requests, to the extent they request documents equally accessible to, or in the possession of Defendants that can therefore be obtained from another source that is more convenient and less burdensome.

6.      Plaintiffs object to the Requests, to the extent they are overly broad and unduly burdensome.

7.      Plaintiffs object to the Requests, to the extent they require Plaintiffs to draw legal conclusions.

8.      Plaintiffs object to the Requests, to the extent the information requested is neither relevant nor proportional to the needs of the case, considering the Fed. R. Civ. P. 26(b)(1) factors.

9.      Plaintiffs object to the Requests, to the extent they seek to require Plaintiffs to produce all information that supports or otherwise relates to specific contentions in this litigation, on the ground that such contention Requests are premature and unduly burdensome.

10.     Plaintiffs object to the Requests, to the extent that they impermissibly seek the premature and non-reciprocal disclosure of trial experts and expert information, or require Plaintiffs to set forth factual analyses, comparative analyses, or

theories that may be the subject of expert testimony. In accordance with the Federal Rules of Civil Procedure, Plaintiffs reserve the right to introduce evidence not yet identified herein supporting their allegations, including evidence that Plaintiffs expect to further develop through the course of discovery and expert analysis.

11. Plaintiffs object to the Requests, to the extent that they seek information relating to Plaintiffs' sales, or other downstream data and information, because such information is neither relevant to Plaintiffs' claims or Defendants' defenses thereto, nor proportional to the needs of the case.

12. In providing responses to the Requests, Plaintiffs reserve all objections as to competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

13. No incidental or implied admissions are intended in these responses. Plaintiffs' responses to all or any part of any Requests should not be taken as an admission that: (a) Plaintiffs accept or admit the existence of any fact(s) set forth or assumed by the Requests; (b) documents or information responsive to that Requests are in Plaintiffs' possession, custody, or control; or (c) documents or information responsive to the Requests exist. Plaintiffs' responses to all or any part of the Requests also are not intended to be, and shall not be, a waiver by Plaintiffs of all or any part of an objection(s) to the Requests.

14. Plaintiffs object to the Instructions, to the extent they attempt to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and

seek information that is not necessary in a response to a Request for Production.

15.    Plaintiffs object to the Requests to the extent that they purport to require Plaintiffs to search electronically-stored information that is not readily accessible because of undue burden or cost and, therefore, exceed the scope of reasonable discovery as defined in Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure. Plaintiffs object to the Requests to the extent they require Plaintiffs to restore or search data sources that are not reasonably accessible.

16.    Plaintiffs object to the Requests to the extent they seek information primarily or exclusively within the possession, custody, or control of Defendants, or available from a source other than Plaintiffs that is more convenient, less burdensome, or less expensive.

17.    Plaintiffs object to the Requests to the extent they call for documents to be produced in a manner or form that is unduly burdensome.

18.    Plaintiffs' agreement to produce documents responsive to a particular request indicates that they will produce documents in their possession, custody, or control that are responsive to the particular request, subject to the objections Plaintiffs have raised in that request, in any other request, and the General Objections herein. Furthermore, these responses have been prepared before the complete identification of and review of all files considered reasonably likely to contain responsive materials. Accordingly, a statement in these responses to the effect that particular documents or categories of documents will be provided is not to be construed as a representation that such documents in fact exist. Likewise, the failure of Plaintiffs to make a specific objection to a particular

request is not, and shall not be construed as, an admission that responsive information exists. Plaintiffs specifically reserve the right to introduce any evidence from any source that may hereafter be discovered. Plaintiffs have not yet completed their investigation, and if any documents cannot be provided within a reasonable time after service of these responses, Plaintiffs reserve the right to apply for relief to permit the insertion of omitted documents. Plaintiffs will produce documents responsive to the Requests within a reasonable time after this response.

19.    Plaintiffs object to each Request to the extent that it assumes the admissibility, truth, accuracy, or relevance of any information or document, or seeks an admission from Plaintiffs concerning such matters. In responding to these Requests, Plaintiffs make no such admissions and do not intend to waive, and on the contrary preserve, the right to raise all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence of any and all information or documents identified or produced in response to these Requests, and to make all objections related thereto, which may arise in any subsequent proceeding in, or trial of, this or any other action; the right to object on any grounds to the use of said information or documents in any subsequent proceeding in, or trial of, this or any other action; and the right to object on any ground at any time to other requests for production or other discovery involving said information or documents or the subject matter thereof.

20.    Plaintiffs object to each Request to the extent it seeks any information protected by Federal Rule of Evidence 408 or that is subject to confidentiality or non-

disclosure agreements required by the Defendants in this case, third parties, the
government authorities or others.

21.  Plaintiffs object to the Requests to the extent they seek information protected
from disclosure pursuant to any ESI agreement or protective order entered in the
case.

22.  Plaintiffs object to each Request to the extent it seeks information whose
disclosure is prohibited by a court order, and each instruction or definition that is
inconsistent with a court order.

23.  Plaintiffs object to the Requests to the extent that they are duplicative and
cumulative.

24.  Plaintiffs object to the Requests to the extent that they seek documents that
contain proprietary, trade secret, or commercially sensitive information.

25.  Plaintiffs object to producing and will redact any personal or private information
from any production, including but not limited to names, addresses, social
security numbers, license numbers, bank account information and birthdays.

26.  Plaintiffs object to Definition No. 7 as overbroad, unduly burdensome, vague and
ambiguous.

27.  Plaintiffs object to Definition No. 11 as overbroad, unduly burdensome, vague
and ambiguous.

28.  Plaintiffs object to any requests not limited by temporal scope as overly broad,
irrelevant, and unduly burdensome.

29.  Plaintiffs object to Instruction No. 1 to the extent Defendants do not agree to
produce documents or data for the same time period. Plaintiffs also object to

Instruction No. 1 to the extent it seeks to limit Plaintiffs' damages claims.

30.     Plaintiffs object to the Requests to the extent that they seek information regarding

absent class members. Discovery of members of the proposed class is permissible

only with leave of the Court and with a showing of particularized need.

31.     Plaintiffs reserve the right to supplement or modify their Responses as discovery

in this case proceeds.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents concerning Varsity.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants to determine an appropriate scope for this Request.

### REQUEST FOR PRODUCTION NO. 2:

All communications with Varsity or anyone that you believe to have been, or who purported to be, acting on Varsity's behalf.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad,

unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants regarding this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning any products or services that you purchased from Varsity.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants to determine an appropriate scope for this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All documents concerning Varsity's pricing.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product,

attorney-client communications, or information otherwise protected from production. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs further object that this Request impermissibly seeks the premature and non-reciprocal disclosure of expert information, and requires Plaintiffs to produce factual analyses, comparative analyses, or theories that may be the subject of expert testimony.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants to determine an appropriate scope for this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All documents concerning Varsity's rebate programs, including the "Family Plan" and "Network Agreement" as alleged in paragraphs 13 and 14 of the Complaint.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors). Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants to determine an appropriate scope for this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All documents concerning your participation or non-participation in any Varsity rebate

program, including the "Family Plan" and "Network Agreement" as alleged in paragraphs 13 and 14 of the Complaint.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors). Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants to determine an appropriate scope for this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All documents concerning USASF.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants to determine an appropriate scope for this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All communications with USASF or anyone that you believe to have been, or who purported to be, acting on USASF's behalf.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants regarding this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning any products or services that you purchased from USASF.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants to

determine an appropriate scope for this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All documents concerning USASF's pricing.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants regarding this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All documents concerning, including all communications with, one or more of the following entities or individuals: the American Cheerleaders Association, the National Cheerleaders Association, David Owen, the Universal Cheerleaders Association, Jeff Webb, Matt Stoller, the National Spirit Group, the National All Star Cheerleading Coaches Congress, USA Cheer, the National Collegiate Acrobatics and Tumbling Association, the International All Star Federation, the United Spirit Association; the Universal Dance Association, and/or the International Cheerleading Union.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the

possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control. Plaintiffs further object to this request to the extent it seeks information or documents belonging to third parties and/or information subject to confidentiality or non-disclosure agreements with third parties.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning "All Star Competitions" as that term is used in your Complaint.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants, to determine an appropriate scope for this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All documents concerning cheerleading competitions that were or are not "All Star Competitions" as that term is used in your Complaint.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants to determine an appropriate scope for this Request.

## REQUEST FOR PRODUCTION NO. 14:

All documents concerning the competitions referred to in your Complaint as "Worlds," "The Summit," the "U.S. Finals," and/or the "MAJORS."

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants to determine an appropriate scope for this Request.

## REQUEST FOR PRODUCTION NO. 15:

All documents concerning the bid process for "the All Star Championships," as that term is used in your Complaint.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less

burdensome. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants regarding this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All documents concerning your participation in "All Star Competitions," as that term is used in your Complaint, including all documents relating to your scheduling of such participation.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants to determine an appropriate scope for this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All advertisements, flyers, catalogs, price lists, or other promotional material received for any cheerleading competition, regardless of source.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the

possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18:**

All documents concerning "All Star Apparel," as that term is used in your Complaint, including all advertisements, flyers, catalogs, price lists, or other promotional material received for such apparel from any source.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants to determine an appropriate scope for this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning "more generic athletic apparel," as that term is used in your Complaint, including all advertisements, flyers, catalogs, price lists, or other promotional material received for such apparel from any source, as well as documents relating to its suitability or non-suitability for All Star Cheerleading.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P.

26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control

**REQUEST FOR PRODUCTION NO. 20**

All documents concerning sideline cheerleading, Pop Warner cheerleading, youth football and other sports cheerleading, and Bill George Youth Football cheerleading.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants regarding this Request.

**REQUEST FOR PRODUCTION NO. 21**

All documents concerning competitive dance.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the

possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants regarding this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All documents concerning competitive gymnastics.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants regarding this Request.

**REQUEST FOR PRODUCTION NO. 23:**

All documents concerning JAM Brands.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more

convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs agree to produce non-privileged documents sufficient to show any JAM Brands All Star Competitions they attended during the Relevant Time Period, to the extent such documents exist and are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24:**

All documents concerning Cheerleaders of America.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs agree to produce non-privileged documents sufficient to show any Cheerleaders of America All Star Competitions they attended during the Relevant Time Period, to the extent such documents exist and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 25:**

All documents concerning America's Best.

**Response**: Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs agree to produce non-privileged documents sufficient to show any America's Best All Star Competitions they attended during the Relevant Time Period, to the extent such documents exist and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 26:**

All documents concerning Rockstar Championships.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks

privileged information, attorney work product, attorney-client communications, or information
otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks
Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 27:**

All documents concerning Varsity's acquisition of JAM Brands.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad,
unduly burdensome, and not proportional to the needs of the case (considering the Fed. R. Civ.
P. 26(b)(1) factors). Plaintiffs further object to this Request to the extent it requests documents
equally accessible to, or in the possession of Defendants and can therefore be obtained from
another source that is more convenient and less burdensome. Plaintiffs also object to this
Request to the extent it seeks privileged information, attorney work product, attorney-client
communications, or information otherwise protected from production. Plaintiffs also object to
this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs'
possession, custody, or control.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants
regarding this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All documents concerning "JAMFest Cheer Super Nationals."

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad,
unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P.
26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further
object to this Request to the extent it requests documents equally accessible to, or in the
possession of Defendants and can therefore be obtained from another source that is more

convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs agree to produce non-privileged documents sufficient to show any JAM Brands All Star Competitions they attended during the Relevant Time Period, to the extent such documents exist and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 29:**

All documents concerning Spirit Celebrations.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs agree to produce non-privileged documents sufficient to show any Spirit Celebrations All Star Competitions they attended during the Relevant Time Period, to the extent such documents exist and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 30:**

All documents concerning Varsity's acquisition of Spirit Celebrations.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it requires Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants regarding this Request.

**REQUEST FOR PRODUCTION NO. 31:**

All documents concerning "the Dallas Cowboys Cheerleading Championships," as that term is used in paragraph 164 of your Complaint.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants regarding this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All documents concerning "Battle Under the Big Top," as that term is used in paragraph 191 of your Complaint.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants regarding this Request.

**REQUEST FOR PRODUCTION NO. 33:**

All documents concerning Epic Brands.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more

convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs agree to produce non-privileged documents sufficient to show any Epic Brands All Star Competitions they attended during the Relevant Time Period, to the extent such documents exist and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 34:**

All documents concerning Varsity's acquisition of Epic Brands.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants regarding this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All documents concerning the following, including any events these entities produce or

produced and any apparel or other merchandise these entities sell or sold: All Star Challenge;

Aloha Productions; America Cheer Express; American Spirit Championships; Cheer America;

Cheer Ltd.; CheerSport; Cheer Tech; COA Cheer & Dance; Connecticut Spirit Association;

One Up; Spirit Festival; Golden State Spirit Association; JAMZ Cheer and Dance; Mardi Gras

Spirit Events; Nation's Best; Pac West Spirit Group; Spirit Cheer; Universal Spirit; UPA; US

Spirit; Valley of the Sun; WCA; Worldwide Spirit Association; and Xtreme Spirit.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad,

unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P.

26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further

object to this Request to the extent it requests documents equally accessible to, or in the possession

of Defendants and can therefore be obtained from another source that is more convenient and less

burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information,

attorney work product, attorney-client communications, or information otherwise protected from

production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce

information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs agree to produce non-privileged documents sufficient

to show any All Star Competitions they attended during the Relevant Time Period, that were

sponsored by the above-listed event producers, to the extent such documents exist and are in

Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 36:

All documents concerning Premier Athletics All Star Gym, World Cup All Star Gym,

Cheer Factory All Star Gym, Quest Athletics, and any other cheerleading club or gym that any

Plaintiff was a member of or otherwise participated with.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 37:

All documents concerning Varsity's market share in any market, including your allegation in paragraph 16 of the Complaint that "During the Class Period …, Varsity collective controlled approximately 90% of the All Star Competition and 80% of the All Star Apparel Market."

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors). Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

In addition, this Request is an inappropriate contention request, seeking premature disclosure of the documents serving as the bases for Plaintiffs' contentions. Plaintiffs further object that this Request impermissibly seeks the premature and non-reciprocal disclosure of expert information, and requires Plaintiffs to produce factual analyses, comparative analyses, or theories that may be the subject of expert testimony. Plaintiffs' contentions will be set forth in expert reports exchanged at the time established by the Court and the Federal Rules for exchanging expert reports. Any work by retained consultants prior to exchange of expert reports is attorney work product and protected from disclosure. Plaintiffs reserve the right to rely on any information and opinion included in expert reports and reserve the right to change or modify answers based on such information and opinions.

**REQUEST FOR PRODUCTION NO. 38:**

All documents concerning your allegation in paragraph 169 of your Complaint that "IEPs have been relegated to 'B League' status, rendering the remaining potential rivals in All Star Competition Market incapable of challenging Varsity's dominance."

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors). Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control. In addition, this Request is an inappropriate contention request,

seeking premature disclosure of the documents serving as the bases for Plaintiffs' contentions.

**REQUEST FOR PRODUCTION NO. 39:**

All documents concerning the "B League" referred to in paragraph 169 of your Complaint.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors). Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 40:**

All documents concerning the allegation in paragraph 171 of your Complaint that Varsity "impose[d] exclusionary contracts and anticompetitive loyalty programs on All Star Gyms."

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors). Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client

communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control. In addition, this Request is an inappropriate contention request, seeking premature disclosure of the documents serving as the bases for Plaintiffs' contentions.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants to determine an appropriate scope for this Request.

### REQUEST FOR PRODUCTION NO. 41:

All documents concerning the allegation in paragraph 193 in your Complaint that "[t]he rules governing USASF and Varsity All Star Competitions regarding All Star Apparel are frequently written to favor Varsity's latest All Star Apparel Designs."

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors). Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control. In addition, this Request is an inappropriate contention request, seeking premature disclosure of the documents serving as the bases for Plaintiffs' contentions.

Subject to their objections, Plaintiffs refer Defendants to the USASF and Varsity All Star Competition rules.

**REQUEST FOR PRODUCTION NO. 42:**

Documents sufficient to show any rules that you contend were "written to favor Varsity's latest All Star Apparel Designs," as stated in paragraph 193 of your Complaint.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors). Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control. In addition, this Request is an inappropriate contention request, seeking premature disclosure of the documents serving as the bases for Plaintiffs' contentions.

Subject to their objections, Plaintiffs refer Defendants to the USASF and Varsity All Star Competition rules.

**REQUEST FOR PRODUCTION NO. 43:**

All documents concerning the allegation in paragraph 194 of your Complaint that "rumors have long circulated that All Star Teams outfitted in Varsity apparel … are rewarded higher scores for their routines."

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors). Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from

another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control. In addition, this Request is an inappropriate contention request, seeking premature disclosure of the documents serving as the bases for Plaintiffs' contentions.

## REQUEST FOR PRODUCTION NO. 44:

All documents concerning whether or how scoring at All Star Competitions is affected by the brand of apparel worn by the competitors.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors). Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control. In addition, this Request is an inappropriate contention request, seeking premature disclosure of the documents serving as the bases for Plaintiffs' contentions.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants regarding this Request.

## REQUEST FOR PRODUCTION NO. 45:

All documents concerning STUNT.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control. In addition, this Request is an inappropriate contention request, seeking premature disclosure of the documents serving as the bases for Plaintiffs' contentions.

Subject to their objections, Plaintiffs will meet and confer with Defendants regarding this Request.

**REQUEST FOR PRODUCTION NO. 46:**

All documents concerning K&K Insurance.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control. Plaintiffs further object to this request to the extent it seeks information or documents belonging to third parties and/or information subject to

confidentiality or non-disclosure agreements with third parties.

Subject to their objections, Plaintiffs who used K&K insurance during the requested time period will produce the portions of their K&K policies during the Relevant Time Period referred to in their Consolidated Amended Complaint.

## REQUEST FOR PRODUCTION NO. 47:

All documents concerning any liability insurance held by you at any time while you were a USASF member or participated in cheerleading competitions.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production.

## REQUEST FOR PRODUCTION NO. 48:

All documents concerning insurance for cheerleading participants, teams, gyms, or competitions.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks

Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 49:**

    All document and data concerning insurance requirements for cheerleading participants, teams, gyms, or competitions.

    **Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 50:**

    All documents concerning Nfinity.

    **Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks

Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 51:

All documents concerning Rebel Athletic.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants regarding this Request.

## REQUEST FOR PRODUCTION NO. 52:

All documents concerning the sales of apparel at cheerleading competitions.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information

otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control. In addition, this Request is an inappropriate contention request, seeking premature disclosure of the documents serving as the bases for Plaintiffs' contentions.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants regarding this request.

### REQUEST FOR PRODUCTION NO. 53:

All documents concerning USASF's rules relating to cheerleading.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs will meet and confer with Defendants regarding this request.

### REQUEST FOR PRODUCTION NO. 54:

All documents concerning USASF's rules relating to cheerleading apparel.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P.

26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

Subject to their objections, Plaintiffs will meet and confer with Defendants regarding this request.

## REQUEST FOR PRODUCTION NO. 55:

All documents concerning Varsity's intellectual property (or that which you believe Varsity claims is its intellectual property), including trademarks, copyrights, patents, or trade secrets.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control. In addition, this Request is an inappropriate contention request, seeking premature disclosure of the

documents serving as the bases for Plaintiffs' contentions.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants regarding this request.

**REQUEST FOR PRODUCTION NO. 56:**

All documents concerning USASF's intellectual property (or that which you believe USASF claims is its intellectual property), including trademarks, copyrights, patents, or trade secrets.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control. In addition, this Request is an inappropriate contention request, seeking premature disclosure of the documents serving as the bases for Plaintiffs' contentions.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants regarding this request.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to show all of your purchases of products and/or services from Varsity or USASF, showing at a minimum: (1) the date of the purchase, (2) the product or

service purchased, (3) the price paid, and (4) any discounts or rebates applicable to such purchases.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants, to determine an appropriate scope for this Request.

### REQUEST FOR PRODUCTION NO. 58:

All documents concerning any rebates or discounts you received from Varsity or USASF.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants to

determine an appropriate scope for this Request.

**REQUEST FOR PRODUCTION NO. 59:**

All documents concerning "stay to play" events as alleged in paragraph 231 of your
Complaint.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad,
unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P.
26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also
object to this Request to the extent it seeks privileged information, attorney work product,
attorney-client communications, or information otherwise protected from production. Plaintiffs
further object to this Request to the extent it requests documents equally accessible to, or in the
possession of Defendants and can therefore be obtained from another source that is more
convenient and less burdensome.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants to
determine an appropriate scope for this Request.

**REQUEST FOR PRODUCTION NO. 60:**

All documents concerning your participation in any "stay to play" event as alleged in
paragraph 231 of your Complaint.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad,
unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P.
26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also
object to this Request to the extent it seeks privileged information, attorney work product,
attorney-client communications, or information otherwise protected from production. Plaintiffs
further object to this Request to the extent it requests documents equally accessible to, or in the

possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome.

Subject to their objections, Plaintiffs agree to meet and confer with Defendants to determine an appropriate scope for this Request.

## REQUEST FOR PRODUCTION NO. 61:

All documents concerning your allegations in paragraph 234 of your Complaint that "[a]t least 35 All Star Gyms closed in 2019 as compared to a normal rate of 5 to 10 such closings in previous years."

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome.

Subject to their objections, Plaintiffs state that they will provide information responsive to this request in their responses to Defendants' contemporaneously-served Interrogatories.

## REQUEST FOR PRODUCTION NO. 62:

Documents sufficient to show the "[a]t least 35 All Star Gyms" that you allege in paragraph 234 of your Complaint closed in 2019.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P.

26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome.

Subject to their objections, Plaintiffs state that they will provide information responsive to this request in their responses to Defendants' contemporaneously-served Interrogatories.

## REQUEST FOR PRODUCTION NO. 63:

All documents concerning how any closure of any gym has affected you, including in terms of your gym membership, your prices, your offerings, or any other aspect of your operations.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this request to the extent is seeks information relating to the downstream or net economic effects of the challenged conduct on Plaintiffs in this case in which Plaintiffs are seeking overcharges, not lost profits. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production.

## REQUEST FOR PRODUCTION NO. 64:

All documents concerning your policies and practices relating to background checks for employees.

Case 2:20-cv-02600-SHL-tmp   Document 203-1   Filed 03/01/22   Page 52 of 62   PageID
3510

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs object to this Request to extent it seeks information that is private, privileged and/or subject to statutory protections and/or privacy laws.

**REQUEST FOR PRODUCTION NO. 65:**

All results of background checks for any employees where the background check indicated any prior incidence of violent conduct and/or sexual misconduct.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs object to this Request to extent it seeks information that is private, privileged and/or subject to statutory protections and/or privacy laws.

**REQUEST FOR PRODUCTION NO. 66:**

All reports regarding sexual misconduct or physical or mental abuse made to USASF or to any other organization, including law enforcement, regarding any of your employees.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also

object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs object to this Request to extent it seeks information that is private, privileged and/or subject to statutory protections and/or privacy laws.

**REQUEST FOR PRODUCTION NO. 67:**

Documents sufficient to show the actions you took in response to information reported on any background check for any employee.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs object to this Request to extent it seeks information that is private, privileged and/or subject to statutory protections and/or privacy laws.

**REQUEST FOR PRODUCTION NO. 68:**

All documents concerning the "recent article in USA Today" alleged in paragraph 238 in your Complaint, including what, if any, actions you took in response to the referenced article.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production.

**REQUEST FOR PRODUCTION NO. 69:**

All documents relating to the allegations in paragraphs 239, 240 and 241 of your Complaint.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control. In addition, this Request is an inappropriate contention request, seeking premature disclosure of the documents serving as the bases for Plaintiffs' contentions.

**REQUEST FOR PRODUCTION NO. 70:**

All documents constituting or concerning communications with USA Today, any reporter at USA Today, anyone purporting to work for or on behalf of USA Today, any other reporter or news organization, or anyone purporting to be a reporter or news organization or to act on behalf of a reporter or news organization, regarding cheerleading, the cheerleading industry, Varsity, or USASF. This includes any "on-the-record" statement and any "off-the-record" statement.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P.

26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also

object to this Request to the extent it seeks privileged information, attorney work product,

attorney-client communications, or information otherwise protected from production.

**REQUEST FOR PRODUCTION NO. 71:**

All documents concerning any purchases of goods or services that you contend were

affected in any way, including, without limitation, in terms of price, by the conduct alleged in

the Complaint.

**Response**: Plaintiffs object to this Request because it is vague, ambiguous, overly broad,

unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P.

26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further

object to this Request to the extent it requests documents equally accessible to, or in the

possession of Defendants and can therefore be obtained from another source that is more

convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks

privileged information, attorney work product, attorney-client communications, or information

otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks

Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

In addition, this Request is an inappropriate contention request, seeking premature

disclosure of the documents serving as the bases for Plaintiffs' contentions. Plaintiffs further

object that this Request impermissibly seeks the premature and non-reciprocal disclosure of

expert information, and requires Plaintiffs to produce factual analyses, comparative analyses,

or theories that may be the subject of expert testimony.

Subject to their objections, Plaintiffs will meet and confer with Defendants to determine

an appropriate scope for this Request.

**REQUEST FOR PRODUCTION NO. 72:**

All documents concerning any conduct by Varsity or USASF that you contend was anticompetitive.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors). Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

In addition, this Request is an inappropriate contention request, seeking premature disclosure of the documents serving as the bases for Plaintiffs' contentions. Plaintiffs further object that this Request impermissibly seeks the premature and non-reciprocal disclosure of expert information, and requires Plaintiffs to produce factual analyses, comparative analyses, or theories that may be the subject of expert testimony. Subject to their objections, Plaintiffs agree to meet and confer with Defendants regarding this Request.

**REQUEST FOR PRODUCTION NO. 73:**

All documents concerning your contention in Paragraph 251 of the Complaint that "USASF has knowingly conspired with Varsity" to engage in alleged anticompetitive conduct.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case (considering the Fed. R. Civ.

P. 26(b)(1) factors). Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control. In addition, this Request is an inappropriate contention request, seeking premature disclosure of the documents serving as the bases for Plaintiffs' contentions.

## REQUEST FOR PRODUCTION NO. 74:

All documents relating to "Project Herkimer."

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation.

## REQUEST FOR PRODUCTION NO. 75:

All documents relating to the Twitter handle @ProjectHerkimer.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production.

## REQUEST FOR PRODUCTION NO. 76:

All documents that you intend to use to support any claim or defense in the Case.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Request to the extent it requests documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs also object to this Request to the extent it seeks Plaintiffs to produce information outside Plaintiffs' possession, custody, or control.

In addition, this Request is an inappropriate contention request, seeking premature disclosure of the documents serving as the bases for Plaintiffs' contentions. Plaintiffs further object that this Request impermissibly seeks the premature and non-reciprocal disclosure of expert information, and requires Plaintiffs to produce factual analyses, comparative analyses, or theories that may be the subject of expert testimony. Plaintiffs' contentions will be set forth in expert reports exchanged at the time established by the Court and the Federal Rules for exchanging expert reports. Any work by retained consultants prior to exchange of expert reports is attorney work product and protected from disclosure. Plaintiffs reserve the right to rely on any information and opinion included in expert reports and reserve the right to change or modify answers based on such information and opinions.

## REQUEST FOR PRODUCTION NO. 77:

All communications with any lawyer, investigator, law firm or investigator firm, or other individual purporting to be a lawyer or investigator or to be acting on behalf of a lawyer, law firm, investigator, or investigating firm, regarding cheerleading, the cheerleading industry,

Varsity, or USASF.

      **Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production.

                                Respectfully submitted,

Dated: November 16, 2020

By:  */s/ Victoria Sims*

Jonathan W. Cuneo*
Katherine Van Dyck*
Victoria Sims*
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
kvandyc@cuneolaw.com
vicky@cuneolaw.com

H. Laddie Montague, Jr.*
Eric L. Cramer*
Mark R. Suter*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000
hlmontague@bm.net
ecramer@bm.net
msuter@bm.net

Gregory S. Asciolla*
Karin E. Garvey*
Veronica Bosco*
Ethan H. Kaminsky*
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
gasciolla@labaton.com

kgarvey@labaton.com
vbosco@labaton.com
ekaminsky@labaton.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Direct Purchaser Class*


J. Gerard Stranch, IV (TN BPR #23045)
Benjamin A. Gastel (TN BPR #28699)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

*Liaison Counsel for Plaintiffs and the Proposed Direct Purchaser Class*

Benjamin D. Elga**
**JUSTICE CATALYST LAW, INC.**
81 Prospect Street
Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Brian Shearer**
Craig L. Briskin**
**JUSTICE CATALYST LAW, INC.**
718 7th Street NW
Washington, DC 20001
Telephone: (518) 732-6703
brianshearer@justicecatalyst.org
cbriskin@justicecatalyst.org

Roberta D. Liebenberg**
Jeffrey S. Istvan**
Mary L. Russell*
**FINE KAPLAN AND BLACK, R.P.C.**
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com

mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Frank B. Thacher III (TN BPR #23925)
**BURCH, PORTER, & JOHNSON, PLLC**
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
**NEAL & HARWELL, PLC**
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com

\* Admitted *pro hac vice*
\*\* *Pro hac vice* application forthcoming

*Attorneys for Plaintiffs and the Proposed Direct
Purchaser Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2020, I served a copy of the foregoing

Plaintiffs' Responses and Objections to Defendants' First Requests for Production via electronic

mail upon the below Counsel:

Adam S. Baldridge
Matthew Sinon Mulqueen
**BAKER DONELSON BEARMANN
CALDWELL & BERKOWITZ**
165 Madison Ave
Ste 2000
Memphis, TN 38103
Tel: 901-526-2000
Tel: 901-577-8234
abaldridge@bakerdonelson.com
mmulqueen@bakerdonelson.com

George Cary
Mark W. Nelson
Alexis Collins
Mark W. Nelson
**CLEARY GOTTILEB STEEN &
HAMILTON LLP**
2112 Pennsylvania Avenue NW
Ste 1000
Washington, DC 20037
Tel: 202-974-1554
Tel: 202-974-1519
Tel: 202-974-1920
Tel: 202-974-1500

gcary@cgsh.com
mnelson@cgsh.com
alcollins@cgsh.com
skaiser@cgsh.com

*Attorneys for Defendants Varsity Brands,
LLC, Varsity Spirit Fashions & Supplies, Inc.,
and Varsity Spirit, LLC*

Grady M. Garrison
Nicole D. Berkowitz
**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.**
165 Madison Ave.
Ste. 2000
Memphis, TN 38103
Tel: 901-526-2000
Tel: 901-577-8166
Fax: 901-577-2303
ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com

*Attorneys for Defendant U.S. All Star
Federation, Inc.*

/s/_Victoria Sims_____
Victoria Sims

55