# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS, SPIRIT FACTOR LLC d/b/a FUEL ATHLETICS, and STARS AND STRIPES GYMNASTICS ACADEMY INC. d/b/a STARS AND STRIPES KIDS ACTIVITY CENTER, on behalf of themselves and all others similarly situated<br><br>      Plaintiffs,<br><br>   v.<br><br>VARSITY BRANDS, LLC, VARSITY SPIRIT, LLC, VARSITY SPIRIT FASHION & SUPPLIES, LLC, and U.S. ALL STAR FEDERATION, INC.,<br><br>      Defendants. | **Civ. Action No. 2:20-cv-02600-SHL-tmp** |

## DECLARATION OF NICOLE D. BERKOWITZ

I, NICOLE D. BERKOWITZ, pursuant to Title 28 U.S.C. Section 1746, hereby declare as follows:

1.      My name is Nicole D. Berkowitz.  I am over twenty-one (21) years of age, of sound mind, and competent to make this declaration.  I make the following statements based on my own personal knowledge of the facts stated herein.

2.      As counsel for U.S. All Star Federation, Inc. ("USASF"), I have assisted in USASF's collection and searching of electronically stored information ("ESI").  I have also been involved in the negotiations with counsel for Plaintiffs regarding the discovery requests at issue.

3.      Attached as **Exhibit 1** to this Declaration is an email that I received from Victoria Sims, counsel for Plaintiffs, on June 23, 2021.  In that email, Ms. Sims wrote that with respect to Request Nos. 98-111, "Plaintiffs will agree to withdraw these Requests, without prejudice, pending a decision on the Motion to Strike.  If the motion to strike is denied, these Requests will

1

automatically be deemed reinstated, and the parties will promptly meet and confer regarding the scope of the Requests." *See id.*, p. 2.

4.      Attached as **Exhibit 2** to this Declaration is an email I sent to counsel for Plaintiffs, on June 23, 2021.  In this email, I indicated that USASF would accept certain of Plaintiffs' proposals on the requests at issue, subject to clarifications noted in blue below.  As to Request Nos. 98-111, I indicated USASF's agreement to Plaintiffs' proposal to withdraw these requests pending resolution of the Motion to Strike, writing "OK."

5.      Attached as **Exhibit 3** to this Declaration is an email chain between me and counsel for Plaintiffs from November 2021.  As shown in this Exhibit, on November 3, 2021, I received an email from Ms. Sims attempting to request certain documents of Karen Wilson with reference to Request Nos. 103, 106, and 107.  *See id.*, p. 3.  In response, on November 11, 2021, I reminded Plaintiffs' counsel that "the parties already have an agreement to table Request Nos. 98-111 until the motion to strike has been decided.  It is not clear why Plaintiffs are suggesting that they will pursue these requests at this time if USASF does not agree to produce the remaining documents demanded by Plaintiffs, but this is not consistent with the parties' previous agreement." *Id.*, p. 1.  I did not receive a response disputing my characterization of the parties' agreement with these requests.

6.      Attached as **Exhibit 4** to this Declaration is an excerpt from a letter I received from Katherine Van Dyck, counsel for Plaintiffs, on October 1, 2021.  In this letter, Ms. Van Dyck stated that "With respect to Interrogatory No. 10, Plaintiffs are willing to treat these in the same manner as the RFPs related to the same issues.  Plaintiffs will agree to withdraw Interrogatory No. 10, without prejudice, pending a decision on the Motion to Strike.  If the Motion to Strike is denied, this interrogatory will automatically be deemed reinstated, and the

2

parties will promptly meet and confer regarding its scope." *Id.*, p. 11.

7.      Attached as **Exhibit 5** is an excerpt from a letter which I sent to Plaintiffs'
counsel in response to Ms. Van Dyck's October 1 letter, which is dated November 2, 2021.  As
to Interrogatory No. 10, I expressed USASF's agreement with Plaintiffs' proposal and that "the
parties will await the Court's decision on the Motion to Strike before proceeding." *Id.*, p. 14.

8.      In an effort to determine whether any documents responsive to Request Nos. 100,
102-105, and 107-110 had already been produced, I ran several search terms over the universe of
approximately 25,000 documents that USASF has already produced in this matter.  My search
for the term "SafeSport," revealed 560 documents containing this term which have already been
produced by USASF, which include multiple versions of the USASF SafeSport Code, policies
relating to bullying and hazing, USASF's Professional Responsibility Code, USASF's Minor
Abuse Prevention Policy, presentations regarding these policies, and various communications to
USASF's members regarding these policies and USASF's Athletes 1st initiative.

9.      In addition, I ran Plaintiffs' proposed search terms over the documents already
contained in USASF's document collection database to determine the types of documents that
were being identified by those terms, whether they were even responsive to Plaintiffs' requests,
and whether they were duplicative or cumulative of those already produced in this matter.  The
proposed terms "solicit* w/2 minor*", "convict* w/3 child*", "convict* w/3 minor*", "convict*
w/3 sex*", "sex* w/10 harass", "sex* w/10 misconduct", "sex* w/10 abuse", "sex* w/10
report*", "sex* w/10 crim*", "sex* w/10 offender*", and "child w/2 porn*" appeared to be
contained in numerous USASF policies, including nearly every iteration of USASF's
Professional Responsibility Code, Event Producer Guide, and Athletes 1st materials.  The
proposed terms "background w/10 fail*", "sex* w/10 background", "sex* w/10 uniform*", and

"sex* w/10 minor*" appeared to be contained in nearly every iteration of USASF's Worlds Registration Packet.  These types of policies and registration packets have been produced.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: February 28, 2022.

_____
Nicole D. Berkowitz

4

# EXHIBIT 1

Subject: Motion to Compel Against USASF and USASF Motion for Protective Order
Date:    6/23/2021 10:04 AM
From:    "Vicky Sims" <Vicky@cuneolaw.com>
To:      "Berkowitz, Nicole" <nberkowitz@bakerdonelson.com>
Cc:      "Katie Van Dyck" <kvandyck@cuneolaw.com>, "Veronica Bosco" <VBosco@labaton.com>

Nicole,

Based on the representations USASF has made and our discussions on June 14, 2021, Plaintiffs are willing to agree to the following comprehensive resolution of all outstanding discovery disputes, raised in Plaintiffs' Motion to Compel Production from USASF and USASF's Motion for Protective Order, aside from the objections of three sponsors to production of information regarding their identities, in response to Request No. 11.

### Request No. 10
- USASF will produce the requested documents concerning rules and policies.
- USASF will produce the following information regarding programs and initiatives:
  - WE S.H.A.R.E
    - Please provide USASF's internal worksheets regarding this program from 2015 to the present.
  - IMPACT, BOLT, MARCH, Mini Age Challenge
    - Please provide materials published on the USASF website regarding these programs from 2015 to the present.
  - FUNdamentals
    - Please provide USASF's internal worksheets and handouts regarding this program from 2015 to the present.
  - Jump Start, and Legacy Launch
    - Please provide the following materials from 2015 to the present:
      - USASF's internal worksheets
      - workbooks and powerpoints for both programs
      - internal assessments collected after the courses
  - The Connection
    - USASF advises that it will agree to produce notes from program meetings, if it has them
- For SafeSport and Athletes First, Plaintiffs understand that USASF is producing board meeting minutes that including discussions related to these programs. Plaintiffs will agree to withdraw, without prejudice, the motion to compel production of responsive documents pending a ruling on the pending motion to strike. In the event the motion to strike is denied, the parties agree to promptly meet and confer regarding documents concerning these programs.

### Request No. 11
USASF will agree to produce information responsive to this Request for all sponsors, save for the three who have objected to production. The question of whether these sponsors' identities will be produced will be decided by the Court.

### Request No. 12
USASF will produce its affiliate membership and registration forms, which shall show the requirements for affiliate members.

### Request No. 13

USASF will produce National Meeting programs, handouts, and presentations from the files of Amy Clark and data showing the number of attendees present at the National Meeting each year, from 2015 to 2020.

### Request No. 15
USASF will produce all responsive documents.

### Request No. 49
USASF will produce any responsive documents. Plaintiffs noted USASF's agreement to produce responsive documents in their April 2, 2021 Letter, which USASF did not dispute in its letter in response.

### Request No. 64
USASF will produce the following information:
•       Names and Locations of all All Star Gyms who were members of USASF each year from 2017 to 2020. If USASF has this information going back to 2015, it shall be produced back to 2015.
•       Names of all All Star Competition producers who were members of USASF each year from 2016 to 2020. If USASF has this information going back to 2015, it shall be produced back to 2015.
•       The number of each of the following categories of members, each year, from 2015 to 2020: coach, Athlete, Gym, and Competition producers.

### Request No. 77
USASF shall produce all responsive documents. Plaintiffs noted USASF's agreement to produce responsive documents in their April 2, 2021 Letter, which USASF did not dispute in its letter in response.

### Requests Nos. 82, 83 and 87
Plaintiffs will agree to withdraw, without prejudice, their Motion to Compel seeking documents responsive to these requests but reserve the right to seek further information in response to these requests in the event the production by Varsity proves insufficient or reveals the need for further discovery on these issues. Plaintiffs expect that they will be able to use materials responsive to these requests provided by Varsity with respect to USASF as well as Varsity.

### Request Nos. 98 to 111
Plaintiffs will agree to withdraw these Requests, without prejudice, pending a decision on the Motion to Strike. If the motion to strike is denied, these Requests will automatically be deemed reinstated, and the parties will promptly meet and confer regarding the scope of the Requests.

### Search Terms
● With respect to the "non-profit" string below, Plaintiffs propose only using this search string for retrieval of Mr. Chadwick's ESI.

(IRS OR Tennessee) AND (status OR nonprofit
OR non*profit OR disposition OR dissolution
OR assets)

● With respect to the "financials" strings, Plaintiffs revise their proposal to include the "booth", "grew", and "scorebook" modifiers initially proposed by USASF as well as the modifier "member" and relinquish the remaining strings, in order to reduce the hit count for these terms.

(revenue OR sales OR profit* OR earnings

| |
|---|
| OR "net income" OR annual* OR quarter* OR month* OR week* OR market* OR forecast OR outlook OR budget*) w/10 member* OR booth OR grew OR "scorebook" |
| ~~(revenue OR sales OR profit* OR earnings OR "net income" OR annual* OR quarter* OR month* OR week* OR market* OR forecast OR outlook OR budget*) w/10 merch*~~ |
| ~~(revenue OR sales OR profit* OR earnings OR "net income" OR annual* OR quarter* OR month* OR week* OR market* OR forecast OR outlook OR budget*) w/10 event*~~ |
| ~~(revenue OR sales OR profit* OR earnings OR "net income" OR annual* OR quarter* OR month* OR week* OR market* OR forecast OR outlook OR budget*) w/10 choreography~~ |
| ~~(revenue OR sales OR profit* OR earnings OR "net income" OR annual* OR quarter* OR month* OR week* OR market* OR forecast OR outlook OR budget*) w/10 brand~~ |

## Custodians
- Plaintiffs maintain that the USASF email accounts for Gallick, Broderick, Garrett, Wilson and Holm should be included in USASF's search of its ESI in addition to Ms. Wilson's Google Drive. Plaintiffs also request the previously identified categories of documents requested in our April 26, 2021 email, from Ms. Stangle's and Ms. Singer's U drives.

## Relevant Time Period
- Plaintiffs propose limiting the ESI search for Gallick, Broderick, Garrett, Wilson, and Holm to 2015 and expanding the ESI search for the remaining custodians to 2012.

Assuming agreement on the above, both sides would be permitted, upon a showing of good cause, to obtain additional/further discovery in response to each side's First Set of Requests for Production. This would resolve, with the exception of Request No. 11, all issues presently before the Court. With the hearing on Thursday drawing near, we look forward to your prompt response.
Plaintiffs note they have resolved their Motion to Compel against Varsity, so only the Motion to Compel against USASF and Motion for Protective Order will be heard tomorrow.
We also ask USASF to confirm that it produced on June 15, 2021 all of its undisputed documents, including responsive documents from the 20,000 that were located using USASF's original proposed ESI parameters.

Thank You,

Victoria Sims, Esquire
Cuneo Gilbert & LaDuca
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Phone: (202) 789-3960
Direct: (202) 449-3958
Fax: (202) 789-1813

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

# EXHIBIT 2

Subject: RE: Motion to Compel Against USASF and USASF Motion for Protective Order

Date: 6/23/2021 3:43 PM

From: "Berkowitz, Nicole" <nberkowitz@bakerdonelson.com>

To: "Vicky Sims" <Vicky@cuneolaw.com>, "Katie Van Dyck" <kvandyck@cuneolaw.com>, "Veronica Bosco" <VBosco@labaton.com>

Cc: "Garrison, Grady" <ggarrison@bakerdonelson.com>

---

Counsel,

USASF believes we can reach an agreement on the specific requests at issue (with the partial exception of No. 11), subject to the clarification below. Please let me know if Plaintiffs are agreeable to resolving these requests as noted below.

We may be at an impasse on the ESI parameters. In particular, your search term proposal in light of the additional custodians you have proposed and your proposal to expand the existing custodians to 2012 on all search terms is projected to generate hundreds of thousands of documents for USASF's review, even after filtering out spam and de-duplication. The expense of collecting, reviewing, and producing this volume of documents is unreasonable, and we think the Court will need to resolve this issue.

**Nicole Berkowitz**
Associate
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Direct: 901.577.8166
Fax: 901.577.0866
E-mail: nberkowitz@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. and abroad from offices in Alabama, Florida, Georgia, Louisiana, Maryland, Mississippi, South Carolina, Tennessee, Texas and Washington, D.C.

---

**From:** Vicky Sims <Vicky@cuneolaw.com>
**Sent:** Wednesday, June 23, 2021 10:05 AM
**To:** Berkowitz, Nicole <nberkowitz@bakerdonelson.com>
**Cc:** Katie Van Dyck <kvandyck@cuneolaw.com>; Veronica Bosco <VBosco@labaton.com>
**Subject:** Motion to Compel Against USASF and USASF Motion for Protective Order

Nicole,

Based on the representations USASF has made and our discussions on June 14, 2021, Plaintiffs are willing to agree to the following comprehensive resolution of all outstanding discovery disputes, raised in Plaintiffs' Motion to Compel Production from USASF and USASF's Motion for Protective Order, aside from the objections of three sponsors to production of information regarding their identities, in response to Request No. 11.

**<u>Request No. 10</u>**
- USASF will produce the requested documents concerning rules and policies. (OK)
- USASF will produce the following information regarding programs and initiatives: (OK)
  - WE S.H.A.R.E
    - Please provide USASF's internal worksheets regarding this program from 2015 to the present.

- o IMPACT, BOLT, MARCH, Mini Age Challenge
  - ▪ Please provide materials published on the USASF website regarding these programs from 2015 to the present.
- o FUNdamentals
  - ▪ Please provide USASF's internal worksheets and handouts regarding this program from 2015 to the present.
- o Jump Start, and Legacy Launch
  - ▪ Please provide the following materials from 2015 to the present:
    - USASF's internal worksheets
    - workbooks and powerpoints for both programs
    - internal assessments collected after the courses
- o The Connection
  - ▪ USASF advises that it will agree to produce notes from program meetings, if it has them
- For SafeSport and Athletes First, Plaintiffs understand that USASF is producing board meeting minutes that including discussions related to these programs. Plaintiffs will agree to withdraw, without prejudice, the motion to compel production of responsive documents pending a ruling on the pending motion to strike. In the event the motion to strike is denied, the parties agree to promptly meet and confer regarding documents concerning these programs. (OK)

**Request No. 11**
USASF will agree to produce information responsive to this Request for all sponsors, save for the three who have objected to production. The question of whether these sponsors' identities will be produced will be decided by the Court.  (USASF will produce the agreements it has with all sponsors and a chart showing the amounts paid by sponsors from 2015 to present, save for the three who have objected.  The question of whether the same information/documents for the other 3 sponsors will be decided by the Court).

**Request No. 12**
USASF will produce its affiliate membership and registration forms, which shall show the requirements for affiliate members. (OK)

**Request No. 13**
USASF will produce National Meeting programs, handouts, and presentations from the files of Amy Clark and data showing the number of attendees present at the National Meeting each year, from 2015 to 2020. (We can produce National Meeting programs, handouts, and presentations from the files of Amy Clark.  I am not able to get confirmation in this short timeframe whether USASF has data showing the number of attendees at the National Meeting, but we will agree to produce the attendee number data that we have available.  The 2018-2019 season is the first year USASF had a national meeting).

**Request No. 15**
USASF will produce all responsive documents.  (We have previously discussed this Request.  USASF will produce sample membership forms and Worlds registration packets.  USASF will produce its annual membership "blast" emails.)

**Request No. 49**
USASF will produce any responsive documents. Plaintiffs noted USASF's agreement to produce responsive documents in their April 2, 2021 Letter, which USASF did not dispute in its letter in response.  (As stated in your April 2 letter, USASF agrees to produce responsive documents subject to its custodian and search term parameters).

**Request No. 64**

USASF will produce the following information: (OK)
•     Names and Locations of all All Star Gyms who were members of USASF each year from 2017 to 2020. If USASF has this information going back to 2015, it shall be produced back to 2015.
•     Names of all All Star Competition producers who were members of USASF each year from 2016 to 2020. If USASF has this information going back to 2015, it shall be produced back to 2015.
•     The number of each of the following categories of members, each year, from 2015 to 2020: coach, Athlete, Gym, and Competition producers.

**Request No. 77**
USASF shall produce all responsive documents. Plaintiffs noted USASF's agreement to produce responsive documents in their April 2, 2021 Letter, which USASF did not dispute in its letter in response. (As stated in your April 2 letter, USASF agrees to produce responsive documents subject to its custodian and search term parameters).

**Requests Nos. 82, 83 and 87**
Plaintiffs will agree to withdraw, without prejudice, their Motion to Compel seeking documents responsive to these requests but reserve the right to seek further information in response to these requests in the event the production by Varsity proves insufficient or reveals the need for further discovery on these issues. Plaintiffs expect that they will be able to use materials responsive to these requests provided by Varsity with respect to USASF as well as Varsity. (USASF understands that Plaintiffs and Varsity have reached an agreement on the parallel requests to Varsity and that this agreement was contingent on Plaintiffs' agreement to stop pursuing these requests as to USASF.  As we have discussed, we don't have any further documents on this issue – any additional discovery would need to come from Varsity).

**Request Nos. 98 to 111**
Plaintiffs will agree to withdraw these Requests, without prejudice, pending a decision on the Motion to Strike. If the motion to strike is denied, these Requests will automatically be deemed reinstated, and the parties will promptly meet and confer regarding the scope of the Requests.  (OK).

**Search Terms** (We are not in agreement).
• With respect to the "non-profit" string below, Plaintiffs propose only using this search string for retrieval of Mr. Chadwick's ESI.

| |
|---|
| (IRS OR Tennessee) AND (status OR nonprofit OR non*profit OR disposition OR dissolution OR assets) |

• With respect to the "financials" strings, Plaintiffs revise their proposal to include the "booth", "grew", and "scorebook" modifiers initially proposed by USASF as well as the modifier "member" and relinquish the remaining strings, in order to reduce the hit count for these terms.

| |
|---|
| (revenue OR sales OR profit* OR earnings OR "net income" OR annual* OR quarter* OR month* OR week* OR market* OR forecast OR outlook OR budget*) w/10 member* OR booth OR grew OR "scorebook" |
| ~~(revenue OR sales OR profit* OR earnings OR "net income" OR annual* OR quarter* OR month* OR week* OR market* OR forecast OR outlook OR budget*) w/10 merch*~~ |

~~(revenue OR sales OR profit* OR earnings OR "net income" OR annual* OR quarter* OR month* OR week* OR market* OR forecast OR outlook OR budget*) w/10 event*~~

~~(revenue OR sales OR profit* OR earnings OR "net income" OR annual* OR quarter* OR month* OR week* OR market* OR forecast OR outlook OR budget*) w/10 choreography~~

~~(revenue OR sales OR profit* OR earnings OR "net income" OR annual* OR quarter* OR month* OR week* OR market* OR forecast OR outlook OR budget*) w/10 brand~~

**Custodians** (We are not in agreement).
- Plaintiffs maintain that the USASF email accounts for Gallick, Broderick, Garrett, Wilson and Holm should be included in USASF's search of its ESI in addition to Ms. Wilson's Google Drive. Plaintiffs also request the previously identified categories of documents requested in our April 26, 2021 email, from Ms. Stangle's and Ms. Singer's U drives.

**Relevant Time Period** (We are not in agreement).
- Plaintiffs propose limiting the ESI search for Gallick, Broderick, Garrett, Wilson, and Holm to 2015 and expanding the ESI search for the remaining custodians to 2012.


Assuming agreement on the above, both sides would be permitted, upon a showing of good cause, to obtain additional/further discovery in response to each side's First Set of Requests for Production. (To the extent that you are contemplating further discovery in the context of go-get documents, we are agreeable to this. Since we do not have an agreement on ESI, I don't think we can reach a full agreement on this.)
This would resolve, with the exception of Request No. 11, all issues presently before the Court. With the hearing on Thursday drawing near, we look forward to your prompt response.
Plaintiffs note they have resolved their Motion to Compel against Varsity, so only the Motion to Compel against USASF and Motion for Protective Order will be heard tomorrow.
We also ask USASF to confirm that it produced on June 15, 2021 all of its undisputed documents, including responsive documents from the 20,000 that were located using USASF's original proposed ESI parameters. (We believe that all of the undisputed responsive/non-privileged documents have been produced, including those from the 20,000 located using USASF's original ESI parameters, with the exception of financial statements from 2012-2014, which have not yet been located. If we (or Plaintiffs) determine that any responsive documents were inadvertently omitted, we reserve the right to supplement).

Thank You,

Victoria Sims, Esquire
Cuneo Gilbert & LaDuca
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Phone: (202) 789-3960
Direct: (202) 449-3958
Fax: (202) 789-1813

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

# EXHIBIT 3

Subject: RE: USASF Proposal on Search Terms and Custodians

Date:     11/11/2021 2:35 PM

From:    "Berkowitz, Nicole" <nberkowitz@bakerdonelson.com>

To:      "Vicky Sims" <Vicky@cuneolaw.com>

Cc:      "Katie Van Dyck" <kvandyck@cuneolaw.com>, "Garrison, Grady"
         <ggarrison@bakerdonelson.com>

---

Vicky,

We have reviewed your proposal on the documents contained in Karen Wilson's Google Drive. There appears to be a general disconnect between the requests you have identified and the documents we listed as being contained on Ms. Wilson's Google Drive. It is further concerning that Plaintiffs seem to be seeking documents that go beyond the parties' existing agreements as to the scope of specific RFPs and subject matter. USASF generally does not believe that the documents Plaintiffs have identified are responsive to their requests. As a result, USASF is not willing to produce these identified documents, with one partial exception in #4 which is outlined below.

In any event, I will address each of these categories of documents in turn.

1. **Disciplinary case results and List of Connection Leaders who serve on disciplinary cases.** Plaintiffs claim these documents are responsive to Request Nos. 9, 103, 106, and 107. Plaintiffs have also stated that they are willing to reserve their rights on these documents pending the outcome of the motion to strike "if USASF will agree to produce the other categories of documents listed below."

    a. First, the parties already have an agreement to table Request Nos. 98-111 until the motion to strike has been decided. It is not clear why Plaintiffs are suggesting that they will pursue these requests at this time if USASF does not agree to produce the remaining documents demanded by Plaintiffs, but this is not consistent with the parties' previous agreement. Similarly, the parties had already reached an agreement on Request No. 9, which did not involve producing these documents. Further, these documents are not even responsive to Request Nos. 9, 103, 106, or 107. Request No. 9 seeks information regarding staff issues. These documents relating to "disciplinary cases" relate to member discipline, not that of staff members. Further, as to Request No. 103, this request seeks documents "sufficient to identify" those persons who have been convicted of sex crimes against minors. USASF disciplinary records on any other subject would not be responsive, and further, USASF need not produce even those disciplinary records related to sex crimes against minors if some other document were "sufficient to identify" those persons. As to Request No. 106, again this seeks only documents "sufficient to identify" those persons flagged in USASF's background check or screening process. This is not equivalent to disciplinary records of persons who have already passed USASF's background check or screening process and were subsequently disciplined. As to Request No. 107, this request seeks documents "sufficient to identify" all suspended members and members ineligible for USASF membership. Again, USASF need not produce disciplinary records that did not result in suspension or membership eligibility, and need not produce any disciplinary records if some other document were "sufficient to identify" those persons. And certainly, none of these requests seek documents relating to the identities of those persons who serve on disciplinary cases.

2. **Regional Advisory Board applications.** Plaintiffs claim these documents are responsive to Request Nos. 6 and 8.

    a. These documents are not responsive to either request. Request No. 6 does not seek any applications, but rather documents "sufficient to identify" the current and historical members of USASF's "advisory boards", how committee members are elected or appointed, the operations of

the advisory boards, and how the requirements and operations have changed over time.  USASF
has already agreed to produce Regional Advisory Board powerpoints, notes, and poll results, but
the applications themselves are not responsive to this Request.  Nor are the applications
responsive to Request No. 8, which requests documents "sufficient to show" what constitutes
good standing for USASF's committees and advisory boards and policies for removing those
persons who are not in good standing.  The applications of new candidates have nothing to do
with this Request.

3. **Attendance Documents.**  Plaintiffs claim these documents as responsive to Request Nos. 38, 41, 45, 49,
93.

   a. These documents relate to attendance at Regional Advisory Board meetings.  Request No. 38
   seeks transaction data relating to All Star cheerleading competitions, No. 41 seeks
   communications between USASF and Varsity regarding member attendance at All Star
   cheerleading competitions, No. 45 seeks documents sufficient to identify persons who
   USASF "consider[s] to be" a competitor of USASF or Varsity in producing Events, selling Apparel,
   regulating or setting rules for cheerleading, or any other aspect of USASF or Varsity's business, No.
   49 seeks documents relating to attendance at non-USASF sanctioned All Star cheerleading
   competitions, and No. 93 seeks documents sufficient to show the selection process for USASF
   board member candidates.  These records are clearly not responsive to any of the requests
   identified by Plaintiffs.  Plaintiffs have not articulated any basis why these documents should be
   produced or even fall within the scope of their requests.

4. **Membership Reports.**  Plaintiffs claim these documents are responsive to Request Nos.
4,5,6,8,11,12,23,26,28,30,41,49, 54, 62,63, 68, 69, 88.

   a. It is not clear how Plaintiffs identified these requests, but they certainly do not correspond to
   these documents.  It appears that Plaintiffs are largely engaging in a fishing expedition and have
   no basis to request these documents.  For example, Request Nos. 4, 5, 6, and 8 seek documents
   relating to USASF's board, standing committees, and advisory boards.  Request No. 23 seeks
   documents relating to USASF employees and board members involved in negotiating certain
   agreements.  Request No. 26 seeks payroll documents (and the Parties had already reached an
   agreement on this Request).  I could go on, but it is apparent that Plaintiffs have not properly
   articulated how these reports would fall within the scope of their requests.  To provide further
   clarification, Karen Wilson's Google Drive contains a very limited number of "membership
   reports." These reports are not maintained in a consistent format or even on consistent topics
   from year-to-year, but these reports all seem to fall into one of two categories: (1) they are
   reports of all USASF members of a particular type; or (2) they are reports of persons who did not
   renew their USASF membership.  As to the first category, this falls under Request No. 64.  The
   parties have already reached an agreement regarding what would be produced in response to this
   Request, and Plaintiffs have already agreed that USASF does not need to produce this type of
   information, with limited exceptions.  As to the second category, USASF does not agree that
   Plaintiffs have properly articulated how these reports are responsive to any of their requests, but
   USASF will nevertheless agree to produce these types of reports.

5. **Connection Leaders applications and related documents.**  Plaintiffs claim these documents are
responsive to Request Nos. 5, 6, 8, and 93.

   a. Request Nos. 5, 6, and 8 are "sufficient to identify" type requests relating to the identity of
   USASF's board members, standing committees, and advisory boards.  The Connection does not fall
   into any of these categories.  More precisely, Plaintiffs identified the standing committees for
   which it sought documents in connection with Request No. 5, and The Connection was not one of
   them.  Moreover, setting that threshold issue aside, none of these requests require the production
   of applications.  Likewise, Request No. 93 seeks documents sufficient to show the selection
   process for USASF board member candidates.  Candidates for The Connection Leaders are
   not "USASF board member candidates."  Finally, the parties have already reached agreements on

(a) the documents to be produced in responsive to Request Nos. 5, 6, 8, and 93, and (b) the documents to be produced relating to The Connection.  These documents fall outside the scope of these agreements.

Please let me know if you would like to have a call to further discuss these issues.  It may make sense to discuss next week after we have had a chance to review Plaintiffs' forthcoming correspondence on the other ESI parameters.

**Nicole Berkowitz**
Associate
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
165 Madison Avenue, Suite 2000
Memphis, TN  38103
Direct:  901.577.8166
Fax:  901.577.0866
E-mail:  nberkowitz@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. and abroad from offices in Alabama, Florida, Georgia, Louisiana, Maryland, Mississippi, North Carolina, South Carolina, Tennessee, Texas and Washington, D.C.

---

**From:** Vicky Sims <Vicky@cuneolaw.com>
**Sent:** Wednesday, November 3, 2021 4:47 PM
**To:** Berkowitz, Nicole <nberkowitz@bakerdonelson.com>
**Cc:** Katie Van Dyck <kvandyck@cuneolaw.com>
**Subject:** USASF Proposal on Search Terms and Custodians

Nicole,

We have listed, below, the requests corresponding to each category of documents  we have requested from the Wilson G Drive. We are willing to reserve our rights to seek the disciplinary case results and the list of connection leaders who serve on disciplinary cases, once the motion to strike is decided, if USASF will agree to produce the other categories of documents listed below. We would also like to schedule a call to discuss a few issues related to USASF's most recent proposal on search terms and custodians. Could you let us know your availability tomorrow, Friday, and Monday?

- **Disciplinary case results**
    - Request Nos.:  9, 103, 106,107
- **List of Connection Leaders who serve on disciplinary cases**
    - Request Nos.:  9, 103, 106,107
- **Regional Advisory Board applications**
    - Request Nos.: 6, 8
- **Attendance Documents**
    - Request Nos.: 38, 41, 45, 49, 93
- **Membership reports**
    - Request Nos.: 4,5,6,8,11,12,23,26,28,30,41,49, 54, 62,63, 68, 69, 88.
- **Connection Leaders applications and related documents**
    - Request Nos.: 5,6,8,93

Victoria Sims, Esquire
Cuneo Gilbert & LaDuca
4725 Wisconsin Avenue NW, Suite 200

Washington, DC 20016
Phone: (202) 789-3960
Direct: (202) 449-3958
Fax: (202) 789-1813

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

# EXHIBIT 4



4725 Wisconsin Ave, NW, Suite 200
Washington, DC 20016
Tel: (202) 789-3960
Fax: (202) 789-1813
kvandyck@cuneolaw.com
www.cuneolaw.com

October 1, 2021

Nicole Berkowitz
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Direct: 901.577.8166
Fax: 901.577.0866
E-mail: nberkowitz@bakerdonelson.com

Re: USASF's Responses and Objections to Plaintiffs' First Set of Interrogatories

Dear Nicole,

As we continue to work toward agreement regarding USASF's document production, Plaintiffs have begun reviewing USASF's interrogatory responses to determine where they are deficient and where they are complete or appropriately supplemented by productions to date. As Plaintiffs expected, a number of issues have been clarified by agreements the parties reached in prior discussions about the scope of USASF's productions. However, there are some deficiencies that still require discussion.

**USASF's Improper Limits on Subparts**

USASF's treatment of the subparts of **Interrogatory Nos. 1, 2, 3, and 5** as separate interrogatories—and its corresponding refusal to respond to **Interrogatories 11, 12, 13, 14, and 15**—are entirely inconsistent with how Rule 33 and the Sixth Circuit both treat subparts. Subparts are only treated as discrete interrogatories if they are "'logically or factually independent of the question posed by the basic interrogatory.'" *Spinks v. Home Tech Servs. Co.*, No. 03-cv-2568,

time, reimburse Varsity for work undertaken by Varsity employees on USASF's behalf." The phrase "work undertaken" is vague and requires significantly more detail, including the identity of the employees, the type of work performed, the time period in which it occurred, and the Bates numbers of any business records relied upon.

In response to **Interrogatory No. 9**, USASF refers Plaintiffs to "its financial records which are being produced and which will provide information regarding USASF's annual production costs for [Worlds]." Please confirm that such records have been produced in accordance with the parties' prior agreements and provide their Bates numbers.

With respect to **Interrogatory No. 10**, Plaintiffs are willing to treat these in the same manner as the RFPs related to the same issues. Plaintiffs will agree to withdraw **Interrogatory No. 10**, without prejudice, pending a decision on the Motion to Strike. If the Motion to Strike is denied, this interrogatory will automatically be deemed reinstated, and the parties will promptly meet and confer regarding its scope.

Under the current scheduling order, discovery closes on February 18, 2022. Plaintiffs therefore hope to resolve these issues as soon as possible in order to allow adequate time for depositions, given the Court's prior statements about a lengthy discovery schedule. In that vein, Plaintiffs are happy to schedule a telephonic conference if USASF feels it would help the parties resolve the various disputes and deficiencies identified.

Best regards,

*s/ Katherine Van Dyck*

Katherine Van Dyck

# EXHIBIT 5

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

2000 FIRST TENNESSEE
BUILDING
165 MADISON AVENUE
MEMPHIS, TENNESSEE 38103

PHONE:    901.526.2000
FAX:         901.577.2303

www.bakerdonelson.com

NICOLE D. BERKOWITZ, ASSOCIATE
**Direct Dial**: 901.577.8166
**E-Mail Address**: nberkowitz@bakerdonelson.com

November 2, 2021

**<u>VIA E-MAIL</u>**

Kathryn Van Dyck
Cuneo, Gilbert & LaDuca, LLP
4725 Wisconsin Ave. NW, Suite 200
Washington, D.C. 20016
kvandyck@cuneolaw.com

Re:    USASF's Responses and Objections to Plaintiffs' First Set of Interrogatories

Dear Kathryn:

We have received your letter, dated October 1, 2021, regarding USASF's Responses and Objections to Plaintiffs' First Set of Interrogatories (the "October 1 Letter"). We have reviewed the Letter, the Plaintiffs' First of Interrogatories, and Defendant U.S. All Star Federation, Inc.'s ("USASF") Responses and Objections to Plaintiff's First Set of Interrogatories (the "Objections and Responses").

As a threshold matter, we note that USASF's Responses and Objections to Plaintiffs' First Set of Interrogatories were served on December 28, 2020. Despite USASF and Plaintiffs engaging in dozens of telephone conferences and email communications regarding other discovery matters, including some in which portions of USASF's interrogatory responses were expressly discussed, Plaintiffs did not raise any concerns with USASF's interrogatory responses for approximately <u>nine months</u> after receiving them. Plaintiffs first notified USASF that a letter would be forthcoming on September 27, 2021. Plaintiffs then provided USASF with that letter, for the first time identifying Plaintiffs' specific issues with USASF's responses on October 1, 2021. Plaintiffs' October 1 Letter makes clear that Plaintiffs deliberately delayed raising any purported concerns with USASF's Objections and Responses so that they could take "two bites" at various discovery issues and rehash matters that had previously been resolved by the parties in connection with USASF's Responses and Objections to Plaintiffs' First Set of Requests for Production. USASF reserves all rights to challenge Plaintiffs' arguments and objections to USASF's Responses and Objections as untimely and waived. Without waiving these objections, USASF provides the following substantive response to Plaintiffs' letter, in the interest of resolving all remaining discovery disputes without judicial intervention.

November 2, 2021
Page 14

ambiguity in USASF's Response that it reimburses Varsity from time to time for work undertaken by Varsity employees on USASF's behalf. (Letter, at pp. 10-11.) As established above, information dating from 2011-2015 is nonactionable under the four-year statute of limitations, *see Z. Techs. Corp.*, 753 F.3d at 599, and thus is categorically irrelevant to Plaintiffs' claims, and Plaintiffs have failed to make any showing to the contrary. Further, as Plaintiffs note, the parties discussed this issue in connection with one of the requests for production. It is USASF's understanding that Varsity had agreed to provide certain salary information for USASF employees prior to 2015, subject to Plaintiffs' agreement that this would also resolve any challenges to USASF's corresponding responses.

Perhaps more relevant, however, is that nowhere in Interrogatory No. 8 do Plaintiffs request the underline amount of compensation paid to any person. This is simply another attempt by Plaintiffs to expand the scope of their Interrogatories to obtain information beyond what was actually requested from USASF. Likewise, although Plaintiffs are apparently dissatisfied with USASF's statement that "USASF may also, from time to time, reimburse Varsity for work undertaken by Varsity employees on USASF's behalf," this statement was gratuitous and is not responsive to Interrogatory No. 8. The fact that USASF provided additional information beyond what was requested does not entitle Plaintiffs to expand the scope of this Interrogatory. More precisely, nowhere in Interrogatory No. 8 do Plaintiffs request information related to work performed by current Varsity employees who have never been employees of USASF. Rather, the Interrogatory seeks information related to USASF employees who have been employed by or done work for Varsity and/or USA Cheer. USASF has no obligation in response to this Interrogatory to identify persons other than USASF employees, to go into detail regarding the type of work performed (which is also not requested), to provide time periods for these persons (or to provide any time periods beyond dates of employment), or to identify any business records relied on.

As to USASF's **Response to Interrogatory No. 9**, Plaintiffs request that USASF confirm it has produced its financial records in accordance with the parties' prior agreements and provide the Bates numbers for these documents. USASF confirms that it has produced its financial records to Plaintiffs in accordance with the parties' prior agreements. It will supplement its response to this Interrogatory to provide the Bates numbers.

As to USASF's **Response to Interrogatory No. 10**, the parties will await the Court's decision on the Motion to Strike before proceeding.

I remain hopeful that we can resolve any outstanding issues identified in this letter without the involvement of the Court. Please let me know if you would like to schedule a call to discuss these matters. Thank you.

November 2, 2021
Page 15

Best regards,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

Nicole D. Berkowitz

cc:   Grady M. Garrison
      Andrew Roach