EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

**FUSION ELITE ALL STARS**, et al.,

              Plaintiffs,

v.

**VARSITY BRANDS, LLC**, et al.,

              Defendants.

Case No. 2:20-cv-02600-SHL-tmp

**JURY TRIAL DEMANDED**

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
DISCOVERY RESPONSES FROM DEFENDANTS VARSITY BRANDS, LLC,
VARSITY SPIRIT, LLC, VARSITY SPIRIT FASHION & SUPPLIES, LLC AND U.S.
ALL STAR FEDERATION**

## <u>TABLE OF CONTENTS</u>

I.      Plaintiffs Are Not Reneging On Their Agreement ...................................................1

II.     The Discovery Is Neither Disproportional Nor Unduly Burdensome ...............................2

III.    There is No Federal "Policy" Barring This Discovery ...................................................4

IV.     Defendants' Other Arguments Fail ...................................................................5

V.      There Is No Basis for Sanctioning Plaintiffs ........................................................6

VI.     Conclusion .........................................................................................6

        CERTIFICATE OF SERVICE ..........................................................................10

Defendants have continuously resisted discovery related to the allegation that they failed to ensure athlete safety in the sport they dominate and control. They refused even to engage in negotiations regarding such discovery, despite its relevance to allegations in Plaintiffs' complaint that have not been struck or dismissed. The time has come for Defendants to produce this relevant discovery. Plaintiffs' motion should be granted.

## I.     Plaintiffs Are Not Reneging On Their Agreement

Defendants attempt to convert an agreement to *pause* abuse-related discovery—during which Plaintiffs temporarily withdrew their relevant discovery requests *without prejudice* pending a decision on the Motion to Strike—into an abandonment of those claims and related discovery. It was not.

In the spirit of cooperation, Plaintiffs agreed to hold off on discovery relating to sexual abuse, giving Defendants an opportunity to prevail on their Motion to Strike allegations regarding the same. But the Court did not grant Defendants' Motion To Strike. Defendants should not be permitted to exploit Plaintiffs' cooperativeness, using it to gain a permanent strategic advantage against Plaintiffs.

It is axiomatic that, "throughout litigation, discovery needs may change." *Jackson v. Maine Pointe, LLC*, No. 16-cv-604, 2017 WL 3574685, at *2 (E.D. Tenn. Aug. 17, 2017). Plaintiffs agreed to wait with seven months of discovery left; now, only six weeks remain. Thus, the pause in discovery related to sex abuse no longer makes sense. These circumstances do not parallel those in the cases Defendants cite, where parties fully abandoned discovery, only to seek it later, sometimes even after the close of the discovery period. *See Mawulawde v. Bd. of Regents of Univ. Sys. of Ga.*, No. 105-cv-099, 2007 WL 2460774, at *4-5 (S.D. Ga. Aug. 24, 2007) (plaintiff abandoned certain discovery then sought more after discovery closed); *Sprint Commc'ns Co. v. Comcast Cable Commc'ns LLC*, No. 11-cv-2684, 2014 WL 11516516, at *2

(D. Kan. Nov. 20, 2014) (plaintiff narrowed requests then sought more "because it d[id] not like the result of the search"); *Bertl ex rel. Estate of Bertl v. City of Westland*, No. 04-cv-75001, 2007 WL 2259124, at *1 (E.D. Mich. Aug. 3, 2007) (defendant cancelled depositions scheduled after the close of discovery despite the magistrate instructing that it would extend the deadline upon stipulation of the parties).

Here, discovery has not closed. Plaintiffs never agreed that they would abandon "for all time" the discovery they now seek. *See Amisi v. Melick*, No. 15-cv-04083, 2016 WL 3149682, at *8 (D.S.D. June 3, 2016) (distinguishing *Mawulawde* where the plaintiff agreed to withdraw one subpoena under mistaken impression that alternative source would have information). To the contrary, they specified that their agreement was without prejudice. Further, the Court has indicated that discovery will go forward in the face of dispositive motions. Plaintiffs' motion to compel is not a breach of their prior agreement. It is a proper reinstatement of their discovery requests before the close of discovery.

## II.     The Discovery Is Neither Disproportionate nor Unduly Burdensome

The discovery Plaintiffs seek is far from the "no stone unturned" approach that Defendants describe. Plaintiffs have proposed a grand total of eight search strings, seven discrete categories of documents, and one interrogatory per Defendant. Contrary to Varsity's claim, Plaintiffs are not seeking discovery related to sex abuse outside of All Star Cheer, (Dkt. 203 at 8 n.3), and Defendants can refer Plaintiffs to business records in lieu of written responses, to the extent Interrogatory Nos. 10 and 15 are duplicative of document requests. Fed. R. Civ. P. 33(d). It is difficult to imagine how Plaintiffs' search terms—which are specifically focused on athlete abuse—can be both irrelevant and yet "turn up tens or hundreds of thousands" of documents. (Dkt. 203 at 8.) Either Varsity and USASF have not permitted misconduct and the terms will not return many hits, or Plaintiffs' allegations are accurate and their search terms will yield a

2

significant production demonstrating that Varsity and USASF have failed to protect athletes. Defendants cannot have it both ways.

Defendants' claims that the discovery requests are overly broad and unduly burdensome are vague and fail to respond to Plaintiffs' proposed compromise. Varsity's claim that Plaintiffs seek "all" communications is incorrect given the narrow proposal they submitted to the Court. Varsity's characterization of the basis for Plaintiffs' allegations is also misleading. Plaintiffs have submitted evidence in support of this motion and other discovery briefs that Varsity's own former employees believe that Varsity has hampered attempts to protect athletes in the name of business expansion and that USASF does not take the issue of athlete abuse seriously. (*See* Dkt. 180-1 ¶6; 199-3.)

USASF's objection that the search terms will return duplicative documents also ignores the plain meaning of Plaintiffs' proposed compromise. Ms. Berkowitz avers that she ran the search terms over *all* of the documents USASF has collected and that a number of policy documents already produced were retrieved. (Dkt. 204-1 ¶9.) First, Plaintiffs are not asking USASF to re-produce any documents, and a deduplication function in USASF's review software should prevent that. Second, Plaintiffs are not asking USASF to run search terms on USASF's entire "document collection database." (*Id*.) In fact, Plaintiffs reviewed USASF's document production before filing the instant motion, and their proposed compromise is meant to avoid the exact duplication Ms. Berkowitz identifies. USASF need only run the proposed search terms across e-mail accounts only (not its general files or Google Drives) of four custodians (not the nine custodians used for USASF's original document production). USASF's claims of burden, based on a document production Plaintiffs are not requesting, are baseless.

Of note, USASF has already collected the e-mails of two of the proposed custodians, Ms. Clark and Ms. Wilson. The other two custodians have, apparently, not been collected despite their obvious relevance to the sex abuse allegations in this case. Ms. Wilzcack, USASF's former SafeSport case manager and a part-time contractor, and Ms. Clark were at one point the only employees responsible for handling these issues, despite USASF's "receiv[ing] hundreds of complaints against people accused of misconduct, such as bullying, financial impropriety and sexual abuse." (Dkt. 199-3 at 2.) Further, Arika Gates has been described by Ms. Clark as the USASF green light administrator in communications with one of the Plaintiffs—meaning she handles background checks—but USASF omitted this from her job description during the initial discovery negotiations. (Sims Dec. ¶4; Ex. 1.)

As for burden, neither Defendant has met its burden to provide details regarding the cost of the discovery that is the subject of this motion, the actual volume of documents Plaintiffs' proposed search terms would return, or the number of specific documents that fall within the categories Plaintiffs propose. Varsity still has not identified which custodians have relevant information. Conclusory claims of burden like those made by Defendants are insufficient to oppose a motion to compel. *Aldridge v. City of Memphis*, No. 05-2966-BV, 2007 WL 9706250, at *6 (W.D. Tenn. Mar. 1, 2007).

## III.    No Federal "Policy" Bars This Discovery

USASF notes that irrelevant information is not discoverable and then incorrectly claims there is a policy against discovery related to sex abuse. (Dkt. 204 at 10-12.) USASF focuses its argument against production on the Federal Rules of Evidence and the ultimate admissibility of the evidence. But the standard for production under Fed. R. Civ. P. 26 is relevance, not admissibility, and evidence "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b).

In any event, Rule 412 of the Federal Rules of Evidence, invoked by USASF, prohibits defendants from attacking a victim with evidence of past sexual behavior or predisposition. It does not exist to protect defendants by barring evidence of abuse resulting from *their* negligence. *Cf. D.C. v. Hasratian*, No. 14-cv-00175, 2018 WL 587865, at *1 (D. Utah Jan. 26, 2018) ("Rule 412 cannot be used as a sword by the perpetrator of sexual misconduct to silence the victim of the misconduct"); *U.S. v. Pulido*, No. 20-cr-292, 2022 WL 562351, at *5 (M.D. Fla. Feb. 23, 2022) (same). While a victim's privacy is a concern of Rule 412, those privacy interests can be maintained by the Protective Order's allowance of "Highly Confidential" designations and redactions, which USASF can use. Plaintiffs have no interest in embarrassing any victims or infringing their privacy in this case.

## IV.   Defendants' Other Arguments Fail

Varsity relies on a standard for dismissal (not discovery) to make the irrelevant argument that Plaintiffs cannot recover for injuries other than those to "business or property." (Dkt. 203 at 7) (citing *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979)). But discovery is not limited to damages, and the parties are not briefing a motion to dismiss. The failure to protect against sexual abuse is an anticompetitive effect of Defendants' conduct. Plaintiffs need not seek damages based on such an anticompetitive effect for it to be relevant to their claims.

Varsity also points to its own attempts at discovery regarding Plaintiffs gyms' background check processes. But that effort was misplaced and irrelevant. At issue in this litigation is whether Defendants' anticompetitive conduct contributed to their failure to protect athletes from sexual misconduct. Plaintiffs are not the ones who stand accused of allowing a diminution in the quality of athlete safety standards, and it is not Plaintiffs who are responsible for setting those standards. In fact, Varsity never even moved to compel production in response

to those requests. It only bothers to bring them to the Court's attention now, when Plaintiffs seek its compliance with their requests.

As described in the USA Today article referenced in Varsity's opposition, it was USASF that, while under Varsity's control, failed to ban individuals with histories of abuse from the sport of All Star Cheer. (Ex. 2.) The article also quotes an industry insider as stating that, when it comes to USASF '"whatever Varsity wants, Varsity can get."' *Id.* at 9. Plaintiffs are entitled to discovery about what Varsity and USASF did to prevent abuse in the sport.

**V.    There Is No Basis for Sanctioning Plaintiffs**

Rule 37 states that courts "must not order this payment [of reasonable expenses] if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(c)(5)(B). "A court's decision to impose sanctions under Rule 37 falls within its discretion," *Beijing Fito Med. Co., Ltd. v. Wright Med. Tech., Inc.*, No. 15-cv-02258, 2017 WL 5170127, at *4 (W.D. Tenn. Feb. 9, 2017), and Plaintiffs have substantial justification here. They seek discovery directly relevant to allegations made in their Consolidated Complaint, this Court has ordered that discovery should go forward while dispositive motions are pending, and Defendants' Motion To Strike has not been granted. Plaintiffs *paused* their discovery related to Defendants' actions regarding sexual misconduct while Defendants' Motion to Strike was pending and sufficient time remained for discovery. That effort at cooperation and reasonableness should not be punished by imposing sanctions now that Plaintiffs cannot afford to wait any longer. Defendants' request for sanctions should be denied.

**VI.    Conclusion**

Defendants' objections to this discovery are based on an agreement made in the spirit of cooperation almost a year ago to temporarily pause discovery pending resolution of their Motion to Strike. Defendants now seek to punish Plaintiffs for being reasonable—attempting to convert a

pause in discovery into its abandonment. Defendants should not be permitted to evade any

discovery on the sex abuse that Plaintiffs and many others say permeates the industry Varsity

controls. Defendants, as the parties resisting discovery, bear the burden of proof, and that burden

has not been met. *Brown v. Tax Ease Lien Servicing, LLC*, No. 15-cv-208, 2016 WL 10788070, at

*8 (W.D. Ky. Oct. 11, 2016). Plaintiffs respectfully request that their Motion to Compel be

granted.

Dated: March 8, 2022                        Respectfully submitted,

                                            By: */s/ Victoria Sims*
                                            Jonathan W. Cuneo*
                                            Katherine Van Dyck*
                                            Victoria Sims*
                                            **CUNEO GILBERT & LADUCA, LLP**
                                            4725 Wisconsin Avenue NW, Suite 200
                                            Washington, DC 20016
                                            Telephone: (202) 789-3960
                                            jonc@cuneolaw.com
                                            kvandyc@cuneolaw.com
                                            vicky@cuneolaw.com

                                            H. Laddie Montague, Jr.*
                                            Eric L. Cramer*
                                            Michael J. Kane*
                                            Mark R. Suter*
                                            **BERGER MONTAGUE PC**
                                            1818 Market Street, Suite 3600
                                            Philadelphia, PA 19106
                                            Telephone: (215) 875-3000
                                            hlmontague@bm.net
                                            ecramer@bm.net
                                            mkane@bm.net
                                            msuter@bm.net

                                            Gregory S. Asciolla*
                                            Karin E. Garvey*
                                            Veronica Bosco*
                                            **DICELLO LEVITT GUTZLER**
                                            One Grand Central Place
                                            60 East 42nd Street, Suite 2400

New York, NY 10165
Telephone: (646) 933-1000
kgarvey@dicellolevitt.com
gasciolla@dicellolevitt.com
vbosco@dicellolevitt.com
*Interim Co-Lead Counsel for the Proposed Direct Purchaser Class*

J. Gerard Stranch, IV (TN BPR #23045)
Benjamin A. Gastel (TN BPR #28699)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

*Liaison Counsel for the Proposed Direct Purchaser Class*

Benjamin D. Elga*
**JUSTICE CATALYST LAW, INC.**
81 Prospect Street Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
**FINE KAPLAN AND BLACK, R.P.C.**
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Frank B. Thacher III (TN BPR #23925)
**BURCH, PORTER, & JOHNSON, PLLC**
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com

8

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
**NEAL & HARWELL, PLC**
1201 Demonbreun St., Suite 1000 Nashville, TN 37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com

*Admitted pro hac vice

*Counsel for the Proposed Direct Purchaser Class*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 8, 2022, the foregoing was served via

ECF processing upon the following:

Adam S. Baldridge
Matthew S. Mulqueen
BAKER DONELSON BEARMANN
CALDWELL & BERKOWITZ
165 Madison Ave Ste 2000
Memphis, TN 38103
Tel: 901-526-2000
abaldridge@bakerdonelson.com
mmulqueen@bakerdonelson.com

George S. Cary
Steven J. Kaiser
CLEARY GOTTILEB STEEN &
HAMILTON LLP
2112 Pennsylvania Avenue NW Ste 1000
Washington, DC 20037
Tel: 202-974-1500
gcary@cgsh.com
skaiser@cgsh.com

*Attorneys for Defendants Varsity Brands,*
*LLC, Varsity Spirit Fashions & Supplies, Inc.,*
*and Varsity Spirit, LLC*

Grady M. Garrison
Nicole D. Berkowitz
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
165 Madison Ave. Ste. 2000
Memphis, TN 38103
Tel: 901-526-2000
ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com

*Attorneys for Defendant U.S. All Star*
*Federation, Inc.*

*s/ Victoria Sims*
Victoria Sims

10