```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
_____

                                  )
FUSION ELITE ALL STARS, et al.,   )
                                  )
     Plaintiffs,                  )
                                  )
v.                                )    No. 20-cv-02600-SHL-tmp
                                  )
VARSITY BRANDS, LLC, et al.,      )
                                  )
     Defendants.                  )
_____
                                  )
JESSICA JONES, et al.,            )
                                  )
     Plaintiffs,                  )
                                  )
v.                                )    No. 20-cv-02892-SHL-tmp
                                  )
VARSITY BRANDS, LLC, et al.,      )
                                  )
     Defendants.                  )
_____

       ORDER DENYING PLAINTIFFS' MOTION TO COMPEL THE DEPOSITION OF
                           ADAM BLUMENFELD
_____
```

Before the court is plaintiffs' Motion to Compel the Deposition of Adam Blumenfeld, filed on March 18, 2022. (ECF No. 214.) The defendants responded on March 25, 2022. (ECF No. 222.) For the reasons below, the motion is DENIED.

## I. BACKGROUND

The present case involves antitrust claims brought against Varsity Brands, LLC, its affiliated brands and companies, and its

prior and present owners.[1] Charlesbank owned Varsity from 2014 through June 2018, when it sold its interest to Bain, who remains the majority owner. (ECF No. 102-1 at 3.) In brief, the plaintiffs allege that the defendants conspired to and did in fact form a monopoly over the cheerleading industry in the United States. The plaintiffs filed their complaint on December 10, 2020, seeking class certification, damages, and injunctive relief. (ECF No. 1.)

The present motion concerns plaintiffs' desire to depose Adam Blumenfeld, the current Chief Executive Officer ("CEO") of Varsity Brands, LLC, the parent company of Varsity's "three distinct divisions": Herff Jones, BSN Sports, and Varsity Spirit. (ECF No. 222-1 at 1.) Of the three, only Varsity Spirit engages in the cheerleading business. (Id.) Plaintiffs first noticed Blumenfeld's deposition on March 10, 2022, almost one month before the April 18, 2022 discovery deadline in this case. (ECF No. 214-1 at 6; ECF No. 177 at 2.) They offered a proposed date of March 31, 2022. (ECF No. 214-2 at 2.) Before this notice, plaintiffs emailed defendants' counsel seeking a proposed date, but defendants refused to provide one, stating that "Varsity is not inclined to

---

[1] Another related case is currently proceeding before presiding U.S. District Judge Sheryl Lipman: American Spirit and Cheer Essentials Inc. v. Varsity Brands, LLC, 2:20-cv-02782-SHL-tmp (W.D. Tenn. Jul. 24, 2020) ("American Spirit"). Bain and Charlesbank were initially defendants in American Spirit but were dismissed from that case on October 28, 2021. (American Spirit ECF No. 141.)

make Mr. Blumenfeld available for a deposition." (ECF No. 215-3 at 2.) Defendants reiterated their objection to producing Blumenfeld for a deposition on March 15, 2022. (ECF No. 215-5 at 2.) Plaintiffs then notified defendants that they would seek to compel Blumenfeld's deposition on March 18, 2022, and filed a motion to do so later that day. (ECF No. 215-8 at 2.)

In their motion, plaintiffs argue that Blumenfeld has "unique, nonduplicative knowledge of the facts relevant to plaintiffs' claims[,]" particularly regarding the purchase of Varsity by Bain from Charlesbank. (ECF No. 214-1 at 8-9.) Plaintiffs point to Blumenfeld's numerous officer and director positions within Varsity's corporate structure as evidence of this. (Id. at 9.) In response, defendants take issue with plaintiffs' deposition scheduling practices, argue that Blumenfeld's knowledge of the Bain acquisition is only relevant to the Jones plaintiffs who have already exceeded their allotted number of depositions, and state that any information Blumenfeld has is duplicative of other already deposed witnesses or irrelevant to the claims at issue. (ECF No. 222 at 8-9.)

## II.  ANALYSIS

### A.  Party Seeking Deposition

As a preliminary matter, the undersigned will address defendants' argument that the Jones plaintiffs have exceeded their allotted number of depositions. Under the Federal Rules, a party

-3-

"must obtain leave of court" to take a deposition where the parties "have not stipulated to the deposition" and "the deposition would result in more than ten depositions being taken" under Rule 30 or 31 by an individual party. Fed. R. Civ. P. 30(a)(2)(A)(i). In a sworn declaration, defendants' counsel states that the <u>Jones</u> plaintiffs have already taken at least fifteen depositions in this case, with each deposition past the tenth stipulated to by the defendants. (ECF No. 222-2 at 2.) The <u>Fusion Elite</u> plaintiffs separately negotiated for extra depositions and have not reached their limit. (ECF No. 222 at 9.)

This is a complex series of cases, with the plaintiffs across the three individual cases having previously been ordered to coordinate discovery and depositions to avoid duplicative practices. (ECF No. 93.) However, the cases were not merged, and the distinctions between plaintiffs were not lost. The undersigned previously granted a joint motion by all plaintiffs allowing additional deposition time where a deposition was noticed by multiple plaintiffs but did not increase or extend the number of depositions available to any party. (ECF No. 172.) As such, the <u>Jones</u> plaintiffs here would be required to seek leave of court to depose Blumenfeld; they may not piggy-back on the remaining depositions of another party. The court must grant such leave when it is sought and "consistent with [the requirements of] Rules 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). Rules 26(b)(1) and

-4-

(2) state the guidelines for determining the scope of discovery, which are also used to decide whether a motion to compel should be granted or denied. Given this, the undersigned will construe the present Motion to Compel as the Jones plaintiffs' request for leave to take an additional deposition.

It is clear from the briefing that the Jones plaintiffs are the primary movers behind seeking Blumenfeld's deposition. Counsel for Jones plaintiffs provided a sworn declaration of the events here, and the arguments regarding the relevance of Blumenfeld's deposition relate largely to claims exclusive to the Jones case. Specifically, the most developed argument in the motion is that Blumenfeld would have personal knowledge of the sale of Varsity from Charlesbank to Bain, two entities who are not defendants in Fusion Elite. Plaintiffs' attached declaration explicitly defines "Plaintiffs" as "Jessica Jones, Michelle Velotta, and Christina Lorenzen," who are not represented in the Fusion Elite action. (ECF No. 214-2 at 1.) Indeed, there is no evidence that the Fusion Elite plaintiffs have even noticed Blumenfeld's deposition. To the extent Fusion Elite does seek to depose Blumenfeld, however, the below analysis applies to them as well.

**B.   Relevance and Proportionality of Blumenfeld's Deposition**

Where a party seeks leave of court to go beyond ten depositions, "the court must grant leave to the extent consistent

with Rule 26(b)(1) and (2)."[2] Fed. R. Civ. P. 31(a)(2). Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The party seeking discovery is obligated to demonstrate relevance. Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio June 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

---

[2] As discussed above, Rules 26(b)(1) and (2) are used to evaluate a Motion to Compel as well, meaning this analysis would apply to Fusion Elite plaintiffs even though they have not exceeded their allotted depositions.

Alongside these factors, Rule 26(b)(2)(C) requires the court to limit the scope of discovery where discovery would be "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" and where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."

Plaintiffs argue that Blumenfeld's testimony is relevant and proportional to the needs of the case for two primary reasons. First, they argue that "it is a fact of basic corporate governance" that CEOs are "responsible for all decisions and acts of the company" by answering to a company's board of directors for the actions and decisions of the company. (ECF No. 214-1 at 8.) As plaintiffs argue "[a]s CEO, it is implicit that Mr. Blumenfeld would be deeply and personally involved in the facts and events that give rise to Plaintiffs' claims." (Id.) Second, plaintiffs note that "while [Blumenfeld] was CEO, Bain purchased Varsity from Charlesbank," and that he would thus "have unique knowledge of that transaction, including the extent to which Bain paid a premium for financial control of the monopolistic business that was built by Charlesbank while it owned the company." (Id. at 8-9.) Plaintiffs also briefly argue that "Mr. Blumenfeld will also possess information regarding the numerous terminations of long time senior Varsity employees following Bain's acquisition" and that the deposition is at least in part warranted because

-7-

Blumenfeld "is mentioned in numerous public media articles, including those that accuse Varsity of being a monopolist."[3] (Id. at 10.)

While the issues at stake in this action are important and the amount in controversy is large, the undersigned finds that the discovery sought is unlikely to be important to resolving the issues, that the burden outweighs the benefit, and that the Rule 26(b)(2)(C) factors require the court to limit the scope of discovery here. It is not an exaggeration to say that plaintiffs' argument is essentially that Blumenfeld should be deposed merely because he is the CEO of Varsity Brands. They are unable to point to documents obtained in discovery to demonstrate that he has any sort of particularized knowledge beyond others that they have already or will depose. Indeed, the only documents plaintiffs do cite are organizational charts listing Blumenfeld's officer and

---

[3]Plaintiffs also devote a section of their brief to arguing that the "Apex Doctrine" does not prevent Blumenfeld's deposition from being taken. "The apex doctrine appears to assume that harassment and abuse are inherent in depositions of high-level corporate officers and therefore allow such depositions to be barred absent a showing that the individual possesses relevant evidence which is not readily obtainable from other sources." Doe 1 v. Orchard Lake Schools, 2021 WL 5711101, at *2 (E.D. Mich. Dec. 2, 2021). However, the Sixth Circuit has explicitly rejected the Apex Doctrine and instead applies Rule 26(c)(1), requiring the party seeking to prevent a deposition to illustrate one of Rule 26(c)(1)'s enumerated harms "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Serrano v. Cintas Corp., 699 F.3d 884, 901 (6th Cir. 2012) (quoting Nemir v. Mitsubishi Motors Corp., 381 F.3d 540, 550 (6th Cir. 2004) (internal quotation marks omitted)).

director positions within Varsity's corporate structure, which were well known before this litigation even began. (ECF Nos. 215-9, 215-10, 215-11, 215-12.) Plaintiffs also did not notice Blumenfeld's deposition as one of their original ten allotted, undercutting the idea that his personal knowledge was truly necessary to resolving the issues in the case. The most targeted argument plaintiffs make is that Blumenfeld would have specialized knowledge of the sale from Charlesbank to Bain, but those defendants have already agreed to provide multiple deponents who directly handled the mechanics of that sale and would be aware of any "premium" paid for Varsity's alleged monopoly.[4] (ECF No. 222-1 at 2, ECF No. 222-2 at 2.)

Plaintiffs' claims are also limited to Varsity's monopolization of the cheerleading industry, a subset of Varsity's business handled by the Varsity Spirit subsidiary. Plaintiffs will be deposing or have deposed the past three presidents of this subdivision, who are more likely than Blumenfeld to possess specific knowledge about its strategy and approach to the "Relevant Markets."[5] (ECF No. 222-1 at 2) (noting that Bill Seely, John

---

[4] Since Bain and Charlesbank are not even defendants in the Fusion Elite action, the motion contains no relevant argument in favor of Fusion Elite's intent to depose Blumenfeld, other than that he was the CEO.

[5] Notably, Blumenfeld never worked in Varsity Spirit and was instead promoted to CEO of Varsity Brands from a different subdivision that is not a defendant in the Jones action.

-9-

Nichols, and Jeff Webb ran Varsity Spirit). Cases plaintiffs cite point out that "[t]he court may permit depositions of high ranking officials where the official has first-hand knowledge related to the claim being litigated," but it is unclear what first-hand knowledge Blumenfeld would possess that has not been obtained through document discovery of Varsity Spirit or depositions already noticed or taken of Varsity Spirit executives.

The undersigned finds further that the burden weighs against taking Blumenfeld's deposition due to the timing of plaintiffs' deposition notice and filing of the motion to compel. Blumenfeld's deposition was noticed on March 10, 2022, to be taken on March 31, 2022, and the present Motion to Compel was only filed on March 18, 2022. At the time the deposition was noticed, the discovery deadline was roughly forty days away, an extremely swift turnaround.[6] At the time this motion was filed, the deposition as scheduled was only *thirteen* days away, requiring the undersigned to order an expedited response from defendants. (ECF No. 219.) Simply put, plaintiffs had ample opportunity to notice the deposition of the most senior executive at Varsity in a timelier fashion. The speed with which this issue must be addressed only

---

[6]Presiding District Judge Lipman has previously indicated that the discovery deadline will not be extended except for "extraordinary circumstances." (ECF No. 177.) The undersigned finds it unlikely that failing to take one deposition in time, when the claimed relevance of the sought deponent was known far in advance of discovery closing, would constitute an extraordinary circumstance.

compounds the inherent burden in deposing a high-ranking executive. Blumenfeld submitted a sworn statement that his "knowledge is at best high level and derivative of [other deponents'] knowledge" and that testifying on short notice "would create a significant disruption" to the company and his duties. (ECF No. 222-1 at 2); see Elvis Presley Enterprises v. Elvisly Yours, Inc., 936 F.2d 889, 894 (6th Cir. 1991) (barring deposition of high-ranking corporate executive where she submitted sworn statement that she had no particularized knowledge of case issues and that a Rule 26(c)(1) factor was satisfied). Given all of these facts, there are multiple ways for plaintiffs to obtain the knowledge they seek that are less burdensome, more convenient, and less expensive than taking Blumenfeld's deposition, namely, plaintiffs can depose the multiple other high-ranking executives with more specialized knowledge of both the cheerleading industry and the acquisition of Varsity by Bain. See Bluewater Music Services Corp. v. Spotify USA Inc., No. 3:17-cv-01051, 2019 WL 6904599, at *3 (M.D. Tenn. Mar. 25, 2019) (denying deposition of founder and CEO where company "advised of numerous high-ranking officials within the company it has agreed to make available for depositions . . . with greater knowledge of the issues related to the case.") Defendants have represented in their response that the past three presidents of Varsity Spirit and three representatives from Bain would be or have been made available for deposition. The

-12-

court relies upon this representation for this determination and would expect defendants to honor any representations made to the court.

### III. CONCLUSION

For the above reasons, the plaintiffs' Motion to Compel is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

March 29, 2022
Date