# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| FUSION ELITE ALL STARS, et al., </br></br>    Plaintiffs, </br></br>v. </br></br>VARSITY BRANDS, LLC, et al., </br></br>    Defendants. | No. 2:20-cv-02600-SHL-tmp |
| JESSICA JONES, et al., </br></br>    Plaintiffs, </br></br>v. </br></br>BAIN CAPITAL PRIVATE EQUITY, et al., </br></br>    Defendants. | No. 2:20-cv-02892-SHL-tmp |

**ORDER DENYING APPEAL OF ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH OR MODIFY SUBPOENA DIRECTED TO MARLENE COTA AND FOR PROTECTIVE ORDER, AND DENYING PLAINTIFFS' MOTION REQUESTING AN EXPEDITED HEARING ON DEFENDANTS' APPEAL**

Before the Court are two motions related to a discovery dispute: first, Defendants' Appeal of Order Granting in Part and Denying in Part Motion to Quash or Modify Subpoena Directed to Marlene Cota and Motion for Protective Order, (ECF No. 198)[1] ("Appeal"), and Plaintiffs' Response, (ECF No. 202); and, second, Plaintiffs' Joint Motion Requesting Expedited Hearing on Defendants' Appeal, (ECF No. 226) ("Motion for Hearing"), and Defendants' Response to Plaintiffs' Motion for Hearing. (ECF No. 227.) The primary matter here is Defendants' appeal of Chief Magistrate Judge Tu M. Pham's Order Granting in Part and

---

[1] The Court will use the docket numbers corresponding with the docket for <u>Fusion Elite, et al., v. Varsity Brands, et al.</u>, No. 2:20-cv-2600-SHL-tmp.

Denying in Part Defendants' Motion to Quash, (ECF No. 193) ("Order"), contending that Chief Magistrate Judge Pham "clearly erroneously and contrary to law" ordered Marlene Cota, a former employee of Varsity and third party to the litigation, to produce documents in response to a Rule 45 subpoena. (ECF No. 198.) In response, Plaintiffs argue that the Order was legally sound. (ECF No. 202.) Plaintiffs then requested a hearing on the Appeal before Ms. Cota's deposition scheduled for April 6, 2022, which Defendants oppose. (ECF Nos. 226 & 227.)

Based on the following analysis, the Court finds that a hearing on the Appeal is unnecessary as it can be resolved on the Parties' briefs. Second, the Court agrees with both the legal reasoning and the legal conclusions rendered by Chief Magistrate Judge Pham. Thus, finding no clear error in his Order, the Court **DENIES** Defendants' Appeal and **ORDERS** Defendants to turn over the documents at issue to Plaintiffs within **twenty-four (24) hours** of entry of this Order, or no later than 11:59 p.m. on Saturday, April 2, 2022.

## BACKGROUND

In both cases at issue, Plaintiffs allege antitrust violations against Varsity Brands, LLC, its affiliated brands and companies, and its former and current owners. The instant matter is a discovery dispute related to a subpoena that Plaintiffs issued to a non-party to the litigation, Marlene Cota.

### I. Motion to Quash Subpoena

Marlene Cota was a Varsity employee between approximately June 1998 and January 2018. (ECF No. 178 at PageID 2724.) When she was terminated, she was responsible for Varsity's corporate sponsorships as the "VP of Corporate Alliances." (Id.) According to Defendants, Cota entered into several agreements with Varsity in which she "promis[ed] to keep Varsity's proprietary business information confidential, agree[ed] that any material she created

2

or received in the course of her employment was Varsity's exclusive property, and promis[ed] that she would return all of Varsity's property to the company upon her departure." (Id.)

The Parties dispute when Cota became a figure in this litigation. Plaintiffs contend that she was not mentioned in Varsity's initial disclosures, and that she was not identified in response to Plaintiffs' interrogatory requesting the identification of persons involved with, inter alia, contracts and sponsorships. (ECF No. 202 at PageID 3395 (citing ECF Nos. 180-2, -3, -4).) They assert that they became aware of her relevance to the lawsuit in August 2021, when she was interviewed on HBO's Real Sports with Bryant Gumbel regarding the "allegations of sexual abuse within the glitzy world of competitive cheerleading." (Id. at PageID 3394 (citing ECF No. 180-5).) In contrast, Defendants emphasize that Varsity produced an organizational chart to Plaintiffs that contained Cota and her job title, but Plaintiffs "failed to mention [her] during negotiations," and did not request her as a document custodian under Federal Rule of Civil Procedure 34. (ECF No. 198 at PageID 1908.)

Three months after the Real Sports interview, Plaintiffs issued a subpoena to Cota pursuant to Federal Rule 45, seeking her deposition and the production of documents. (ECF No. 193 at PageID 2933.) However, six weeks later, Cota's attorney wrote a letter to Defendants (1) stating that Cota had documents in her possession related to her employment with Varsity, (2) offering Varsity the opportunity to review the documents before she produced them to Plaintiffs, and (3) scheduling a meeting with Varsity. (Id.) Plaintiffs objected to the meeting and sought to participate in inspecting the documents, so the meeting was postponed. (Id.)

To explain why she had these documents, Cota stated that, the day after her termination, she was directed to pick up her personal items at the Varsity building's side entrance (she was not allowed to enter the building or access her workspace). (Id. at PageID 2934 (citing ECF No.

3

190-1).)  That day, two Varsity employees brought four to six packed boxes to her car, which also included some personal items.  (Id.)  In contrast to this narrative, Defendants submitted affidavits from those two Varsity employees tasked with the removal of her belongings.  (ECF No. 186-1 & 186-2.)  One of them stated that Cota's personal belongings were separated in her office, that only personal items were packed in the boxes placed in her car, and that none of the Varsity-related documents listed by Cota's attorney were in those boxes.  (ECF No. 186-2 at PageID 2862.)

Based on the agreements into which Cota entered with Varsity regarding company documents, Varsity moved to quash or modify the subpoena and for a protective order, arguing that the documents were not legally in Ms. Cota's possession and were instead Varsity's exclusive property, and that the subpoena was being used to circumvent Rule 34.  (ECF No. 178.)  Plaintiffs argued that Defendants lacked standing to quash the subpoena and there was no good cause to support a protective order.  (ECF No. 180 at PageID 2807-12.)  They noted that Ms. Cota has "specific responsive documents in her possession," including agreements regarding the terms and conditions of her employment, including employment compensation; correspondence between her and Varsity employees and other third parties pertaining to sponsorships, competitions, and competitors; business development documents related to sponsorships; and personal notes of hers made during her employment with Varsity.  (Id.)  The Motion was referred to Chief Magistrate Judge Pham, (ECF No. 179), who entered his Order granting in part and denying in part the Motion.  (ECF No. 193.)

## II.     Chief Magistrate Judge Pham's Order

In his Order, Chief Magistrate Judge Pham first found that Defendants had standing to quash or object to a Rule 45 subpoena because they had a property interest in the requested

documents for purposes of a standing inquiry.[2] (ECF No. 193 at PageID 2937.)

Turning next to the substance of the Motion, Chief Magistrate Judge Pham found, under the scope of discovery established by Federal Rule 26, that Plaintiffs established that the discovery sought was relevant to Plaintiffs' claims that Varsity "monopolized the All-Star Cheer and All-Star Apparel Markets" and engaged in anticompetitive conduct, (Id. at PageID 2938 (citing ECF No. 180 at 5)), and that the discovery request was proportional, without objection by Defendants on this issue. (Id. at PageID 2939.) Then, Chief Magistrate Judge Pham turned to Federal Rule 45 regarding a motion to quash or modify a subpoena, which requires that a court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." (Id. (citing Fed. R. Civ. P. 45(d)(3)(A)).)

Concluding that the only potential issue here could be privilege, Chief Magistrate Judge Pham stated that, "out of an abundance of caution," he would "allow defendants to review Cota's documents for privilege before they [were] produced to the plaintiffs." (Id. at PageID 2940-41.) The Court denied a separate protective order for the documents because Cota agreed to designate the documents as "Highly Confidential" under the existing protective order. (Id. at PageID 2941 (citing ECF No. 180 at 15).) On the day that Defendants' production of these documents was due to Plaintiffs, they appealed the Order. (ECF No. 198.)

---

[2] Defendants do not challenge Chief Magistrate Judge Pham's Order on the issue of standing, and the Court will not review it here.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) requires district judges reviewing magistrate judges' orders on non-dispositive matters to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "[T]he standard applied under [Rule 72(a)] for a nondispositive motion parallels the standard . . . for appellate review of discovery orders." Nathan v. Ohio State Univ., No. 10-cv-872, 2013 WL 139874, at *2 (S.D. Ohio Jan. 10, 2013) (citing Getsy v. Mitchell, 495 F.3d 295, 310 (6th Cir. 2007) (en banc)). "[A] district court abuses its discretion where it 'applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact.'" Getsy, 495 F.3d at 310 (citing United States v. Martinez, 430 F.3d 317, 326 (6th Cir. 2005)).

"A magistrate's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Goree v. United Parcel Serv., Inc., No. 14-cv-2505, 2015 WL 11120732, at *2 (W.D. Tenn. Oct. 5, 2015); see also 23 Am. Jur. 2d Fed. Cts. § 140 (2018). "Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." Id.

## ANALYSIS

Defendants' Appeal argues that Chief Magistrate Judge Pham's Order improperly relied on Federal Rule 45 as a procedural basis for Plaintiffs' subpoena, instead of Federal Rule 34, as the documents sought in the subpoena were "based on Varsity's possession, custody, and control of the documents." (ECF No. 198 at PageID 3105.) Thus, they argue that Plaintiffs were only using Rule 45 "to circumvent discovery that could have been properly sought under Rule 34."

6

(ECF No. 198 at PageID 3103 (citing Elvis Presley Enterprises, Inc. v. City of Memphis, Tennessee, No. 2:18-cv-02718, 2020 WL 4015476, at *12 (W.D. Tenn. July 16, 2020).) Defendants contend that Chief Magistrate Judge Pham erroneously relied on inapplicable out-of-district cases and failed to apply Elvis Presley Enterprises, persuasive authority from this district, that was "directly on point." (ECF No. 198 at PageID 3105.)

According to Defendants, unlike the three referenced cases that the Order erroneously relied on, the court in Elvis Presley Enterprises addressed "nearly identical" circumstances, granted the motion to quash the subpoena under Rule 45, issued a protective order under Rule 26(c) prohibiting discovery of the documents, and, on the district court's affirmation of the Magistrate's decision, noted that "the Rules anticipate that production of the documents and things from parties will be accomplished through Rule 34." (ECF No. 198 (citing Elvis Presley Enterprises, 2020 WL 4015476, at *12 (W.D. Tenn. July 16, 2020).) Defendants contend that the same decision course of action should occur here.

Defendants' focus here is that, based on this ruling, Varsity would be required to produce all of the non-privileged documents in Ms. Cota's possession "without any opportunity" to object "based on relevance, proportionality, embarrassment, and other grounds for protection afforded by Rules 34 and 26." (ECF No. 198 at 3107 (original emphasis included).) Thus, they argued that the lack of the ability to lodge these objections "severely prejudice[s] Defendants by allowing Plaintiffs unfettered access to such material in contravention of the Federal Rules of Civil Procedure." (Id.)

In response, Plaintiffs argue that there is no basis for overturning Chief Judge Magistrate Pham's sound decision. They contend that Defendants did not satisfy the Rule 45 requirements for quashing a subpoena, and Chief Magistrate Judge Pham still, out of an abundance of caution,

7

"cure[ed] and address[ed] their only possible objection to the subpoena" by allowing them to review the documents for privileged material before producing them to Plaintiffs. (ECF No. 202 at PageID 3397.) Moreover, despite the opportunity to review and withhold identified privileged material, Plaintiffs emphasize that Defendants identified no such privileged or otherwise protected documents.

Further, Plaintiffs argue that, even if Defendants ignore the requirements of Rule 45 and seek a protective order under Rule 26, they fail to meet the "good cause" standard under that Rule. (ECF No. 202.) According to Plaintiffs, Defendants' only relevancy objection concerned documents related to sexual abuse and misconduct, but Chief Magistrate Judge Pham's finding of relevancy for these documents – on the basis of an issue of anticompetitive effects in the All Star Competition Market, "central to their § 2 monopoly claims" under the Sherman Act – was not an abuse of discretion. (ECF No. 202 at PageID 3401.)

Finally, Plaintiffs argue that the Order correctly interprets applicable case law. They emphasize that the Order's citation to out-of-circuit cases may be persuasive even if not controlling, and the in-circuit Elvis Presley Enterprises – itself, not binding precedential authority – is "easily distinguishable." (ECF No. 202 at PageID 3393.) Moreover, while in Elvis Presley Enterprises the trial court quashed a Rule 45 subpoena, the court did so because the party issued the subpoena "long after discovery closed," which led to the Magistrate Judge's finding that the plaintiff attempted to use Rule 45 to circumvent discovery deadlines. (ECF No. 202 at PageID 3402 (citing Elvis Presley, 2020 WL 4015476, at *12).) Here, in contrast, Plaintiffs assert that they served the subpoena consistent with the Court's discovery order and well before the April 18, 2022 fact discovery deadline. (ECF No. 202 at PageID 3402.)

8

"Rule 45 governs the issuance of subpoenas to non-parties." Elvis Presley Enterprises, Inc. v. City of Memphis, Tennessee, No. 2:18-CV-02718, 2020 WL 4015476, at *12 (W.D. Tenn. July 16, 2020) (citing Baumer v. Schmidt, 423 F. Supp. 3d 393, 398 (E.D. Mich. 2019)). On the other hand, the Federal Rules "anticipate that production of documents and things from parties will be accomplished through Rule 34." Id. (citing Roofers Local 149 Sec. Benefit Tr. Fund v. Milbrand Roofing Grp., Inc., No. 05-cv-60218, 2007 WL 2421479, at *1 (E.D. Mich. Aug. 22, 2007). These Rules do not operate in isolation, however; Rule 34(c) actually "directs that production of documents and things from non-parties be done by subpoena under Rule 45." Id. (citing id.).

The Parties do not dispute that Cota is not a party to this case, and that Rule 45 would apply in that respect. Rather, they argue as to whether it was procedurally proper for Plaintiffs to issue a Rule 45 subpoena for documents in which Defendants have a property interest.[3] They centrally dispute Chief Magistrate Judge Pham's nonreliance on Elvis Presley Enterprises, so the Court will revisit that decision.

In Elvis Presley Enterprises, Judge Mays reviewed former Chief Magistrate Judge Vescovo's order protecting documents subject to Rule 45 subpoenas issued to a former city councilman and his employer. 2020 WL 4015476, at *12. Because Magistrate Judge Vescovo recognized that the subpoena was for documents belonging to the City, a party to the litigation, and written discovery from parties had already ended, she determined that allowing a party "to use Rule 45 to circumvent the requirements of a court-mandated discovery deadline would

---

[3] The Court notes that Rule 34 may not even apply to these documents because Chief Magistrate Judge Pham never explicitly found that Defendants had an exclusive property interest in the documents; the Order only recognized "their [property] interest in the documents for standing purposes[.]" (ECF No. 193 at PageID 2939.) However, for purposes of this Order, the Court assumes that Defendants maintain a property interest in the documents.

clearly be contrary to the traditional interpretation of the Federal Rules of Civil Procedure." Id. (internal citations omitted).

In affirming Magistrate Judge Vescovo's decision to prevent parties from "circumvent[ing] discovery deadlines and discovery that could have been sought under Rule 34," see id. at *12, Judge Mays cited to an out-of-circuit case involving the same issue. See Neel v. Mid-Atl. of Fairfield, LLC, No. 10-cv-405, 2012 WL 98558, at *1 (D. Md. Jan. 11, 2012). In Neel, the district judge contemplated whether Rule 45 subpoenas could be properly served on a party, and noted that "[t]he majority of courts . . . allow Rule 45 subpoenas to be served on parties as well as non-parties. Among this majority, the consensus is that such subpoenas constitute 'discovery' and must be utilized prior to the close of the discovery period." Neel v. Mid-Atl. of Fairfield, LLC, No. SAG-10-CV-405, 2012 WL 98558, at *1 (D. Md. Jan. 11, 2012) (citing Fleetwood Transp. Corp. v. Packaging Corp. of Am., No. 1:11–MC–45, 2011 WL 6151479 at *2, *3 (M.D.N.C. Dec.12, 2011); Mortg. Info. Servs., Inc. v. Kitchens, 210 F.R.D. 562, 566–68 (W.D.N.C. May 2010); Dreyer v. GACS, Inc., 204 F.R.D. 120, 122–23 (N.D. Ind. 2001); Alper v. United States, 190 F.R.D. 281, 283 (D. Mass. 2000); Integra Lifesciences I, Ltd., v. Merck KGaA, 190 F.R.D. 556, 561 (S.D. Cal. 1999).) The Neel court noted that the problem with allowing parties to issue Rule 45 subpoenas to a party would be if they did so to work their way around a discovery deadline. Id. at *1 ("To allow a party 'to use Rule 45 to circumvent the requirements of a court-mandated discovery deadline would clearly be contrary' to the traditional interpretation of the Federal Rules of Civil Procedure, which dictates that the rules must be construed in a manner that is internally consistent.").

In both Neel and Elvis Presley Enterprises, the motivating concern with issuing subpoenas to parties was the circumvention of discovery deadlines. But, here, Plaintiffs issued

10

the subpoena to a non-party, albeit concerning documents in which a party had a property interest, well within the fact discovery deadline.  (See ECF No. 177 at PageID 2720 (noting an April 18, 2022 deadline for the close of fact discovery and completion of depositions).)  Thus, Chief Magistrate Judge Pham's nonreliance on a distinguishable persuasive authority is not legally erroneous.

Moreover, both Federal Rules 45 and 34 subject parties to the same discovery limitations as those within the scope of Federal Rule 26.  See Fed. R. Civ. Pr. 34 (a) ("A party may serve on any other party a request within the scope of Rule 26(b) . . ."); Mid Am. Sols. LLC v. Vantiv, Inc., No. 1:16– mc–2, 2016 WL 1611381, at *5 (S.D. Ohio Apr. 20, 2016).  "Federal Rule of Civil Procedure 26 permits parties to obtain discovery 'regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'"  Mid. Am. Sols., 2016 WL 1611381, at *5 (quoting Fed. R. Civ. P. 26(b)(1)).

Applying this Rule 26 scope for discovery, Chief Magistrate Judge Pham found that the documents were relevant to "claims that Varsity 'monopolized the All-Star Cheer and All-Star Apparel Markets' and engaged in anticompetitive practices that were instituted around the availability of corporate sponsorships," and could be relevant to their claims that Varsity excluded "potential competitors access to the showrooms at its market dominant All Star Competitions."  (ECF No. 193 at PageID 2938 (citing ECF No. 180 at 5).)  He also found that the request was proportionate because, even as Cota's non-party status "weighs against disclosure," she was willing to produce the requested documents.  (Id. at PageID 2939 (citing Mid Am. Sols., 2016 WL 1611381, at *5).)  At the time that this issue was first addressed, Defendants did not challenge proportionality nor incur any expenses associated with this

production.  (Id.)  Now, on appeal, Defendants' relevancy objection does not demonstrate clear error by Chief Magistrate Judge Pham.  (See ECF No. 198 at PageID 3108.)

Finally, Chief Magistrate Judge Pham's Order reflects his reasoning as to the non-privileged nature of the subpoenaed matter.  He notes that, despite the existence of a confidentiality agreement, the material would not be considered "protected matter" under Rule 45, and the document descriptions do not suggest the existence of any attorney-client privilege.  (ECF No. 193 at PageID 2940.)  However, due to Defendants' objection to the possible existence of attorney-client privileged material, he exercised "an abundance of caution" in allowing Defendants an opportunity to review the documents for privilege before their production to Plaintiffs.  (Id. at PageID 2940-41.)  On appeal, Defendants do not raise any privileges that were not discussed in the Order.  Thus, the Court similarly finds no clearly erroneous reasoning and is not convinced that a mistake was committed.

## CONCLUSION

Therefore, first, the Court finds that a hearing on the Appeal is unnecessary as it can be resolved on the Parties' briefs.  Second, the Court agrees with both the legal reasoning and the legal conclusions rendered by Chief Magistrate Judge Pham.  Thus, finding no clear error, the Court **DENIES** Defendants' Appeal and **ORDERS** Defendants to turn over the documents at issue to Plaintiffs within **twenty-four (24) hours** of the issuance of this Order, or no later than 11:59 p.m. on Saturday, April 2, 2022.

**IT IS SO ORDERED,** this 1st day of April, 2022.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE