# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> VARSITY BRANDS, LLC, et al., <br><br> Defendants. | Case No. 2:20-cv-02600-SHL-tmp <br> **Jury Trial Demanded** |
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., *et al.*, <br><br> Plaintiffs, <br> v. <br><br> VARSITY BRANDS, LLC, *et al.*, <br><br> Defendants. | Case No. 2:20-cv-02782-SHL-tmp <br> **Jury Trial Demanded** |
| JESSICA JONES, et al., <br> Plaintiffs, <br> v. <br><br> VARSITY BRANDS, LLC; *et al.*, <br><br> Defendants. | Case No. 2:20-cv-02892-SHL-tmp <br> **Jury Trial Demanded** |

**DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM FOR PROTECTIVE ORDER TO RESCHEDULE OR CANCEL LATE NOTICED THIRD PARTY DEPOSITIONS**

1

Come now all Defendants in the above-referenced actions, by and through counsel, under Federal Rules of Civil Procedure 26 and 30, and hereby file this motion and supporting memorandum for a protective order requiring Plaintiffs to reschedule or cancel the depositions of third parties David Hanbery and Cole Stott. Plaintiffs failed to provide reasonable notice to Defendants of the dates scheduled for depositions for these individuals, and Defendants are unable to accommodate the depositions of either individual on April 13, 2022, the date selected by Plaintiffs. Defendants respectfully request that the Court issue a protective order requiring Plaintiffs to take the deposition of one of Mr. Stott or Mr. Hanberry on April 15, 2022, and to take deposition of the other of Mr. Stott or Mr. Hanbery on April 18, 2022, subject to the availability of the deponents. If Plaintiffs are unable to schedule the depositions of Mr. Stott and/or Mr. Hanbery on those dates, either due to Plaintiffs' counsel or the deponent's scheduling conflicts, Defendants respectfully request that the Court issue a protective order cancelling the depositions of these deponents on the basis that due to Plaintiffs' failure to provide timely notice to Defendants, these depositions cannot be scheduled before the close of fact discovery.

## I.    BACKGROUND

As the Court is aware, the deadline for fact discovery in this case is April 18, 2022, and the Court has made clear that this deadline will not be extended absent extraordinary circumstances. Nevertheless, due to Plaintiffs' delay in scheduling depositions, there is a highly condensed deposition schedule between now and the April 18 deadline.

On March 24, 2022, Plaintiffs served notice on Defendants that they would be serving a subpoena for the deposition of Cole Stott, a former Varsity employee, on April 11, 2022.[1]  (*See*

---

[1] Two weeks prior, on March 10, 2022, Defendants had conveyed to Plaintiffs that Defendants were unavailable for a deposition on April 11, 2022. Yet Plaintiffs proceeded to serve a subpoena for a deposition on this date without consideration for Defendants' availability.

2

Subpoena for Deposition of Cole Stott, **Exhibit A**). Plaintiffs provided Defendants with no update on the scheduling of this deposition, confirmation that Mr. Stott had been served, or any indication that this deposition would occur until April 7, 2022, at which time Plaintiffs informed Defendants that this deposition would take place less than one week later, on April 13, 2022. (*See* Email Confirmation, **Exhibit B**).

On April 5, 2022, Plaintiffs served notice on Defendants that they would be serving a subpoena for the deposition of David Hanbery, an owner of certain event producer members of USASF, to be scheduled for "April 13, 2022 or a time as counsel may agree." (*See* Subpoena for Deposition of David Hanbery, **Exhibit C**). On April 7, 2022, without consulting with Defendants regarding their availability, Plaintiffs informed Defendants that this deposition would take place less than one week later, on April 13, 2022. (*See* Email Confirmation, **Exhibit D**).

II.   **LAW AND ARGUMENT**

    A.   **Plaintiffs' Notice of These Deposition Fails to Comply with Fed. R. Civ. P. 30(b)(1) And This Court's Guidelines for Professional Courtesy.**

Plaintiffs' failure to provide timely notice to Defendants of the dates of these depositions in unreasonable. Rule 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give **<u>reasonable written notice to every other party</u>**. The notice must state the time and place of the deposition . . . ." Fed. R. Civ. P. 30(b)(1) (emphasis added). The Local Rules also includes "Guidelines for Professional Courtesy," which repeatedly provide that a lawyer should "[c]onsult opposing counsel, when practical, before scheduling hearings and depositions" (Section II(1)(a)) and "[a] lawyer should, when practical, consult with opposing counsel before scheduling hearings and depositions in a good faith attempt to avoid scheduling conflicts" (Section II(9)).

Plaintiffs provided just six days' notice to Defendants that the deposition of Cole Stott would be scheduled for April 13, 2022.  Plaintiffs provided just eight days' notice to Defendants that a subpoena would be served for the deposition of David Hanbery possibly to be scheduled for April 13, 2022, and again provided just six days' notice that this date was confirmed.  Plaintiffs did not make any effort to consult with Defendants regarding their availability on these dates.  Defendants promptly informed Plaintiffs of scheduling conflicts and requested that Plaintiffs respond informing Defendants whether or not they consented to rescheduling the depositions for April 15 and 18, 2022, no later than 10:00 a.m. CST the next day, given the condensed timeline for depositions before discovery closes and the need for an expedient resolution of this issue caused by Plaintiffs' delay.  Defendants also requested that Plaintiffs indicate whether they expect these depositions to extend beyond a one day of seven hours.  (*See* Email Correspondence Regarding Scheduling, **Exhibit E**).  As of the time of this filing, Plaintiffs have not responded at all.

Other courts have recognized that this is insufficient notice, particularly in cases that are complex and where, due to competing demands imposed by other depositions, the opposing party would be unable to accommodate the belated notices.  *See, e.g.*, *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) (finding ten business days' notice insufficient because "the case is exceedingly complex, the depositions are to occur virtually hours before the discovery cut-off, and it was obvious—or at least probable—that the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices"); *Kellogg Co. v. FBC Flexible Packaging Corp.*, 2013 WL 3805670, at *2 (W.D. Mich. July 22, 2013) (finding six days' notice insufficient "very near the end of the discovery period, when at least several other depositions were taking place or being prepared"); *Cramer v. Oak Haven Resort, Inc.*, 2018 WL 10384172, at *1 (E.D. Tenn. Aug. 17, 2018) (quashing deposition notice issued six days prior to

4

the deposition, without conferring with any of the other attorneys in the case). The unreasonable notice provided to Defendants is itself grounds for rescheduling or cancelling the depositions of Mr. Stott and Mr. Hanbery.

Because of the belated notices of these depositions, Defendants' counsel are unavailable to accommodate either deposition on April 13, 2022 or their possible continuation on April 14, 2022. Specifically, the deposition of Bill Seely, the current President of Varsity Spirit Corporation, is already scheduled April 13 and 14, 2022. In addition, the depositions of USASF employee Karen Wilson and former Varsity employee Sheila Noone are both scheduled for April 14, 2022, and the deposition of former USASF President Jim Chadwick is scheduled for April 15, 2022. As a result, Defendants' counsel will also be preparing for those depositions on April 13, 2022. Additionally, given the short notice between now and April 13, 2022, Defendants are unable to make any new counsel sufficiently knowledgeable about the relevant issues to adequately prepare for the depositions of Mr. Stott and/or Mr. Hanbery. Defendants submit that given the limited notice of these depositions, preparing for them in the midst of an already busy depositions schedule will be a formidable challenge. Nevertheless, in order to accommodate these depositions before the fact discovery deadline, Defendants have offered to be available for the deposition of either Mr. Stott or Mr. Hanberry on April 15, 2022, and for the deposition of the other of Mr. Stott or Mr. Hanbery on April 18, 2022. Plaintiffs, however, have not responded to Defendants about whether they will agree to this accommodation.

### B. Plaintiffs' Belated Notices Stem From Their Own Lack of Diligence.

This is not a situation where Plaintiffs did not have notice of any purported relevance of these deponents until the last minute. Rather, Plaintiffs' delay in serving notice of and scheduling these depositions can only be attributed to their own lack of diligence. USASF and Varsity

4888-2825-6283v2
2933399-000004 04/07/2022

produced documents involving communications with and about Mr. Stott and Mr. Hanbery many months ago, and Plaintiffs have had ample time to review these productions and identify any persons they sought to depose. Mr. Hanbery, in fact, jointly owns two event producer companies with Heidi Weber (owner of Plaintiff American Spirit and Cheer Essentials, Inc.) and David Owens (owner of Plaintiff Rockstar Championships, LLC). Plaintiffs had identified Mr. Stott as a potential deponent in October 2021 but neglected to serve him with a deposition subpoena or apparently contact him regarding scheduling his deposition until the last minute.[2] Thus, any suggestion that Plaintiffs did not know of their purported relevance would be disingenuous. Plaintiffs waited until nearly the close of fact discovery to schedule the depositions of Mr. Stott and Mr. Hanbery and did not bother to consult with Defendants before scheduling these depositions, as provided for by the Guidelines for Professional Conduct in the Local Rules. Defendants should not be penalized for Plaintiffs' lack of diligence.

Further, this is not the first time Plaintiffs have provided insufficient notice to Defendants of a third-party deposition. On February 8, 2022, in light of the fact that two third-party depositions had been noticed by subpoena for the upcoming week, on February 15 and 17 respectively, but Plaintiffs had never provided any update to Defendants regarding whether these depositions would actually be occurring on the noticed dates, Defendants sent an email to counsel for Plaintiffs requesting an update and further stating that "absent an explicit agreement regarding a particular deposition, we require, at a minimum, at least 14 days' notice that a deposition is actually taking place." (*See* Email Correspondence Regarding Brubaker and Hill, **Exhibit G**). Defendants

---

[2] In fact, in early January, Defendants told Plaintiffs that they would be available for Mr. Stott's deposition the week of February 28 if that worked for Plaintiffs and Mr. Stott. (*See* Email Correspondence Regarding Stott, **Exhibit F**). Plaintiffs did not respond with a proposed date for Mr. Stott until their March 24th notice of intent to serve a subpoena on him.

requested "as much notice as possible and the courtesy of coordinating with Defendants' regarding availability before any date is finalized so that we may minimize rescheduling." (*See id.*).

On March 23, 2022, with no regard for Defendants' request for reasonable notice and without coordinating regarding Defendants' availability, Plaintiffs served Defendants notice of the deposition of Josh Quintero setting the deposition for March 29, 2022, just six days later. Defendants promptly informed Plaintiffs that "a mere six days of advance notice is not reasonable," although Defendants ultimately were able to rearrange their schedules to accommodate this deposition. (*See* Email Correspondence Regarding Quintero, **Exhibit H**). Plaintiffs now, for a second and third time, have served belated deposition notices on Defendants and refused to coordinate with Defendants regarding scheduling third-party depositions.

## III.   CONCLUSION

In light of the foregoing, Defendants respectfully request that the Court issue a protective order requiring Plaintiffs to take the deposition of either Mr. Stott or Mr. Hanbery on April 15, 2022, and to take the deposition of the other of Mr. Stott or Mr. Hanbery on April 18, 2022, subject to the availability of the deponents. If Plaintiffs are unable to schedule the depositions of Mr. Stott and/or Mr. Hanbery on those dates, either due to Plaintiffs' counsel or the deponent's scheduling conflicts, Defendants respectfully request that the depositions be cancelled. No further extensions of the fact discovery deadline are warranted, given that this situation has resulted from Plaintiffs' own lack of diligence and failure to coordinate with Defendants in scheduling these depositions.

Given the limited time between now and April 13, Defendants also request that the Court set an expedited briefing schedule and require Plaintiffs to respond by 10 a.m. CT on April 11, 2022.[3]

Dated: April 8, 2022

Respectfully submitted,

s/ Nicole D. Berkowitz

Grady Garrison (TN #008097)
Nicole D. Berkowitz (TN #35046)
James Andrew Roach (TN #37934)
Karen Lott Glover (TN #38714)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc. and USA Federation for Sport Cheering, d/b/a USA Cheer*

s/ Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*

---

[3] Defendants reserve their rights to object to the use of the depositions of Mr. Stott and/or Mr. Hanbery under Federal Rule of Civil Procedure 32.

CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Varsity Brands, LLC*; *BSN Sports, LLC*; *Varsity Spirit, LLC*; *Stanbury Uniforms, LLC*; *Herff Jones, LLC; Varsity Brands Holding Co., Inc.*; *Varsity Spirit Fashions & Supplies, LLC; Varsity Intropa Tours*

s/ Brendan P. Gaffney

Paul E. Coggins*
Brendan P. Gaffney*
Michele Naudin
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com

* Admitted pro hac vice

Edward L. Stanton III (TN #018904)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500 Memphis,
Tennessee 38119 Telephone: (901) 680-7336

9

Fax: (901) 680-7201
Edward.Stanton@butlersnow.com

*Attorneys for Jeff Webb*

4888-2825-6283v2
2933399-000004 04/07/2022

## CERTIFICATE OF CONSULTATION

I hereby certify, pursuant to Fed. R. Civ. P. 26(c)(1) and Local Rule 7.2(a)(1)(B), that on April 7, 2022 I emailed counsel for Plaintiffs on behalf of all Defendants and advised Plaintiffs that Defendants intended to file a motion seeking the substantive relief set out above and an expedited briefing scheduling.  As of the time of this filing on April 8, 2022, Plaintiffs have failed to timely respond to Defendants indicating whether or not they agree to this relief and scheduling.

s/ Nicole D. Berkowitz

4888-2825-6283v2
2933399-000004 04/07/2022