UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS, *et al.*,<br><br>　　　　Plaintiffs,<br>　v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 2:20-cv-02600-SHL-tmp<br>**Jury Trial Demanded** |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ALLOW PLAINTIFFS TO DEPOSE NON-PARTIES
GOLDMAN SACHS & CO LLC AND JEFFERIES LLC
BETWEEN APRIL 19, 2022 AND MAY 13, 2022**

Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes Gymnastics Academy, Inc., d/b/a Stars and Stripes Kids Activity Center, Kathryn Ann Radek, Lauren Hayes, and Janine Cherasaro ("Plaintiffs"), individually and on behalf of all others similarly situated, submit this memorandum of law in support of their motion to allow them to depose Jefferies LLC and Goldman Sachs & Co. LLC, important non-party witnesses, after the deadline for taking depositions of fact witnesses.

## I.　　INTRODUCTION

Almost a month before the deadline for completing depositions of fact witnesses in this action, Plaintiffs issued deposition subpoenas to two large and prominent investment banks, Goldman Sachs & Co. LLC ("Goldman") and Jefferies LLC ("Jefferies"), who were intimately involved in the 2014 sale of Varsity Brands to Charlesbank Capital Partners LLC ("Charlesbank") and the 2018 acquisition by Bain Capital Private Equity, LP ("Bain") of Charlesbank's interest in Varsity Brands. Both Goldman and Jefferies have substantial, directly relevant, and important information about crucial issues in this litigation.

Plaintiffs' counsel informed counsel for Goldman and Jefferies about the deadline for completing fact depositions and were willing to depose the firms on any date on or before April 18, 2022. Unfortunately, counsel for both Goldman and Jefferies said that their clients could not be deposed within that time. Therefore, Plaintiffs respectfully request that the Court permit them to depose Goldman and Jefferies by May 13, 2022.

Plaintiffs' request will not affect the other deadlines in the Amended Scheduling Order and will not prejudice any of the other parties.

## II.     ARGUMENT

### A. PLAINTIFFS HAVE DEMONSTRATED GOOD CAUSE TO DEPOSE GOLDMAN AND JEFFERIES SHORTLY AFTER THE DEADLINE FOR TAKING FACT DEPOSITIONS.

Federal Rule of Civil Procedure 16(b)(4) permits the Court to amend or modify deadlines in pretrial scheduling orders for good cause. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Andretti v. Borla Performance Indus., Inc*., 426 F.3d 824, 830 (6th Cir. 2005) (internal quotation marks and citations omitted).

Plaintiffs have been diligently working to obtain and review the hundreds of thousands of documents produced to date and complete the dozens of depositions needed for this important and complex antitrust class action[1] within the time permitted by the Amended Scheduling Order (ECF No. 177). Plaintiffs served Goldman and Jefferies with deposition subpoenas more than three weeks before the April 18, 2022 deadline for conducting fact depositions, early enough that

---

[1] As this Court noted in compelling discovery from certain defendants in the related *Jones v. Varsity Brands* action, "the issues at stake in this case are national in implication and importance, with a substantial amount in controversy stemming from allegedly anticompetitive pricing and trade practices." *Jones v. Varsity Brands, LLC*, No. 20-CV-02892-SHL-TMP, 2021 WL 5889984, at *3 (W.D. Tenn. Dec. 13, 2021) (Pham, Chief U.S.M.J.)

2

the depositions could have been taken by that date. *See* the Declaration of Mary L. Russell filed in support of this Motion ("Russell Decl.") at ¶ 2. Plaintiffs' counsel emailed courtesy copies of the subpoenas to counsel for Goldman and Jefferies before service was accomplished (and emailed deposition notices and copies of the subpoenas to all parties in this action and in the related *Jones* and *American Spirit*[2] actions as well). Russell Dec. ¶ 2. Plaintiffs' counsel informed counsel for Goldman and Jefferies about the deadline in the Amended Scheduling Order, asked them to provide deposition dates on or before April 18, 2022, and would have accommodated any date before the deadline. *Id.* ¶ 3. In order to lessen the burden of preparing witnesses to testify, Plaintiffs sent counsel for Jefferies and Goldman lists of documents from which Plaintiffs were likely to draw the exhibits for the respective depositions. *Id.* ¶ 17. Despite these efforts, both Goldman and Jefferies have confirmed that the depositions cannot take place on time. *Id.* ¶¶ 7, 9, 10, 18. Both also have stated that they are holding open dates shortly after the deadline, April 26 in the case of Goldman and April 29, 2022 for Jefferies. *Id.*

Goldman and Jefferies are crucial third-party witnesses for Plaintiffs, who will be prejudiced if they cannot conduct the requested depositions.

In April 2021, Jefferies produced over 77,000 highly relevant documents in response to a document subpoena from Plaintiffs. *Id.* ¶ 12. In January and October 2021, Goldman produced a significant number of highly relevant documents in response to a document subpoena from Plaintiffs. *Id.* ¶¶ 13, 14. The documents produced show that, among other things, Jefferies and Goldman are knowledgeable about the competitive landscape for cheerleading competitions and cheerleading apparel, Varsity's place within that competitive landscape, the markets for

---

[2] *American Spirit and Cheer Essentials Inc. v. Varsity Brands, LLC*, No. 2:20-cv-02782-SHL-tmp (W.D. Tenn.).

3

Varsity's products, Varsity's market position over time, the extent of and reasons for changes in Varsity's market position, Varsity's acquisitions of its competitors and the effect of those acquisitions on Varsity and on the relevant markets, Varsity's financial status over time, and Varsity's strategic plans. *Id.* ¶¶ 13, 14. The documents include financial data, strategic plans, discussion materials, audit reports, scripts for and notes from conversations with potential investors, due diligence documents, internal and external emails, and drafts and final versions of presentations to potential investors, ratings agencies, and Varsity's management and board of directors. *Id.* ¶ 14(f).

Plaintiffs need to depose Goldman and Jefferies to inquire into discussions and analyses that are not reflected in the documents, clarify certain terms of art and statements of fact and opinion, obtain further information about the data, analyses, and assumptions in the documents, learn about any dissenting or minority views not reflected in the documents, and authenticate the documents for use at trial or in connection with dispositive motions. *Id.* ¶15.

Furthermore, the witnesses designated by Jefferies and Goldman do not live within 100 miles of the Court. *Id.* ¶ 16. If they do not voluntarily appear to testify, Plaintiffs may need their videotaped depositions for use at trial. *See Bailey v. Real Time Staffing Servs., Inc.*, No. 2:11-CV-02055V, 2012 WL 13168379, at *2 (W.D. Tenn. Nov. 6, 2012) (extending discovery deadline and noting that video deposition was necessary because witness was beyond the subpoena power of the court).

Plaintiffs' request is not a dilatory or delaying tactic, they do not request any other modifications to the Amended Scheduling Order as a result of this request, and they come to the Court prior to the expiration of the applicable Scheduling Order deadline. These factors weigh in favor of granting the requested relief. *See Papineau v. Brake Supply Co.*, No. 4:18-cv-00168,

4

2020 WL 9459289, at *2 (W.D. Ky. Feb. 20, 2020) (extending, for good cause shown, a discovery deadline and expert report deadline where, among other things, "coordinating the schedules of the attorneys and witnesses [was] problematic" and the movant requested the extension before the deadline expired); *Ziegler v. Krisher*, No. 2:14-CV-321, 2016 WL 8135536, at *1 (S.D. Ohio Dec. 22, 2016), at *1 (granting motion to reopen discovery "for the limited purpose of gathering evidence about matters on which [the decedent] would have testified"); *Bailey* 2012 WL 13168379, at *2 (extending discovery deadline "for the sole purpose of deposing [the witness] by video deposition").

### B. GRANTING THE RELIEF REQUESTED WILL NOT PREJUDICE DEFENDANTS BUT NOT GRANTING THE RELIEF WILL PREJUDICE PLAINTIFFS.

Plaintiffs' request does not unduly burden or prejudice Defendants. They do not need to take time away from other tasks or spend money to prepare a witness. The depositions will be conducted remotely, removing any need to spend time or money traveling. *See Bailey,* WL 13168379, at *2 (noting that the non-movant "will not suffer any prejudice by an extension of the discovery deadline to allow the video deposition of [the witness]" and "[h]e and his attorney will not be required to incur travel expenses"). Goldman and Jefferies are not producing any new documents to be reviewed in connection with the depositions.

Given the deadlines in the Amended Scheduling Order (ECF 177), Defendants cannot credibly suggest that allowing the two requested depositions within several weeks after the discovery deadline will prejudice their ability to prepare for trial or meet any other milestones in the litigation. *See Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D. Kan. 1991) (rejecting non-movant's argument that it would be prejudiced by scheduling order modification where, as here, a trial date had not been scheduled); *Watt v. All Clear Bus. Sols., LLC*, 840 F. Supp. 2d 324, 327

5

(D.D.C. 2012) (same). Indeed, Defendants themselves joined in successful motions to extend the time to complete the depositions of Bain and Charlesbank witnesses and of Jeff Webb to May 2022.[3]

As discussed above however, Plaintiffs will be harmed if they are unable to depose Goldman and Jefferies, both of which have significant knowledge and information about facts that are central to Plaintiffs' claims. Jefferies advised Varsity in its 2014 sale to Charlesbank and in Charlesbank's 2018 sale of its interest to Bain and Goldman advised Charlesbank in both of the transactions.

The Court recently granted a motion allowing the plaintiffs in the *Jones* action to depose Charlesbank and Bain after April 18, 2022. The Court reiterated that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Order Granting in Part and Denying in Part Plaintiffs' Motion For Leave to Take Depositions of Charlesbank and Bain, *Jones v. Varsity Brands, LLC*, No. 20-cv-02892-SHL-tmp, slip op. at 10-11 (ECF 261; PageID 5241-42) (WD. Tenn. Apr. 11, 2022) *quoting* Fed. R. Civ. P. 26(b)(1). The Court determined that the requested testimony was relevant and also proportional to the needs of the case given "(1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the

---

[3] Order Granting the Parties' (1) Joint Motion to Permit the Deposition of Defendant Jeff Webb to be Taken After the Close of Fact Discovery and (2) Joint Motion to Permit the Deposition of Current and Former Employees of Bain Capital Private Equity, LP, and Charlesbank Capital Partners, LLC, *Jones et al. v. Varsity Brands LLC, et al.*, No. 2:20-cv-02892-SHL-tmp (ECF No. 209) (W.D. Tenn. March 15, 2022) (ordering that the Charlesbank and Bain depositions be completed by May 7, 2022 and the Webb deposition by May 13, 2022).

issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. at 7-8, *quoting* Fed. R. Civ. P. 26(b)(1) (internal quotation marks omitted).

Just as the testimony of witnesses from Bain and Charlesbank is relevant and proportional to the needs of the plaintiffs in the *Jones* action, depositions of the advisors for those transactions is highly relevant and proportional to the needs of this case and Plaintiffs will be prejudiced if, despite their diligence, they cannot take those depositions.

### C.     CONCLUSION

For all of the reasons above, Plaintiffs respectfully request that the Court permit them to depose non-parties Goldman Sachs & Co. and Jefferies LLC after April 18, 2022 and grant them until May 13, 2022 to do so.

Dated:  April 18, 2022

Respectfully submitted,

By: /s/     Mary L. Russell
      Mary L. Russell

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
FINE KAPLAN AND BLACK, R.P.C
One South Broad St., 23rd Floor
Philadelphia PA 19107
Tel: (215) 567-6565
mrussell@finekaplan.com
rliebenberg@finekaplan.com
jistvan@finekaplan.com

* Admitted pro hac vice

*Counsel for the Proposed Direct Purchaser Class*

H. Laddie Montague, Jr.*
Eric L. Cramer*
Michael J. Kane*
Mark R. Suter*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000
hlmontague@bm.net
ecramer@bm.net
mkane@bm.net
msuter@bm.net

Jonathan W. Cuneo*
Victoria Sims*
CUNEO GILBERT & LADUCA LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Tel: (202) 789-3960
jonc@cuneolaw.com
vicky@cuneolaw.com

Karin E. Garvey*
Gregory S. Asciolla*
Veronica Bosco*
DICELLO LEVITT GUTZLER
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel: (646) 933-1000
kgarvey@dicellolevitt.com
gasciola@dicellolevitcom
vbosco@dicellolevitt.com

* Admitted pro hac vice

*Interim Co-Lead Counsel for the Proposed Direct Purchaser Class*

                                J. Gerard Stranch, IV (TN BPR #23045)
                                Benjamin A. Gastel (TN BPR #28699)
                                BRANSTETTER, STRANCH &
                                JENNINGS, PLLC
                                223 Rosa Parks Ave. Suite 200
                                Nashville, TN 37203
                                Telephone: (615) 254-8801
                                gerards@bsjfirm.com
                                beng@bsjfirm.com

                                *Liaison Counsel for Plaintiffs and the*
                                *Proposed Direct Purchaser Class*

| | |
|---|---|
| Benjamin D. Elga* | Nathan A. Bicks (TN BPR #10903) |
| JUSTICE CATALYST LAW, INC. | Frank B. Thacher III (TN BPR #23925) |
| 81 Prospect Street | BURCH, PORTER, & JOHNSON, PLLC |
| Brooklyn, NY 11201 | 130 North Court Ave. |
| Tel: (518) 732-6703 | Memphis, TN 38103 |
| belga@justicecatalyst.org | Telephone: (901) 524-5000 |
| | nbicks@bpjlaw.com |
| | fthacher@bpjlaw.com |

                                Aubrey B. Harwell, Jr. (TN BPR #002559)
                                Charles Barrett (TN BPR #020627)
                                Aubrey B. Harwell III (TN BPR #017394)
                                NEAL & HARWELL, PLC
                                1201 Demonbreun St., Suite 1000
                                Nashville, TN 37203
                                Telephone: (615) 244-1713
                                aharwell@nealharwell.com
                                cbarrett@nealharwell.com
                                tharwell@nealharwell.com

                            *Additional Counsel for Plaintiffs and the*
                              *Proposed Direct Purchaser Class*