```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
_____
                              )
FUSION ELITE ALL STARS, et al.,)
                              )
    Plaintiffs,               )
                              )
v.                            )    No. 20-cv-2600-SHL-tmp
                              )
VARSITY BRANDS, LLC, et al.,  )
                              )
    Defendants.               )
_____
                              )
JESSICA JONES, et al.,        )
                              )
    Plaintiffs,               )
                              )
v.                            )    No. 20-cv-2892-SHL-tmp
                              )
VARSITY BRANDS, LLC, et al.,  )
                              )
    Defendants.               )
                              )
_____

    ORDER DENYING AS MOOT DEFENDANTS' MOTION FOR PROTECTIVE ORDER
       REGARDING OUT-OF-TIME DEPOSITION AND DENYING MOTION FOR
                              SANCTIONS
_____
```

Before the court by order of reference is Defendants' Motion for Sanctions and for Protective Order Regarding Out-of-Time Deposition, filed on May 16, 2022. (ECF No. 296.) On May 19, 2022, per the undersigned's instructions, the parties submitted notices regarding the status of the outstanding issues. Defendants withdrew their motion for protective order as moot but maintained their request for sanctions, specifically the attorney's fees

incurred in preparing and arguing the motion. For the reasons below, defendants' withdrawn motion for protective order is DENIED as moot, and their motion for sanctions is DENIED.

## I. BACKGROUND

The present related cases involve anti-trust claims brought against Varsity Brands, LLC, and affiliated brands and companies by three sets of plaintiffs: the Fusion plaintiffs, the Jones plaintiffs, and the American Spirit plaintiffs. On January 26, 2021, the court entered an Order Establishing Plaintiffs' Discovery Coordination Committee. (ECF No. 93.) The order laid out the responsibilities of the committee, including "coordinating across the three cases on the scheduling of depositions with Defendants and third parties to minimize duplication of deponents and questions at depositions." (Id. at 5.) The undersigned also granted a Joint Motion to Facilitate Coordination of Depositions in the Related Actions brought by all plaintiffs on November 15, 2021. (Fusion Elite ECF No. 172.) This order found that the complexity of the case and amount of overlapping witnesses would be best addressed through an automatic extension of deposition time where a certain witness was sought to be deposed by two or more of the plaintiff groups. In relevant part, the order stated:

> 5. Plaintiffs in any one of the Related Actions may attend and question witnesses at depositions noticed in any of the other Related Actions.

> 6. Plaintiffs in any of the Related Actions may serve a notice of deposition with respect to any deposition noticed pursuant to Rule 30(b)(1) by Plaintiffs in one of the other Related Actions. For each additional notice that is served, Plaintiffs shall receive two additional hours to examine Defendants' Witnesses, other than Defendant U.S. All Star Federation, Inc.'s ("USASF's") witnesses, in addition to the time provided in the Discovery Order, (ECF No. 89), entered in Fusion Elite (which provides for 7 hours), for a total of 11 hours should Plaintiffs in all three Related Actions notice the deposition. For Defendant USASF's witnesses Plaintiffs shall receive one additional hour for each additional notice served, for a total of nine hours should Plaintiffs in all three Related Actions notice the deposition. The additional time set forth herein will apply regardless of which Plaintiffs served the first notice. . . .
>
> 8. Plaintiffs in the Related Actions may allocate the total deposition time amongst themselves as they choose.

(Id. at 3-4.)

Significant motion practice was undertaken as discovery proceeded. On February 18, 2022, the defendants filed a Motion to Dismiss or to Compel Discovery in the Alternative in the American Spirit case. (American Spirit ECF No. 171.) That motion dealt with American Spirit plaintiffs' alleged failure to produce certain documents. Due to the relevance of those documents to certain depositions, American Spirit plaintiffs and defendants filed a Joint Motion to Permit the Deposition of Plaintiffs After the Close of Fact Discovery. (American Spirit ECF No. 187.) In that motion, both parties requested that the depositions of four American Spirit plaintiffs, including Ashley Haygood and David Owens, be allowed to be taken "30 days after any production ordered by the Court in

resolving ECF No. 171, or, if no such production is ordered, within 30 days of the date of the Court's order to that effect."[1] (Id. at 3.) Further, the parties requested that the proposed deadlines "apply notwithstanding the deadline for completion of depositions and general close of fact discovery set forth in [the Scheduling Order]." (Id.) The presiding district judge granted this motion on March 23, 2022, stating that "[t]he Court requires the deposition of Plaintiffs be taken no later than June 13, 2022 at the latest, but no later than thirty days after the Court orders any relief on Defendants' Motion if that date is earlier than June 13, 2022." (American Spirit ECF No. 188.) Later that day, the undersigned denied the defendants' Motion to Dismiss but granted their Motion to Compel Discovery in the Alternative. (American Spirit ECF No. 189.)

Pursuant to these orders, the American Spirit plaintiffs and defendants scheduled Haygood's deposition for May 10 and Owens's deposition for May 17. (ECF No. 296-1 at 2.) On May 9, American Spirit counsel emailed defendants' counsel notifying them of a production of documents pursuant to the court's order in American Spirit (ECF No. 189), which included 161 documents from Haygood. Defendants' counsel responded that day, stating that "[d]ue to

---

[1] These depositions had initially been scheduled to take place in February and March 2022. It is further noted that Owens, while a named plaintiff in American Spirit, is not a party in Fusion Elite and Jones.

Plaintiffs' belated production on behalf of Ms. Haygood, Defendants cannot proceed with Ms. Haygood's deposition tomorrow." (Id. at 3-4.) They instead proposed that Haygood be deposed on May 18. (Id. at 4.) American Spirit counsel responded with apparent confusion, stating that "Ms. Haygood will not be available as you have already booked day 2 of the David Owens deposition for that day. . . ." (Id. at 3.) Defendants' counsel responded that they had only scheduled one day for Owens's deposition, and American Spirit counsel replied with the following at 5:37 p.m.:

> It is my understanding that Mr. Owens is scheduled for two days. The Fusion and Jones cases asked for two days as they have hours of questions for Mr. Owens on their Cross Motion for his deposition and I was told that the defendants would be taking up the whole first day for their questioning . . .

(Id. at 2.) This appears to be the last communication between these two parties regarding the Owens deposition.

Three minutes later, at 5:40 p.m., defendants' counsel received an email from a paralegal with Jones counsel's law firm. Attached to this email was "Plaintiffs' Cross Notice of Deposition of David Owens," which was captioned as from both Jones plaintiffs and Fusion Elite plaintiffs. (ECF No. 296-3 at 2.) Defendants' counsel objected to the cross-notice on the morning of May 10. (ECF No. 296-4 at 8.) As grounds for their objection, counsel stated:

> As Plaintiffs are aware, the deadline for fact discovery in the Fusion Elite and Jones matters closed on April

> 18, 2022, with limited exceptions. Prior to the close of fact discovery, Plaintiffs did not notice Mr. Owens' deposition or move the Court for leave to take his deposition. Further, as the Plaintiffs are well aware, Rule 30(d)(1) limits depositions to "1 day of 7 hours" unless otherwise stipulated or ordered by the Court. Defendants do not stipulate to Mr. Owens' deposition lasting more than 7 hours. Moreover, yesterday was the first time that anyone has indicated that Mr. Owens' deposition would extend into a second day, and counsel for USASF has a scheduling conflict on May 18 and is not available on that day.

(Id.) Plaintiffs' counsel responded by quoting the undersigned's previous Order Granting Plaintiffs' Joint Motion to Facilitate Coordination of Depositions in the Related Actions, specifically the portion allowing "Plaintiffs in any one of the Related actions" to "attend and question witnesses at depositions noticed in any of the other Related Actions." (Id. at 7.) Defendants' counsel argued that the cross-notice was "null and void and in violation of the Court's scheduling order," that plaintiffs required leave of court to cross-notice Owens after the discovery deadline, that defendants neither agreed to nor were even asked to extend Owens's deposition beyond seven hours, and stated that they planned to file a motion for sanctions and for a protective order to prevent the second day of deposition. (Id. at 5.)

Three days later, defendants' counsel again emailed Jones plaintiffs' counsel, this time with an offer to "not file their motion for protective order if Plaintiffs would agree to complete their questioning of Mr. Owens on May 17, after Defendants conclude

- 6 -

their questioning." (Id. at 3.) This offer did not specify how much time would be allotted for defendants' questioning or how much time plaintiffs would be left with to question Owens. Ultimately, the offer was seemingly ignored, as there is no indication in the record that anyone responded on behalf of plaintiffs. (Id. at 2.)

On May 16, 2022, defendants filed the present motion, which contained many of the arguments described above, and which was referred to the undersigned on May 17. (ECF Nos. 296, 298.) Before the undersigned could address the motion, Owens's deposition commenced on the morning of May 17. Due to ongoing conflicts regarding the potential second day, the undersigned held an emergency hearing over video conferencing at plaintiffs' request.[2]

---

[2] In a later notice, Defendants allege that:

> The *Fusion Elite* and *Jones* Plaintiffs disrupted the beginning of Mr. Owens's deposition by insisting that Defendants withdraw the Motion. Defendants said they would not do so and the deposition commenced. After the first break, however, the *Fusion Elite* and *Jones* Plaintiffs insisted that the deposition not go forward at all unless Magistrate Judge Pham was contacted immediately. Defendants once again stated that the *Fusion Elite* and *Jones* Plaintiffs could conduct a reasonable follow up examination after Defendants were done with their questioning, but that Defendants would not withdraw their Motion if Plaintiffs intended to continue examining Mr. Owens on a second day. Plaintiffs refused to even go back on the record unless and until Defendants relented to their insistence that Magistrate Judge Pham be contacted immediately. Defendants acceded to Plaintiffs' demand.

During this hearing, defendants' counsel stated that they were amenable to allowing plaintiffs to ask questions after defendants finished their questioning, as long as plaintiffs' questioning could be completed on May 17. Counsel for Owens stated that his client would be willing to continue with his deposition to as late as 10:00 p.m. that night. Plaintiffs' counsel stated that this was the first they had heard of such a compromise and agreed. The undersigned then requested that both parties file notices regarding whether any issues remained outstanding once the questioning was completed. Both parties submitted notices on May 19, 2022. Plaintiffs stated that the motion was moot. Defendants agreed, but preserved their request for sanctions, specifically the costs of preparing the motion and for the delay to Owens's deposition caused by the hearing. (ECF Nos. 301, 302.)

## II.  ANALYSIS

Defendants "respectfully request that the Court award Defendants their attorneys' fees and costs incurred in connection with the Motion pursuant to Rules 30(d)(2)-(3), 37(a)(5) and 37(b)(2) and the Court's inherent authority." Federal Rule of Civil Procedure 30(d)(2) states that the "court may impose an appropriate sanction – including the reasonable expenses and attorney's fees

---

(ECF No. 301 at 2.) Plaintiffs do not provide an account of any discussions held pre-hearing.

incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Federal Rule of Civil Procedure 37(a)(5) states that if a motion to compel or for a protective order is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, the court "must not order this payment if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

Because the Motion for Protective Order was withdrawn, the court considers the present Motion for Sanctions under Rule 30. Thus, the undersigned must consider whether the plaintiffs impeded, delayed, or frustrated the fair examination of David Owens, and if so, whether sanctions are warranted.

The dispute involving Owens's deposition centered around differing interpretations of the court's Order Granting Plaintiffs' Joint Motion to Facilitate Coordination of Depositions in the Related Action. That order permitted two extra hours of deposition time where a deposition was noticed by two or more

parties or allowed parties to attend and ask questions at other noticed depositions within the time permitted. Thus, for example, a witness noticed by only one of the plaintiffs' groups would, by default, be deposed for one day of seven hours, but all plaintiffs' groups could attend that deposition and ask questions within those seven hours, which could be divided however the groups determined. (ECF No. 172 at 3-4.)

Here, Owens was initially noticed by defendants, with his deposition allowed to take place beyond the discovery deadline due to District Judge Lipman's order granting a joint motion filed by American Spirit plaintiffs and defendants. (American Spirit ECF No. 188.) The court's prior Order Granting Plaintiff's Joint Motion to Facilitate Deposition applied solely to "defendants' witnesses," and thus the provisions for extra deposition time outlined above would not have applied to Owens's deposition. However, Owens was then noticed by Fusion and Jones plaintiffs, apparently under the assumption that the extra time they believed they were entitled to under the court's prior order would automatically grant the plaintiffs a second day of deposition. This was incorrect; the order, had it applied, would have merely granted the plaintiffs an additional two hours of time. Further, the plaintiffs' noticing of Owens was arguably inoperable given that their deadline for such notices under the Scheduling Order

had passed, with his deposition proceeding under special allowance from Judge Lipman.

This late notice and the plaintiffs' strained interpretation of the court's prior order are concerning, but the court does not find that they warrant sanctions. Both sides of this dispute advanced an interpretation of prior orders that was most favorable to their case. If sanctions were warranted in such a situation, given the extensive motion practice in these three cases, the court would likely be managing near-constant money transfers. Further, the delay and frustration of the deposition here was minimal given the complexities and history of this case. Any harm from plaintiffs' actions is reflected solely in time spent preparing the motion and one delayed hour of deposition for an emergency hearing, which resolved all issues. No evidence has been withheld or testimony lost. Given the minimal delay and plaintiffs' colorable (albeit strained) argument, the court does not find that the sanction of attorney's fees is warranted.

### III. CONCLUSION

For the above reasons, the Motion for Protective Order is DENIED as moot and the Motion for Sanctions is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 24, 2022

- 11 -

Date