# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> VARSITY BRANDS, LLC, et al., <br><br> Defendants. | Case No. 2:20-cv-02600-SHL-tmp <br> **Jury Trial Demanded** |
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., *et al.*, <br><br> Plaintiffs, <br> v. <br><br> VARSITY BRANDS, LLC, *et al.*, <br><br> Defendants. | Case No. 2:20-cv-02782-SHL-tmp <br> **Jury Trial Demanded** |
| JESSICA JONES, et al., <br> Plaintiffs, <br> v. <br><br> VARSITY BRANDS, LLC; *et al.*, <br><br> Defendants. | Case No. 2:20-cv-02892-SHL-tmp <br> **Jury Trial Demanded** |

**DEFENDANTS' MOTION TO MODIFY PREVIOUS DISCOVERY ORDERS THAT ALLOW SHARING OF DISCOVERY MATERIALS (ECF NO. 97) AND COORDINATION OF DEPOSITIONS (ECF NO. 172) AND MEMORANDUM IN SUPPORT**

Defendants in the above-referenced actions respectfully move the Court to modify its

previous discovery orders allowing Plaintiffs in the above-referenced cases to share confidential

1

discovery materials (ECF No. 97)[1] and participate in (and obtain transcripts of) depositions in each case (ECF No. 172). Specifically, Defendants request that the Court modify those orders in light of changes in the expert disclosure schedule in *American Spirit* and to prevent unnecessary and unintended prejudice to Defendants that would result absent such modifications.

Throughout most of the discovery process, the three related cases have had the same material discovery deadlines. However, the *American Spirit* case is now subject to a different timeline that makes the expert discovery deadlines fall well after the expert discovery deadlines in the *Fusion Elite* and *Jones* cases. Absent modification to the discovery orders, Plaintiffs in the *American Spirit* case would receive an unfair and unintended advantage by gaining access to confidential expert material—including Defendants' responsive expert reports—before Plaintiffs ever have to disclose their own experts and reports. Similarly, the new and materially different expert disclosure deadlines in *American Spirit* no longer warrant coordination of depositions of experts in that case, on the one hand, and experts in *Fusion Elite* and *Jones*, on the other hand. As a matter of fundamental fairness and to prevent certain prejudice to Defendants, Defendants request that the Court modify its previous discovery orders to align with the new schedules in these cases.

## BACKGROUND

The Court entered an amended scheduling order in December 2021 setting the same discovery deadlines for all three cases. (ECF No. 175.) Fact discovery closed on April 18, 2022. (*Id.*) In anticipation of the potentially duplicative discovery across the three cases, the Court also entered multiple orders coordinating discovery. These orders created a more efficient, streamlined discovery process while the cases operated on the same discovery timelines.

---

[1] Unless otherwise noted, all docket references are to *Fusion Elite*, Civ. Case No 2:20-cv-02600.

For example, the Court entered an Order that allowed Plaintiffs in each of the cases to share discovery materials where "<u>reasonably feasible</u> . . . to avoid duplicative or overlapping requests and demands on Defendants." (ECF No. 97 (emphasis added).) The Court allowed Plaintiffs to share confidential "information, data and documents produced in any of the cases" subject to the standing protective orders. (*Id.*) At the time, the parties—including Defendants—"indicated their support for the requested relief." (*Id.*) The Court also entered an Order that allowed all Plaintiffs to attend depositions noticed in any of the related cases and to receive, review, and use deposition testimony from any of the related cases. (ECF No. 172.) At the time, this order promoted efficiency given the numerous overlapping depositions to complete before the close of fact discovery in April 2022.

Now, however, the cases face different timelines for expert discovery. The Court modified the *American Spirit* discovery deadlines regarding topics that were previously subject to a protective order. (*American Spirit*, ECF No. 236.) This put the *American Spirit* case on a different scheduling track for expert discovery. (*See id.*) And expert discovery in *Fusion Elite* and *Jones* will be nearly complete before expert discovery in *American Spirit* even begins. The current discovery deadlines in the three cases are as follows:

| Item | Fusion Elite | Jones | American Spirit |
|---|---|---|---|
| Close of Fact Discovery Including Depositions | (Past) | (Past) | October 18, 2022 |
| Opening Expert Reports | (Past) | (Past) | November 18, 2022 |
| Opposing Expert Reports | September 23, 2022 | September 23, 2022 | January 13, 2023 |
| Rebuttal Expert Reports | November 21, 2022 | December 14, 2022 | March 13, 2023 |
| Expert Witness Depositions | December 16, 2022 | January 24, 2023 | April 12, 2023 |
| Deadline for Motions for Class Certification | January 20, 2022 | February 10, 2023 | May 16, 2023 |

| Item | Fusion Elite | Jones | American Spirit |
|---|---|---|---|
| and Motions to Exclude Expert Testimony | | | |
| Deadline for Oppositions to Motions for Class Certification and Motions to Exclude Expert Testimony | March 3, 2023 | March 31, 2023 | July 11, 2023 |
| Deadline for Replies in Support of Motions Exclude Expert Testimony | March 28, 2023 | April 28, 2023 | August 9, 2023 |
| Deadline for Plaintiffs' Reply in Support of Motion for Class Certification | April 17, 2023 | May 25, 2023 | August 22, 2023 |

Defendants attempted to reach agreement with Plaintiffs on Defendants' proposed commonsense modifications to the existing discovery orders to reflect these new schedules but have been unable to reach agreement. Defendants now move the Court for the relief set out in this motion to avoid certain prejudice that would result from the current discovery orders.

## ARGUMENT

The Court has discretion to modify interlocutory discovery orders, especially where, as here, the current orders would work prejudice. *See* Fed. R. Civ. P. 54(b); *Smith & Nephew, Inc. v. New Hampshire Ins. Co*, No. 2:04-CV-03027-STA, 2010 WL 5387480, at *9 (W.D. Tenn. Dec. 22, 2010) (modifying protective order to prevent potential disclosure of confidential materials that could create prejudice); *see also Steede v. Gen. Motors, LLC*, No. 11-2351-STA-DKV, 2012 WL 2089761, at *4 (W.D. Tenn. June 8, 2012) (limiting the disclosure of confidential discovery materials to similarly situated litigants).

The current discovery orders did not contemplate a scenario in which the cases would be on such different tracks that the *American Spirit* Plaintiffs would be privy to confidential,

4

strategically useful expert discovery months before their own deadline to disclose experts and produce an opening expert report.  Nor did the parties contemplate that the *American Spirit* Plaintiffs would be able to attend the depositions of Defendants' and Plaintiffs' experts—at which confidential information and Defendants' expert opinions will be disclosed—long before they are required to make initial expert disclosures.  Had the *American Spirit* schedule been materially different from the *Fusion Elite* and *Jones* schedules at the time of the discovery orders, Defendants would have advocated for different discovery orders.

      The Court initially allowed Plaintiffs to share confidential information to promote "the interests of justice and efficiency" and to avoid "duplicative or overlapping requests and demands on Defendants."  (ECF No. 97 at PageID 803–04.)  And litigation in the federal system is premised on a fair, adversarial approach subject to a scheduling order that allows the parties to strategically anticipate when they will have to produce discovery materials. *See* Fed. R. Civ. P. 16 and LR 16.  Importantly, other courts have recognized the need to preserve the "intended dynamic" of the expert disclosure schedule to "minimize prejudice" to defendants.  *Bond v. Pike County, Ky.*, 2021 WL 4127777 (E.D. Ky. June 29, 2021); *see also USCO S.p.A. v. Valuepart, Inc.*, 2015 WL 1898013, at *5 (W.D. Tenn. Apr. 27, 2015) (explaining that "an expert free from the limitations of an initial expert report would enjoy an unfair advantage if allowed to assert new constructions in a rebuttal report after reviewing the opposing party's expert analysis.").  The aims of justice and fairness underlying the federal rules and this Court's discovery orders would be severely undermined if the *American Spirit* Plaintiffs could access the opinions of Defendants' experts before ever having to disclose their own experts' opinions.  Indeed, such a result would vitiate the entire purpose of the opening, opposing, and rebuttal expert disclosure order reflected in the Court's existing scheduling orders.

5

Similarly, the Court's order allowing Plaintiffs to participate in (and obtain transcripts from) depositions in other cases was premised on the need for coordination among the parties to "avoid duplication." (ECF No. 172 at PageID 2618.) While the need for coordination is still present as to depositions of Defendants' experts in *Fusion Elite* and *Jones*, there is no such need for coordination between those cases and *American Spirit* in light of the materially different expert disclosure schedules in each. Moreover, if the *American Spirit* Plaintiffs were allowed to participate in, attend, or access transcripts from the depositions of Plaintiffs' or Defendants' experts in *Fusion Elite* and *Jones*, they would gain access to confidential information regarding the opinions of Defendants' experts before ever having to disclose their own experts. Again, this would undermine the Court's scheduling order, which requires that Plaintiffs disclose their expert witnesses' opinions before Defendants disclose their opposing expert witnesses' opinions.

Similarly, once the parties complete expert depositions in *Fusion Elite* and *Jones*, there is no need for Plaintiffs in those cases to participate in the depositions of Defendants' experts in *American Spirit*. If Defendants end up disclosing any of the same experts in that case as in *Fusion Elite* and *Jones*, Plaintiffs should not be permitted a second opportunity to depose those experts when Defendants will only get a single opportunity to depose Plaintiffs' experts. *See, e.g.*, *Duran v. Sara Lee Corp.*, No. 1:11-CV-313, 2013 WL 12308200, at *4 (W.D. Mich. May 3, 2013) ("Rule 30 requires that a party obtain leave of court to re-depose a deponent who has previously been deposed in a case, if the parties have not stipulated to that deposition . . . . The unfair impositions on a [] deponent subject to an unconsented second deposition in terms of time, money and strategic disadvantage are self-evident."); *King v. Sullivan*, No. 05-CV-75007-DT, 2006 WL 8431842, at *3 (E.D. Mich. Apr. 14, 2006) (declining to allow a second deposition of a

party where such deposition would "be duplicative" and would "work an unfair burden upon the Defendants with respect to time, money and other resources").

## CONCLUSION

For the reasons above, Defendants respectfully request that the Court grant this motion and modify the previous discovery orders that allow for sharing of discovery materials and coordination of depositions. Specifically, Defendants request that the Court modify its previous discovery orders as set out below:

1. Modify the Order Allowing Sharing of Discovery Material in American Spirit (ECF No. 97 in *Fusion Elite*) to carve out the *American Spirit* Plaintiffs' access to expert reports and related material in *Fusion Elite* and *Jones*.

2. Modify the Order Granting Plaintiffs' Joint Motion to Facilitate Coordination of Depositions in the Related Actions (ECF No. 172 in *Fusion Elite*) to carve out the *American Spirit* Plaintiffs' participation in depositions of expert witnesses (and access to transcripts of the same) in *Fusion Elite* and *Jones*, and vice versa.

Dated: September 19, 2022

Respectfully submitted,

s/ Matthew S. Mulqueen

George S. Cary\*
Steven J. Kaiser\*
Linden Bernhardt\*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com

7

lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Varsity Brands, LLC; BSN Sports, LLC; Varsity Spirit, LLC; Stanbury Uniforms, LLC; Herff Jones, LLC; Varsity Brands Holding Co., Inc.; Varsity Spirit Fashions & Supplies, LLC; Varsity Intropa Tours*

s/ Nicole D. Berkowitz

Grady Garrison (TN #008097)
Nicole D. Berkowitz (TN #35046)
James Andrew Roach (TN #37934)
Karen Lott Glover (TN #38714)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc. and USA Federation for Sport Cheering, d/b/a USA Cheer*

s/ Brendan P. Gaffney

Paul E. Coggins*
Brendan P. Gaffney*
Katherine Wright*
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com
kate.wright@lockelord.com

* Admitted pro hac vice

Edward L. Stanton III (TN #018904)
S. Keenan Carter (TN #023386)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500 Memphis, Tennessee 38119 Telephone: (901) 680-7336
Fax: (901) 680-7201
Edward.Stanton@butlersnow.com
Keenan.carter@butlersnow.com

*Attorneys for Jeff Webb*

**CERTIFICATE OF CONSULTATION**

I hereby certify that on September 13, 2022, I emailed counsel for Plaintiffs on behalf of all Defendants and advised Plaintiffs that Defendants intended to file a motion seeking the relief set out above. Counsel for the *American Spirit* Plaintiffs indicated that they oppose the relief requested herein. On September 13, 2022, counsel for the *Jones* Plaintiffs agreed that counsel for *American Spirit* should not participate in questioning any of the experts in the *Jones* case. However, counsel for the *Jones* Plaintiffs do not agree to the other relief sought in this motion. On

9

September 16, 2022, counsel for the *Fusion Elite* Plaintiffs stated that they took no position on this motion and reserved the right to file a response following review.

On September 16 and 19, 2022, counsel for the *Fusion Elite* and *Jones* Plaintiffs, respectively, agreed not to share Defendants' expert reports, or other material referencing or citing those reports, with the *American Spirit* Plaintiffs until the Court rules on this motion.

s/ Matthew S. Mulqueen