# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| FUSION ELITE ALL STARS, et al., | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | No. 2:20-cv-2600-SHL-tmp |
| VARSITY BRANDS, LLC, et al., | | |
| Defendants. | | |
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., et al., | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | No. 2:20-cv-2782-SHL-tmp |
| VARSITY BRANDS, LLC, et al., | | |
| Defendants. | | |
| JESSICA JONES, et al., | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | No. 2:20-cv-02892-SHL-tmp |
| BAIN CAPITAL PRIVATE EQUITY, et al., | | |
| Defendants. | | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO MODIFY PREVIOUS DISCOVERY ORDERS**

Before the Court are: (1) Defendants' Motion to Modify Previous Discovery Orders That Allow Sharing of Discovery Materials, (ECF No. 97), and Coordination of Depositions, (ECF No. 172), filed September 19, 2022, (ECF No. 292); (2) the Fusion Elite and Jones Plaintiffs' Joint Response, filed October 3, 2022, (ECF No. 295); and (3) the American Spirit Plaintiffs' Response in Opposition, filed October 3, 2022, (American Spirit and Cheer Essentials et al. v.

Varsity Brands, LLC, et al., No. 20-cv-2782-SHL-tmp, ECF No. 261).[1] Defendants in the above captioned cases request that the Court modify: (1) its Order Allowing Sharing of Discovery Material, (ECF No. 97), to remove the American Spirit Plaintiffs' access to expert reports and related material in the Fusion Elite and Jones cases; and (2) its Order Granting Plaintiffs' Joint Motion to Facilitate Coordination of Depositions in the Related Actions, (ECF No. 172), to bar the American Spirit Plaintiffs from participating in expert witness deposition in the Fusion Elite and Jones cases, and vice versa. (ECF No. 292 at PageID 5297.) In their Joint Response, (ECF No. 295), the Fusion Elite and Jones Plaintiffs include three more limited terms reached after consultation with Defendants. Finding these terms more reasonable, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion by granting the request for modification but limiting the relief for the reasons included below.

## BACKGROUND

The current discovery schedule was set on December 7, 2021, with identical discovery deadlines in all three of these cases. (ECF No. 175.) Given the closely related nature of the cases, the Court also ordered the sharing of discovery material, (ECF No. 97), and allowed Plaintiffs in the related cases to attend each other's expert depositions and use expert testimony from the other related cases. (ECF No. 172.) Such orders were intended to streamline discovery and "avoid duplicative or overlapping requests and demands on Defendants." (ECF No. 97 at PageID 804.)

On May 13, 2022, however, the Court granted a request from the American Spirit Plaintiffs for a 302-day extension of all discovery matters. (American Spirit, ECF No. 236.)

---

[1] Almost all ECF numbers referenced in this Order are for docket entries from Fusion Elite All Stars, et al., v. Varsity Brands, LLC, et al., No. 2:20-cv-2600-SHL-tmp. Any exceptions to this convention will indicate on which related case docket the entry appears.

This substantial extension resulted in a decoupling of discovery timelines between the three cases. The current relevant deadlines are now:

|  | **Fusion Elite** | **Jones** | **American Spirit** |
|---|---|---|---|
| Close of Fact Discovery Including Depositions | (Past) | (Past) | (Past) |
| Opening Expert Reports | (Past) | (Past) | November 18, 2022 |
| Opposing Expert Reports | (Past) | (Past) | January 13, 2023 |
| Rebuttal Expert Reports | November 21, 2022 | December 14, 2022 | March 13, 2023 |
| Expert Witness Depositions | December 16, 2022 | January 24, 2023 | April 12, 2023 |

Defendants in these cases now request a modification of the Court's discovery orders to address the differing expert witness deadlines in light of this significant change.

**ANALYSIS**

The scope of discovery is "within the broad discretion of the trial court" and should be both broad and liberal. Clark Constr. Grp., Inc. v. City of Memphis, 229 F.R.D. 131, 136 (W.D. Tenn. 2005) (quoting Lewis v. ACB Bus. Servs. Inc., 135 F.3d 389, 402 (6th Cir. 1998)). "[T]he power of a district judge includes the power to modify a protective order." In re Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig., 664 F.2d 114, 118 (6th Cir. 1981) (citations omitted).

Defendants rest their argument in support of their request to modify the Court's previous discovery orders on three grounds: (1) the differing timelines between the American Spirit and Fusion Elite/Jones cases means that the American Spirit Plaintiffs will have access to Defendants' expert reports before having to disclose their own, violating basic "aims of justice and fairness" and undermining the Court's existing scheduling orders; (2) the differing timelines vitiate the need for Plaintiffs across the three cases to coordinate their depositions and that, if the American Spirit Plaintiffs are permitted to participate in the expert depositions in the other cases,

3

they would have access to confidential information from Defendants before having to disclose their own experts; and (3) that the Fusion Elite and Jones Plaintiffs should not be able to participate in the much later American Spirit expert depositions because they will have already completed the depositions in their own cases and should not have a second bite at the apple to re-depose experts in the American Spirit case. (ECF No. 292 at PageID 5294-97.)

The American Spirit Plaintiffs oppose the Motion, arguing that: (1) Defendants fail to show any prejudice that may result from the continuation of the current discovery orders; (2) Defendants will still have the opportunity to respond to the expert reports in each case, so the current discovery orders are not unfair; and (3) the cases cited by Defendants in support of their arguments have no precedential value and are distinguishable from this case. (American Spirit, ECF No. 261 at PageID 3911-14.)

For their part, the Fusion Elite and Jones Plaintiffs have negotiated a more specific set of relief with Defendants. As listed in their Joint Response, the Parties in those two cases have agreed to the following terms: (1) the Jones and Fusion Elite Plaintiffs will not share expert reports with the American Spirit Plaintiffs or their experts until after the American Spirit Plaintiffs have received Defendants' expert reports; (2) the Jones and Fusion Elite Plaintiffs may not ask any questions or attend Defendants' or Plaintiffs' expert depositions in the American Spirit case, and the American Spirit Plaintiffs may not ask any questions or attend Defendants' or Plaintiffs' expert depositions in the Jones and Fusion Elite cases; and (3) the Jones and Fusion Elite Plaintiffs will not disclose Defendants' expert deposition transcripts or Plaintiffs' expert deposition transcripts from the Jones and Fusion Elite cases until after the American Spirit Plaintiffs have taken the Defendants' expert depositions. (ECF No. 295 at PageID 5308-09.)

4

These negotiated terms are reasonable and address Defendants' primary concern: timing. The Court agrees with Defendants that the original discovery orders did not contemplate the current substantial divergence in case timelines. By preventing the sharing of expert reports and expert deposition transcripts between the Jones/Fusion Elite Plaintiffs and the American Spirit Plaintiffs, this omission is remedied. Moreover, the agreed-upon terms also balance the still-present concerns regarding duplication of efforts or demands on Defendants by allowing the sharing to resume after Defendants' timing concerns are no longer relevant.

The Court similarly agrees with the revision preventing the Jones and Fusion Elite Plaintiffs from attending and participating in the American Spirit Plaintiffs' expert depositions, and vice versa. The expert deposition deadline in American Spirit is now almost three months later than those in the related cases. Permitting these Plaintiffs to attend and/or participate in each other's depositions could unfairly permit a second opportunity to depose Defendants' experts. As Defendants point out, such an outcome could possibly violate Federal Rule of Civil Procedure 30's prohibition on re-deposing deponents already deposed in the case without leave of court. Duran v. Sara Lee Corp., No. 1:11-CV-313, 2013 WL 12308200, at *4 (W.D. Mich. May 3, 2013). Finally, the negotiated terms better balance the interests of Plaintiffs and Defendants, and address the concerns of duplicative efforts by permitting the sharing of expert transcripts after the depositions have occurred. While the Jones/Fusion Elite and American Spirit Plaintiffs will not be able to attend and participate in each other's expert depositions, they will still have access to the information divulged in them through the transcripts, disclosed after the completion of depositions in all cases.

Turning to the American Spirit Plaintiffs' arguments against Defendants' Motion, first, Defendants have established potential prejudice. As Defendants articulate, the scheduling orders

were built on fairness, with an opening expert disclosure, followed by opposing and then rebuttal expert disclosure. (ECF No. 292 at PageID 5295.) The widely diverging case timelines do indeed now interfere with this, undermining the Court's previous determination of fairness in the discovery process and therefore requiring a revision. Additionally, while Defendants consented to the original discovery orders, the intervening change in case deadlines renders that previous consent no longer valid as Defendants now state that they "would have advocated for different discovery orders" under the current case timelines. (Id.)

Second, the American Spirit Plaintiffs argue that any unfair advantage they may have from viewing expert reports in the Fusion Elite and Jones cases before their own reports are provided is addressed by Defendants' ability to respond with their own report. This point, however, does not address Defendants' argument that the diverging case timelines still undermine the fairness of the current scheduling orders which contemplated simultaneous opening, opposing, and rebuttal expert disclosures. Defendants' ability to respond is certainly a mitigating factor, as any prejudice Defendants may experience would be reduced by their opportunity to respond. But prejudice, while reduced, would still remain. The Court therefore finds that this opportunity is insufficient to entirely obviate the need to revise the discovery orders and instead supports the proposed more limited relief rather than the wholesale excision of the American Spirit Plaintiffs from information sharing as originally requested by Defendants.

Finally, while the cases cited by Defendants are persuasive, not binding, authority, and distinguishable here, this point is irrelevant because this decision does not rest on the cases cited. (See American Spirit, ECF No. 261 at PageID 3913-14.)

**CONCLUSION**

For the reasons described above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion.  Defendants' requested relief to modify the Court's previous discovery orders allowing sharing of discovery materials, (ECF No. 97), and coordinating depositions, (ECF No. 172), is **GRANTED** but the modifications are limited as described in the Jones and Fusion Elite Plaintiffs' Joint Response, (see ECF No. 295 at PageID 5308-09), as reiterated below:

1. The Jones and Fusion Elite Plaintiffs may not share expert reports with the American Spirit Plaintiffs or their experts until after the American Spirit Plaintiffs have received Defendants' expert reports.

2. The Jones and Fusion Elite Plaintiffs may not ask any questions or attend any expert depositions in the American Spirit case, and the American Spirit Plaintiffs may not ask any questions or attend any expert depositions in the Jones and Fusion Elite cases.

3. The Jones and Fusion Elite Plaintiffs may not disclose Defendants' expert deposition transcripts or Plaintiffs' expert deposition transcripts from the Jones and Fusion Elite cases until after the American Spirit Plaintiffs have taken the Defendants' expert depositions.

**IT IS SO ORDERED,** this 10th day of November, 2022.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
UNITED STATES DISTRICT JUDGE