IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>VARSITY BRANDS, LLC, et al., )<br>)<br>Defendants. ) | No. 2:20-cv-02782-SHL-tmp |

**ORDER DENYING PLAINTIFFS' MOTION TO MODIFY
PREVIOUS DISCOVERY ORDER**

Before the Court is Plaintiffs' Motion to Modify Previous Discovery Order, filed November 18, 2022, (ECF No. 290), and Defendants' Corrected Response, filed November 22, 2022, (ECF No. 293). On November 10, the Court entered an Order Granting in Part and Denying in Part Defendants' Motion to Modify Previous Discovery Orders ("November 10 Order"), (ECF No. 284), in which the Court adopted limited restrictions on the sharing of expert reports between the Plaintiffs in this case and the related cases, given diverging case timelines. Plaintiffs argue that said Order now exposes them to potential ex post facto violations. Specifically, Plaintiffs note that the various groups of Plaintiffs shared expert reports as far back as June 20, 2022, pursuant to the Court's previous discovery orders that permitted such sharing. (ECF No. 290 at PageID 6057.) Plaintiffs aver that the Court's November 10 Order, which bars this sharing with the American Spirit Plaintiffs until after Defendants disclose their own reports, imposes a condition which they have already violated, and the November 10 Order should therefore be amended to clarify that it will only be applied proactively. (Id. at PageID 6062.)

Defendants respond that no reasonable reading of the November 10 Order would lead to the result suggested by Plaintiffs, or that at least Defendants did not understand the Order to lead to that result. (ECF No. 293 at PageID 6072-73.) Defendants argue that it would be unreasonable to hold Plaintiffs in violation of the November 10 Order for sharing that occurred far in advance of Defendants ever even moving for relief; Defendants filed their motion to modify the discovery orders concerning sharing on September 19, 2022, (ECF No. 259). Defendants also note that Plaintiffs filed their Motion roughly four hours after first raising the issue with Defendants through email, before Defendants responded. (ECF No. 293 at PageID 6072.)

Because Defendants have clarified that they interpret the November 10 Order to not apply in the manner Plaintiffs have suggested, and that they will therefore not seek to enforce it in a manner that would impose ex post facto penalties on Plaintiffs, the Court finds revision of the November 10 Order unnecessary and therefore **DENIES** Plaintiffs' Motion.

It must be emphasized that Plaintiffs failed to raise this concern in their Response to Defendants' previous motion to modify the discovery orders. (See generally ECF No. 261.) That Response was filed on October 3, 2022. The sharing of expert reports pointed to by Plaintiffs in the instant Motion occurred on June 20, 2022. Plaintiffs were therefore fully aware, or should have been fully aware, of the sharing that had already occurred yet they failed to raise this concern in their Response, depriving the Court of the opportunity to address it in the November 10 Order. The Court is not omnipotent. If Plaintiffs have concerns such as these, they must properly and timely apprise the Court.

**IT IS SO ORDERED,** this 28th day of November, 2022.

                                      s/ Sheryl H. Lipman
                                      SHERYL H. LIPMAN
                                      UNITED STATES DISTRICT JUDGE