# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| FUSION ELITE ALL STARS, et al., )<br>　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　 )<br>v. 　　　　　　　　　　　　　　　 )　　No. 2:20-cv-02600-SHL-tmp<br>　　　　　　　　　　　　　　　　 )<br>VARSITY BRANDS, LLC, et al., 　 )<br>　　Defendants. 　　　　　　　　　 ) | |

**ORDER DIRECTING PLAINTIFFS TO SUBMIT SUPPLEMENTAL BRIEFING REGARDING TERMS OF THE SETTLEMENT**

Before the Court is the Direct Purchaser Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Provisional Certification of Proposed Settlement Classes, Approval of Notice Plan, and Approval of the Proposed Schedule for Completing the Settlement Process, filed March 24, 2023. (ECF No. 329.) Plaintiffs seek appointment of Berger Montague PC, DiCello Levitt LLC, and Cuneo Gilbert & LaDuca, LLP as Settlement Class Counsel, (id. at PageID 5750), and incentive awards for the three Gym Class Representatives and three Spectator Class Representatives, (ECF No. 329-1 at PageID 5770). However, additional information is necessary, as described below, to determine the propriety of these terms of the proposed Settlement Agreement.

## I. Appointment of Class Counsel

Plaintiffs seek appointment of Berger Montague PC, DiCello Levitt LLC, and Cuneo Gilbert & LaDuca, LLP as Settlement Class Counsel pursuant to Fed R. Civ. P. 23(c)(1)(B) and 23(g).

The Court may appoint persons as class counsel if they are adequate under Rule 23(g)(1) and (4). Fed. R. Civ. P. 23(g)(2). In making this determination, information to consider includes:

>    (i) the work counsel has done in identifying or investigating potential claims in the action;
>    (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>    (iii) counsel's knowledge of the applicable law; and
>    (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A).  Other matters pertinent to counsel's ability to represent the interests of the class fairly and adequately may also be considered.  Fed. R. Civ. P. 23(g)(1)(B).

The Court is not able to determine the propriety of appointing the firm as class counsel. Although Berger Montague is undoubtedly experienced in complex litigation, it does not make any representations about their involvement in this case, and it is not obvious from the filings that the firm had substantial involvement here.  Putative Class Counsel's Supplemental Briefing should detail and describe their involvement in this action, such as what documents they prepared, along with any other significant efforts they undertook during the pendency of this action.

## II. Incentive Awards

Plaintiffs also seek service awards, or incentive awards, for Class Representatives to be paid from the Settlement Fund, with awards of up to $20,000 for each of the three Gym Class Representative, and up to $5,000 for each of the three Spectator Class Representatives, or $75,000 in total.  (ECF No. 329-1 at PageID 5770.)  They contend that these awards are fair and reasonable because "each class representative produced documents and sat for a deposition, and each devoted substantial time and energy to the matter . . . the Gym Class representatives, in particular, took significant risks on behalf of the Settlement Classes."  (Id.)

The party seeking approval of an incentive award bears the burden of proving that (1) the proposed recipients deserve an award, and (2) that the proposed level of the award is reasonable.

§ 17:12. Judicial review—Documentation requirement, 5 Newberg and Rubenstein on Class Actions § 17:12 (6th ed.); see also Zink v. First Niagara Bank, N.A., No. 13-CV-01076-JJM, 2016 WL 7473278, *4 (W.D.N.Y. Dec. 29, 2016) (same).  Incentive awards are premised on the rationale that their recipients have either provided valuable service to the class and/or faced substantial risks in stepping forward to represent the class.  Newberg § 17:12; see also Bellinghausen v. Tractor Supply Company, 306 F.R.D. 245, 266 (N.D. Cal. 2015) ("A class representative must justify an incentive award through 'evidence demonstrating the quality of plaintiff's representative service,' such as 'substantial efforts taken as class representative to justify the discrepancy between [his] award and those of the unnamed plaintiffs.'") (quoting Alberto v. GMRI, Inc., 252 F.R.D. 652, 669 (E.D. Cal. 2008)).

Plaintiffs assert that the Class Representatives' efforts were substantial and warrant these awards.  (ECF No. 329-1 at PageID 5770.)  They also cite to cases where service or incentive awards spanning a wide range of dollar amounts have been accepted.  (See id. n.10.)  However, Plaintiffs do not provide sufficient detail regarding the work that these Class Representatives did, or the risks they undertook.  The awards may be proper, but the Court is not able to make that determination without some supplementation by Plaintiffs.

Thus, in assessing these proposed awards, information such as how many hours Class Representatives devoted to this case, what risks they undertook on behalf of the class, and how the purported $20,000 and $5,000 awards compare to the average unnamed plaintiffs' pro rata share of the settlement for each of the classes would be helpful; essentially, more specific information regarding the Class Representative's involvement in this case is needed to justify an incentive award.

## **CONCLUSION**

For the reasons described above, the Court finds that a more thorough analysis of these two issues is necessary for its assessment of the overall Motion and the Proposed Settlement. Plaintiffs are therefore **DIRECTED** to submit Supplemental Briefing addressing these two issues within **fourteen (14) days** of entry of this Order.

**IT IS SO ORDERED,** this 4th day of April, 2023.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE
