# EXHIBIT 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **FUSION ELITE ALL STARS, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC, et al.,**<br><br>Defendants. | Civ. Action No. 2:20-cv-02600 |

**DECLARATION OF VICTORIA SIMS ON BEHALF OF CUNEO GILBERT & LADUCA, LLP IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' UNOPPOSED MOTION FOR AN AWARD OF ATTORNEYS' FEES, FOR REIMBURSEMENT OF EXPENSES AND FOR SERVICE AWARDS FOR THE CLASS REPRESENTATIVES**

I, Victoria Sims, declare:

1. I am Victoria Sims, a partner at the law firm Cuneo Gilbert & LaDuca, LLP ("Cuneo Gilbert"). This declaration describes Cuneo Gilbert's work in this case, in support of Direct Purchaser Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees, for Reimbursement of Expenses and for Service Awards for the Class Representatives, in *Fusion Elite All Stars, et al., v. Varsity Brands LLC, et al*., (the "Action").

2. Our firm serves as Settlement Class Counsel[1] for the Direct Purchaser Plaintiffs in the Action ("Plaintiffs"). The schedule attached as Exhibit A is a true and correct summary identifying the attorneys, paralegals and other staff who have worked on this litigation, the number of hours those individuals worked, their hourly billing rates and their respective lodestar

---

[1] Settlement Class Counsel are Berger Montague PC, DiCello Levitt LLC and Cuneo Gilbert & LaDuca, LLP.

1

values. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar, by year, at historical rates, from inception of the case through and including June 9, 2023. The total number of hours spent by my firm during this period was 4,979.15, with a corresponding total lodestar of $3,367,900.00, calculated at historical rates. Exhibit A also sets forth my firm's total hours and lodestars for each attorney and professional staff, for the period from inception of the case through and including June 9, 2023, using blended hourly[2] rates. My personal lodestar in this case was $2,354,497.5. This schedule was prepared from contemporaneous, daily time records prepared and maintained by my firm. In connection with representing the Plaintiffs in the Action my firm did the following:

      3.      Cuneo Gilbert became aware of possible anticompetitive activity by Defendants Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Spirit Fashion & Supplies, LLC ("Varsity Defendants") and U.S. All Star Federation, Inc. ("USASF") (collectively "Defendants") in February 2020. Cuneo Gilbert established a team to investigate Defendants' conduct, which team included me and my partner, Katherine Van Dyck. Cuneo Gilbert investigated Defendants' anticompetitive conduct in the All Star Cheer Events Market and the All Star Apparel Market, through discussions with the Plaintiffs and other gyms, interviews with industry players and its own research. Throughout the litigation Katherine and I acted as a team and streamlined our work so as not to duplicate one another's efforts. Cuneo Gilbert expended $350,422.5 of its total lodestar in this case on investigation.

---

[2] A "blended hourly rate" is the weighted average of each professional's hourly rate over the course of the entire case. For instance, if a lawyer who worked only during 2 years of the case billed 500 hours during year 1 of the case at a rate of $200/hour and 1000 hours during year 2 of the case at $300/hour, the blended hourly rate would be (500 hours x $200/hour) plus (1000 hours x $300/hour) divided by 1500 hours for a blended hourly rate of $266.67/hour.

2

4. Cuneo Gilbert drafted the initial class action complaint on behalf of All Star Gyms, which complaint was filed on May 26, 2020. *See Fusion Elite All Stars v. Varsity Brands, LLC, et al.*, No. 5:20-cv-03521 (N.D. Cal.), ECF No.1. Cuneo Gilbert worked on drafting the first complaint in this District, which was filed on August 13, 2020, *Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.*, 2:20-cv-02600 (W.D. Tenn.), ECF No.1. Cuneo Gilbert also took part in drafting the Consolidated Class Action Complaint, which was filed on October 2, 2020, following consolidation of the *Fusion Elite* action with the *Radek* Action.[3] *See* ECF No. 56. In addition, Cuneo Gilbert took part in drafting portions of the Opposition to Defendants' Motion to Dismiss. ECF No. 91.

5. Cuneo Gilbert took part in the negotiation and drafting of the case schedule and case management order concerning limitations on discovery. ECF Nos. 61 and 89.

6. Cuneo Gilbert negotiated a protocol governing the production of electronically stored information, which included agreements on production formats, ESI fields and redaction. *See* ECF No. 72. The negotiations of this protocol involved numerous calls and draft exchanges before the parties reached full agreement on all provisions.

7. Cuneo Gilbert also took part in negotiating and drafting a Stipulated Protective Order governing confidential information produced in the case by parties and third-parties. *See* ECF No. 77.

8. Cuneo Gilbert took the lead on both offensive and defensive written party discovery and engaged in negotiations, correspondence and motion practice concerning discovery disputes between the parties.

---

[3] *Kathryn Radek, et al. v. Varsity Brands, LLC, et al.*, 2:20-cv-02649, (W.D. Tenn.)

9. Cuneo Gilbert prepared Plaintiffs' Initial Disclosures, served on October 30, 2020. The preparation of these Initial Disclosures required calls and correspondence with each of the Gym Plaintiffs to identify relevant information, as well as discussions with co-counsel.

10. Cuneo Gilbert took the lead on drafting responses to Defendants' 79 Requests for Production (also "RFPs"), served on Plaintiffs on October 16, 2020 and March 4, 2022. Cuneo Gilbert conducted multiple interviews with the Gym Plaintiffs to determine what documents they possessed, their document and data retention policies, the temporal scope of their existing documents, the relevant custodians and central sources, how documents were stored, what burdens were associated with production and what search terms would locate the documents. Cuneo Gilbert also interfaced with attorneys at DiCello Levitt to determine the documents in the possession of the Spectator Plaintiffs.

11. Cuneo Gilbert also took the lead on drafting responses to Defendants' Interrogatories served on October 16, 2020 and March 14, 2022. Cuneo Gilbert discussed with Plaintiffs what information they possessed in response to Defendants' Interrogatories. Cuneo Gilbert worked with Gym Plaintiffs, through interviews and review of documents, to identify all competitions their All Star Cheer Teams had attended in the 2015-2020 time period, including the locations, producers and names of each competition. These responses were served on November 23, 2020 and subsequently supplemented on March 25, 2022.

12. Cuneo Gilbert also negotiated all of Plaintiffs' Responses to Defendants' Requests for Production and Interrogatories. Cuneo Gilbert led multiple meet-and-confer sessions with Defendants to negotiate Plaintiffs' Responses to the Interrogatories and the Requests for Production. This involved discussions regarding custodians, ESI sources, search terms, temporal and product scope, the scope of information Plaintiffs could reasonably provide

4

in written Interrogatory Responses and limitations on what documents and data would be produced based on burden, relevance, and privacy concerns. This process also involved extensive discussions with Plaintiffs regarding what documents could be produced from their files without undue burden, while maintaining appropriate protections for their minor athletes. Cuneo Gilbert also took the lead in drafting correspondence with Defendants regarding compromises on the documents, data and Interrogatory Responses Plaintiffs would produce.

13. Cuneo Gilbert worked with the Gym Plaintiffs to gather and produce their transactional data. This involved running reports in each Gym's accounting systems to locate and cull all purchases of All Star Apparel and payments of registration fees to compete in All Star Cheer Events over the course of seven years. Cuneo Gilbert also aided Gym Plaintiffs without data in gathering invoices for fees paid to Defendants and other All Star Cheer Event Producers as well as manufacturers of All Star Apparel.

14. Cuneo Gilbert also took the lead in collecting, reviewing, and producing Plaintiffs' documents.  Cuneo Gilbert worked with Plaintiffs' discovery vendor, DISCO, to collect documents from all Plaintiffs. Cuneo Gilbert then put together a coding guide and trained reviewers to review documents for responsiveness, privilege and necessary redactions. Cuneo Gilbert worked with the Gym Plaintiffs to locate and ultimately produce thousands of pages of documents, including invoices, emails, and Gym schedules.

15. In addition to negotiating Plaintiffs' discovery responses, Cuneo Gilbert took the lead in negotiating the production of documents by Defendants in response to Plaintiffs' Requests for Production. Cuneo Gilbert negotiated production of documents by Varsity in response to the 109 Requests for Production served by Plaintiffs on the Varsity Defendants. Cuneo Gilbert also the took lead in negotiating with USASF for production of documents in

response to the 117 Requests for Production Plaintiffs served on USASF. Cuneo Gilbert engaged in two-hour discovery negotiation sessions with each set of Defendants, on a weekly basis, from December 2020 through May 2021. These sessions involved negotiation of which RFPs Defendants would respond to, the market and temporal scope of the productions, whether there would be redactions, the custodians from whose files responsive documents would be produced, the ESI sources to be searched and the search terms that would be used to locate responsive documents. These meet-and-confer sessions were often followed by correspondence discussing compromises and narrowing the disputes the parties would need to submit to the Court in their Motions to Compel, filed in May 2021. The parties engaged in extensive discussions of the types of documents Defendants had in their possession, the burden of production and the relevance of the documents requested.

16.     When the parties' negotiations over the Requests for Production reached impasse, in May 2021, Cuneo Gilbert led the efforts to draft and file motions to compel against both the Varsity Defendants and USASF and to defend against a Motion for Protective Order filed by USASF, concerning search terms, custodians and the RFPs in response to which documents would be produced. *See, e.g.*, ECF Nos. 102, 105, 110, 126, 129 (Motions to Compel Defendants to Produce Documents in Response to RFPs and Replies in Support of Motions to Compel, Opposition to USASF Motion For Protective Order).[4] Ultimately, the parties resolved the disputes at issue in the motions to compel and for protective order, and Defendants produced 1,629,324 documents.

---

[4] Cuneo Gilbert also took the lead on filing an additional motion to compel, in February 2022. *See* ECF No. 199 (Motion to compel Defendants to produce documents and responses to the interrogatories regarding athlete protection).

17.     Cuneo Gilbert also took the lead on filing other discovery-related motions, including a motion to coordinate deposition discovery among the three Related Actions[5] and an opposition to a motion for protective order on third-party discovery seeking to impede Plaintiffs' taking of non-party depositions. *See* ECFs Nos. 154 and 228. Plaintiffs were successful on both motions. ECFs Nos. 168 and 234. Cuneo Gilbert spent $750,233.75 of its lodestar in this case on pleadings and briefs, including researching, drafting, coordinating, and filing pleadings and motion papers; and $47,873.75 of its lodestar on court appearances and preparation, including for hearings associated with the discovery-related motions and oppositions it took the lead in filing.

18.     Cuneo Gilbert also took the lead on certain third-party discovery negotiations and briefing. For instance, Cuneo Gilbert took the lead in briefing a Motion to Compel, and a Motion to Transfer against Rebel Athletics, Inc., a rival manufacturer of All Star Apparel. *See, e.g., Fusion Elite All Stars, et al. v. Rebel Athletic Inc.*, 2:21-mc-00028 (W.D. Tenn.), ECF No. 1. Cuneo Gilbert also took the lead in opposing a Motion to Quash a subpoena to a former Varsity employee, ECF No. 180, on which Plaintiffs ultimately prevailed, ECF No. 193. *See also* ECF No. 202 (Opposition to Appeal of Magistrate's Decision) and ECF No. 229 (Order Denying Appeal of Magistrate's Decision).

19.     Cuneo Gilbert also took the lead on subpoenas to certain event producers who were rivals of Varsity, including Jamz Cheer & Dance and the former owner of Aloha Spirit Productions, LLC. Cuneo Gilbert engaged in negotiations and ultimately procured declarations from each event producer that were used by Plaintiffs' experts in their reports analyzing the All Star Cheer Events market.

---

[5] The Related Actions are this case, *American Spirit and Cheer Essentials, Inc. et al. v. Varsity Brands LLC et al.,* Case No. 2:20-cv-2782-SHL-tmp and *Jones et al. v. Bain Capital and Private Equity et al.*, Case No. 2:20-cv-02892-SHL-tmp.

20. Cuneo Gilbert also took the lead in negotiating Varsity's transactional data production to enable Plaintiffs' experts to measure damages and evaluate the effects of Defendants' conduct. This involved negotiation of the temporal scope of the production of Varsity's cost and sales data for both its apparel and event businesses. Cuneo Gilbert also had to negotiate the product scope of Varsity's data production, and the fields that would be produced. Cuneo Gilbert's negotiations pertained to both the gym data and spectator data in Varsity's possession. Cuneo Gilbert obtained data samples from Varsity and worked with Plaintiffs' experts to make certain that the production would meet their needs. Once the production was made, Cuneo Gilbert worked with Plaintiffs' experts to determine what information was missing or needed explanation and engaged in follow-up correspondence to answer the experts' questions and identify missing data. Cuneo Gilbert also coordinated data discussions with counsel in the Related Actions, to avoid duplication of efforts. Ultimately, Cuneo Gilbert secured the production of the data in Varsity's possession that was necessary for the experts' analyses.

21. Cuneo Gilbert took the lead in negotiating USASF's Responses to Plaintiffs' Interrogatories. Cuneo Gilbert reviewed USASF's responses, evaluated deficiencies, met-and-conferred with USASF numerous times and exchanged multiple rounds of correspondence to obtain supplementation of information needed for expert reports and dispositive briefing.

22. Cuneo Gilbert took the lead on the review and correspondence regarding Defendants' privilege logs.

23. Cuneo Gilbert also took the lead in drafting Requests for Admission to both USASF and the Varsity Defendants.

24. With respect to depositions, Cuneo Gilbert defended all five of the Gym Plaintiff depositions. This involved reviewing relevant discovery responses and documents from Gym

Plaintiffs' productions, a day of preparation for each of the deponents and the depositions themselves.

25.     Cuneo Gilbert also took the lead on six Defendant depositions, including those of Damianne Albee, Leslie Wright, Craig Davis, who sat for two days of deposition, as a percipient witness and a corporate 30(b)(6) witness, Jackie Kennedy, Jim Hill and Karen Wilson. These depositions involved review of all of the relevant custodial and non-custodial documents, preparation of exhibit binders for the deponents and their attorneys, creation of comprehensive outlines and coordination with attorneys in the Related Actions. Cuneo Gilbert expended $1,423,962.5 of its lodestar in this case on discovery, including drafting and negotiating written discovery and taking and preparing for client and Defendant depositions.

26.     Throughout discovery, Cuneo Gilbert led discovery calls with counsel in the Related Actions to plan and coordinate written discovery, depositions and third-party discovery, in order to minimize duplication and avoid imposing excessive burdens on parties and third-parties. Cuneo Gilbert also led the written discovery discussions on group calls with co-counsel in this Action, explaining the issues regarding which the parties disagreed and proposing potential resolutions. Cuneo Gilbert expended $736,451.25 of its lodestar in this case on case management and litigation strategy.

27.     Cuneo Gilbert also drafted portions of the Motion for Class Certification and the edited the Motion for Class Certification, prior to the parties' reaching a settlement agreement. Cuneo Gilbert expended $15,637.5 of its lodestar in this case on class certification.

28.     Cuneo Gilbert also participated in settlement negotiations with Defendants and in drafting and editing the settlement agreement ultimately reached as a result of those negotiations.

9

Cuneo Gilbert participated in two mediations before the Hon. Layn Phillips of Phillips ADR in January 2021 and January 2023.

29. After the parties reached a settlement agreement, Cuneo Gilbert also solicited bids from multiple settlement administrators and selected Angeion Group. Cuneo Gilbert expended $43,318.75 of its lodestar in this case on settlement, including attending the mediations, drafting terms, editing the settlement agreement, discussing proposed provisions with the Gym Plaintiffs and selecting a settlement administrator.

30. Cuneo Gilbert also served as the point of contact for the Gym Plaintiffs during the course of the litigation, discussing factual questions that had arisen in the case, the Gym Plaintiffs' concerns, and substantive and procedural decisions concerning discovery, briefing and settlement.

31. The lodestar amount reflected in Exhibit A is for work performed by attorneys and professional staff at or affiliated with my firm for the benefit of the Settlement Classes. The historical hourly rates for the attorneys and professional staff in my firm reflected in Exhibit A are the usual and customary hourly rates used by my firm in similar contingent complex litigation matters. My firm's work on this case was performed on a wholly contingent basis. My firm has not received any amounts in connection with this case.

32. My firm has expended a total of $369,671.52 in unreimbursed costs and expenses in connection with the prosecution of the Action from inception of the case through and including June 9, 2023. These costs are set forth in the Schedule attached as Exhibit B and are reflected on the books and records of my firm. They were incurred on behalf of the Settlement Classes by my firm and have not been reimbursed.

10

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: Washington, DC

July 10, 2023

_/s/ Victoria Sims_
Victoria Sims

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FUSION ELITE ALL STARS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VARSITY BRANDS, LLC, et al., <br><br> Defendants. | Civ. Action No. 2:20-cv-02600 |

**EXHIBIT A TO THE DECLARATION OF VICTORIA SIMS ON BEHALF OF CUNEO GILBERT & LADUCA, LLP IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, FOR REIMBURSEMENT OF EXPENSES AND FOR SERVICE AWARDS FOR THE CLASS REPRESENTATIVES**

**Reported Hours and Historical Lodestar**
Inception through June 9, 2023

| Name | Position | Hours | Rate | Lodestar | Year |
|---|---|---|---|---|---|
| Jonathan Cuneo | P | 61.50 | $950 | $58,425.00 | 2020 |
| Jonathan Cuneo | P | 2.00 | $1,250 | $2,500.00 | 2022 |
| Jonathan Cuneo | P | 12.90 | $1,250 | $16,125.00 | 2023 |
| Katie Van Dyck | P | 282.25 | $725 | $204,631.25 | 2020 |
| Katie Van Dyck | P | 322.10 | $725 | $233,522.50 | 2021 |
| Katie Van Dyck | P | 254.50 | $800 | $203,600.00 | 2021 |
| Katie Van Dyck | P | 189.75 | $800 | $151,800.00 | 2022 |
| Victoria Sims | P | 582.90 | $675 | $393,457.50 | 2020 |
| Victoria Sims | P | 1,054.80 | $675 | $711,990.00 | 2021 |
| Victoria Sims | P | 482.30 | $750 | $361,725.00 | 2021 |
| Victoria Sims | P | 952.70 | $750 | $714,525.00 | 2022 |
| Victoria Sims | P | 230.40 | $750 | $172,800.00 | 2023 |
| Cody McCracken | A | 62.90 | $475 | $29,877.50 | 2022 |
| Cody McCracken | A | 5.30 | $475 | $2,517.50 | 2023 |
| Kaylah Alexander | LC | 10.00 | $275 | $2,750.00 | 2020 |

A-1

| Name | Position | Hours | Rate | Lodestar | Year |
|---|---|---|---|---|---|
| John Yuill | LC | 15.75 | $275 | $4,331.25 | 2021 |
| John Yuill | LC | 9.50 | $275 | $2,612.50 | 2022 |
| Benjamin Apelbaum | PL | 31.00 | $225 | $6,975.00 | 2020 |
| Benjamin Apelbaum | PL | 17.75 | $225 | $3,993.75 | 2021 |
| Ally Bachart | PL | 33.50 | $225 | $7,537.50 | 2021 |
| Ally Bachart | PL | 223.30 | $225 | $50,242.50 | 2022 |
| Noah Bray | PL | 50.50 | $225 | $11,362.50 | 2021 |
| Noah Bray | PL | 77.80 | $225 | $17,505.00 | 2022 |
| Darren Villalobos | PL | 13.75 | $225 | $3,093.75 | 2021 |
| **TOTALS** | | **4,979.15** | | **$3,367,900.00** | |

**Reported Total Hours and Blended Rate Lodestar**
Inception through June 9, 2023

| Name | Position | Hours | Blended Rate | Lodestar |
|---|---|---|---|---|
| Jonathan Cuneo | P | 76.40 | $1,008.51 | $77,050.00 |
| Katie Van Dyck | P | 1,048.60 | $756.77 | $793,553.75 |
| Victoria Sims | P | 3,303.10 | $712.82 | $2,354,497.50 |
| Cody McCracken | A | 68.20 | $475.00 | $32,395.00 |
| Kaylah Alexander | LC | 10.00 | $275.00 | $2,750.00 |
| John Yuill | LC | 25.25 | $275.00 | $6,943.75 |
| Benjamin Apelbaum | PL | 48.75 | $225.00 | $10,968.75 |
| Ally Bachart | PL | 256.80 | $225.00 | $57,780.00 |
| Noah Bray | PL | 128.30 | $225.00 | $28,867.50 |
| Darren Villalobos | PL | 13.75 | $225.00 | $3,093.75 |
| **TOTALS** | | **4,979.15** | | **$3,367,900.00** |

**Role Legend**

P    Partner
S    Shareholder
SC    Senior Counsel
OC    Of Counsel
C    Counsel
A    Associate
LC    Law Clerk
PL    Paralegal
I    Investigator
SA    Staff Attorney
CA    Contract Attorney

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **FUSION ELITE ALL STARS, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC, et al.,**<br><br>Defendants. | Civ. Action No. 2:20-cv-02600 |

**EXHIBIT B TO THE DECLARATION OF VICTORIA SIMS OF ON BEHALF OF CUNEO GILBERT & LADUCA, LLP IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, FOR REIMBURSEMENT OF EXPENSES AND FOR SERVICE AWARDS FOR THE CLASS REPRESENTATIVES**

**Reported Expenses on Behalf of Plaintiffs**
Inception through June 9, 2023

| Disbursement | Cumulative Amount |
|---|---|
| Litigation Fund Contribution | $355,000.00 |
| Photocopying | $900.96 |
| Service of Process Fees | |
| Computer Research | $4,911.54 |
| Court Fees (Filing) | $381.00 |
| Court Reporter /Transcripts | |
| Telephone / Fax | $1,572.40 |
| Postage | |
| Overnight Delivery/Messengers | $2,228.79 |
| Expert Fees | $3,330.20 |
| Witness/Service Fees | |
| Travel: Air Transportation, Ground Travel, Meals, Lodging | $1,346.63 |
| Database Hosting Services | |
| Co-Counsel Fees | |
| Outside Contractor | |
| Publication | |
| **TOTAL** | **$369,671.52** |